IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION AND MEMORANDUM OF LAW
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiff brought this action against the United States of America, the Internal Revenue Service, an officer of the United States in his official capacity, and several officers and employees of the United States in both their official and individual capacities (including unnamed employees) for violations of federal law in connection with Plaintiff's application to the Internal Revenue Service for 501(c)(3) status. Based on the Complaint, Plaintiff's claims include: (1) a claim for a declaratory judgment determining that Plaintiff is a tax-exempt organization pursuant to 26 U.S.C. 501(c)(3); (2) a *Bivens*[1] action for violations of the Plaintiff's rights under the First Amendment to the U.S. Constitution; and, (3) claims for violations of 26 U.S.C. § 6103, which relates to the unauthorized inspection of tax returns or tax return information. [DE 1, Compl. at 14-18.] Plaintiff sued six of the named defendants in their individual capacities; two reside in the Washington, D.C. area, and four reside in the Cincinnati, Ohio area.

---

[1]  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The United States Attorney for the District of Columbia was served in this case on May 22, 2013 [DE 11]; thus, per Fed. R. Civ. P. 12(a)(2), the United States' response to the Complaint is due 60 days later, on July 22, 2013.  Separately, the date by which United States employees or officers sued in their individual capacities must file a response is 60 days from when the United States Attorney was served or when the specific individual was served, whichever is later, which would mean that their responses are varyingly due from July 22, 2013 to August 5, 2013.  Fed. R. Civ. P. 12(a)(3); *see* [DE 11].  As detailed below, the United States seeks a 60-day extension of the time for the filing of a responsive pleading for two reasons.

## I. ADDITIONAL TIME IS NEEDED TO DETERMINE WHETHER THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO PRIVATE COUNSEL.

Additional time is warranted to determine whether the defendants sued in their individual capacity are entitled to private counsel.  The Civil Division of the Department of Justice is currently determining whether the Department will represent the individual defendants in this action, as well as any individual defendants in two other similar cases involving similar issues that were filed here in Washington, D.C. and in Ohio, or whether private counsel will be provided to them.[2]  The issues concerning representation are complicated, involve numerous individuals, and require the Department's careful consideration, especially in light of the multiple ongoing investigations of the IRS and its employees.  *See* (Decl. of Christopher D. Belen ¶¶ 2-4) (attached as Exhibit A).  Accordingly, this motion seeks a 60-day extension — from July 22, 2013 to September 20, 2013 — for the United States and the individuals identified in the Complaint to respond.  As framed, if the Court grants this motion, the deadline of the

---

[2] In the event that private counsel are provided, those attorneys would need to be selected and given an opportunity to consult with their clients before filing responsive pleadings on their behalf.

2

individually named defendants would be co-extensive with the United States' deadline to respond to the Complaint.[3]

In the event the Department of Justice determines that it will represent all defendants, any dispositive motion that may be filed at that time can be addressed to the claims against all defendants, rather than having those issues raised in numerous separate motions. And even if the Department of Justice determines that the individual defendants are entitled to private counsel, it still would be more efficient for the Court to establish a single response deadline for all defendants, especially in case dispositive motions are filed in lieu of answers.

## II. THE INTERNAL REVENUE SERVICE HAS NOT HAD A REASONABLE OPPORTUNITY TO IDENTIFY ALL OF THE FILES NECESSARY TO ANALYZE THE ALLEGATIONS IN THE COMPLAINT AND SUBMIT ITS VIEWS TO THE DEPARTMENT OF JUSTICE.

Separately, there are additional complications resulting from the current response deadlines, which hinder the United States' ability to respond meaningfully to the Complaint. The IRS is currently fielding requests for information and documents from over 35 formal congressional requests for information, almost all of which contain multiple requests for document production. In addition to these 35-plus formal congressional requests, the Internal Revenue Service has received numerous informal congressional requests for information and Questions For the Record, as well as responding to information and document requests from the Department of Treasury's Inspector General for Tax Administration ("TIGTA"), the Federal

---

[3] As this process is not yet complete, however, undersigned counsel do not at this time represent the individual defendants; counsel currently represent only the United States of America. Consequently, nothing contained in this motion is intended to be, or should be construed as, a waiver of any defenses that may be available to defendants in their individual capacities, including without limitation insufficiency of process, untimely service of process, and immunity from suit. At this time, undersigned counsel are appearing in this action solely for the purpose of filing this motion while the Department of Justice makes a determination on the individuals' requests for legal representation.

Bureau of Investigation and the Department of Justice in connection with its criminal investigation. To date, the Internal Revenue Service has collected information from over 115 custodians in response to the congressional inquiries. *See* (Decl. of Thomas J. Kane, ¶¶ 4-7) (attached as Exhibit B).

Assembling and screening the data that have been accumulated is an enormously time-consuming task despite the extensive resources the IRS has committed to it. While a portion of this material is expected to be relevant to this case, the IRS must distill it from the large mass of material collected in response to the congressional inquiries. Consequently, the two tasks overlap, thus complicating the work the IRS must do in response to the Complaint filed in this case. Until the IRS is able to identify the subset of material relevant to this particular case, it is not in a position to provide its views on the defense of the case, much less furnish us with the necessary files. Consequently, the undersigned counsel for the United States have not received adequate documents or information from the IRS to respond intelligently to the Plaintiff's Complaint. *See id.* ¶¶ 6, 9. For the same reasons, without an extension of time, counsel for the United States would not be able to meaningfully participate in the conference called for by Federal Rule of Civil Procedure 26(f) or make substantive initial disclosures pursuant to Rule 26(a)(1) even after a responsive pleading is filed.

### III. THIS COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING THE RELIEF SOUGHT BY THIS MOTION.

Given the above issues, this motion seeks an extension of time to September 20, 2013 for the United States and the individuals identified in the Complaint to respond.[4] The parties have

---

[4] While the United States may need to seek an additional extension of time at the expiration of 60 days, this motion seeks only an extension of time to September 20, 2013 to file a responsive pleading to Plaintiff's Complaint.

not requested any previous extensions, and a granting of the extension will not impact any other Court deadlines. This Court has the discretion to grant the United States' motion to extend the time in which to file a pleading responsive to the complaint. *See, e.g.*, *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008) (district court has the "authority to enlarge time periods set either in the federal rules or by the court's own orders"); *Lyttle v. Aetna Ins. Co.*, 1991 U.S. Dist. LEXIS 10021, at *2 (D.D.C. 1991) (court may grant parties an extension of time); *see also Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988) (where the court stated that motions for additional time within which to serve process made before the regulatory deadline has lapsed "will be more liberally granted than those made after the expiration."). Pursuant to Local Rule 7(m), undersigned counsel advised counsel for Plaintiff of the relief requested in this motion on July 12, 2013 — and have had both telephonic discussions and e-mail correspondence over the past few days regarding the relief the United States requests herein— but counsel for the parties have been unable to agree on the relief requested.

    WHEREFORE, the United States respectfully prays the date for it to file a pleading responsive to the Complaint will be extended until September 20, 2013 and for such other relief to which it may be justly entitled.

DATED: July 16, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ *Grover Hartt, III*
GROVER HARTT, III (TX 09174500)
Senior Litigation Counsel
CHRISTOPHER R. EGAN (TX 24036516)
Trial Attorney
U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas  75201
(214) 880-9733
(214) 880-9741 (FAX)
Grover.Hartt@usdoj.gov

JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C.  20001
(202) 305-0868
(202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
CHRISTOPHER D. BELEN (VA 78281)
LAURA M. CONNER (VA 40388)
JEREMY HENDON (OR 982490)
PHILIP M. SCHREIBER (DC 502714)
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C.  20001
(202) 514-2000

Trial Attorneys

Of Counsel:
RONALD C. MACHEN, JR. (DC 447889)
United States Attorney

ATTORNEYS FOR THE UNITED STATES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2013, I caused the Motion and Memorandum of Law for Extension of Time to Respond to the Complaint in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ *Grover Hartt, III*
GROVER HARTT, III