# Exhibit B:

# Form 1023

# Form 1023 Checklist
## (Revised June 2006)
### Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code

**Note.** *Retain a copy of the completed Form 1023 in your permanent records. Refer to the* General Instructions *regarding Public Inspection of approved applications.*

<u>**Check each box to finish your application (Form 1023). Send this completed Checklist with your filled-in application. If you have not answered all the items below, your application may be returned to you as incomplete.**</u>

☑ Assemble the application and materials in this order:
- Form 1023 Checklist
- Form 2848, *Power of Attorney and Declaration of Representative* (if filing)
- Form 8821, *Tax Information Authorization* (if filing)
- Expedite request (if requesting)
- Application (Form 1023 and Schedules A through H, as required)
- Articles of organization
- Amendments to articles of organization in chronological order
- Bylaws or other rules of operation and amendments
- Documentation of nondiscriminatory policy for schools, as required by Schedule B
- Form 5768, Election/Revocation of Election by an Eligible Section 501(c)(3) Organization To Make Expenditures To Influence Legislation (if filing)
- All other attachments, including explanations, financial data, and printed materials or publications. Label each page with name and EIN.

☑ User fee payment placed in envelope on top of checklist. DO NOT STAPLE or otherwise attach your check or money order to your application. Instead, just place it in the envelope. **$850**

☑ Employer Identification Number (EIN) **27-2860095**

☑ Completed Parts I through XI of the application, including any requested information and any required Schedules A through H.
- You must provide specific details about your past, present, and planned activities.
- Generalizations or failure to answer questions in the Form 1023 application will prevent us from recognizing you as tax exempt.
- Describe your purposes and proposed activities in specific easily understood terms.
- Financial information should correspond with proposed activities.

☑ Schedules. Submit only those schedules that apply to you and check either "Yes" or "No" below.

| | | |
|---|---|---|
| Schedule A   Yes ___ No **X** | Schedule E   Yes ___ No **X** | |
| Schedule B   Yes ___ No **X** | Schedule F   Yes ___ No **X** | |
| Schedule C   Yes ___ No **X** | Schedule G   Yes ___ No **X** | |
| Schedule D   Yes ___ No **X** | Schedule H   Yes ___ No **X** | |

Exhibit B, Page 1

☑ An exact copy of your complete articles of organization (creating document). Absence of the proper purpose and dissolution clauses is the number one reason for delays in the issuance of determination letters.

- Location of Purpose Clause from Part III, line 1 (Page, Article and Paragraph Number) _Article 5- Purpose_
- Location of Dissolution Clause from Part III, line 2b or 2c (Page, Article and Paragraph Number) or by operation of state law _Distribution of Assets Upon Winding Up (p2)_

☑ Signature of an officer, director, trustee, or other official who is authorized to sign the application.
- Signature at Part XI of Form 1023.

☑ Your name on the application must be the same as your legal name as it appears in your articles of organization.

Send completed Form 1023, user fee payment, and all other required information, to:

Internal Revenue Service
P.O. Box 192
Covington, KY 41012-0192

If you are using express mail or a delivery service, send Form 1023, user fee payment, and attachments to:

Internal Revenue Service
201 West Rivercenter Blvd.
Attn: Extracting Stop 312
Covington, KY 41011

♻ *Printed on recycled paper*

Exhibit B, Page 2

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

**Power of Attorney
and Declaration of Representative**

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**

| Received by: | |
|---|---|
| Name | |
| Telephone | |
| Function | |
| Date | / / |

**Part I** **Power of Attorney**
**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1** **Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| KSP/True the Vote<br>708 Damascus<br>Rosenberg, Texas 77471 | : : | 27 : 2860095 |
| | Daytime telephone number<br>( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2** **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Deron R. Harrington, JD,CPA<br>2225 County Road 90, Suite 115<br>Pearland, TX 77584 | CAF No. ............ 0302-15514R<br>Telephone No. ........ 281-997-6699<br>Fax No. ........... 281-997-6633<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

| Name and address | |
|---|---|
| Tony Carbone, CPA<br>2225 County Road 90, Suite 115<br>Pearland, TX 77584 | CAF No. ............ 0303-75115R<br>Telephone No. ........ 281-997-6699<br>Fax No. ........... 281-997-6633<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

| Name and address | |
|---|---|
| Marilyn Allison, CPA<br>2225 County Road 90, Suite 115<br>Pearland, TX 77584 | CAF No. ............ 0304-74055R<br>Telephone No. ........ 281-997-6699<br>Fax No. ........... 281-997-6633<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3** **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| Non-profit | 990, 1023 | 2010 |
| | | |
| | | |

**4** **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . ▶ ☐

**5** **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ................................
 Representative may execute Form 8821
................................................................................................................
................................................................................................................

**6** **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.   Cat. No. 11980J   Form **2848** (Rev. 3-2004)

Exhibit B, Page 3

Form 2848 (Rev. 3-2004)   Page **2**

**7** **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.
  **a** If you also want the second representative listed to receive a copy of notices and communications, check this box  . ▶ ☐
  **b** If you do not want any notices or communications sent to your representative(s), check this box  . . . . . . . . ▶ ☐

**8** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . . . . ▶ ☐
  **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9** **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

  ▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| ............................................ | .......................... | ............................................ |
| Signature | Date *7.15.10* | Title (if applicable) *President* |

| ............................................ | ☐☐☐☐☐ | ............................................ |
| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |

| ............................................ | .......................... | ............................................ |
| Signature | Date | Title (if applicable) |

| ............................................ | ☐☐☐☐☐ |
| Print Name | PIN Number |

---

**Part II**   **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:
  • I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
  • I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
  • I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
  • I am one of the following:
  **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  **b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  **c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  **d** Officer—a bona fide officer of the taxpayer's organization.
  **e** Full-Time Employee—a full-time employee of the taxpayer.
  **f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  **g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
  **h** Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter **(a–h)** | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| b | TX/OK |  | 7-21-10 |
| b | TX |  | 7-21-10 |
| b | TX | *Mary Alls* | 7-21-10 |

Form **2848** (Rev. 3-2004)

Exhibit B, Page 4

Form **1023**
(Rev. June 2006)
Department of the Treasury
Internal Revenue Service

## Application for Recognition of Exemption
### Under Section 501(c)(3) of the Internal Revenue Code

OMB No. 1545-0056

**Note:** *If exempt status is approved, this application will be open for public inspection.*

*Use the instructions to complete this application and for a definition of all **bold** items.* For additional help, call IRS Exempt Organizations Customer Account Services toll-free at 1-877-829-5500. Visit our website at **www.irs.gov** for forms and publications. If the required information and documents are not submitted with payment of the appropriate user fee, the application may be returned to you.

Attach additional sheets to this application if you need more space to answer fully. Put your name and EIN on each sheet and identify each answer by Part and line number. Complete Parts I - XI of Form 1023 and submit only those Schedules (A through H) that apply to you.

### Part I   Identification of Applicant

| | |
|---|---|
| **1** Full name of organization (exactly as it appears in your **organizing document**)<br><br>**KSP/True the Vote** | **2** c/o Name (if applicable) |

| | | | |
|---|---|---|---|
| **3** **Mailing address** (Number and street) (see instructions)<br><br>**708 Damascus** | Room/Suite | **4** Employer Identification Number (EIN)<br><br>27-2860095 | |
| City or town, state or country, and ZIP + 4<br><br>**Rosenberg, TX 77471** | | **5** Month the annual accounting period ends (01 – 12)<br><br>12 | |

**6** Primary contact (officer, director, trustee, or **authorized representative**)

**a** Name: **Catherine Engelbrecht**

**b** Phone:        **832-444-7701**

**c** Fax: (optional)

**7** Are you represented by an authorized representative, such as an attorney or accountant? If "Yes," provide the authorized representative's name, and the name and address of the authorized representative's firm. Include a completed Form 2848, *Power of Attorney and Declaration of Representative,* with your application if you would like us to communicate with your representative.    ☑ Yes   ☐ No

**8** Was a person who is not one of your officers, directors, trustees, employees, or an authorized representative listed in line 7, paid, or promised payment, to help plan, manage, or advise you about the structure or activities of your organization, or about your financial or tax matters? If "Yes," provide the person's name, the name and address of the person's firm, the amounts paid or promised to be paid, and describe that person's role.    ☐ Yes   ☑ No

**9a** Organization's website: **www.truethvote.org**

**b** Organization's email: (optional)

**10** Certain organizations are not required to file an information return (Form 990 or Form 990-EZ). If you are granted tax-exemption, are you claiming to be excused from filing Form 990 or Form 990-EZ? If "Yes," explain. See the instructions for a description of organizations not required to file Form 990 or Form 990-EZ.    ☐ Yes   ☑ No

**11** Date incorporated if a corporation, or formed, if other than a corporation.   (MM/DD/YYYY)   06 / 07 / 2010

**12** Were you formed under the laws of a **foreign country**?
If "Yes," state the country.    ☐ Yes   ☑ No

For Paperwork Reduction Act Notice, see page 24 of the instructions.        Cat. No. 17133K        Form **1023** (Rev. 6-2006)

Form 1023 (Rev. 6-2006)  Name:  EIN:   –   Page **2**

## Part II  Organizational Structure

You must be a corporation (including a limited liability company), an unincorporated association, or a trust to be tax exempt. (See instructions.) **DO NOT file this form unless you can check "Yes" on lines 1, 2, 3, or 4.**

| | | | |
|---|---|---|---|
| **1** | Are you a **corporation**? If "Yes," attach a copy of your articles of incorporation showing **certification of filing** with the appropriate state agency. Include copies of any amendments to your articles and be sure they also show state filing certification. | ☑ **Yes** | ☐ **No** |
| **2** | Are you a **limited liability company (LLC)**? If "Yes," attach a copy of your articles of organization showing certification of filing with the appropriate state agency. Also, if you adopted an operating agreement, attach a copy. Include copies of any amendments to your articles and be sure they show state filing certification. Refer to the instructions for circumstances when an LLC should not file its own exemption application. | ☐ **Yes** | ☐ **No** |
| **3** | Are you an **unincorporated association**? If "Yes," attach a copy of your articles of association, constitution, or other similar organizing document that is dated and includes at least two signatures. Include signed and dated copies of any amendments. | ☐ **Yes** | ☐ **No** |
| **4a** | Are you a **trust**? If "Yes," attach a signed and dated copy of your trust agreement. Include signed and dated copies of any amendments. | ☐ **Yes** | ☐ **No** |
| **b** | Have you been funded? If "No," explain how you are formed without anything of value placed in trust. | ☐ **Yes** | ☐ **No** |
| **5** | Have you adopted **bylaws**? If "Yes," attach a current copy showing date of adoption. If "No," explain how your officers, directors, or trustees are selected. | ☑ **Yes** | ☐ **No** |

## Part III  Required Provisions in Your Organizing Document

The following questions are designed to ensure that when you file this application, your organizing document contains the required provisions to meet the organizational test under section 501(c)(3). Unless you can check the boxes in both lines 1 and 2, your organizing document does not meet the organizational test. **DO NOT file this application until you have amended your organizing document.** Submit your original and amended organizing documents (showing state filing certification if you are a corporation or an LLC) with your application.

| | | |
|---|---|---|
| **1** | Section 501(c)(3) requires that your organizing document state your exempt purpose(s), such as charitable, religious, educational, and/or scientific purposes. Check the box to confirm that your organizing document meets this requirement. Describe specifically where your organizing document meets this requirement, such as a reference to a particular article or section in your organizing document. Refer to the instructions for exempt purpose language. Location of Purpose Clause (Page, Article, and Paragraph): **Article 5--Purpose** | ☑ |
| **2a** | Section 501(c)(3) requires that upon dissolution of your organization, your remaining assets must be used exclusively for exempt purposes, such as charitable, religious, educational, and/or scientific purposes. Check the box on line 2a to confirm that your organizing document meets this requirement by express provision for the distribution of assets upon dissolution. If you rely on state law for your dissolution provision, do not check the box on line 2a and go to line 2c. | ☑ |
| **2b** | If you checked the box on line 2a, specify the location of your dissolution clause (Page, Article, and Paragraph). Do not complete line 2c if you checked box 2a. **Distribution of Assets upon winding up**  *p.2 of Articles of Incorp* | |
| **2c** | See the instructions for information about the operation of state law in your particular state. Check this box if you rely on operation of state law for your dissolution provision and indicate the state: | ☐ |

## Part IV  Narrative Description of Your Activities  *See attached*

Using an attachment, describe your *past, present,* and *planned* activities in a narrative. If you believe that you have already provided some of this information in response to other parts of this application, you may summarize that information here and refer to the specific parts of the application for supporting details. You may also attach representative copies of newsletters, brochures, or similar documents for supporting details to this narrative. Remember that if this application is approved, it will be open for public inspection. Therefore, your narrative description of activities should be thorough and accurate. Refer to the instructions for information that must be included in your description.

## Part V  Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors

**1a** List the names, titles, and mailing addresses of all of your officers, directors, and trustees. For each person listed, state their total annual **compensation**, or proposed compensation, for all services to the organization, whether as an officer, employee, or other position. Use actual figures, if available. Enter "none" if no compensation is or will be paid. If additional space is needed, attach a separate sheet. Refer to the instructions for information on what to include as compensation.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|---|---|---|---|
| Catherine Engelbrecht | Director | 708 Damascus<br>Rosenberg, TX 77471 | None |
| Dianne Josephs | Director | 3225 Locke Lane<br>Houston, TX 77019 | None |
| Brian Engelbrecht | Director | 708 Damascus<br>Rosenberg, TX 77471 | None |
| | | | |
| | | | |

Form **1023** (Rev. 6-2006)

Form 1023 (Rev. 6-2006)   Name:                                    EIN:      −              Page **3**

| Part V | Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors *(Continued)* |

**b** List the names, titles, and mailing addresses of each of your five highest compensated employees who receive or will receive compensation of more than $50,000 per year. Use the actual figure, if available. Refer to the instructions for information on what to include as compensation. Do not include officers, directors, or trustees listed in line 1a.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|------|-------|-----------------|--------------------------------------------------|
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |

**c** List the names, names of businesses, and mailing addresses of your five highest compensated **independent contractors** that receive or will receive compensation of more than $50,000 per year. Use the actual figure, if available. Refer to the instructions for information on what to include as compensation.

| Name | Title | Mailing address | Compensation amount (annual actual or estimated) |
|------|-------|-----------------|--------------------------------------------------|
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |
|      |       |                 |                                                  |

The following "Yes" or "No" questions relate to *past, present, or planned* relationships, transactions, or agreements with your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in lines 1a, 1b, and 1c.

**2a** Are any of your officers, directors, or trustees **related** to each other through **family** or **business relationships**? If "Yes," identify the individuals and explain the relationship. ☐ Yes ☑ No

**b** Do you have a business relationship with any of your officers, directors, or trustees other than through their position as an officer, director, or trustee? If "Yes," identify the individuals and describe the business relationship with each of your officers, directors, or trustees. ☐ Yes ☑ No

**c** Are any of your officers, directors, or trustees related to your highest compensated employees or highest compensated independent contractors listed on lines 1b or 1c through family or business relationships? If "Yes," identify the individuals and explain the relationship. ☐ Yes ☑ No

**3a** For each of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, or 1c, attach a list showing their name, qualifications, average hours worked, and duties.

**b** Do any of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, or 1c receive compensation from any other organizations, whether tax exempt or taxable, that are related to you through **common control**? If "Yes," identify the individuals, explain the relationship between you and the other organization, and describe the compensation arrangement. ☐ Yes ☑ No

**4** In establishing the compensation for your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed on lines 1a, 1b, and 1c, the following practices are recommended, although they are not required to obtain exemption. Answer "Yes" to all the practices you use.      *N/A*

**a** Do you or will the individuals that approve compensation arrangements follow a conflict of interest policy? ☐ Yes ☐ No

**b** Do you or will you approve compensation arrangements in advance of paying compensation? ☐ Yes ☐ No

**c** Do you or will you document in writing the date and terms of approved compensation arrangements? ☐ Yes ☐ No

Form **1023** (Rev. 6-2006)

Form 1023 (Rev. 6-2006)    Name:                                                    EIN:    –                    Page **4**

| **Part V** | **Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors** (Continued) |
|---|---|

**d** Do you or will you record in writing the decision made by each individual who decided or voted on compensation arrangements?  ☐ Yes  ☐ No   N/A

**e** Do you or will you approve compensation arrangements based on information about compensation paid by **similarly situated** taxable or tax-exempt organizations for similar services, current compensation surveys compiled by independent firms, or actual written offers from similarly situated organizations? Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation.  ☐ Yes  ☐ No

**f** Do you or will you record in writing both the information on which you relied to base your decision and its source?  ☐ Yes  ☐ No

**g** If you answered "No" to any item on lines 4a through 4f, describe how you set compensation that is **reasonable** for your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in Part V, lines 1a, 1b, and 1c.

**5a** Have you adopted a **conflict of interest policy** consistent with the sample conflict of interest policy in Appendix A to the instructions? If "Yes," provide a copy of the policy and explain how the policy has been adopted, such as by resolution of your governing board. If "No," answer lines 5b and 5c.  ☐ Yes  ☐ No

**b** What procedures will you follow to assure that persons who have a conflict of interest will not have influence over you for setting their own compensation?

**c** What procedures will you follow to assure that persons who have a conflict of interest will not have influence over you regarding business deals with themselves?

**Note:** A conflict of interest policy is recommended though it is not required to obtain exemption. Hospitals, see Schedule C, Section I, line 14.

**6a** Do you or will you compensate any of your officers, directors, trustees, highest compensated employees, and highest compensated independent contractors listed in lines 1a, 1b, or 1c through **non-fixed payments**, such as discretionary bonuses or revenue-based payments? If "Yes," describe all non-fixed compensation arrangements, including how the amounts are determined, who is eligible for such arrangements, whether you place a limitation on total compensation, and how you determine or will determine that you pay no more than reasonable compensation for services. Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation.  ☐ Yes  ☐ No

**b** Do you or will you compensate any of your employees, other than your officers, directors, trustees, or your five highest compensated employees who receive or will receive compensation of more than $50,000 per year, through non-fixed payments, such as discretionary bonuses or revenue-based payments? If "Yes," describe all non-fixed compensation arrangements, including how the amounts are or will be determined, who is or will be eligible for such arrangements, whether you place or will place a limitation on total compensation, and how you determine or will determine that you pay no more than reasonable compensation for services. Refer to the instructions for Part V, lines 1a, 1b, and 1c, for information on what to include as compensation.  ☐ Yes  ☐ No

**7a** Do you or will you purchase any goods, services, or assets from any of your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," describe any such purchase that you made or intend to make, from whom you make or will make such purchases, how the terms are or will be negotiated at **arm's length**, and explain how you determine or will determine that you pay no more than **fair market value**. Attach copies of any written contracts or other agreements relating to such purchases.  ☐ Yes  ☐ No

**b** Do you or will you sell any goods, services, or assets to any of your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," describe any such sales that you made or intend to make, to whom you make or will make such sales, how the terms are or will be negotiated at arm's length, and explain how you determine or will determine you are or will be paid at least fair market value. Attach copies of any written contracts or other agreements relating to such sales.  ☐ Yes  ☐ No

**8a** Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If "Yes," provide the information requested in lines 8b through 8f.  ☐ Yes  ☐ No

**b** Describe any written or oral arrangements that you made or intend to make.

**c** Identify with whom you have or will have such arrangements.

**d** Explain how the terms are or will be negotiated at arm's length.

**e** Explain how you determine you pay no more than fair market value or you are paid at least fair market value.

**f** Attach copies of any signed leases, contracts, loans, or other agreements relating to such arrangements.

**9a** Do you or will you have any leases, contracts, loans, or other agreements with any organization in which any of your officers, directors, or trustees are also officers, directors, or trustees, or in which any individual officer, director, or trustee owns more than a 35% interest? If "Yes," provide the information requested in lines 9b through 9f.  ☐ Yes  ☐ No

Form **1023** (Rev. 6-2006)

Exhibit B, Page 8

Form 1023 (Rev. 6-2006)   Name:                                   EIN:        –             Page **5**

**Part V**   **Compensation and Other Financial Arrangements With Your Officers, Directors, Trustees, Employees, and Independent Contractors** *(Continued)*

**b** Describe any written or oral arrangements you made or intend to make.
**c** Identify with whom you have or will have such arrangements.
**d** Explain how the terms are or will be negotiated at arm's length.                                            *N/A*
**e** Explain how you determine or will determine you pay no more than fair market value or that you are paid at least fair market value.
**f** Attach a copy of any signed leases, contracts, loans, or other agreements relating to such arrangements.

**Part VI**   **Your Members and Other Individuals and Organizations That Receive Benefits From You**
The following "Yes" or "No" questions relate to goods, services, and funds you provide to individuals and organizations as part of your activities. Your answers should pertain to *past, present,* and *planned* activities. (See instructions.)

**1a** In carrying out your exempt purposes, do you provide goods, services, or funds to individuals? If "Yes," describe each program that provides goods, services, or funds to individuals.   ☐ Yes  ☑ No

**b** In carrying out your exempt purposes, do you provide goods, services, or funds to organizations? If "Yes," describe each program that provides goods, services, or funds to organizations.   ☐ Yes  ☐ No

**2** Do any of your programs limit the provision of goods, services, or funds to a specific individual or group of specific individuals? For example, answer "Yes," if goods, services, or funds are provided only for a particular individual, your members, individuals who work for a particular employer, or graduates of a particular school. If "Yes," explain the limitation and how recipients are selected for each program.   ☐ Yes  ☑ No

**3** Do any individuals who receive goods, services, or funds through your programs have a family or business relationship with any officer, director, trustee, or with any of your highest compensated employees or highest compensated independent contractors listed in Part V, lines 1a, 1b, and 1c? If "Yes," explain how these related individuals are eligible for goods, services, or funds.   ☐ Yes  ☑ No

**Part VII**   **Your History**
The following "Yes" or "No" questions relate to your history. (See instructions.)

**1** Are you a **successor** to another organization? Answer "Yes," if you have taken or will take over the activities of another organization; you took over 25% or more of the fair market value of the net assets of another organization; or you were established upon the conversion of an organization from for-profit to non-profit status. If "Yes," complete Schedule G.   ☐ Yes  ☑ No

**2** Are you submitting this application more than 27 months after the end of the month in which you were legally formed? If "Yes," complete Schedule E.   ☐ Yes  ☑ No

**Part VIII**   **Your Specific Activities**
The following "Yes" or "No" questions relate to specific activities that you may conduct. Check the appropriate box. Your answers should pertain to *past, present,* and *planned* activities. (See instructions.)

**1** Do you support or oppose candidates in **political campaigns** in any way? If "Yes," explain.   ☐ Yes  ☑ No

**2a** Do you attempt to **influence legislation**? If "Yes," explain how you attempt to influence legislation and complete line 2b. If "No," go to line 3a.   ☑ Yes  ☐ No

**b** Have you made or are you making an **election** to have your legislative activities measured by expenditures by filing Form 5768? If "Yes," attach a copy of the Form 5768 that was already filed or attach a completed Form 5768 that you are filing with this application. If "No," describe whether your attempts to influence legislation are a substantial part of your activities. Include the time and money spent on your attempts to influence legislation as compared to your total activities.   ☐ Yes  ☑ No

**3a** Do you or will you operate bingo or **gaming** activities? If "Yes," describe who conducts them, and list all revenue received or expected to be received and expenses paid or expected to be paid in operating these activities. **Revenue and expenses** should be provided for the time periods specified in Part IX, Financial Data.   ☐ Yes  ☑ No

**b** Do you or will you enter into contracts or other agreements with individuals or organizations to conduct bingo or gaming for you? If "Yes," describe any written or oral arrangements that you made or intend to make, identify with whom you have or will have such arrangements, explain how the terms are or will be negotiated at arm's length, and explain how you determine or will determine you pay no more than fair market value or you will be paid at least fair market value. Attach copies of any written contracts or other agreements relating to such arrangements.   ☐ Yes  ☑ No

**c** List the states and local jurisdictions, including Indian Reservations, in which you conduct or will conduct gaming or bingo.

Form **1023** (Rev. 6-2006)

Exhibit B, Page 9

Form 1023 (Rev. 6-2006)    Name:                          EIN:        –        Page **6**

**Part VIII**  **Your Specific Activities** *(Continued)*

**4a** Do you or will you undertake **fundraising**? If "Yes," check all the fundraising programs you do or will conduct. (See instructions.)   ☐ **Yes**  ☐ **No**

☐ mail solicitations                ☐ phone solicitations
☐ email solicitations            ☐ accept donations on your website
☑ personal solicitations          ☐ receive donations from another organization's website
☐ vehicle, boat, plane, or similar donations  ☑ government grant solicitations
☑ foundation grant solicitations      ☐ Other

Attach a description of each fundraising program.

**b** Do you or will you have written or oral contracts with any individuals or organizations to raise funds for you? If "Yes," describe these activities. Include all revenue and expenses from these activities and state who conducts them. Revenue and expenses should be provided for the time periods specified in Part IX, Financial Data. Also, attach a copy of any contracts or agreements.   ☐ **Yes**  ☑ **No**

**c** Do you or will you engage in fundraising activities for other organizations? If "Yes," describe these arrangements. Include a description of the organizations for which you raise funds and attach copies of all contracts or agreements.   ☐ **Yes**  ☑ **No**

**d** List all states and local jurisdictions in which you conduct fundraising. For each state or local jurisdiction listed, specify whether you fundraise for your own organization, you fundraise for another organization, or another organization fundraises for you.

**e** Do you or will you maintain separate accounts for any contributor under which the contributor has the right to advise on the use or distribution of funds? Answer "Yes" if the donor may provide advice on the types of investments, distributions from the types of investments, or the distribution from the donor's contribution account. If "Yes," describe this program, including the type of advice that may be provided and submit copies of any written materials provided to donors.   ☐ **Yes**  ☑ **No**

**5** Are you **affiliated** with a governmental unit? If "Yes," explain.   ☐ **Yes**  ☑ **No**

**6a** Do you or will you engage in **economic development**? If "Yes," describe your program.   ☐ **Yes**  ☑ **No**
**b** Describe in full who benefits from your economic development activities and how the activities promote exempt purposes.

**7a** Do or will persons other than your employees or volunteers **develop** your facilities? If "Yes," describe each facility, the role of the developer, and any business or family relationship(s) between the developer and your officers, directors, or trustees.   ☐ **Yes**  ☑ **No**

**b** Do or will persons other than your employees or volunteers **manage** your activities or facilities? If "Yes," describe each activity and facility, the role of the manager, and any business or family relationship(s) between the manager and your officers, directors, or trustees.   ☐ **Yes**  ☑ **No**

**c** If there is a business or family relationship between any manager or developer and your officers, directors, or trustees, identify the individuals, explain the relationship, describe how contracts are negotiated at arm's length so that you pay no more than fair market value, and submit a copy of any contracts or other agreements.

**8** Do you or will you enter into **joint ventures**, including partnerships or **limited liability companies** treated as partnerships, in which you share profits and losses with partners other than section 501(c)(3) organizations? If "Yes," describe the activities of these joint ventures in which you participate.   ☐ **Yes**  ☑ **No**

**9a** Are you applying for exemption as a childcare organization under section 501(k)? If "Yes," answer lines 9b through 9d. If "No," go to line 10.   ☐ **Yes**  ☑ **No**

**b** Do you provide child care so that parents or caretakers of children you care for can be **gainfully employed** (see instructions)? If "No," explain how you qualify as a childcare organization described in section 501(k).   ☐ **Yes**  ☐ **No**

**c** Of the children for whom you provide child care, are 85% or more of them cared for by you to enable their parents or caretakers to be gainfully employed (see instructions)? If "No," explain how you qualify as a childcare organization described in section 501(k).   ☐ **Yes**  ☐ **No**

**d** Are your services available to the general public? If "No," describe the specific group of people for whom your activities are available. Also, see the instructions and explain how you qualify as a childcare organization described in section 501(k).   ☐ **Yes**  ☐ **No**

**10** Do you or will you publish, own, or have rights in music, literature, tapes, artworks, choreography, scientific discoveries, or other **intellectual property**? If "Yes," explain. Describe who owns or will own any copyrights, patents, or trademarks, whether fees are or will be charged, how the fees are determined, and how any items are or will be produced, distributed, and marketed.   ☐ **Yes**  ☑ **No**

Form **1023** (Rev. 6-2006)

Exhibit B, Page 10

Form 1023 (Rev. 6-2006)          Name:                                          EIN:        −                      Page **7**

## Part VIII    Your Specific Activities *(Continued)*

| | | | |
|---|---|---|---|
| **11** | Do you or will you accept contributions of: real property; conservation easements; closely held securities; intellectual property such as patents, trademarks, and copyrights; works of music or art; licenses; royalties; automobiles, boats, planes, or other vehicles; or collectibles of any type? If "Yes," describe each type of contribution, any conditions imposed by the donor on the contribution, and any agreements with the donor regarding the contribution. | ☐ Yes | ☑ No |

**12a**  Do you or will you operate in a **foreign country** or **countries?** If "Yes," answer lines 12b through     ☐ Yes  ☑ No
   12d. If "No," go to line 13a.
   **b** Name the foreign countries and regions within the countries in which you operate.
   **c** Describe your operations in each country and region in which you operate.
   **d** Describe how your operations in each country and region further your exempt purposes.

**13a**  Do you or will you make grants, loans, or other distributions to organization(s)? If "Yes," answer lines   ☐ Yes  ☑ No
   13b through 13g. If "No," go to line 14a.
   **b** Describe how your grants, loans, or other distributions to organizations further your exempt purposes.
   **c** Do you have written contracts with each of these organizations? If "Yes," attach a copy of each contract.   ☐ Yes  ☐ No
   **d** Identify each recipient organization and any **relationship** between you and the recipient organization.
   **e** Describe the records you keep with respect to the grants, loans, or other distributions you make.
   **f** Describe your selection process, including whether you do any of the following:
      **(i)** Do you require an application form? If "Yes," attach a copy of the form.   ☐ Yes  ☐ No
      **(ii)** Do you require a grant proposal? If "Yes," describe whether the grant proposal specifies your   ☐ Yes  ☐ No
         responsibilities and those of the grantee, obligates the grantee to use the grant funds only for the
         purposes for which the grant was made, provides for periodic written reports concerning the use
         of grant funds, requires a final written report and an accounting of how grant funds were used,
         and acknowledges your authority to withhold and/or recover grant funds in case such funds are,
         or appear to be, misused.
   **g** Describe your procedures for oversight of distributions that assure you the resources are used to
      further your exempt purposes, including whether you require periodic and final reports on the use of
      resources.

**14a**  Do you or will you make grants, loans, or other distributions to foreign organizations? If "Yes,"   ☐ Yes  ☑ No
   answer lines 14b through 14f. If "No," go to line 15.
   **b** Provide the name of each foreign organization, the country and regions within a country in which
      each foreign organization operates, and describe any relationship you have with each foreign
      organization.

   **c** Does any foreign organization listed in line 14b accept contributions earmarked for a specific country   ☐ Yes  ☐ No
      or specific organization? If "Yes," list all earmarked organizations or countries.

   **d** Do your contributors know that you have ultimate authority to use contributions made to you at your   ☐ Yes  ☐ No
      discretion for purposes consistent with your exempt purposes? If "Yes," describe how you relay this
      information to contributors.

   **e** Do you or will you make pre-grant inquiries about the recipient organization? If "Yes," describe these   ☐ Yes  ☐ No
      inquiries, including whether you inquire about the recipient's financial status, its tax-exempt status
      under the Internal Revenue Code, its ability to accomplish the purpose for which the resources are
      provided, and other relevant information.

   **f** Do you or will you use any additional procedures to ensure that your distributions to foreign   ☐ Yes  ☐ No
      organizations are used in furtherance of your exempt purposes? If "Yes," describe these procedures,
      including site visits by your employees or compliance checks by impartial experts, to verify that grant
      funds are being used appropriately.

Form **1023** (Rev. 6-2006)

Form 1023 (Rev. 6-2006)   Name:                                         EIN:        –              Page **8**

## Part VIII   Your Specific Activities *(Continued)*

| | | | |
|---|---|---|---|
| 15 | Do you have a **close connection** with any organizations? If "Yes," explain. | ☑ Yes | ☐ No |
| 16 | Are you applying for exemption as a **cooperative hospital service organization** under section 501(e)? If "Yes," explain. | ☐ Yes | ☑ No |
| 17 | Are you applying for exemption as a **cooperative service organization of operating educational organizations** under section 501(f)? If "Yes," explain. | ☐ Yes | ☑ No |
| 18 | Are you applying for exemption as a **charitable risk pool** under section 501(n)? If "Yes," explain. | ☐ Yes | ☑ No |
| 19 | Do you or will you operate a **school**? If "Yes," complete Schedule B. Answer "Yes," whether you operate a school as your main function or as a secondary activity. | ☐ Yes | ☑ No |
| 20 | Is your main function to provide **hospital** or **medical care**? If "Yes," complete Schedule C. | ☐ Yes | ☑ No |
| 21 | Do you or will you provide **low-income housing** or housing for the **elderly** or **handicapped**? If "Yes," complete Schedule F. | ☐ Yes | ☑ No |
| 22 | Do you or will you provide scholarships, fellowships, educational loans, or other educational grants to individuals, including grants for travel, study, or other similar purposes? If "Yes," complete Schedule H. | ☐ Yes | ☑ No |

**Note: Private foundations** may use Schedule H to request advance approval of individual grant procedures.

Form **1023** (Rev. 6-2006)

Exhibit B, Page 12

Form 1023 (Rev. 6-2006)    Name:    EIN:    −    Page **9**

**Part IX**   **Financial Data**

For purposes of this schedule, years in existence refer to completed tax years. If in existence 4 or more years, complete the schedule for the most recent 4 tax years. If in existence more than 1 year but less than 4 years, complete the statements for each year in existence and provide projections of your likely revenues and expenses based on a reasonable and good faith estimate of your future finances for a total of 3 years of financial information. If in existence less than 1 year, provide projections of your likely revenues and expenses for the current year and the 2 following years, based on a reasonable and good faith estimate of your future finances for a total of 3 years of financial information. (See instructions.)

**A. Statement of Revenues and Expenses**

| | Type of revenue or expense | Current tax year (a) From ___ To ___ 2010 | 3 prior tax years or 2 succeeding tax years (b) From ___ To ___ 2011 | (c) From ___ To ___ 2012 | (d) From ___ To ___ | (e) Provide Total for (a) through (d) |
|---|---|---|---|---|---|---|
| Revenues | | | | | | |
| 1 | Gifts, grants, and contributions received (do not include unusual grants) | 190,000 | 432,000 | 765,000 | | |
| 2 | Membership fees received | | | | | |
| 3 | Gross investment income | | | | | |
| 4 | Net unrelated business income | | | | | |
| 5 | Taxes levied for your benefit | | | | | |
| 6 | Value of services or facilities furnished by a governmental unit without charge (not including the value of services generally furnished to the public without charge) | | | | | |
| 7 | Any revenue not otherwise listed above or in lines 9–12 below (attach an itemized list) | | | | | |
| 8 | Total of lines 1 through 7 | | | | | |
| 9 | Gross receipts from admissions, merchandise sold or services performed, or furnishing of facilities in any activity that is related to your exempt purposes (attach itemized list) | | | | | |
| 10 | Total of lines 8 and 9 | | | | | |
| 11 | Net gain or loss on sale of capital assets (attach schedule and see instructions) | | | | | |
| 12 | **Unusual grants** | | | | | |
| 13 | Total Revenue Add lines 10 through 12 | | | | | |
| Expenses | | | | | | |
| 14 | Fundraising expenses | | | | | |
| 15 | Contributions, gifts, grants, and similar amounts paid out (attach an itemized list) | | | | | |
| 16 | Disbursements to or for the benefit of members (attach an itemized list) | | | | | |
| 17 | Compensation of officers, directors, and trustees | | | | | |
| 18 | Other salaries and wages | | | | | |
| 19 | Interest expense | | | | | |
| 20 | Occupancy (rent, utilities, etc.) | 27,000 | 32,400 | 54,000 | | |
| 21 | Depreciation and depletion | | | | | |
| 22 | Professional fees | 3,000 | 3,500 | 4,000 | | |
| 23 | Any expense not otherwise classified, such as program services (attach itemized list) | 160,000 | 395,400 | 706,500 | | |
| 24 | Total Expenses Add lines 14 through 23 | 190,000 | 431,300 | 764,500 | | |

Form **1023** (Rev. 6-2006)

Exhibit B, Page 13

Form 1023 (Rev. 6-2006)    Name:                                              EIN:         –                        Page **10**

| **Part IX** | **Financial Data** *(Continued)* | | |
|---|---|---|---|

| B. Balance Sheet (for your most recently completed tax year) | | Year End: |
|---|---|---|

**Assets** — (Whole dollars)

| | | | |
|---|---|---|---|
| 1 | Cash . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 | |
| 2 | Accounts receivable, net . . . . . . . . . . . . . . . . . | 2 | |
| 3 | Inventories . . . . . . . . . . . . . . . . . . . . . . . . | 3 | |
| 4 | Bonds and notes receivable (attach an itemized list) . . . . . . . . . | 4 | |
| 5 | Corporate stocks (attach an itemized list) . . . . . . . . . . . | 5 | |
| 6 | Loans receivable (attach an itemized list) . . . . . . . . . . . | 6 | |
| 7 | Other investments (attach an itemized list) . . . . . . . . . . | 7 | |
| 8 | Depreciable and depletable assets (attach an itemized list) . . . . . . | 8 | |
| 9 | Land . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 | |
| 10 | Other assets (attach an itemized list) . . . . . . . . . . . | 10 | |
| 11 | Total Assets (add lines 1 through 10) . . . . . . . . . . . | 11 | |

**Liabilities**

| | | | |
|---|---|---|---|
| 12 | Accounts payable . . . . . . . . . . . . . . . . . . . . | 12 | |
| 13 | Contributions, gifts, grants, etc. payable . . . . . . . . . . . | 13 | |
| 14 | Mortgages and notes payable (attach an itemized list) . . . . . . . | 14 | |
| 15 | Other liabilities (attach an itemized list) . . . . . . . . . . . | 15 | |
| 16 | Total Liabilities (add lines 12 through 15) . . . . . . . . . | 16 | |

**Fund Balances or Net Assets**

| | | | |
|---|---|---|---|
| 17 | Total fund balances or net assets . . . . . . . . . . . . . | 17 | |
| 18 | Total Liabilities and Fund Balances or Net Assets (add lines 16 and 17) . . . . | 18 | |
| 19 | Have there been any substantial changes in your assets or liabilities since the end of the period shown above? If "Yes," explain. | ☐ Yes    ☐ No | |

| **Part X** | **Public Charity Status** |
|---|---|

Part X is designed to classify you as an organization that is either a **private foundation** or a **public charity**. Public charity status is a more favorable tax status than private foundation status. If you are a private foundation, Part X is designed to further determine whether you are a **private operating foundation**. (See instructions.)

**1a** Are you a private foundation? If "Yes," go to line 1b. If "No," go to line 5 and proceed as instructed.    ☐ Yes    ☑ No
If you are unsure, see the instructions.

  **b** As a private foundation, section 508(e) requires special provisions in your organizing document in    ☐
addition to those that apply to all organizations described in section 501(c)(3). Check the box to
confirm that your organizing document meets this requirement, whether by express provision or by
reliance on operation of state law. Attach a statement that describes specifically where your
organizing document meets this requirement, such as a reference to a particular article or section in
your organizing document or by operation of state law. See the instructions, including Appendix B,
for information about the special provisions that need to be contained in your organizing document.
Go to line 2.

**2** Are you a private operating foundation? To be a private operating foundation you must engage    ☐ Yes    ☐ No
directly in the active conduct of charitable, religious, educational, and similar activities, as opposed
to indirectly carrying out these activities by providing grants to individuals or other organizations. If
"Yes," go to line 3. If "No," go to the signature section of Part XI.

**3** Have you existed for one or more years? If "Yes," attach financial information showing that you are a private    ☐ Yes    ☐ No
operating foundation; go to the signature section of Part XI. If "No," continue to line 4.

**4** Have you attached either (1) an affidavit or opinion of counsel, (including a written affidavit or opinion    ☐ Yes    ☐ No
from a certified public accountant or accounting firm with expertise regarding this tax law matter),
that sets forth facts concerning your operations and support to demonstrate that you are likely to
satisfy the requirements to be classified as a private operating foundation; or (2) a statement
describing your proposed operations as a private operating foundation?

**5** If you answered "No" to line 1a, indicate the type of public charity status you are requesting by checking one of the choices below.
You may check only one box.

The organization is not a private foundation because it is:

  **a** 509(a)(1) and 170(b)(1)(A)(i)—a church or a convention or association of churches. Complete and attach Schedule A.    ☐
  **b** 509(a)(1) and 170(b)(1)(A)(ii)—a **school**. Complete and attach Schedule B.    ☐
  **c** 509(a)(1) and 170(b)(1)(A)(iii)—a **hospital**, a cooperative hospital service organization, or a medical research    ☐
organization operated in conjunction with a hospital. Complete and attach Schedule C.
  **d** 509(a)(3)—an organization supporting either one or more organizations described in line 5a through c, f, g, or h    ☐
or a publicly supported section 501(c)(4), (5), or (6) organization. Complete and attach Schedule D.

Form **1023** (Rev. 6-2006)

Exhibit B, Page 14

Form 1023 (Rev. 6-2006)      Name:                                    EIN:        —            Page **11**

**Part X**  **Public Charity Status** *(Continued)*

**e** 509(a)(4)—an organization organized and operated exclusively for testing for public safety. ☐

**f** 509(a)(1) and 170(b)(1)(A)(iv)—an organization operated for the benefit of a college or university that is owned or operated by a governmental unit. ☐

**g** 509(a)(1) and 170(b)(1)(A)(vi)—an organization that receives a substantial part of its financial support in the form of contributions from publicly supported organizations, from a governmental unit, or from the general public. ☐

**h** 509(a)(2)—an organization that normally receives not more than one-third of its financial support from gross **investment income** and receives more than one-third of its financial support from contributions, membership fees, and gross receipts from activities related to its exempt functions (subject to certain exceptions). ☐

**i** A publicly supported organization, but unsure if it is described in 5g or 5h. The organization would like the IRS to decide the correct status. ☑

**6** If you checked box g, h, or i in question 5 above, you must request either an **advance** or a **definitive ruling** by selecting one of the boxes below. Refer to the instructions to determine which type of ruling you are eligible to receive.

**a** **Request for Advance Ruling:** By checking this box and signing the consent, pursuant to section 6501(c)(4) of the Code you request an advance ruling and agree to extend the statute of limitations on the assessment of excise tax under section 4940 of the Code. The tax will apply only if you do not establish public support status at the end of the 5-year advance ruling period. The assessment period will be extended for the 5 advance ruling years to 8 years, 4 months, and 15 days beyond the end of the first year. You have the right to refuse or limit the extension to a mutually agreed-upon period of time or issue(s). Publication 1035, *Extending the Tax Assessment Period,* provides a more detailed explanation of your rights and the consequences of the choices you make. You may obtain Publication 1035 free of charge from the IRS web site at *www.irs.gov* or by calling toll-free 1-800-829-3676. Signing this consent will not deprive you of any appeal rights to which you would otherwise be entitled. If you decide not to extend the statute of limitations, you are not eligible for an advance ruling. ☑

**Consent Fixing Period of Limitations Upon Assessment of Tax Under Section 4940 of the Internal Revenue Code**

For Organization

......................................................        ............................................        ..............
(Signature of Officer, Director, Trustee, or other        (Type or print name of signer)        (Date)
authorized official)
                                                          ............................................
                                                          (Type or print title or authority of signer)

For IRS Use Only

......................................................        ..............
IRS Director, Exempt Organizations                        (Date)

**b** **Request for Definitive Ruling:** Check this box if you have completed one tax year of at least 8 full months and you are requesting a definitive ruling. To confirm your public support status, answer line 6b(i) if you checked box g in line 5 above. Answer line 6b(ii) if you checked box h in line 5 above. If you checked box i in line 5 above, answer both lines 6b(i) and (ii). ☐

**(i)** **(a)** Enter 2% of line 8, column (e) on Part IX-A. Statement of Revenues and Expenses. _____

**(b)** Attach a list showing the name and amount contributed by each person, company, or organization whose gifts totaled more than the 2% amount. If the answer is "None," check this box. ☐

**(ii)** **(a)** For each year amounts are included on lines 1, 2, and 9 of Part IX-A. Statement of Revenues and Expenses, attach a list showing the name of and amount received from each **disqualified person.** If the answer is "None," check this box. ☐

**(b)** For each year amounts are included on line 9 of Part IX-A. Statement of Revenues and Expenses, attach a list showing the name of and amount received from each payer, other than a disqualified person, whose payments were more than the larger of (1) 1% of line 10, Part IX-A. Statement of Revenues and Expenses, or (2) $5,000. If the answer is "None," check this box. ☐

**7** Did you receive any unusual grants during any of the years shown on Part IX-A. Statement of Revenues and Expenses? If "Yes," attach a list including the name of the contributor, the date and amount of the grant, a brief description of the grant, and explain why it is unusual.   ☐ **Yes**   ☐ **No**

Form **1023** (Rev. 6-2006)

Exhibit B, Page 15

Form 1023 (Rev. 6-2006)      Name:                                    EIN:        –                    Page **12**

**Part XI   User Fee Information**

*You must include a user fee payment with this application. It will not be processed without your paid user fee.* If your average annual gross receipts have exceeded or will exceed $10,000 annually over a 4-year period, you must submit payment of $750. If your gross receipts have not exceeded or will not exceed $10,000 annually over a 4-year period, the required user fee payment is $300. See instructions for Part XI, for a definition of **gross receipts** over a 4-year period. Your check or money order must be made payable to the United States Treasury. *User fees are subject to change. Check our website at www.irs.gov and type "User Fee" in the keyword box, or call Customer Account Services at 1-877-829-5500 for current information.*

| | | | |
|---|---|---|---|
| **1** | Have your annual gross receipts averaged or are they expected to average not more than $10,000? | ☐ **Yes** | ☑ **No** |
| | If "Yes," check the box on line 2 and enclose a user fee payment of $300 (Subject to change—see above). | | |
| | If "No," check the box on line 3 and enclose a user fee payment of ~~$750~~ (Subject to change—see above). $850 | | |
| **2** | Check the box if you have enclosed the reduced user fee payment of $300 (Subject to change). | | ☐ |
| **3** | Check the box if you have enclosed the user fee payment of ~~$750~~ (Subject to change).  $850 | | ☑ |

I declare under the penalties of perjury that I am authorized to sign this application on behalf of the above organization and that I have examined this application, including the accompanying schedules and attachments, and to the best of my knowledge it is true, correct, and complete.

**Please Sign Here** ▶

.......................................................
(Signature of Officer, Director, Trustee, or other authorized official)

.......................................................
(Type or print name of signer)

.......................................................
(Type or print title or authority of signer)

.......................
(Date)

**Reminder:** Send the completed Form 1023 Checklist with your filled-in-application.      Form **1023** (Rev. 6-2006)

Exhibit B, Page 16

**KSP/True the Vote**                                          **EIN 27-2860095**

Part IV Description of Activities:

KSP/True the Vote is a non-partisian initiative to recruit and train volunteers to work inside polling places for elections. True the Vote initiatives are the following:

- Mobilizing and training volunteers who are willing to work as election monitors
- Aggressively pursuing fraud reports to ensure prosecution when appropriate
- Providing a support system for volunteers that includes live and online training, quick reference guides, a call bank to phone in problem reports, information on videotaping at polling places, and security as necessary
- Creating documentaries and instructional videos for use in recruiting and training
- Raising awareness of the problem through strategic outreach efforts including advertising, social networking, media relations, and relational marketing
- Voter registration programs and efforts to validate existing registration lists, including the use of pattern recognition software to detect problem areas

Part V

2a Relationships of directors: Catherine Engelbrecht and Bryan Engelbrecht are both on the Board of Directors and are married.

Part V

| 3a. | Name | Qualifications | Avg. Hrs Worked | Duties |
|---|---|---|---|---|
| | Bryan Engelbrecht | co-owner of Engelbrecht Mfg. Inc. | 10/wk | advisor |
| | Dianne Josephs | owner Dianne L. Josephs Design, Inc. | 40/wk | event coordinator |
| | Catherine Engelbrecht | co-owner of Engelbrecht Mfg. Inc. | 65/wk | Pres. And spokesperson |

Part VII

2b. In 2011, KSP/True the Vote would like to see Texas enact legislation to support use of a Voter ID Card.  20% of budget would be used to support printing to educate on the cause.

Exhibit B, Page 17

**KSP/True the Vote**                                              **EIN 27-2860095**

Part VII

15. KSP/ True the Vote has a close connection with King Street Patriots (EIN 27-1620172). Both were formed approximately 6 months apart and have the same Board of Directors. KSP/True the Vote began as an initiative of King Street Patriots. King Street Patriots' leadership oversees the True the Vote program. However, you do not have to be associated with King Street Patriots to volunteer for KSP/ True the Vote.

**KSP/True the Vote**                                        **EIN 27-2860095**

Part IX Financial Data

| | 2010 | 2011 | 2112 |
|---|---|---|---|
| **Other Expenses** | | | |
| Advertising | 50,000 | 30,000 | 100,000 |
| Design - cards & materials | 20,000 | 45,000 | 75,000 |
| Printing | 25,000 | 175,000 | 250,000 |
| Signage | 25,000 | 100,000 | 200,000 |
| True The Vote website | 10,000 | - | - |
| True The Vote website - maintenance | 12,000 | 14,400 | 24,000 |
| Various Collateral Material | 10,000 | 25,000 | 50,000 |
| Video completion | 3,000 | - | - |
| Misallaneous | 5,000 | 6,000 | 7,500 |
| **Total Other Expenses:** | 160,000 | 395,400 | 706,500 |

Exhibit B, Page 19

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

## Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

KSP/True the Vote
Filing Number: 801278527

Certificate of Formation                                      June 07, 2010

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on September 16, 2010.



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services
Prepared by: VCASTILLO         TID: 10266                   Document: 328076970002

Exhibit B, Page 20

| **Form 202** | | |
| --- | --- | --- |
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $25 | <br><br>**Certificate of Formation**<br>**Nonprofit Corporation** | **Filed in the Office of the**<br>**Secretary of State of Texas**<br>**Filing #: 801278527 06/07/2010**<br>**Document #: 310811380002**<br>**Image Generated Electronically**<br>**for Web Filing** |

**Article 1 - Corporate Name**

The filing entity formed is a nonprofit corporation. The name of the entity is :

**KSP/True the Vote**

**Article 2 – Registered Agent and Registered Office**

☐ A. The initial registered agent is an organization (cannot be corporation named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:
**Catherine    Engelbrecht**

C. The business address of the registered agent and the registered office address is:

Street Address:
**708 Damascus    Rosenberg TX 77471**

**Consent of Registered Agent**

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

**Article 3 - Management**

☐ A. Management of the affairs of the corporation is to be vested solely in the members of the corporation.

**OR**

☑ B. Management of the affairs of the corporation is to be vested in its board of directors. The number of directors, which must be a minimum of three, that constitutes the initial board of directors and the names and addresses of the persons who are to serve as directors until the first annual meeting or until their successors are elected and qualified are set forth below.

| Director 1: **Catherine    Engelbrecht** | Title: **Director** |
| --- | --- |
| Address: **708 Damascus    Rosenberg TX, USA  77471** | |
| Director 2: **Lynn    Lasher** | Title: **Director** |
| Address: **5551 Cedar Creek   Houston TX, USA  77056** | |
| Director 3: **Bryan    Engelbrecht** | Title: **Director** |
| Address: **708 Damascus    Rosenberg TX, USA  77471** | |

**Article 4 - Organization Structure**

☐ A. The corporation will have members.

or

☑ B. The corporation will not have members.

**Article 5 - Purpose**

The corporation is organized for the following purpose or purposes:
**The Corporation is organized for charitable purposes, including such purposes**
**as, making distributions to organizations that qualify as exempt organizations**
**under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or**

Exhibit B, Page 21

corresponding section of any future federal tax code and the Texas Tax Code, Section 11.18. The specific and primary purpose of the Corporation is to educate/inform and register voters within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or any future federal tax code and the Texas Tax Code, Section 11.18.

---

**Supplemental Provisions / Information**

**Restrictions and Limitations**

No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to its members, trustees, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in the purpose clause hereof. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of this document, the Corporation shall not carry on any other activities not permitted to be carried on (a) by an organization exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or (b) by an organization, contributions to which are deductible under section 1-70(c)(2) of the Internal Revenue Code, or corresponding section of any future federal tax code.

**Distribution of Assets Upon Winding Up**

Upon the dissolution of the Corporation, assets shall be distributed for one or more exempt purposes within the meaning of section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or shall be distributed to the federal government, or to a state or local government, for a public purpose. Any such assets not disposed of shall be disposed of by the Court of commons Pleas of the county in which the principal office of the Corporation is then located, exclusively for such purposes or to such organization or organizations, as said Court shall determine, which are organized and operated exclusively for such purposes.

[The attached addendum, if any, is incorporated herein by reference.]

---

**Effectiveness of Filing**

☑A. This document becomes effective when the document is filed by the secretary of state.

OR

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Organizer**

The name and address of the organizer are set forth below.

**Brian G. Herrington**          **2225 County Road 90, Suite 115, Pearland, TX 77584**

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The

undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Brian G. Herrington, Attorney-in-fact**

Signature of organizer

**FILING OFFICE COPY**

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

## Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

KSP/True the Vote
Filing Number: 801278527

Certificate of Correction

September 02, 2010

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on September 16, 2010.



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

| Phone: (512) 463-5555 | Fax: (512) 463-5709 | Dial: 7-1-1 for Relay Services |
|---|---|---|
| Prepared by: CPENA | TID: 10266 | Document: 328026970002 |

Exhibit B, Page 24

| **Form 403**<br>(Revised 12/09)<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: $15** | <br><br>**Certificate of Correction** | This space reserved for office use.<br><br>**F I L E D**<br>**In the Office of the**<br>**Secretary of State of Texas**<br><br>**SEP 02 2010**<br><br>**Corporations Section** |
| --- | --- | --- |

## Entity Information

1. The name of the filing entity is:

KSP/True the Vote

State the name of the entity as currently shown in the records of the secretary of state. If the certificate of correction corrects the name of the entity, state the present name and not the name as it will be corrected.

The file number issued to the filing entity by the secretary of state is: _____

## Filing Instrument to be Corrected

2. The filing instrument to be corrected is :  Certificate of Formation Nonprofit Corporation

The date the filing instrument was filed with the secretary of state:     06/07/2010
                                                                           *mm/dd/yyyy*

### Identification of Errors and Corrections
(Indicate the errors that have been made by checking the appropriate box or boxes; then provide the corrected text.)

☐ The entity name is inaccurate or erroneously stated.  The corrected entity name is:

☐ The registered agent name is inaccurate or erroneously stated.  The corrected registered agent name is:

·Corrected Registered Agent
(Complete either A or B, but not both.)

A.  The registered agent is an organization (cannot be entity named above) by the name of:

OR

B.  The registered agent is an individual resident of the state whose name is:

| *First* | *Middle* | *Last Name* | *Suffix* |
| --- | --- | --- | --- |

The person executing this certificate of correction affirms that the registered agent, whose name is being corrected by this certificate, consented to serve as registered agent at the time the filing instrument being corrected took effect.

Form 403                    **RECEIVED**                    4

              **SEP - 2 2010**

          **Secretary of State**

.

☐ The registered office address is inaccurate or erroneously stated. The corrected registered office address is:

Corrected Registered Office Address

|                                  |      | TX    |          |
|----------------------------------|------|-------|----------|
| Street Address (No P.O. Box)     | City | State | Zip Code |

☐ The purpose of the entity is inaccurate or erroneously stated. The purpose is corrected to read as follows:

☐ The period of duration of the entity is inaccurate or erroneously stated.

The period of duration is corrected to read as follows:

**Identification of Other Errors and Corrections**

(Indicate the other errors and corrections that have been made by checking and completing the appropriate box or boxes.)

☑ **Other errors and corrections.** The following inaccuracies and errors in the filing instrument are corrected as follows:

☑ **Add**    Each of the following provisions was omitted and should be added to the filing instrument. The identification or reference of each added provision and the full text of the provision is set forth below.
Article 3 - Management

Dianne Josephs - Director
3225 Locke Lane
Houston, TX 77019

☐ **Alter**    The following identified provisions of the filing instrument contain inaccuracies or errors to be corrected. The full text of each corrected provision is set forth below:

☑ **Delete**   Each of the provisions identified below was included in error and should be deleted.
Article 3 - Management

Director 2
Lynn Lasher
5551 Cedar Creek
Houston, TX USA 77056

Form 403                                     5

Exhibit B, Page 26

☐ **Defective Execution**   The filing instrument was defectively or erroneously signed, sealed, acknowledged or verified.   Attached is a correctly signed, sealed, acknowledged or verified instrument.

## Statement Regarding Correction

The filing instrument identified in this certificate was an inaccurate record of the event or transaction evidenced in the instrument, contained an inaccurate or erroneous statement, or was defectively or erroneously signed, sealed, acknowledged or verified.  This certificate of correction is submitted for the purpose of correcting the filing instrument.

## Correction to Merger, Conversion or Exchange

The filing instrument identified in this certificate of correction is a merger, conversion or other instrument involving multiple entities.  The name and file number of each entity that was a party to the transaction is set forth below. (If the space provided is not sufficient, include information as an attachment to this form.)

_____        _____
*Entity name*                                                                  *SOS file number*


_____        _____
*Entity name*                                                                  *SOS file number*

## Effectiveness of Filing

After the secretary of state files the certificate of correction, the filing instrument is considered to have been corrected on the date the filing instrument was originally filed except as to persons adversely affected.  As to persons adversely affected by the correction, the filing instrument is considered to have been corrected on the date the certificate of correction is filed by the secretary of state.

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date:  *8-30-10*


By:  *Organizer*
_____
Signature of authorized person

*Brian G. Herrington, attorney-in-fact*
_____
Printed or typed name of authorized person (see instructions)

Form 403                                    6

# BYLAWS OF
# KSP/TRUE THE VOTE

## ARTICLE I - OFFICES

### 1.     REGISTERED OFFICE AND AGENT

The registered office and registered agent of the Corporation shall be as set forth in the Corporation's Certificate of Formation.   The registered office or the registered agent may be changed by resolution of the Board of Directors, upon making the appropriate filing with the Secretary of State.

### 2.     PRINCIPAL OFFICE

The principal office of the Corporation shall be at 708 Damascus, Rosenberg, Texas 77471, provided that the Board of Directors shall have the power to change the location of the principal office.

### 3.     OTHER OFFICES

The Corporation may also have other offices at such places, within or without the State of Texas, as the Board of Directors may designate, or as the business of the Corporation may require or as may be desirable.

## ARTICLE II - DIRECTORS

### 1.     BOARD OF DIRECTORS

To the extent not limited or prohibited by law, the Certificate of Formation or these Bylaws, the powers of the Corporation shall be exercised by or under the authority of, and the business and affairs of the Corporation shall be managed under the direction of the Board of Directors of the Corporation.   Directors need not be residents of the State of Texas or members of the Corporation unless the Certificate of Formation or these Bylaws so require.

### 2.     NUMBER AND ELECTION OF DIRECTORS

The number of directors shall be three (3) provided that the number may be increased or decreased from time to time by an amendment to these Bylaws or resolution adopted by the Board of Directors, provided that the number of directors may not be decreased to fewer than three (3).   No decrease in the number of Directors shall have the effect of shortening the term of any incumbent director.

At the first annual meeting of the Board of Directors and at each annual meeting thereafter, the directors shall elect directors.   A director shall hold office until the next annual election of directors and until said director's successor shall have been elected, appointed, or designated and qualified.

### 3.  REMOVAL

A director may be removed from office, with or without cause, by the persons entitled to elect, designate, or appoint the director.  If the director was elected to office, removal requires an affirmative vote equal to the vote necessary to elect the director.

### 4.  RESIGNATION

A director may resign by providing written notice of such resignation to the Corporation.  The resignation shall be effective upon the date of receipt of the notice of resignation or the date specified in such notice.  Acceptance of the resignation shall not be required to make the resignation effective.

### 5.  VACANCIES AND INCREASE IN NUMBER OF DIRECTORS

Any vacancy occurring in the Board of Directors shall be filled by the affirmative vote of a majority of the remaining directors though less than a quorum of the Board of Directors.  A director elected to fill a vacancy shall be elected for the unexpired term of the previous director. Any directorship to be filled by reason of an increase in the number of directors shall be filled by election at an annual meeting or at a special meeting of the Board of Directors called for that purpose.

### 6.  ANNUAL MEETING OF DIRECTORS

The annual meeting of the Board of Directors shall be held no later than the last Monday during the month of July, at which they shall elect officers and transact such other business as shall come before the meeting.  The time and place of the annual meeting of the Board of Directors may be changed by resolution of the Board of Directors.

Failure to hold the annual meeting at the designated time shall not work a dissolution of the Corporation.  In the event the Board of Directors fails to call the annual meeting at the designated time, any Director may make demand that such meeting be held within a reasonable time, such demand to be made in writing by registered mail directed to any officer of the Corporation.  If the annual meeting of the Board of Directors is not called within sixty (60) days following such demand, any Director may compel the holding of such annual meeting by legal action directed against the Board of Directors, and all of the extraordinary writs of common law and of courts of equity shall be available to such Director to compel the holding of such annual meeting.

### 7.  REGULAR MEETING OF DIRECTORS

Regular meetings of the Board of Directors may be held with or without notice at such time and

place as may be from time to time determined by the Board of Directors.

**8.   SPECIAL MEETINGS OF DIRECTORS**

The Secretary shall call a special meeting of the Board of Directors whenever requested to do so by the President or by two (2) or more directors.  Such special meeting shall be held at the date and time specified in the notice of meeting.

**9.   PLACE OF DIRECTORS' MEETINGS**

All meetings of the Board of Directors shall be held either at the principal office of the Corporation or at such other place, either within or without the State of Texas, as shall be specified in the notice of meeting or executed waiver of notice.

**10.   NOTICE OF DIRECTORS' MEETINGS**

Notice of any special meeting of the Board of Directors shall be given at least two (2) days previously thereto by written notice delivered personally or sent by mail or telegram to each Director at that Director's address as shown by the records of the Corporation.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail in a sealed envelope so addressed, the postage thereon prepaid.  If notice is given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company.  Any Director may waive notice of any meeting.  The attendance of a Director at any meeting shall constitute a waiver of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.  Neither the business to be transaction at, nor the purpose of, any regular or special meeting of the Board need be specified in the notice or waiver of notice of such meeting, unless specifically required by law or by these Bylaws.

**11.   QUORUM AND VOTING OF DIRECTORS**

A quorum for the transaction of business by the Board of Directors shall be a majority of the number of directors fixed by these Bylaws.  Directors present by proxy may not be counted toward a quorum.  The act of the majority of the directors present in person or by proxy at a meeting at which a quorum is present shall be the act of the Board of Directors, unless the act of a greater number is required by law or the Certificate of Formation.

A director may vote in person or by proxy executed in writing by the director.  No proxy shall be valid after three months from the date of its execution.  Each proxy shall be revocable unless expressly provided therein to be irrevocable, and unless otherwise made irrevocable by law.

**12.   COMPENSATION**

3

Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board of Directors a fixed sum and expenses of attendance, if any, may be allowed for attendance at any meeting of the Board or Directors.  A director shall not be precluded from serving the Corporation in any other capacity and receiving compensation for such services. Member of committees may be allowed similar compensation and reimbursement of expenses for attending committee meetings.

## 13.    ACTION BY DIRECTORS WITHOUT MEETING

Any action required by the Texas Business Organizations Code to be taken at a meeting of the Board of Directors, or any action which may be taken at a meeting of the Board of Directors or any committee, may be taken without a meeting if a consent in writing, setting forth the action to be taken, shall be signed by all the Board of Directors entitled to vote with respect to the subject matter thereof, or all of the members of the committee, as the case may be.  Such consent shall have the same force and effect as a unanimous vote.

If the Corporation's Certificate of Formation so provide, any action required by the Texas Business Organizations Code to be taken at a meeting of the Board of Directors or any action that may be taken at a meeting of the Board of Directors of any committee may be taken without a meeting if a consent in writing, setting forth the action to be taken, is signed by a sufficient number of Board of Directors or committee members as would be necessary to take that action at a meeting at which all of the Board of Directors or members of the committee were present and voted.

Each written consent shall bear the date of signature of each Director or committee member who signs the consent.  A written consent signed by less than all of the Board of Directors or committee members is not effective to take the action that is the subject of the consent unless, within sixty (60) days after the date of the earliest dated consent delivered to the Corporation in the manner required by this section, a consent or consents signed by the required number of Board of Directors or committee members is delivered to the Corporation at its registered office, registered agent, principal place of business, transfer agent, registrar, exchange agent, or an officer or agent of the Corporation having custody of the books in which proceedings of meetings of Board of Directors or committees are recorded.  Delivery shall be by hand or certified or registered mail, return receipt requested.  Delivery to the Corporation's principal place of business shall be addressed to the President or principal executive officer of the Corporation.

Prompt notice of the taking of any action by Board of Directors or a committee without a meeting by less than unanimous written consent shall be given to all Board of Directors or committee members who did not consent in writing to the action.

If any action by Board of Directors or a committee is taken by written consent signed by less than all of the Board of Directors or committee members, any articles or documents filed with

4

the Secretary of State as a result of the taking of the action shall state, in lieu of any statement required by this Act concerning any vote of the Board of Directors or committee members, that written consent has been given in accordance with the provisions of section 6.202 of the Texas Business Organizations Code and that any written notice required by such section has been given.

A telegram, telex, cablegram, or similar transmission by a Director or member of a committee or a photographic, photostatic, facsimile, or similar reproduction of a writing signed by a Director or member of a committee shall be regarded as signed by the Director or member of a committee for purposes of this section.

## 14.     COMMITTEES OF THE BOARD OF DIRECTORS

The Board of Directors, by resolution adopted by a majority of the Directors in office, may designate and appoint one or more committees, each of which shall consist of two or more Directors, which committees, to the extent provided in said resolution, shall have and exercise the authority of the Board of Directors in the management of the Corporation, except that no such committee shall have the authority of the Board of Directors in reference to amending, altering or repealing the Bylaws; electing, appointing or removing any member of any such committee or any Director or officer of the Corporation; amending or restating the Certificate of Formation; adopting a plan of merger or adopting a plan of consolidation with another Corporation; authorizing the sale, lease, exchange or mortgage of all or substantially all of the property and assets of the Corporation; authorizing the voluntary dissolution of the Corporation or revoking proceedings therefore; adopting a plan for the distribution of the assets of the Corporation; or amending, altering or repealing any resolution of the Board of Directors which by its terms provides that it shall not be amended, altered or repeated by such committee.  The designation and appointment of any such committee and the delegation of authority to such committee shall not operate to relieve the Board of Directors, or any individual Director, of any responsibility imposed by law upon the Board of Directors or upon any individual Director.

Other committees not having and exercising the authority of the Board of Directors in the management of the Corporation may be appointed in such manner as may be designated by a resolution adopted by a majority of the Directors present at a meeting at which a quorum is present.  Except as otherwise provided in such resolution, members of each such committee shall be Directors of the Corporation, and the President of the Corporation shall appoint the members thereof.  Any member thereof may be removed by the person or persons authorized to appoint such member whenever in their judgment the best interests of the Corporation shall be served by such removal.

Each member of a committee shall continue as such until the next annual meeting of the Board of Directors and until a successor is appointed, unless the committee shall be sooner terminated, or unless such member be removed from such committee, or unless such member cease to qualify as a member thereof.

5

One member of each committee shall be appointed chairman by the person or persons authorized to appoint the members thereof.

Vacancies in the membership of any committee may be filled by appointments made in the same manner as provided in the case of the original appointments.

Unless otherwise provided in the resolution of the Board of Directors designating a committee, a majority of the whole committee shall constitute a quorum and the act of a majority of the members present at a meeting at which a quorum is present shall be the act of the committee.

Each committee may adopt rules for its own government not inconsistent with these Bylaws or with rules adopted by the Board of Directors.

### ARTICLE III - OFFICERS

**1.     NUMBER OF OFFICERS**

The officers of a Corporation shall consist of a president and a secretary and may also consist of one or more vice-presidents, a treasurer, and such other officers and assistant officers as may be deemed necessary.   New offices may be created and filled at any meeting of the Board of Directors.   Any two or more offices may be held by the same person, except the offices of president and secretary.   A committee duly designated may perform the functions of any officer and the functions of any two or more officers may be performed by a single committee, including the functions of both president and secretary.

**2.     ELECTION OF OFFICERS AND TERM OF OFFICE**

All officers shall be elected or appointed annually by the Board of Directors at the regular annual meeting of the Board of Directors for such terms not exceeding three (3) years.

**3.     REMOVAL OF OFFICERS, VACANCIES**

Any officer elected or appointed may be removed by the Board of Directors whenever in their judgment the best interests of the Corporation will be served thereby.   The removal of an officer shall be without prejudice to the contract rights, if any, of the officer so removed.   Election or appointment of an officer or agent shall not of itself create contract rights.   A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

**4.   POWERS OF OFFICERS**

Each officer shall have, subject to these Bylaws, in addition to the duties and powers specifically

set forth herein, such powers and duties as are commonly incident to that office and such duties and powers as the Board of Directors shall from time to time designate.  All officers shall perform their duties subject to the directions and under the supervision of the Board of Directors. The President may secure the fidelity of any and all officers by bond or otherwise.

All officers and agents of the Corporation, as between themselves and the Corporation, shall have such authority and perform such duties in the management of the Corporation as may be provided in theses Bylaws, or as may be determined by resolution of the Board of Directors not inconsistent with these Bylaws.

In the discharge of a duty imposed or power conferred on an officer of a Corporation, the officer may in good faith and with ordinary care rely on information, opinions, reports, or statements, including financial statements and other financial data, concerning the Corporation or another person, that were prepared or presented by:  (1) one or more other officers or employees of the Corporation, including members of the Board of Directors; or (2) legal counsel, public accountants, or other persons as to matters the officer reasonably believes are within the person's professional or expert competence.

An officer is not relying in good faith within the meaning of this section if the officer has knowledge concerning the matter in question that makes reliance otherwise permitted by this subsection unwarranted.

## 5.    PRESIDENT

The President shall be the chief executive officer of the Corporation and shall preside at all meetings of all directors.  Such officer shall see that all orders and resolutions of the board are carried out, subject however, to the right of the directors to delegate specific powers, except such as may be by statute exclusively conferred on the President, to any other officers of the Corporation.

The President or any Vice-President shall execute bonds, mortgages and other instruments requiring a seal, in the name of the Corporation.  When authorized by the board, the President or any Vice-President may affix the seal to any instrument requiring the same, and the seal when so affixed shall be attested by the signature of either the Secretary or an Assistant Secretary.

The President shall be ex-officio a member of all standing committees.

The President shall submit a report of the operations of the Corporation for the year to the directors at their meeting next preceding the annual meeting of the Board of Directors.

## 6.    VICE-PRESIDENTS

The Vice-President, or Vice-Presidents in order of their rank as fixed by the Board of Directors,

7

shall, in the absence or disability of the President, perform the duties and exercise the powers of the President, and they shall perform such other duties as the Board of Directors shall prescribe.

### 7.    THE SECRETARY AND ASSISTANT SECRETARIES

The Secretary shall attend all meetings of the Board of Directors and shall record all votes and the minutes of all proceedings and shall perform like duties for the standing committees when required.  The Secretary shall give or cause to be given notice of all meetings of the Board of Directors and shall perform such other duties as may be prescribed by the Board of Directors. The Secretary shall keep in safe custody the seal of the Corporation, and when authorized by the Board of Directors, affix the same to any instrument requiring it, and when so affixed, it shall be attested by the Secretary's signature or by the signature of an Assistant Secretary.

The Assistant Secretaries shall in order of their rank as fixed by the Board of Directors, in the absence or disability of the Secretary, perform the duties and exercise the powers of the Secretary, and they shall perform such other duties as the Board of Directors shall prescribe.

In the absence of the Secretary or an Assistant Secretary, the minutes of all meetings of the board shall be recorded by such person as shall be designated by the President or by the Board of Directors.

### 8.    THE TREASURER AND ASSISTANT TREASURERS

The Treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the Corporation in such depositories as may be designated by the Board of Directors.

The Treasurer shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements.  The Treasurer shall keep and maintain the Corporation's books of account and shall render to the President and directors an account of all of the Treasurer's transactions and of the financial condition of the Corporation and exhibit the books, records and accounts to the President or directors at any time.  The Treasurer shall disburse funds for capital expenditures as authorized by the Board of Directors and in accordance with the orders of the President, and present to the President's attention any requests for disbursing funds if in the judgment of the Treasurer any such request is not properly authorized.  The Treasurer shall perform such other duties as may be directed by the Board of Directors or by the President.

If required by the Board of Directors, the Treasurer shall give the Corporation a bond in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors for the faithful performance of the duties of the office and for the restoration to the Corporation, in case of death, resignation, retirement or removal from office, of all books, papers, vouchers, money

8

and other property of whatever kind in the incumbent's possession or under the incumbent's control belonging to the Corporation.

The Assistant Treasurers in the order of their seniority shall, in the absence or disability of the Treasurer, perform the duties and exercise the powers of the Treasurer, and they shall perform such other duties as the Board of Directors shall prescribe.

## ARTICLE IV - INDEMNIFICATION AND INSURANCE

### 1.    INDEMNIFICATION

The Corporation shall have the full power to indemnify and advance or reimburse expenses pursuant to the provisions of the Texas Business Organizations Code to any person entitled to indemnification under the provisions of the Texas Business Organizations Code.

### 2.    INSURANCE

The Corporation may purchase and maintain insurance or another arrangement on behalf of any person who is or was a member, director, officer, employee, or agent of the Corporation or who is or was serving at the request of the Corporation as a director, officer, partner, venturer, proprietor, trustee, employee, agent, or similar functionary of another foreign or domestic corporation, employee benefit plan, other enterprise, or other entity, against any liability asserted against him or her and incurred by him or her in such a capacity or arising out of his or her status as such a person, whether or not the Corporation would have the power to indemnify him or her against that liability.  Without limiting the power of the Corporation to procure or maintain any kind of insurance or other arrangement, the Corporation may, for the benefit of persons indemnified by the Corporation, (1) create a trust fund; (2) establish any form of self-insurance; (3) secure its indemnity obligation by grant of a security interest or other lien on the assets of the Corporation; or (4) establish a letter of credit, guaranty, or surety arrangement.  The insurance or other arrangement may be procured, maintained, or established within the Corporation or with any insurer or other person deemed appropriate by the Board of Directors regardless of whether all or part of the stock or other securities of the insurer or other person are owned in whole or part by the Corporation.  In the absence of fraud, the judgment of the Board of Directors as to the terms and conditions of the insurance or other arrangement and the identity of the insurer or other person participating in an arrangement shall be conclusive and the insurance or arrangement shall not be voidable and shall not subject the directors approving the insurance or arrangement to liability, on any ground, regardless of whether directors participating in the approval are beneficiaries of the insurance or arrangement.

## ARTICLE V - MISCELLANEOUS

### 1.    WAIVER OF NOTICE

9

Whenever any notice is required to be given to any member or director of the Corporation under the provisions of the Texas Business Organizations Code, the Certificate of Formation, or these Bylaws, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be equivalent to the giving of such notice.

## 2.   MEETINGS BY TELEPHONE CONFERENCE, ELECTRONIC OR OTHER REMOTE COMMUNICATIONS TECHNOLOGY

Subject to the provisions required or permitted by the Texas Business Organizations Code and these Bylaws for notice of meetings, members of the Board of Directors, or members of any committee may participate in and hold a meeting of such board, or committee by means of: (1) conference telephone or similar communications equipment by which all persons participating in the meeting can communicate with each other; or (2) another suitable electronic communications system, including videoconferencing technology or the Internet, only if: (a) each member entitled to participate in the meeting consents to the meeting being held by means of that system; and (b) the system provides access to the meeting in a manner or using a method by which each member participating in the meeting can communicate concurrently with each other participant. Participation in a meeting pursuant to this section shall constitute presence in person at such meeting, except where a person participates in the meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

## 3.   SEAL

The Corporation may adopt a corporate seal in such form as the Board of Directors may determine. The Corporation shall not be required to use the corporate seal and the lack of the corporate seal shall not affect an otherwise valid contract or other instrument executed by the Corporation.

## 4.   CONTRACTS

The Board of Directors may authorize any officer or officers, agent or agents of the Corporation, in addition to the officers so authorized by these Bylaws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.

## 5.   CHECKS, DRAFTS, ETC.

All checks, drafts or other instruments for payment of money or notes of the Corporation shall be signed by such officer or officers or such other person or persons as shall be determined from time to time by resolution of the Board of Directors.

## 6.   DEPOSITS

10

All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, or other depositories as the Board of Directors may select.

## 7.    GIFTS

The Board of Directors may accept on behalf of the Corporation any contribution, gift, bequest or devise for the general purposes or for any special purpose of the Corporation.

## 8.    BOOKS AND RECORDS

The Corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of the Board of Directors, and committees and shall keep at the registered office or principal office in this State a record of the names and addresses of its members entitled to vote.  A Director of the Corporation, on written demand stating the purpose of the demand, has the right to examine and copy, in person or by agent, accountant, or attorney, at any reasonable time, for any proper purpose, the books and records of the Corporation relevant to that purpose, at the expense of the member.

## 9.    FINANCIAL RECORDS AND ANNUAL REPORTS

The Corporation shall maintain current true and accurate financial records with full and correct entries made with respect to all financial transactions of the Corporation, including all income and expenditures, in accordance with generally accepted accounting practices.  All records, books, and annual reports (if required by law) of the financial activity of the Corporation shall be kept at the registered office or principal office of the Corporation in this state for at least three years after the closing of each fiscal year and shall be available to the public for inspection and copying there during normal business hours.  The Corporation may charge for the reasonable expense of preparing a copy of a record or report.

## 10.    FISCAL YEAR

The fiscal year of the Corporation shall be as determined by the Board of Directors.

## <u>ARTICLE VI - CONSTRUCTION</u>

## 1.    PRONOUNS AND HEADINGS

All personal pronouns used in these Bylaws shall include the other gender whether used in masculine or feminine or neuter gender, and the singular shall include the plural whenever and as often as may be appropriate.  All headings herein are for convenience only and neither limit nor amplify the provisions of these Bylaws.

11

## 2.     INVALID PROVISIONS

If any one or more of the provisions of these Bylaws, or the applicability of any such provision to a specific situation, shall be held invalid or unenforceable, such provision shall be modified to the minimum extent necessary to make it or its application valid and enforceable, and the validity and enforceability of all other provisions of these Bylaws and all other applications of any such provision shall not be affected thereby.

### ARTICLE VII - DISSOLUTION/DISCONTINUANCE OF THE CORPORATION

In the event the Board issues a unanimous proclamation that the activities of the Corporation are forever discontinued, all of the Corporation's assets shall be transferred to an organization that is qualified as a charitable organization under Section 501(c)(3) of the Internal Revenue Code of 1954 (as amended), with similar values and beliefs consistent with that of KSP/TRUE THE VOTE, as selected and proclaimed by the Board of Directors.

### ARTICLE VIII - AMENDMENT OF BYLAWS

The Board of Directors may amend or repeal these Bylaws, or adopt new Bylaws, unless the Certificate of Formation or the Texas Business Organizations Code limits such powers.

Adopted by the Board of Directors on July 26, 2010.

*Bryan Engelbrecht*
Secretary

12