**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TRUE THE VOTE, INC.

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Civil Action No. 1:13-cv-00734-RBW

**RENEWED MOTION AND MEMORANDUM OF LAW FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiff brought this action against the United States of America, the Internal Revenue Service, an officer of the United States in his official capacity, and several officers and employees of the United States in both their official and individual capacities (including unnamed employees) for violations of federal law in connection with Plaintiff's application to the Internal Revenue Service for 501(c)(3) status. Plaintiff filed its original Complaint on May 21, 2013 [DE 1]; on July 16, 2013, the United States moved for an extension of time to respond to the Complaint [DE 12]. On July 22, 2013, Plaintiff filed its First Amended Complaint, which added two new causes of action and six new defendants who were sued in their individual capacities. [DE 14.] The next day, on July 23, 2013, the Court via a Minute Order terminated as moot the United States' motion for an extension of time. [DE 23, Minute Order.] For largely the same reasons as previously stated in its original motion, the United States now renews its motion for an extension of time as detailed below.

Currently, the counts in the First Amended Complaint include: (1) a claim for a declaratory judgment determining that Plaintiff is a tax-exempt organization pursuant to

26 U.S.C. § 501(c)(3); (2) a claim for declaratory relief that the IRS and defendant Werfel, acting in his official capacity, violated Plaintiff's rights under the First Amendment to the U.S. Constitution, and an injunction to prevent further alleged unauthorized actions; (3) *Bivens*[1] actions against the individual defendants for violations of the Plaintiff's rights under the First Amendment; (4) claims for violations of 26 U.S.C. § 6103, which relates to the unauthorized inspection of tax returns or tax return information; and, (5) a claim against the IRS and defendants sued in their official capacities based on violations of the Administrative Procedures Act. [DE 14, First Am. Compl. at 35-46.]

Where a plaintiff files an amended complaint, the defendant must file a response either "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Here, Plaintiff filed its First Amended Complaint on July 22, 2013 — the day the United States' response to the original Complaint was due. [DE 12 at 2.] Thus, the United States' response is now due 14 days after service of the First Amended Complaint, which was effected on the United States via ECF. Although the extension resulting from the filing of the amended complaint is useful, it does not provide sufficient time to address the concerns raised in our original motion. Accordingly, the United States moves again to extend its response deadline until September 20, 2013 for the reasons stated below.

---

1 *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I. ADDITIONAL TIME IS NEEDED TO DETERMINE WHETHER THE NEWLY ADDED INDIVIDUAL DEFENDANTS ARE ENTITLED TO PRIVATE COUNSEL.

Additional time is warranted to determine whether the six newly added defendants sued in their individual capacities are entitled to private counsel. The Civil Division of the Department of Justice has completed its review and determination for this case concerning the original defendants sued in their individual capacity and concluded that they will be offered private counsel. However, no attorneys have yet been identified and no engagements letters have been signed. *See* (2d Decl. of Christopher D. Belen ¶¶ 2-3) (attached as Exhibit A). For this reason, those defendants and their counsel have not had an opportunity to confer. Moreover, the Civil Division will need to determine whether the Department will represent the six newly added individual defendants, or whether private counsel will be provided to them.[2] As previously stated, the issues concerning representation are complicated, involve numerous individuals, and require the Department's careful consideration, especially in light of the multiple ongoing investigations of the IRS and its employees. (*See id.* ¶ 4.) Accordingly, this motion seeks an extension — to September 20, 2013 — for the United States to respond to the First Amended Complaint.[3]

---

[2] In the event that private counsel are provided to all individually named defendants — including the newly added defendants — those attorneys would need to be selected and given an opportunity to consult with their clients before filing responsive pleadings on their behalf.

[3] As this process is not yet complete, however, undersigned counsel do not at this time represent the individual defendants sued in their individual capacities; counsel currently represent only the United States of America. Consequently, nothing contained in this motion is intended to be, or should be construed as, a waiver of any defenses that may be available to defendants in their individual capacities, including without limitation insufficiency of process, untimely service of process, and immunity from suit. At this time, undersigned counsel are appearing in this action solely for the purpose of filing this motion while the Department of Justice makes a determination on the individuals' requests for legal representation.

## II. THE INTERNAL REVENUE SERVICE HAS NOT HAD A REASONABLE OPPORTUNITY TO IDENTIFY ALL OF THE FILES NECESSARY TO ANALYZE THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT, INCLUDING THE TWO NEWLY ADDED COUNTS, AND SUBMIT ITS VIEWS TO THE DEPARTMENT OF JUSTICE.

Separately, there are additional complications resulting from the current response deadline, which hinder the United States' ability to respond meaningfully to the First Amended Complaint. The IRS is currently fielding requests for information and documents from over 35 formal congressional requests for information, almost all of which contain multiple requests for document production. In addition to these 35-plus formal congressional requests, the Internal Revenue Service has received numerous informal congressional requests for information and Questions For the Record, as well as responding to information and document requests from the Department of Treasury's Inspector General for Tax Administration ("TIGTA"), the Federal Bureau of Investigation and the Department of Justice in connection with its criminal investigation. The Internal Revenue Service has collected information from over 115 custodians in response to the congressional inquiries. *See* (Decl. of Thomas J. Kane, ¶¶ 4-7) (attached as Exhibit B).

Despite the extensive resources the IRS has committed to it, assembling and screening the data that have been accumulated is an enormously time-consuming task. While a portion of this material is expected to be relevant to this case, the IRS must distill it from the large mass of material collected in response to the congressional inquiries. Consequently, the two tasks overlap, thus complicating the work the IRS must do in response to the First Amended Complaint filed here. Until the IRS is able to identify the subset of material relevant to this particular case, it is not in a position to provide its views on the defense of the case, much less furnish us with the necessary files. Consequently, the undersigned counsel for the United States

have not received adequate documents or information from the IRS to respond intelligently to the Plaintiff's First Amended Complaint. (*See id*. ¶¶ 6, 9.) Moreover, the First Amended Complaint added two new counts — Count II relating to equitable relief, and Count V relating to the Administrative Procedures Act — on which the IRS must now provide views concerning its defense. Therefore, it is no surprise that it will take increased time and effort for the IRS to collect all relevant information concerning both these newly added defendants and the newly added counts. For the same reasons, without an extension of time, counsel for the United States would not be able to meaningfully participate in the conference called for by Federal Rule of Civil Procedure 26(f) or make substantive initial disclosures pursuant to Rule 26(a)(1) even after a responsive pleading is filed.

## III. THIS COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING THE RELIEF SOUGHT BY THIS MOTION.

Given the above issues, this motion seeks an extension of time to September 20, 2013 for the United States to respond to the First Amended Complaint.[4] With the exception of our original motion requesting an extension — which the Court terminated as moot after Plaintiff filed its First Amended Complaint — the parties have not requested any previous extensions, and a granting of the extension will not impact any other existing Court deadlines. This Court has the discretion to grant the United States' motion to extend the time in which to file a pleading responsive to the complaint. *See, e.g.*, *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008) (district court has the "authority to enlarge time periods set either in the federal

---

[4] While the United States may need to seek an additional extension of time at the expiration of the extension, this motion seeks only an extension of time to September 20, 2013 to file a responsive pleading to Plaintiff's First Amended Complaint.

rules or by the court's own orders"); *Lyttle v. Aetna Ins. Co.*, 1991 U.S. Dist. LEXIS 10021, at *2 (D.D.C. 1991) (court may grant parties an extension of time); *see also Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988) (where the court stated that motions for additional time within which to serve process made before the regulatory deadline has lapsed "will be more liberally granted than those made after the expiration.").

Pursuant to Local Rule 7(m), undersigned counsel advised counsel for Plaintiff of the relief requested in this renewed motion, and counsel for the parties have exchanged their views in both a telephonic discussion and e-mail correspondence over the past few days. However, Plaintiff — in exchange for its consent to the relief sought by this motion — has insisted upon the United States' agreement that the IRS begin document production directly to Plaintiff at a premature point in this case, and without any review of the documents by the Department of Justice in its role as trial counsel for relevancy or responsiveness, among other things. Plaintiff's demand to link these separate issues is unusual to say the least, and the United States is not prepared to accede to such a sweeping arrangement as the price for Plaintiff's agreement to the extension it seeks.

WHEREFORE, the United States respectfully prays the date for it to file a pleading responsive to the First Amended Complaint will be extended until September 20, 2013 and for such other relief to which it may be justly entitled.

DATED: August 2, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ *Grover Hartt, III*
GROVER HARTT, III (TX 09174500)
Senior Litigation Counsel
CHRISTOPHER R. EGAN (TX 24036516)
Trial Attorney
U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
(214) 880-9733
(214) 880-9741 (FAX)
Grover.Hartt@usdoj.gov

JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868
(202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
CHRISTOPHER D. BELEN (VA 78281)
LAURA M. CONNER (VA 40388)
JEREMY N. HENDON (OR 982490)
PHILIP M. SCHREIBER (DC 502714)
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-2000

Trial Attorneys

Of Counsel:
RONALD C. MACHEN, JR. (DC 447889)
United States Attorney

ATTORNEYS FOR THE UNITED STATES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRUE THE VOTE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I caused the Renewed Motion and Memorandum of Law for Extension of Time to Respond to the First Amended Complaint in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ *Grover Hartt, III*
GROVER HARTT, III