UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUE THE VOTE, INC.,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE, *et al.*,

        Defendants.

Civil Action No. 13-cv-00734-RBW

**PLAINTIFF'S OPPOSITION TO THE U.S. GOVERNMENT'S
RENEWED MOTION AND MEMORANDUM OF LAW FOR
EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiff True the Vote, Inc. ("True the Vote"), by counsel, respectfully states as follows in opposition to the Renewed Motion and Memorandum of Law for Extension of Time to Respond to First Amended Complaint (Docket No. 25) (the "Latest Motion for Extension") filed by Defendant Internal Revenue Service of the United States of America (the "IRS").

This case arises from the unlawful and excessive delays imposed upon True the Vote by the IRS.  The IRS has, for more than three years, failed to timely and lawfully process True the Vote's application for recognition of tax-exempt status.  True the Vote has been and continues to be a victim of the delaying tactics of the IRS.  By way of the IRS' Latest Motion for Extension, the U.S. Government now seeks to continue these delaying tactics in this litigation.  True the Vote is before this Court for the purpose of forcing the IRS to act in accordance with the U.S. Constitution and federal law, something the IRS has failed to do for more than three years.  And now, without good cause, the IRS seeks further delays.

Under Fed. R. Civ. P. 5(b)(3), the IRS was duly served with True the Vote's First Amended Complaint on July 22, 2013.  The IRS was served with the original complaint on May

22, 2013.  Upon the filing of the Amended Complaint, the IRS' response time was extended automatically by 14 days to August 5, 2013 pursuant to Fed. R. Civ. P. 15(a)(3).  The IRS has had notice of this lawsuit for 85 days.  At this juncture, there is simply no good cause for this Court to allow the IRS to delay any further responding to the merits of True the Vote's claims.

The IRS now asks for even more time—to September 20, 2013—to file any responsive pleading.  None of the arguments advanced by the U.S. Government as to why it ought to be allowed additional time to respond to the First Amended Complaint makes sense or justifies further delay in commencing this litigation.  The U.S. Government filed the Latest Motion for Extension on behalf of the IRS, ***not*** on behalf of any of the individual defendants.[1]  The status of the other defendants has absolutely no bearing on whether the IRS should timely respond to the claims brought against *it*.  The issue of individual defendants' obtaining private counsel is irrelevant to when the response from the IRS can and should be filed.

The only other justification proffered by the IRS for delay is that the IRS is "fielding" various requests from the U.S. Congress and others for documents related to the subject matter of this litigation.  According to public reports, however, the IRS is failing to respond to congressional requests for information and documents.  See **Exhibit A**, Letter from Chairman Issa, House of Representatives Committee on Oversight and Government Reform, to Treasury Secretary Lew (Aug. 2, 2013) and **Exhibit B**, Letter from Chairman Camp and Ranking Member Levin, House of Representatives Committee on Ways and Means, to IRS Commissioner Werfel (July 24, 2013).  The U.S. Government is disingenuous at best when it argues to this Court that it

---

[1] The U.S. Government states clearly that it "do[es] not at this time represent the individual defendants sued in their individual capacities; counsel currently represent only the United States of America."  Latest Motion for Extension at 3 n.3.  Therefore, should this Court grant the requested extension, it should apply to only those defendants for which or for whom the Department of Justice has entered an appearance in this case.

4837-8789-45494

should not have to respond to the First Amended Complaint because of its preoccupation with responding to Congress—when Congress is being stonewalled in the same manner that the IRS now asks this Court to allow.

True the Vote reiterates what its counsel advised the IRS when the IRS sought its first extension of time, which the IRS mischaracterized in its initial motion. True the Vote has suggested that, to simplify the IRS' response to both the litigants and the Congress, the IRS should provide True the Vote with documents at the same time that it furnishes them to the Congressional committees. The U.S. Government misstates True the Vote's suggestion by claiming True the Vote has somehow insisted on receiving documents that have not been reviewed in advance by the Department of Justice. To the contrary, True the Vote has merely suggested that, as responsive documents are forwarded to the congressional committees, copies should be simultaneously forwarded to True the Vote. Pursuant to Fed.R.Civ.P. 26(a)(1), the IRS is required to identify and produce such documents in short order anyway.

Under the circumstances, it would strain credulity for the IRS to simultaneously argue that (1) these documents must be reviewed before the U.S. Government can answer the complaint but (2) these documents are not relevant enough to turn over to True the Vote. Even then, True the Vote has offered a reasonable compromise. Specifically, True the Vote has offered that if the IRS identifies documents produced to Congress that it believes should be withheld from production to True the Vote, it should simply identify them in a log so that this Court could later decide the issue of relevancy. The IRS has also refused this compromise, insisting that the Department of Justice should be the final arbiter of relevance. Regardless, none of the U.S. Government's explanations justifies extending the response date of the IRS to this lawsuit.

The gravamen of this suit is the excessive delay by the IRS in doing its job in accordance with the law. In defending True the Vote's claims, the IRS should not be permitted to further delay having to answer for its wrongful conduct.

In short, there is no basis for the requested extension sought by this defendant, and the Latest Motion for Extension should be denied.

Dated: August 16, 2013                                    Respectfully submitted,

                                                                                               /s/  *Cleta Mitchell*

Michael J. Lockerby (D.C. Bar No. 502987 )*     Cleta Mitchell (D.C. Bar No. 433386)
Foley & Lardner LLP     Foley & Lardner LLP
Washington Harbour     Washington Harbour
3000 K Street, N.W., Suite 600     3000 K Street, N.W., Suite 600
Washington, D.C. 20007     Washington, D.C. 20007
(202) 945-6079 (direct)     (202) 295-4081 (direct)
(202) 672-5399 (fax)     (202) 431-1950 (cell)
mlockerby@foley.com     (202) 672-5399 (fax)
   cmitchell@foley.com

*Counsel for Plaintiff*

*Lead Counsel for Plaintiff*

(*) *Pro hac vice* motion pending.

Kaylan L. Phillips (D.C. 1110583)     John C. Eastman (Cal. 193726)**
Noel H. Johnson (Wisc. 1068004)**     Center for Constitutional Jurisprudence
Zachary S. Kester (Ind. 28630-49)**     c/o Chapman University School of Law
ACTRIGHT LEGAL FOUNDATION     One University Drive
209 West Main Street     Orange, CA 92866
Plainfield, IN 46168     (877) 855-3330 (telephone and fax)
(317) 203-5599 (telephone)     jeastman@chapman.edu
(888) 815-5641 (fax)     *Counsel for Plaintiff*
kphillips@actrightlegal.org
njohnson@actrightlegal.org
zkester@actrightlegal.org     **Pro Hac Vice Motions granted*
*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I caused the foregoing OPPOSITION TO THE U.S. GOVERNMENT'S RENEWED MOTION AND MEMORANDUM OF LAW FOR EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT to be filed with the United States District Court for the District of Columbia by using the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

I further certify that I caused a copy of the foregoing to be served via U.S. Mail upon the individuals named as defendants at the addresses listed in the First Amended Complaint.

August 16, 2013                                         */s/ Cleta Mitchell*
                                                        Cleta Mitchell (D.C. Bar No. 433386)

4837-8789-45494