UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.,** *Plaintiff*, v. **INTERNAL REVENUE SERVICE**, *et al*., *Defendants*. | Civ. No. 13-cv-00734-RBW |

## Plaintiff's Motion to Stay Agency Action

Plaintiff, True the Vote, Inc. ("True the Vote"), by counsel, respectfully moves the Court, pursuant to 5 U.S.C. § 705, to stay agency action by Defendant the Internal Revenue Service. Specifically, for good cause shown, True the Vote requests an order excluding all documents and information provided to the IRS in response to the IRS's demands for information, dated February 8, 2012, and October 9, 2012, respectively, from True the Vote's application for tax - exempt status for purposes of the public disclosure provisions of 26 U.S.C. § 6104. True the Vote has attempted to confer with counsel for the Government concerning this request, but the Government has not stated its position yet.

A stay order is necessary for the following reasons:

1. Now that the IRS has belatedly granted True the Vote's application for recognition of tax-exempt status, both the IRS and True the Vote are required to allow inspection of or provide a copy of True the Vote's application to anyone who asks for it. 26 U.S.C. § 6104(a)(1)(A) and (d)(1)(A)(i). In fact, once a request is made, True the Vote will face a

1

$10 per-day penalty for each day it fails to produce the application. 26 U.S.C. § 6652(c)(1).

2. The application includes "any papers submitted in support of such application and any letter or other document issued by the IRS with respect to such application." 26 U.S.C. § 6104(a)(1)(4) and (d)(5).

3. Documents that are in the IRS's possession but that are not related to an organization's application for tax exemption are *not* subject to the public disclosure requirements of Section 6104. *Tax Analysts v. IRS*, 410 F.3d 715, 717 (D.C. Cir. 2005).

4. The information and documents provided to the IRS by true the Vote contained confidential information that True the Vote would not been forced to provide had the IRS processed True the Vote's application in the normal, customary and lawful manner. One of the issues in the current litigation is whether the IRS's demands for information from True the Vote violated True the Vote's constitutional rights and the Administrative Procedure Act (APA) and, therefore, whether the information and documents obtained by the IRS as a result of those demands are related to and thus part of, True the Vote's application.

5. If the IRS's actions are found unlawful, True the Vote will be irreparably harmed if its confidential information and documents are made part of True the Vote's application and publicly disclosed under Section 6104.

6. Any information and documents submitted by True the Vote in its Form 1023, in the response to the IRS demand for information dated February 15, 2011, or in the November 8, 2011 supplement to that response, are however, properly considered part of True the Vote's application.

7. True the Vote has no other remedy to ensure that the documents in question are not improperly released. *E.g.*, 26 U.S.C. §§ 6104(a)(1)(D), (d)(4); 6110(1)(l).

This Court has the authority to prevent this injustice and irreparable harm by entering a stay of agency action. 5 U.S.C. § 705 ("On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process . . . to preserve status or rights pending the conclusion of the review proceedings."). True the Vote is not asking the Court to prevent the operation of Section 6104 in its entirety, but only with respect to the documents and information that were demanded by the IRS in accordance with the IRS Targeting Scheme that is the subject of this litigation. The information and documents described in paragraph 6 are not in question and their public disclosure would not be subject to this stay. Accordingly, they would be provided by the IRS or True the Vote in response to a request under Section 6104.

Wherefore, True the Vote respectfully requests an order staying the operation of Section 6104 or any other similar provision during the pendency of this litigation with respect to documents and information provided to the IRS in response to the IRS's demands for information dated February 8, 2012, and October 9, 2012.

Dated: November 15th, 2013

Respectfully submitted,


/s/Cleta Mitchell
Michael J. Lockerby (D.C. 502987)
Cleta Mitchell (D.C. 433386)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street NW Suite #600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com
*Lead Counsel for Plaintiff*

Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)*
ActRight Legal Foundation
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@actrightlegal.org
njohnson@actrightlegal.org
*Counsel for Plaintiff*

William E. Davis (D.C. Bar No. 280057)
Mathew D. Gutierrez (Fla. 0094014)*
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
Counsel for Plaintiff

John C. Eastman (Cal. 193726)*
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Plaintiff*

*Pro Hac Vice Motions granted*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2013, I caused the foregoing to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

I further certify I will cause a true and correct copy of the foregoing to be served upon the following at his last known addresses via U.S. Certified Mail:

**DAVID FISH**
3623 37th St. N.
Arlington, VA  22207


Dated: November 15, 2013                    /s/ *Cleta Mitchell*
                                                                       Cleta Mitchell
                                                                       cmitchell@foley.com
                                                               *Lead Counsel for Plaintiffs*