UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al*., <br><br> Defendants. | Case No. 1:13-cv-000734-RBW <br><br> <u>CIVIL ACTION</u> |

**INDIVIDUAL MANAGEMENT DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO FILE OVERSIZED MEMORANDUM IN
CONSOLIDATED RESPONSE TO
INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS**

Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins (collectively, "Individual Management Defendants") respectfully submit this Opposition to Plaintiff's Motion to File Oversized Memorandum in Consolidated Response to Individual Defendants' Motions to Dismiss ("Plaintiff's Motion").

**<u>BACKGROUND</u>**

The Individual Management Defendants filed a motion to dismiss on October 18, 2013. *See* Dkt. #63. On the same day, Defendants Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng (collectively, the "Cincinnati Defendants") filed a motion to dismiss. *See* Dkt. #64. True the Vote's oppositions to these motions were due on November 15, 2013. Three days before the due date, on November 12, 2013, True the Vote's counsel requested that Individual

Management Defendants consent to it filing one oversized consolidated memorandum in opposition to Individual Management Defendants' motion to dismiss *and* the Cincinnati Defendants' motion to dismiss. The Individual Management Defendants declined to consent to True the Vote's request.

On November 15, 2013, True the Vote failed to file a memorandum of points and authorities in opposition to each motion to dismiss in accordance with Local Rule 7(b). Instead, True the Vote filed a 71-page consolidated opposition to both motions. *See* Dkt. 65. Recognizing that its 71-page consolidated opposition fails to comply with this Court's rules, True the Vote also filed Plaintiff's Motion. On November 18, 2013, the Clerk issued a notice stating that True the Vote's Consolidated Opposition (Dkt. # 65) "will be Entered in Error and added as an exhibit to the Motion for Leave." Thus, Individual Management Defendants' Motion to Dismiss is unopposed. *See* Local Rule 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

## ARGUMENT

This Court should deny Plaintiff's Motion because it is tardy, the Local Rules do not contemplate the relief Plaintiff seeks, and filing one consolidated opposition places an undue burden on the Court and the Individual Management Defendants.

Local Rule 7(e) states that an opposition to a motion "shall not exceed 45 pages . . . , *without prior approval of the court*." Here, Plaintiff failed to seek prior approval from the Court to exceed the 45-page-limit for its opposition to Individual Management Defendants' Motion to Dismiss. Instead, it waited until the date that its opposition was due, filed a brief that exceeds the page limit by 26 pages, and simultaneously sought leave of court to exceed the page limit. In effect, True the Vote asks the Court's forgiveness rather than permission.

Furthermore, Local Rule 7(b) states that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion." That is not what Plaintiff has done here. True the Vote filed a consolidated opposition to the Individual Management Defendants' Motion to Dismiss *and* the Cincinnati Defendants' Motion to Dismiss. The Local Rules do not contemplate this approach.

True the Vote claims that it has done the Court a favor by filing one opposition to the motions to dismiss, but that is not so. There are two separate motions to dismiss pending before the Court. The motions were filed by two separate groups of defendants who are represented by different counsel. Instead of filing one memorandum of points and authorities in opposition to the arguments and points made in each motion, it has filed a single oversized brief. Individual Management Defendants and the Cincinnati Defendants will each have the burdensome task of wading through arguments that are non-responsive to their own motion to dismiss in order to prepare a reply brief. The only entity that benefits from True the Vote's approach is True the Vote.

True the Vote's consolidated opposition will not save the Court time and preserve judicial resources, as True the Vote claims. The Court must evaluate and rule on *each* motion to dismiss. In order to do so, the Court will have to untangle the arguments and authority that oppose the Individual Management Defendants' motion to dismiss from the arguments and authority that oppose the Cincinnati Defendants' motion to dismiss. At the conclusion of the briefing, there will be two motions, one opposition and two reply briefs.

For the above stated reasons, the Court should deny Plaintiff's Motion. Furthermore, the Court should grant Individual Management Defendants' Motion to Dismiss because True the Vote conceded that the motion should be granted by failing to file a timely opposition. *See Local*

*Rule* 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded").  At a minimum, the Individual Management Defendants respectfully request that the Court require that Plaintiff file an opposition to their pending motion to dismiss by December 5, 2013, and set a January 6, 2014 deadline for the reply brief.[1]

    A proposed order is attached.

Dated:  November 20, 2013

    Respectfully Submitted,

    /s/ Brigida Benitez
    Brigida Benitez
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036
    Telephone:  (202) 429-3000
    bbenitez@steptoe.com
    DC Bar No. 446144

    *Counsel for Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*

---

[1] The original briefing schedule that the parties agreed to and the Court ordered provided that reply briefs would be due on December 17, which is 32 days after the deadline for opposition briefs.  The schedule proposed here also allows 32 days between the deadline for Plaintiff's opposition and the deadline for the reply brief.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2013, I caused the INDIVIDUAL MANAGEMENT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE OVERSIZED MEMORANDUM IN CONSOLIDATED RESPONSE TO INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS and ORDER to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

      Respectfully Submitted,

      /s/ Brigida Benitez
      Brigida Benitez
      STEPTOE & JOHNSON LLP
      1330 Connecticut Avenue, NW
      Washington, DC 20036
      Telephone:  (202) 429-3000
      bbenitez@steptoe.com
      DC Bar No. 446144

      *Counsel for Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*