UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE**, *et al*.,<br><br>*Defendants*. | Civ. No. 13-cv-00734-RBW |

## Plaintiff's Reply to Management Defendants' Opposition to Plaintiff's Motion to File Oversized Memorandum in Consolidated Response to Individual Defendants' Motions to Dismiss

Plaintiff True the Vote, Inc. ("True the Vote"), by counsel, respectfully states as follows for its reply to the Opposition to Plaintiff's Motion to File Oversized Memorandum in Consolidated Response to Individual Defendants' Motions (Dkt. #69) filed by Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas, and William Wilkins (collectively, the "Management Defendants").

On July 22, 2013, True the Vote filed its Amended Complaint (Dkt. #14), which stated, *inter alia*, claims for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against thirteen (13) current and former employees of the Internal Revenue Service ("IRS") (collectively, the "Individual Defendants). The Individual Defendants, on their own accord, separated themselves into two groups of defendants—(1) the "Individual Management Defendants" (*see* Dkt. #63 at 1) and (2) the "Cincinnati Defendants" (*see* Dkt. #64 at 1). Each group of Individual Defendants filed a motion to dismiss the Amended Complaint.

1

The Individual Defendants' chosen division was not based on the particular forum in which each employee resided or was employed. Rather, it seemed to be based on whether the Individual Defendant possessed managerial responsibility during his or her employ at the IRS. Dividing themselves this way meant that Defendant Cindy Thomas—who at the times relevant to True the Vote's allegations was the Program Manager of the Cincinnati-based Exempt Organizations Determinations Unit of the IRS—was grouped with the Individual Defendants that worked in the IRS's Washington D.C. offices, who, unlike Defendant Thomas, did not contest the Court's jurisdiction. In other words, the Individual Defendants' *choice* to group themselves as they did resulted in their respective motions to dismiss containing the exact same legal arguments, including the following:

|                              | **MOTION TO DISMISS**       |                          |
| ---------------------------- | --------------------------- | ------------------------ |
| **Grounds for Dismissal**    | **Management Defendants**   | **Cincinnati Defendants**|
| Personal jurisdiction        | Pages 6-8                   | Pages 11-15              |
| Availability of *Bivens* claim | Pages 9-13                | Pages 15-32              |
| Qualified immunity           | Pages 13-18                 | Pages 33-44              |

True the Vote initially began drafting two oppositions to the Individual Defendants' motions to dismiss. However, as would be expected, True the Vote found itself repeating the exact same legal arguments in each opposition. To avoid such unnecessary duplication of argument, to preserve judicial resources, and to aid this Court's consideration of the issues, True the Vote requested opposing counsel's consent to file one consolidated, but oversized,[1] opposition to the Individual Defendants' motions to dismiss. Without seeing the proposed

---

[1] While True the Vote's consolidated memorandum exceeds the 45-page limit of Local Rule 7(e), its length is actually 20 pages shorter than the total number of pages (90) True the Vote could have filed using two separate oppositions to the Individual Defendants' two motions to dismiss.

memorandum, counsel for the Management Defendants declined to consent. No objection was received from the Cincinnati Defendants' counsel.

The Management Defendants provide no reasons as to why True the Vote's consolidated presentation of its arguments is not effective. Rather, they summarily assert that the Individual Defendants "will each have the burdensome task of wading through arguments that are non-responsive to their own motion to dismiss in order to prepare a reply brief." (Opp. at 3.) Yet, as explained, the Individual Defendants presented virtually identical legal arguments in their respective motions to dismiss. Thus, there are no "non-responsive" legal arguments through which they must "wade."

To the extent True the Vote's consolidated opposition presents *factual* material that uniquely pertains to a particular Individual Defendant, True the Vote has presented that material under separate headings for each Individual Defendant. (*See* Dkt. #67 at 19-23 (addressing allegations specific to each Individual Defendant who contested personal jurisdiction); 55-66 (addressing how each Individual Defendant violated True the Vote's First Amendment rights).) This method of presentation makes the task of identifying and replying to this material as simple as it would be had it been presented in two separate documents.

For these reasons, there is nothing this Court must "untangle" to dispose of each motion to dismiss. Rather, True the Vote's presentation has made this Court's job easier by reducing the number of pages and arguments it must review. The Management Defendants' argument suggests the nonsensical belief that, had each Individual Defendant filed his or her own motion to dismiss, this Court's job of ruling on each of them would be made *easier* if True the Vote files thirteen separate oppositions in response—each containing the same legal arguments. True the Vote doubts this Court would prefer such a wasteful approach.

Lastly, the Management Defendants' request that its motion to dismiss be considered conceded can be swiftly rejected. True the Vote's consolidated opposition was not untimely (Dkt. # at 2-3) but was filed on November 15, 2013, as required by Order of this Court. (*See* Minute Order granting Joint Motion for Briefing Schedule on Motions to Dismiss (Dkt. #61).) The clerk's subsequent decision to add the consolidated opposition as an exhibit to True the Vote's Motion for Leave (Dkt. #66) does not change the date on which it was filed. The Management Defendants cite no authority to the contrary.

For the foregoing reasons, True the Vote respectfully requests that its Motion for Leave to File Oversized Memorandum in Consolidated Response to Individual Defendants' Motions to Dismiss be granted.

Dated: November 22, 2013                                  Respectfully submitted,


  /s/Cleta Mitchell
Michael J. Lockerby (D.C. 502987)                Kaylan L. Phillips (D.C. 1110583)
Cleta Mitchell (D.C. 433386)                     Noel H. Johnson (Wisc. 1068004)*
FOLEY & LARDNER, LLP                             ACTRIGHT LEGAL FOUNDATION
Washington Harbour                               209 West Main Street
3000 K Street, N.W., Suite 600                   Plainfield, IN 46168
Washington, DC 20007                             (317) 203-5599 (telephone)
(202) 672-5300 (telephone)                       (888) 815-5641 (fax)
(202) 672-5399 (fax)                             kphillips@actrightlegal.org
mlockerby@foley.com                              njohnson@actrightlegal.org
cmitchell@foley.com                              *Counsel for Plaintiff*

William E. Davis (D.C. 280057)                   John C. Eastman (Cal. 193726)*
Mathew D. Gutierrez (Fla. 0094014)*              Center for Constitutional Jurisprudence
FOLEY & LARDNER, LLP                             c/o Chapman University School of Law
One Biscayne Tower                               One University Drive
2 South Biscayne Boulevard                       Orange, CA 92866
Suite 1900                                       (877) 855-3330 x2 (telephone)
Miami, FL 33131                                  (714) 844-4817 (fax)
(305) 482-8404 (telephone)                       jeastman@chapman.edu
(305) 482-8600 (fax)                             *Counsel for Plaintiff*
wdavis@foley.com
mgutierrez@foley.com                             *Pro Hac Vice Motions granted

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2013, I caused the foregoing to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

I further certify I will cause a true and correct copy of the foregoing to be served upon the following at his last known addresses via U.S. Certified Mail:

**DAVID FISH**
3623 37th St. N.
Arlington, VA  22207

Dated: November 22, 2013

/s/ Cleta Mitchell
Cleta Mitchell
cmitchell@foley.com
*Lead Counsel for Plaintiff*