UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

TRUE THE VOTE, INC.,

                       Plaintiff,

    v.

INTERNAL REVENUE SERVICE, *et al*.,

                       Defendants.

Case No. 1:13-cv-000734-RBW

CIVIL ACTION

**REPLY BRIEF IN SUPPORT OF
INDIVIDUAL MANAGEMENT DEFENDANTS' MOTION TO DISMISS**

Brigida Benitez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
bbenitez@steptoe.com
DC Bar No. 446144

*Counsel for Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT.........................................................................................................................2

    I.     THIS COURT LACKS PERSONAL JURISDICTION OVER CINDY THOMAS......................................................................................................................2

    II.    PLAINTIFF CANNOT ASSERT A *BIVENS* CLAIM AGAINST THE INDIVIDUAL MANAGEMENT DEFENDANTS.................................................6

          A.    Plaintiff Failed to Distinguish Binding Precedent that Mandates Dismissal of its *Bivens* Claim ........................................................................6

          B.    True the Vote has not Plead Sufficient Facts to Overcome the Individual Management Defendants' Qualified Immunity........................12

CONCLUSION...................................................................................................................14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adams v. Johnson*,
    355 F.3d 1179 (9th Cir. 2004) ...................................................................................................7, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)...........................................................................................2, 13

*Baddour, Inc. v. United States*,
    802 F.2d 801 (5th Cir. 1986) ..............................................................................................................7

*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*,
    403 U.S. 388, 91 S. Ct. 1999 (1971)............................................................................................ passim

*Cameron v. IRS*,
    773 F.2d 126 (7th Cir. 1985) .........................................................................................................7, 9

*Cameron v. Thornburgh*,
    983 F.2d 253 (D.C. Cir. 1993).......................................................................................................1, 13

*Cheyenne Arapaho Tribes of Okla. v. United States*,
    558 F.3d 592 (D.C. Cir. 2009)............................................................................................................6

*Cornell v. Kellner*,
    539 F. Supp. 2d 311 (D.D.C. 2008) ...................................................................................................2

*Crawford-El v. Britten*,
    93 F.3d 813 (D.C. Cir. 1996), *vacated on other grounds*, 523 U.S. 574, 118 S. Ct.
    1584 (1998).........................................................................................................................................13

*Critical Mass Energy Project v. Nuclear Regulatory Comm'n*,
    975 F.2d 871 (D.C. Cir.1992) (en banc) ............................................................................................8

*Dahn v. United States*,
    127 F.3d 1249 (10th Cir.1997) ........................................................................................................10

*Dellums v. Powell*,
    566 F.2d 167 (D.C. Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S. Ct. 31 (1978) ..................9, 1

*Elkins v. District of Columbia*,
    690 F.3d 554 (D.C. Cir. 2012).........................................................................................................13

*FC Inv. Group LC v. IFX Mkts., Ltd.*,
    529 F.3d 1087 (D.C. Cir. 2008).........................................................................................................6

*Fishburn v. Brown*,
   125 F.3d 979 (6th Cir. 1997), *abrogated on other grounds*,
   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006) ..............................................7

*Fletcher v. United States Parole Comm'n*,
   550 F. Supp. 2d 30 (D.D.C. 2008) ................................................................................13

*Hartley v. Wilfert*,
   918 F. Supp. 2d 45 (D.D.C. 2013) ..................................................................................9

*Hartman v. Moore*,
   547 U.S. 250, 126 S. Ct. 1695 (2006) ............................................................................11

*Haynesworth v. Miller*,
   820 F.2d 1245 (D.C. Cir. 1987) ....................................................................................10

*Hudson Valley Black Press v. I.R.S.*,
   409 F.3d 106 (2d Cir. 2005) ..........................................................................................7

*Judicial Watch, Inc. v. Rossotti*,
   317 F.3d 401 (4th Cir. 2003) .........................................................................................7

*Jung v. Ass'n of Am. Med. Colleges,*
   300 F. Supp. 2d 119 (D.D.C. 2004) .......................................................................3, 4, 5

*Kaiser Gr. Int'l, Inc. v. World Bank*,
   No. 10-7112, 420 F. App'x 2, 2011 WL 1753966 (D.C. Cir. Apr. 28, 2011) .........................4

*Kim v. United States*,
   618 F. Supp. 2d 31 (D.D.C. 2009) ...............................................................................9, 8

*Kim v. United States,*
   632 F.3d 713 (D.C. Cir. 2011) ............................................................................... passim

*King Street Patriots, Inc. v. Texas Democratic Party*,
   No. D-1-GN-11-002363, Order Granting Mot. Summ. J. (Mar. 27, 2012) ...........................12

*McMillen v. U.S. Dep't of Treasury*,
   960 F.2d 187 (1st Cir. 1991) .........................................................................................7

*Naartex Consulting Corp. v. Watt*,
   722 F.2d 779 (D.C. Cir. 1983) ......................................................................................6

*National Commodity & Barter Ass'n v. Archer*,
   31 F.3d 1521 (10th Cir. 1994) .....................................................................................10

*National Commodity & Barter Ass'n v. Gibbs*,
   886 F.2d 1240 (10th Cir. 1989) ...................................................................................10

*Navab-Safavi v. Broadcasting Board of Governors*,
   650 F. Supp. 2d 40 (D.D.C. 2009) ..................................................................................10

*Owens, Inc. v. Aetna Cas. & Sur. Co.*,
   597 F. Supp. 1515 (D.D.C. 1984) .....................................................................................8

*Pahls v. Thomas*,
   718 F.3d 1210 (10th Cir. 2013) ......................................................................................13

*Schadl v. Kupinse*,
   No. 3:99 CV 844 (AWT), 2001 WL 471891 (D. Conn. Mar. 29, 2001) ..........................9

*Second Amendment Found. v. U.S. Conference of Mayors*,
   274 F.3d 521 (D.C. Cir. 2001) ..........................................................................................5

*Shreiber v. Mastrogiovanni*,
   214 F.3d 148 (3d Cir. 2000) ..............................................................................................7

*Spagnola v. Mathis*,
   859 F.2d 223 (D.C. Cir. 1988) (per curiam) (en banc) .....................................................7

*United States v. Phillip Morris Inc.*,
   116 F. Supp. 2d 116 (D.D.C. 2000) ..................................................................................5

*United States v. Torres*,
   115 F.3d 1033 (D.C. Cir. 1997) ........................................................................................8

*Wilkie v. Robbins*,
   551 U.S. 537, 127 S. Ct. 2588 (2007) ...............................................................................9

*Wilson v. Libby*,
   535 F.3d 697 (D.C. Cir. 2008) ......................................................................................6, 7

**STATUTES**

26 U.S.C. § 501(c)(3) ............................................................................................................12

D.C. Code § 13-422 ............................................................................................................2, 3

D.C. Code § 13-423(a)(1) .......................................................................................................3

D.C. Code § 13-423(a)(4) .......................................................................................................5

Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins (collectively, "Individual Management Defendants") respectfully submit this Reply Brief in Support of Individual Management Defendants' Motion to Dismiss.

## PRELIMINARY STATEMENT

Nothing in Plaintiff True the Vote's 71-page opposition provides a legal basis for this Court to allow it to proceed with its *Bivens* claim against the Individual Management Defendants. Indeed, Plaintiff makes no credible attempt to distinguish controlling precedent, *Kim v. United States,* 632 F.3d 713 (D.C. Cir. 2011), in which the D.C. Circuit ruled that IRS officials – like the Individual Management Defendants – are not subject to suit under *Bivens* because the Internal Revenue Code contains a "comprehensive remedial scheme" for those who, like Plaintiff, claim to have been aggrieved by the IRS's actions.

Given that Plaintiff cannot distinguish *Kim,* it instead relies on *Bivens* cases from other jurisdictions involving very different circumstances – cases against law enforcement officers alleging unconstitutional searches, seizures and arrests. *See, e.g.*, Opp'n, 37-39 (relying on *Dellums*, where the court permitted a First Amendment *Bivens* claim against police officers who arrested protestors who were engaged in a demonstration against the Vietnam war). These inapposite cases do not trump *Kim*.

Furthermore, and significantly, Plaintiff has not actually alleged that the Individual Management Defendants took any action with respect to its application for tax-exempt status. Instead, True the Vote asks this Court to hold Individual Management Defendants liable for First Amendment violations allegedly perpetrated by other IRS employees. But even if *Bivens* relief were available to Plaintiff, the law is clear that it is not available on a theory of *respondeat superior*. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

1

In sum, Plaintiff has raised nothing in its opposition to defeat the Individual Management Defendants' Motion to Dismiss.[1]  Consequently, the Individual Management Defendants respectfully request that this Court grant their Motion.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER CINDY THOMAS

At the outset, Plaintiff concedes that this Court may not exercise personal jurisdiction over Cindy Thomas, a Kentucky resident with no alleged ties to D.C., by virtue of her employment with the IRS in Ohio.  Opp'n, 7 (quoting *Cornell v. Kellner*, 539 F. Supp. 2d 311, 314 (D.D.C. 2008) (IRS employment outside of the District of Columbia is "insufficient to support assertion of personal jurisdiction under the District of Columbia long-arm statute")). Thus, Plaintiff's allegations that Ms. Thomas took actions in Ohio in furtherance of an alleged "targeting" policy cannot form the basis for personal jurisdiction in the District of Columbia. *See Cornell*, 539 F. Supp. 2d at 314.  Nevertheless, Plaintiff has advanced four arguments for exercising personal jurisdiction over Ms. Thomas, none of which is supported by the allegations of the Amended Complaint or the law of this Circuit.

First, True the Vote contends that the Court may exercise general jurisdiction over Ms. Thomas pursuant to D.C. Code § 13-422.  *See* Opp'n 7-8.  Yet, True the Vote has not alleged that Ms. Thomas, a resident of Kentucky, is "domiciled in, organized under the laws of, or

---

[1] Plaintiff appears to suggest that the Individual Management Defendants somehow agree with its allegations because they have accepted them as true for purposes of their Motion to Dismiss.  That is nonsensical.  The Individual Management Defendants simply acknowledged the settled principle that the Court must accept as true the factual allegations of the complaint for purposes of ruling on a motion to dismiss.  To be clear, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

maintained [her] principal place of business in[] the District of Columbia," as required by D.C. Code § 13-422.  The general jurisdiction statute, therefore, is inapplicable to Ms. Thomas on its face.

Second, True the Vote's arguments that this Court may exercise specific jurisdiction over Ms. Thomas pursuant to D.C. Code § 13-423(a)(1) of the District of Columbia's long-arm statute are likewise unavailing.  Section 13-423(a)(1) provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." Plaintiff failed to meet its burden to allege that Ms. Thomas has transacted business in the District of Columbia to establish personal jurisdiction under § 13-423(a)(1).

The Amended Complaint fails to allege a single act committed by Ms. Thomas in the District of Columbia that has any nexus to Plaintiff's *Bivens* claim.  Plaintiff argues that Ms. Thomas transacted business in D.C. by "creating and implementing" the alleged "targeting" policy.  Opp'n, 8.  But the connection to D.C. is missing.  Plaintiff does not allege that Ms. Thomas created or implemented any policy *in* D.C.  Likewise, Plaintiff's assertions that the Cincinnati-based EO determinations unit where Ms. Thomas worked was "an extension of the IRS's DC offices" is vague and does not allege that Ms. Thomas transacted any business in D.C.

Third, apparently recognizing the weakness of its specific jurisdiction argument under § 13-423(a)(1), True the Vote attempts to circumvent the constitutional and statutory constraints on the Court's exercise of personal jurisdiction by invoking a "conspiracy theory" of jurisdiction. Plaintiff contends that Ms. Thomas conspired to "effectuate the IRS Targeting Scheme." Plaintiff's rationale appears to be based on the theory that "coconspirators who never enter the forum are deemed to 'transact business' there 'by an agent.'"  Opp'n, 12 (quoting *Jung v. Ass'n*

3

*of Am. Med. Colleges,* 300 F. Supp. 2d 119, 140-41 (D.D.C. 2004)). "An agency relationship requires the existence of three elements: (1) the principal must manifest a desire for the agent to act on the principal's behalf; (2) the agent must consent to act on the principal's behalf; and (3) the principal must have the right to exercise control over the agent with respect to matters entrusted to the agent." *Kaiser Gr. Int'l, Inc. v. World Bank*, No. 10-7112, 420 F. App'x 2, 2011 WL 1753966 (D.C. Cir. Apr. 28, 2011).

For Plaintiff's theory to be plausible, Ms. Thomas would have to be the principal and the Individual Management Defendants in D.C. would have to be her agents, an allegation made nowhere in the Amended Complaint. Indeed, Plaintiff points to no facts in the Amended Complaint alleging that any of the other Individual Management Defendants – many of whom were senior to Ms. Thomas – consented to act or acted on Ms. Thomas's behalf in D.C. nor that Ms. Thomas had any right to exercise, or exercised, any control over any of them. Furthermore, and again significantly, there are no allegations that any of the Individual Management Defendants took any action whatsoever with respect to True the Vote's application for tax-exempt status.

In any event, Plaintiff has failed to sufficiently allege a conspiracy, which would require that it plead with particularity that a conspiracy exists, that Ms. Thomas participated in the conspiracy or agreed to join the conspiracy, and that an overt act was taken in furtherance of the conspiracy in the District of Columbia. *See Jung*, 300 F. Supp. 2d at 141 ("Mere speculation that a conspiracy exists or that the non-resident defendants are co-conspirators is insufficient to meet plaintiff's burden.") (internal quotation marks omitted). "This requirement is strictly enforced, and courts in this Circuit have applied the conspiracy jurisdiction theory 'warily' in light of

4

concerns that plaintiffs will use the doctrine to circumvent the constitutional boundaries of the long-arm statute." *Id.*

Plaintiff here is trying to do just that. Because it cannot meet its burden, Plaintiff asks this Court simply to infer that there was a conspiracy based on the breadth of the alleged "targeting" policy. All that Plaintiff can state, despite 15 pages of argument, is that Ms. Thomas was a manager with the IRS and her position somehow establishes her role in an alleged conspiracy. This is insufficient to "constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction." *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Furthermore, the alleged selection for further review of Plaintiff's application and the EO determinations unit's alleged implementation of the "targeting" policy pursuant to "written and oral guidance" from D.C. Defendants occurred in Ohio, not in the District of Columbia. Plaintiff has thus failed to allege any "overt act" connecting Ms. Thomas with this forum. *See United States v. Phillip Morris Inc.*, 116 F. Supp. 2d 116, 122 n.6 (D.D.C. 2000) ("Without substantial evidence that the defendant participated in a conspiracy aimed at a forum, courts have tended to decline to exercise jurisdiction.").

Finally, this Court cannot exercise personal jurisdiction over Ms. Thomas pursuant to D.C. Code § 13-423(a)(4) of the D.C. long-arm statute, which provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who . . . caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia." Section 13-423(a)(4) cannot be invoked to establish personal jurisdiction over Ms. Thomas because True the Vote, a resident of Texas, has not alleged that its injury occurred in the District of Columbia. *See Jung v. Ass'n of Am. Colleges*, 300 F. Supp. 2d 119, 135 (D.D.C. 2004) (observing that § 13-423(a)(4) requires a showing of a tortious injury in the District of Columbia).

5

True the Vote's claim against Ms. Thomas, therefore, warrants dismissal with prejudice for lack of personal jurisdiction.[2]

## II. PLAINTIFF CANNOT ASSERT A *BIVENS* CLAIM AGAINST THE INDIVIDUAL MANAGEMENT DEFENDANTS

### A. Plaintiff Failed to Distinguish Binding Precedent that Mandates Dismissal of its *Bivens* Claim

In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396, 91 S. Ct. 1999, 2004-05 (1971), the Supreme Court cautioned that it was not creating a blanket right to sue federal employees. 403 U.S. at 396, 91 S. Ct. at 2004-05. When the Court held that the plaintiff in *Bivens* could pursue a private action against Federal Bureau of Narcotics officers, it expressly qualified its decision by stating that "the present case involves no special factors counseling hesitation in the absence of affirmative action by Congress." 403 U.S. at 396-97, 91 S. Ct. at 2004-05.

The implied right to bring a *Bivens* action is not unfettered, as Plaintiff suggests. Opp'n 24-25. In *Wilson v. Libby*, 535 F.3d 697, 704 (D.C. Cir. 2008), the D.C. Circuit clarified the limitations of *Bivens* by stating that "[w]e have discretion in some circumstances to create a remedy against federal officials for constitutional violations, but we must decline to exercise that

---

[2] Plaintiff's request for discovery on the issue of personal jurisdiction should be denied. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983) (no abuse of discretion in denying discovery on personal jurisdiction where pleadings, *inter alia*, "contained no allegations of specific facts that could establish the requisite contacts with the District"). Plaintiff has not alleged any facts connecting Ms. Thomas to D.C. other than vague allegations of a conspiracy. Permitting Plaintiff to seek discovery on the issue of personal jurisdiction would be inappropriate here because Plaintiff has not indicated what facts it would likely discover that would affect this Court's analysis. *See also Cheyenne Arapaho Tribes of Okla. v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009) (no abuse of discretion in denying jurisdictional discovery in absence of any specific indication from plaintiff regarding "what facts additional discovery could produce that would affect" court's jurisdictional analysis); *FC Inv. Group LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008) ("[A] request for jurisdictional discovery cannot be based on mere conjecture or speculation.").

discretion where 'special factors counsel[] hesitation in doing so.'" (alteration in original). "One 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008). *Bivens* remedies are precluded by the existence of a comprehensive remedial scheme, *even if* such scheme does not provide adequate relief to the plaintiff. *Spagnola v. Mathis*, 859 F.2d 223, 227 (D.C. Cir. 1988) (per curiam) (en banc) (interpreting Supreme Court precedent as "ma[king] clear that it is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial abstention").

Consistent with this precedent, the D.C. Circuit ruled that there can be no *Bivens* action against IRS employees because the Internal Revenue Code contains a comprehensive remedial scheme. *Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011). The *Kim* decision is not an aberration. To the contrary, the *Kim* opinion is consistent with numerous decisions of other sister circuits declining to recognize *Bivens* actions against IRS employees in a variety of contexts.[3]

---

[3] Courts have consistently declined to fashion *Bivens* remedies against IRS employees in cases involving a variety of constitutional claims. *See*, *e.g.*, *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 113 (2d Cir. 2005) (retaliatory audit in violation of First, Fourth, Fifth, and Fourteenth Amendments); *Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004) (IRS's audits and tax collections in violation of Fifth Amendment procedural and substantive due process rights and First Amendment's access to courts right); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 403, 408-13 (4th Cir. 2003) (retaliatory and politically-motivated audit of a non-profit organization in violation of First and Fifth Amendments); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152-53 (3d Cir. 2000) (threatening voicemails from IRS agent and IRS audit that violated plaintiff's Fifth Amendment due process and equal protection rights); *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997) (seizure of vehicle and arrest in violation of Fifth Amendment), *abrogated on other grounds*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006); *McMillen v. U.S. Dep't of Treasury*, 960 F.2d 187, 190-91 (1st Cir. 1991) (rude and obstinate conduct by IRS agents in processing tax returns); *Baddour, Inc. v. United States*, 802 F.2d 801, 807-09 (5th Cir. 1986) (wrongful levy in violation of Fourth and Fifth Amendments); *Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985) (bad in faith in processing tax returns).

In True the Vote's 71-page opposition, it has not even attempted to distinguish *Kim*. Instead, Plaintiff asks this Court to ignore *Kim* based on its own misreading of the case and its determination that the D.C. Circuit's application of the *Bivens* doctrine somehow was not "meaningful." Opp'n, 41. Plaintiff's rewriting of history and its interpretation of the D.C. Circuit's reasoning are not proper grounds to ignore controlling precedent.[4]

There is no question that the issue of whether or not a plaintiff may pursue a claim against IRS employees under *Bivens* was squarely before the D.C. Circuit in *Kim*. *See* Appellants' Opening Brief at 9, 37; *Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011) (No. 09-5227). Indeed, the IRS employees argued that the *Bivens* claims should be dismissed because the Internal Revenue Code contains a comprehensive remedial scheme. Brief for the Appellees, at 13-19; *Kim*, 632 F.3d at 717. Furthermore, the D.C. Circuit heard oral argument on this issue. *See Kim v. United States*, 632 F.3d at 719.

To be sure, the D.C. Circuit conducted *de novo* review of whether or not a *Bivens* claim is available against IRS employees. *See Kim*, 632 F.3d at 715. The court unequivocally agreed with the district court's reasoning and conclusion that "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code." 632 F.3d at 717 (citing *Kim*, 618 F. Supp. 2d at 38-40). Plaintiff here incorrectly argues that the D.C. Circuit erred in *Kim* by failing to consider "whether [Congress] has 'not advertently' omitted damages

---

[4] *See United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997) ("[D]istrict judges, like panels of this court, are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court, overrule it."); *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 876 (D.C. Cir.1992) (en banc) (decisions of D.C. Circuit are binding "unless and until overturned by the court en banc or by Higher Authority") (citation omitted); *Owens, Inc. v. Aetna Cas. & Sur. Co.*, 597 F. Supp. 1515, 1520 (D.D.C. 1984) ("The doctrine of stare decisis compels district courts to adhere to a decision of the Court of Appeals of their Circuit until such time as the Court of Appeals or the Supreme Court of the United States sees fit to overrule the decision.").

remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies." Opp'n, 41.  The D.C. Circuit *did* consider this factor and adopted the district court's reasoning by affirming the decision below.  *See Kim v. United States*, 618 F. Supp. 2d 31, 38-40 (D.D.C. 2009); *Kim*, 632 F.3d at 717 (affirming the district court and declaring that "[w]e agree with the district court's reasoning").

In the years since *Bivens*, the Supreme Court has repeatedly identified new special factors counseling hesitation and has consistently refused to extend *Bivens* liability to any new context or new category of defendants.  *See*, *e.g.*, *Wilkie v. Robbins*, 551 U.S. 537, 562, 127 S. Ct. 2588, 2604 (2007) (refusing to extend *Bivens* to landowner's claims against government officials for harassment and intimidation in attempt to extract easement where such *Bivens* remedy would be difficult to implement and would invite onslaught of *Bivens* actions).  In the context of actions against IRS officials, numerous courts have stated that additional special factors counsel *against* recognizing a *Bivens* claim.  These courts have stated that such special factors include interference with the effective functioning of the federal government and administration of the federal tax system.  *See*, *e.g.*, *Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985); *Schadl v. Kupinse*, No. 3:99 CV 844 (AWT), 2001 WL 471891, at *4 (D. Conn. Mar. 29, 2001).

The First Amendment *Bivens* cases that Plaintiff cites recognize the claims in a very narrow and quite different law enforcement context that should not be extended here.  True the Vote relies primarily on *Dellums v. Powell*, 566 F.2d 167, 194-96 (D.C. Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S. Ct. 31 (1978)), a pre-*Kim* case involving police officers who arrested a group of protestors while they were engaged in a demonstration against the Vietnam War.  Plaintiff also relies on *Hartley v. Wilfert*, 918 F. Supp. 2d 45 (D.D.C. 2013), where Secret Service officers intimidated a woman who was protesting in front of the White House causing her to abandon her

9

protest. *See also Opp'n* 38 (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1255 (D.C. Cir. 1987) (asserting claims against police officers who charged plaintiffs with crimes in retaliation for refusing to dismiss civil claims against the officers)).[5] These cases are inapposite.[6] In the 35 years since *Dellum* was decided, neither the D.C. Circuit, nor this Court has extended the recognition of a First Amendment *Bivens* remedy to a situation remotely like this case – where the complaint alleges that IRS employees made burdensome information requests and took too long to process an application for tax-exempt status. Reliance on these cases is misplaced. The D.C. Circuit has since ruled that there is no *Bivens* action against IRS employees and no further analysis is required.

True the Vote's suggestion that the Supreme Court has signaled that it would recognize its *Bivens* claim is unpersuasive. In support, Plaintiff cites a case that has nothing to do with the factual and legal issues here. In that case, the Supreme Court held that a plaintiff must plead and

---

[5] Furthermore, the sole case that Plaintiff cites in which a court recognized a *Bivens* action against an IRS employee arose in a context very different from this case and more akin to the law enforcement context presented by the *Dellums, Hartley* and *Haynesworth* cases. In *National Commodity & Barter Ass'n v. Archer*, 31 F.3d 1521 (10th Cir. 1994), the court found that a complaint stated a *Bivens* claim where it alleged that IRS employees searched the plaintiff's headquarters and seized membership lists. Plaintiff also cites *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989), which is merely an earlier opinion in the same case. Furthermore, even the Tenth Circuit has limited its recognition of *Bivens* relief against IRS employees to the law enforcement context. In other contexts, the Tenth Circuit has repeatedly ruled that *Bivens* relief is unavailable against IRS employees. *See, e.g.*, *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir.1997) ("in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions").

[6] Plaintiff's reliance on a case decided by the U.S. District Court for the District of Columbia is similarly misplaced. In *Navab-Safavi v. Broadcasting Board of Governors*, 650 F. Supp. 2d 40, 76 (D.D.C. 2009), the court recognized a First Amendment *Bivens* claim against an employee of the Broadcasting Board of Governors ("BBG"), a federal agency charged with overseeing government international broadcasting services. In *Navab-Safavi*, the plaintiff alleged that she was fired from her job at the BBG for participating in a music video protesting the war in Iraq. *Id.* at 48-49. These are very different circumstances than the ones alleged in this case.

10

prove lack of probable cause to sustain a retaliatory prosecution *Bivens* action against Postal Service inspectors who launched a retaliatory criminal investigation against the plaintiff. *See Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695 (2006). Nothing in the *Hartman* case, which was decided prior to *Kim,* makes a difference to Plaintiff's argument in this case.

Plaintiff chides the Individual Management Defendants for "blind" reliance on *Kim* and hangs its claim on legislative history that it says indicates that Congress intended the "IRC's remedies to complement, not supplant, a remedy under *Bivens*." Opp'n, 26. Reliance on *Kim* is what the law requires because *Kim* is on point and controlling. Plaintiff has chosen to turn a blind eye to *Kim* and attempt to distract the Court with inapposite cases and unnecessary legislative history.[7]

Finally, Plaintiff's desperate argument that this Court should not dismiss its *Bivens* claim because the Government – also a defendant in this case – has stated that *Bivens* relief may be available against IRS employees is not credible and does not undermine controlling precedent. It is not surprising that the Government, as a defendant urging the Court to dismiss claims against it, would suggest that relief may be available against its co-defendants. That is also not a hook that can support Plaintiff's *Bivens* claim.[8]

---

[7] Although it is not necessary to review legislative history, it does in any event support the Individual Management Defendants' position. *See* Memorandum of Points and Authorities in Support of the Cincinnati Defendants' Motion to Dismiss, 23-24. *See also Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004) ("the breadth of the Internal Revenue Code's remedial scheme demonstrates persuasively that Congress did consider the wrongs that could be committed in the Code's administration, and struck a balance between the desire for taxpayer protection and the need for efficient tax administration.").

[8] Neither can Plaintiff credibly rely on whether the Government may be indemnifying IRS employees for their legal fees. Government regulations that allow for such indemnification have nothing to do with positions on substantive issues.

### B. True the Vote has not Plead Sufficient Facts to Overcome the Individual Management Defendants' Qualified Immunity

The allegations of the Amended Complaint fail to trump the Individual Management Defendants' qualified immunity because True the Vote has not alleged that each Individual Management Defendant purposely and personally infringed on its First Amendment rights. Plaintiff does not allege that the Individual Management Defendants processed, handled, reviewed or made any decisions with respect to True the Vote's application for tax-exempt status pursuant to 26 U.S.C. § 501(c)(3). Significantly, Plaintiff fails to point to any allegation that the Individual Management Defendants applied the so-called "targeting" policy to it. Plaintiff's *Bivens* claim rests on an assertion that the Individual Management Defendants had varying degrees of knowledge and indirect involvement in the alleged "targeting" policy generally. Thus, True the Vote seeks to hold Individual Management Defendants liable on a supervisory liability theory for constitutional violations that it alleges were perpetrated against it by other IRS employees who requested information from Plaintiff in the processing of its application for tax-exempt status.[9]

True the Vote incorrectly suggests that the Individual Management Defendants may be held liable under *Bivens* "under the doctrine of supervisory liability." Opp'n, 55. Plaintiff has not cited a single case where a court held a government employee liable under *Bivens* for a

---

[9] It is worth noting that any concerns the IRS may have had regarding True the Vote's political activity have been raised by others, especially with respect to King Street Patriots ("KSP"), True the Vote's affiliated organization. *See, e.g.*, *King Street Patriots, Inc. v. Texas Democratic Party*, No. D-1-GN-11-002363, Order Granting Mot. Summ. J., Mar. 27, 2012 (granting summary judgment to Texas Democratic Party on KSP's claims challenging constitutionality of Texas Election Code. The action pertained to the political activities of KSP; specifically, the Texas Democratic Party alleged, *inter alia*, that KSP made unlawful contributions to the Texas Republican Party by training poll watchers in cooperation with the Republican Party and offering the watchers' services only to Republican Party candidates. *Id.* In addition, KSP allegedly violated the Texas Election Code by holding candidate forums only for Republican candidates. *Id.*

constitutional violation on a supervisory liability theory.  Plaintiff cites three cases – all of which actually undermine its position.  Indeed, the courts in all three cases refused to hold government employees liable for constitutional violations on a supervisory liability theory.  *See Elkins v. District of Columbia*, 690 F.3d 554, 565-66 (D.C. Cir. 2012) (declining to hold a supervisor liable for an alleged unconstitutional search and seizure perpetrated by a subordinate); *Fletcher v. United States Parole Comm'n*, 550 F. Supp. 2d 30 (D.D.C. 2008) (rejecting request to hold prison officials liable on a *respondeat superior* theory and concluding that prison officials were shielded from *Bivens* liability by absolute immunity); *Pahls v. Thomas*, 718 F.3d 1210 (10th Cir. 2013) (holding that supervisors were entitled to qualified immunity against First Amendment viewpoint discrimination claims where "the evidence, at most, shows that each defendant was aware of the disparate treatment to which plaintiffs were subjected").

      Contrary to Plaintiff's suggestions, the law is clear that the Individual Management Defendants are not liable on the theory of supervisory liability because that theory is inapplicable to *Bivens* actions.  *See Iqbal*, 556 U.S. at 677; 129 S. Ct. at 1948 ("In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities."); *see also Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (dismissing a *Bivens* action where plaintiff failed to allege that defendants participated in any decision or approved any policy that related to plaintiff's case).

      To state a First Amendment Claim, it is incumbent on Plaintiff to allege that each Individual Management Defendant took some action that caused Plaintiff to alter or withhold its speech or association with its members.  *See Crawford-El v. Britten*, 93 F.3d 813, 826 (D.C. Cir.

1996), *vacated on other grounds*, 523 U.S. 574, 601, 118 S. Ct. 1584, 1598 (1998)) (holding that there is no actionable First Amendment claim unless "an official's acts 'would chill or silence a 'person of ordinary firmness' from future First Amendment Activities."").  Plaintiff has failed to do so.  Plaintiff has made no allegations that any of the Individual Management Defendants actually applied the "targeting" policy to True the Vote or caused an injury to it that is actionable under the First Amendment.  Plaintiff's regurgitation of vague allegations from its Amended Complaint is not a sufficient substitute and cannot properly survive a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Individual Management Defendants respectfully request that Count III of the Amended Complaint be dismissed with prejudice.

Dated:  December 17, 2013

          Respectfully Submitted,

          /s/ Brigida Benitez
          Brigida Benitez
          STEPTOE & JOHNSON LLP
          1330 Connecticut Avenue, NW
          Washington, DC 20036
          Telephone:  (202) 429-3000
          bbenitez@steptoe.com
          DC Bar No. 446144
          *Counsel for Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of December, 2013, a copy of the foregoing Reply Brief in Support of Individual Management Defendants' Motion to Dismiss was electronically filed via the Court's CM/ECF system and electronically served upon registered parties via the Court's electronic notification system.

/s/ Brigida Benitez
Brigida Benitez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
bbenitez@steptoe.com
DC Bar No. 446144
*Counsel for Defendants Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*