UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE**, *et al.*,<br><br>*Defendants*. | Civ. No. 13-cv-00734-RBW |

## Order Granting Plaintiff's Motion for
## Preliminary Injunction and Expedited Discovery
## to Prevent Further Spoliation of, and to Preserve and Restore,
## Evidence and Discoverable Information

Upon consideration of Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information, it is hereby ORDERED as follows:

Pursuant to Federal Rule of Civil Procedure 65, Defendants—including their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them—are ordered to preserve and prevent further destruction of all documents and electronically stored information within the scope of Fed. R. Civ. P. 26(b) and 34(a)(1)(A) in their possession, custody, and control;

Pursuant to Federal Rule of Civil Procedure 26, within a reasonable time following the entry of this Order, the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f) and develop a proposed discovery plan; and

Pursuant to Federal Rule of Civil Procedure 26, discovery shall be expedited for the limited purpose of (a) ascertaining the whereabouts and security of documents and electronically stored information related to the IRS Targeting Scheme and True the Vote's application for

exempt status and (b) developing a plan for restoring and preserving such documents and electronically stored information.

The expedited discovery shall be conducted under the following protocols, or similar protocols as defined by the parties and approved by the Court:

a. Subject to the approval of the Court, Plaintiff will designate an independent, computer forensics expert who will conduct discovery as True the Vote's representative (the "Expert").

b. The Expert will be permitted to inspect and examine (by entering Defendants' premises or other location, if necessary) any computer hard drive, server, back-up tape, or related storage device, whether for business or personal use, that contains or did contain documents and electronically stored information sent by, received by, or copied to all Defendants, including Ms. Lerner, between January 1, 2009, and the present.

c. The Expert will be permitted to take all reasonably necessary action to restore deleted or lost data.

d. The Expert will be permitted to make copies of any data recovered or restored.

e. Copies of any recovered data shall be produced to Defendants' counsel and the Court, but not to True the Vote or its counsel, until such time that the recovered data, subject to any applicable privilege, must be produced in response to subsequent discovery requests.

f. Defendant IRS shall provide sworn statements concerning: (a) the type of email system(s) software used; (b) diagrams of the hardware/software operational systems; (c) the IRS's retention policies and procedures, including retention of data backups, (d) any investigation, inquiries, or forensic review of the "crash" of Ms. Lerner's hard drive and any IRS servers regarding the same.

IT IS SO ORDERED.

DATED: _____

                The Honorable Reggie B. Walton
                United States District Judge