# Exhibit A:

# Litigation Hold Letters



# FOLEY
**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE BISCAYNE TOWER
2 SOUTH BISCAYNE BOULEVARD SUITE 1900
MIAMI, FL 33131-2132
305.482.8400 TEL
305.482.8600 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
305.482.8400
wdavis@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-4802

September 17, 2013

Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
MoloLamken, LLP
600 New Hampshire Avenue, NW
Suite 660
Washington, DC 20037

Re: TRUE THE VOTE, INC. v. INTERNAL REVENUE SERVICE, ET AL.
(U.S. District Court, District of Columbia) – Case No. 13-cv-00734-RBW

Dear Messrs. Lamken and Shur:

We understand you represent Susan Maloney, Ronald Bell, Janine L. Estes and Faye Ng in the above-referenced litigation.

By this letter, you and your clients are hereby given notice not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on your clients' computer systems and storage media (e.g. hard disks, floppy disks, backup tapes) or any other electronic data, such as voicemail. This includes, but is not limited to: e-mail and other electronic communications; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices and network access information ("Discoverable Data.")

The scope of this notification relates to Discoverable Data maintained by your clients in both their personal and professional or business capacity which has been generated or created on or after July 15, 2010.

BOSTON         JACKSONVILLE    MILWAUKEE      SAN DIEGO           SILICON VALLEY
BRUSSELS       LOS ANGELES     NEW YORK       SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO        MADISON         ORLANDO        SAN FRANCISCO       TAMPA
DETROIT        MIAMI           SACRAMENTO     SHANGHAI            TOKYO
                                                                  WASHINGTON, D.C.

4813-5968-0021.2

Exhibit A - Page 1 of 6



Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
September 17, 2013
Page 2

Through discovery we expect to obtain from your clients a number of documents and other data, including files stored on your clients' computers and storage media. In particular, we will seek all information related to the IRS Defendants' handling of True the Vote, Inc.'s ("True the Vote") application for tax exempt status under section 501(c)(3). This will include, without limitation, all communications, memoranda and other information related to this process. It will also include all your documentation related to any disclosure or inspection of tax returns or return information as it is defined by 26 U.S.C. § 6103 *et seq.*

Although True the Vote may bring a motion for an order preserving documents and other data from destruction, your clients' obligation to preserve documents and other data for the case arises independently from any order on such motion.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with meta data or information about those documents contained on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g. paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which corresponding electronic files exist.

The laws and rules prohibiting destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, your client must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed and your client is to take the appropriate steps required to avoid destruction of such evidence.

Please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

In responding to this letter, please retain the following:



Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
September 17, 2013
Page 3

Any and all files and records over which you have control which pertain to the subject matter of this Notice in the following locations:

- File drawers
- Desk and office drawers
- Personal files at home (hard copy and electronic)
- Office computers and laptops
    - Active e-mails
    - E-mails in folders
    - Attachments to e-mails
    - Documents on hard drives
    - Documents on portable media, including floppy disks, CDs or memory sticks

*Failure to abide by this request could result in extreme penalties against your clients and could form the basis of a legal claim for spoliation.*

If this correspondence is in any way unclear, please contact me immediately.

Sincerely,

William E. Davis

4813-5968-0021.2

Exhibit A - Page 3 of 6



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE BISCAYNE TOWER
2 SOUTH BISCAYNE BOULEVARD SUITE 1900
MIAMI, FL 33131-2132
305.482.8400 TEL
305.482.8600 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
305.482.8400
wdavis@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-4802

September 17, 2013

Ms. Brigida Benitez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Re:   TRUE THE VOTE, INC. v. INTERNAL REVENUE SERVICE, ET AL.
(U.S. District Court, District of Columbia) – Case No. 13-cv-00734-RBW

Dear Ms. Benitez:

We understand you represent Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Sholman, Cindy Thomas and William Wilkins in the above-referenced litigation.

By this letter, you and your clients are hereby given notice not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on your clients' computer systems and storage media (e.g. hard disks, floppy disks, backup tapes) or any other electronic data, such as voicemail. This includes, but is not limited to: e-mail and other electronic communications; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices and network access information ("Discoverable Data.")

The scope of this notification relates to Discoverable Data maintained by your clients in both their personal and professional or business capacity which has been generated or created on or after July 15, 2010.

BOSTON        JACKSONVILLE     MILWAUKEE     SAN DIEGO              SILICON VALLEY
BRUSSELS      LOS ANGELES      NEW YORK      SAN DIEGO/DEL MAR      TALLAHASSEE
CHICAGO       MADISON          ORLANDO       SAN FRANCISCO          TAMPA
DETROIT       MIAMI            SACRAMENTO    SHANGHAI               TOKYO
                                                                    WASHINGTON, D.C.

4823-3288-9621.2

Exhibit A - Page 4 of 6



Ms. Brigida Benitez
September 17, 2013
Page 2

Through discovery we expect to obtain from your clients a number of documents and other data, including files stored on your clients' computers and storage media. In particular, we will seek all information related to the IRS Defendants' handling of True the Vote, Inc.'s ("True the Vote") application for tax exempt status under section 501(c)(3). This will include, without limitation, all communications, memoranda and other information related to this process. It will also include all your documentation related to any disclosure or inspection of tax returns or return information as it is defined by 26 U.S.C. § 6103 *et seq.*

Although True the Vote may bring a motion for an order preserving documents and other data from destruction, your clients' obligation to preserve documents and other data for the case arises independently from any order on such motion.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with meta data or information about those documents contained on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g. paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which corresponding electronic files exist.

The laws and rules prohibiting destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, your client must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed and your client is to take the appropriate steps required to avoid destruction of such evidence.

Please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

In responding to this letter, please retain the following:



Ms. Brigida Benitez
September 17, 2013
Page 3

Any and all files and records over which you have control which pertain to the subject matter of this Notice in the following locations:

- File drawers
- Desk and office drawers
- Personal files at home (hard copy and electronic)
- Office computers and laptops
    - Active e-mails
    - E-mails in folders
    - Attachments to e-mails
    - Documents on hard drives
    - Documents on portable media, including floppy disks, CDs or memory sticks

*Failure to abide by this request could result in extreme penalties against your clients and could form the basis of a legal claim for spoliation.*

If this correspondence is in any way unclear, please contact me immediately.

Sincerely,

William E. Davis

4823-3288-9621.2