# Exhibit G:

# June 16, 2014 Document Preservation Letter



ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
202.672.5300 TEL
202.672.5399 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
202.295.4081
cmitchell@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-4802

June 16, 2014

(Via email: grover.hartt@usdoj.gov)
Grover Hartt, III
U.S. Department of Justice, Tax Division
717 North Harwood Street, Suite 400
Dallas, TX 75201

(Via email: joseph.a.sergi@usdoj.gov)
Joseph A. Sergi
U.S. Department of Justice, Tax Division
555 4th Street, NW
Washington, DC 20001

(Via email: bbenitez@steptoe.com and egerson@steptoe.com)
Brigida Benitez
Erica Lynne Gerson
Steptoe and Johnson, LLP
1330 Connecticut Ave, NW
Washington, DC 20036-1795

(Via email: jlamken@mololamken.com and jshur@mololamken.com)
Jeffrey A. Lamken
Justin V. Shur
MoloLamken, LLP
600 New Hampshire Avenue, NW
Suite 660
Washington, DC 20037

RE: *TTV v. IRS et al*, 1:13-cv-00734 (D.D.C.), Litigation Hold – Preservation of Responsive Evidence

Dear Counsel:

As you know, True the Vote ("TTV") filed its lawsuit in the above-referenced matter on May 21, 2013. By the time TTV filed its suit, the Internal Revenue Service ("IRS") and its employees and officials were on notice of the commencement of several congressional

BOSTON           JACKSONVILLE     MILWAUKEE        SAN DIEGO        TALLAHASSEE
BRUSSELS         LOS ANGELES      NEW YORK         SAN FRANCISCO    TAMPA
CHICAGO          MADISON          ORLANDO          SHANGHAI         TOKYO
DETROIT          MIAMI            SACRAMENTO       SILICON VALLEY   WASHINGTON, D.C.

Exhibit G - Page 1 of 12



June 16, 2014
Page 2


investigations. The House Committee on Oversight and Government Reform ("Oversight"), the House Committee on Ways and Means ("Ways and Means") and the Senate Finance Committee ("Senate Finance") (collectively, "the Committees") have each provided notice to the IRS of their ongoing investigations into the IRS, and specifically, Defendant Lois Lerner and her activities related to the issues involved in the TTV litigation for over a year now.

Late Friday, the IRS apparently advised the Ways & Means Committee that the IRS has "lost" Lois Lerner's hard drive which includes thousands of Defendant Lerner's e-mail records. However, several statutes and regulations require that the records be accessible by the Committees, and, in turn, must be preserved and made available to TTV in the event of discovery in the pending litigation. Those statutes include the Federal Records Act, Internal Revenue Manual section 1.15.6.6 (which refers to the IRS's preservation of electronic mail messages), IRS Document 12829 (General Records Schedule 23, Records Common to Most Offices, Item 5 Schedule of Daily Activities), 36 C.F.R. 1230 (reporting accidental destruction,) and 36 CFR 1222.12. Under those records retention regulations, and the Federal Records Act generally, the IRS is required to preserve emails or otherwise contemporaneously transmit records for preservation.

Therefore, the failure for the IRS to preserve and provide these records to the Committees would evidence either violations of numerous records retention statutes and regulations or obstruction of Congress.

Federal courts have held, in the context of trial, that the bad faith destruction of evidence relevant to proof of an issue gives rise to an inference that production of the evidence would have been unfavorable to the party responsible for its destruction. *See Aramburu v. The Boeing Co*., 112 F.3d 1398, 1407 (10th Cir. 1997). The fact that the IRS is statutorily required to preserve these records yet nevertheless publicly claimed that they have been "lost" appears to evidence bad faith. 18 U.S.C. § 1505 makes it a federal crime to obstruct congressional proceedings and covers obstructive acts made during the course of a congressional investigation, even without official committee sanction. *See, e.g., United States v. Mitchell*, 877 F.2d 294, 300–01 (4th Cir. 1989); *United States v. Tallant*, 407 F. Supp. 878, 888 (D.N.D Ga. 1975).

Further, by letters dated September 17, 2013, TTV provided notice to counsel for the individual IRS Defendants in this litigation. The "Individual Defendants" are: Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas, William Wilkins, Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng. TTV's September 17, 2013 correspondence reminded you and your clients of the Individual Defendants' obligation "not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on your clients' computer systems and storage media (*e.g*. hard disks, floppy disks, backup tapes) or any other electronic data, such as voicemail." We identified the scope as encompassing both the personal



June 16, 2014
Page 3

and professional or business capacity of your clients and involving data "generated or created on or after July 15, 2010." *See* Attached Letters to Ms. Benitez and Messrs. Lamken and Shur.

As the D.C. District Court has found, "[a] party has a duty 'to preserve potentially relevant evidence . . . "once [that party] anticipates litigation."'" *Zhi Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) (internal citations omitted). In fact, "[t]hat obligation 'runs first to counsel, who has a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction[,]'" and "also extends to the managers of a corporate party, who 'are responsible for conveying to their employees the requirements for preserving evidence.'" *Id*. (internal citations omitted).

By letter dated September 25, 2013, Ms. Benitez acknowledged receipt of our "litigation hold" letter, and vociferously objected to our having the temerity to send such a letter, "rejecting" our characterization of documents to be preserved. Indeed, Ms. Benitez, you indicated that you took great offense at having been put on notice to preserve and maintain documents related to the issues of this litigation. You further advised however, that you would continue to advise "your clients as appropriate and, as always, will abide by my legal and ethical obligations." Attached Response of Ms. Benitez.

The public reports released late on Friday, June 13, 2014 stated that the IRS now claims to have "lost" the emails of defendant Lois Lerner. These reports are particularly astonishing in light of your representations, Ms. Benitez, that would "advise your clients, as appropriate, and [would] abide by your legal and ethical obligations." The "lost" emails, from press reports, appear to cover a time period from January 2009 to April 2011. *See* Press Release, Committee on Ways and Means, IRS Claims to Have Lost Over 2 Years of Lerner Emails (June 13, 2014), *available at* http://waysandmeans.house.gov/news/documentsingle.aspx?DocumentID=384506.

We are deeply troubled by this news and are concerned about the spoliation of information and documents pertaining to this case and the apparent failure on your part to (a) protect and preserve all potentially relevant information and (b) to advise us of such failure and spoliation when you first learned of it. We are even more concerned after receiving your assurances that you would "abide by your legal and ethical obligations."

Accordingly, we hereby request that you advise us of the following:

1. What steps did each of you, as counsel for the Defendants, each of them, take to ensure that any and all documents as described in the litigation hold letter and as required by federal law were, in fact, preserved?



June 16, 2014
Page 4

  2.  When did you learn that the destruction, loss or spoliation of emails of Defendant Lois Lerner had occurred?

  3.  What steps have you, each of you, taken to restore Ms. Lerner's "lost" emails?

  4.  Were the "lost" emails from Ms. Lerner's computer at the IRS or her home computer?

  5.  Are there documents or records, as described in the Litigation Hold letter or the subpoenas issued to the IRS from any of the Committees, belonging to other defendants that have been "lost"?

  We are most disturbed to learn this information from media reports and, in particular, after being chastised by Ms. Benitez regarding the fact that she "will abide by her legal and ethical obligations."  To Ms. Benitez in particular, were you aware of and/or did you participate in, authorize or otherwise sanction the destruction or "loss" of the Lois Lerner emails?

  In addition to seeking responses to the questions in this letter, we also seek your consent to immediately allow a computer forensics expert selected by TTV to examine the computer(s) that is or are purportedly the source of Ms. Lerner's "lost" emails, including cloning the hard drives, and to attempt to restore what was supposedly "lost," and to seek to restore any and all "lost" evidence pertinent to this litigation.

  We also seek access to all computers, both official and personal, used by any and all of the Defendants from and after July 1, 2010, in order to ensure preservation of the documents of all Defendants in this action.

  We wish to resolve our concerns amicably but, absent your consent, we will file such motions as deemed necessary and appropriate asking the Court to require that you respond to the questions contained in this letter, and to permit such forensic examination described herein and for such other relief as may be appropriate for this egregious breach of legal authority and professional ethics.



June 16, 2014
Page 5


       Due to the time-sensitive and urgent nature of this request, please respond by noon on Wednesday, June 18, 2014.

                                        Sincerely,

                                        /s/ *Cleta Mitchell*

                                        Cleta Mitchell
                                        William Davis
                                        Michael Lockerby
                                        Mathew Gutierrez
                                        Foley & Lardner LLP
                                        3000 K Street NW #600
                                        Washington, DC 20007

                                        Kaylan Phillips
                                        Noel Johnson
                                        ActRight Legal Foundation
                                        209 W. Main Street
                                        Plainfield, IN 46168
                                        Counsel for True the Vote

cc:  Catherine Engelbrecht, President, True the Vote


**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE BISCAYNE TOWER
2 SOUTH BISCAYNE BOULEVARD SUITE 1900
MIAMI, FL  33131-2132
305.482.8400 TEL
305.482.8600 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
305.482.8400
wdavis@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-4802

September 17, 2013

Ms. Brigida Benitez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Re:   TRUE THE VOTE, INC. v. INTERNAL REVENUE SERVICE, ET AL.
      (U.S. District Court, District of Columbia) – Case No. 13-cv-00734-RBW

Dear Ms. Benitez:

We understand you represent Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Sholman, Cindy Thomas and William Wilkins in the above-referenced litigation.

By this letter, you and your clients are hereby given notice not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on your clients' computer systems and storage media (e.g. hard disks, floppy disks, backup tapes) or any other electronic data, such as voicemail. This includes, but is not limited to: e-mail and other electronic communications; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices and network access information ("Discoverable Data.")

The scope of this notification relates to Discoverable Data maintained by your clients in both their personal and professional or business capacity which has been generated or created on or after July 15, 2010.

BOSTON          JACKSONVILLE    MILWAUKEE       SAN DIEGO           SILICON VALLEY
BRUSSELS        LOS ANGELES     NEW YORK        SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO         MADISON         ORLANDO         SAN FRANCISCO       TAMPA
DETROIT         MIAMI           SACRAMENTO      SHANGHAI            TOKYO
                                                                    WASHINGTON, D.C.

4823-3288-9621.2



Ms. Brigida Benitez
September 17, 2013
Page 2

Through discovery we expect to obtain from your clients a number of documents and other data, including files stored on your clients' computers and storage media. In particular, we will seek all information related to the IRS Defendants' handling of True the Vote, Inc.'s ("True the Vote") application for tax exempt status under section 501(c)(3). This will include, without limitation, all communications, memoranda and other information related to this process. It will also include all your documentation related to any disclosure or inspection of tax returns or return information as it is defined by 26 U.S.C. § 6103 *et seq.*

Although True the Vote may bring a motion for an order preserving documents and other data from destruction, your clients' obligation to preserve documents and other data for the case arises independently from any order on such motion.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with meta data or information about those documents contained on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g. paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which corresponding electronic files exist.

The laws and rules prohibiting destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, your client must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed and your client is to take the appropriate steps required to avoid destruction of such evidence.

Please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

In responding to this letter, please retain the following:



Any and all files and records over which you have control which pertain to the subject matter of this Notice in the following locations:

- File drawers
- Desk and office drawers
- Personal files at home (hard copy and electronic)
- Office computers and laptops
    - Active e-mails
    - E-mails in folders
    - Attachments to e-mails
    - Documents on hard drives
    - Documents on portable media, including floppy disks, CDs or memory sticks

*Failure to abide by this request could result in extreme penalties against your clients and could form the basis of a legal claim for spoliation.*

If this correspondence is in any way unclear, please contact me immediately.

Sincerely,

William E. Davis



ATTORNEYS AT LAW

ONE BISCAYNE TOWER
2 SOUTH BISCAYNE BOULEVARD SUITE 1900
MIAMI, FL 33131-2132
305.482.8400 TEL
305.482.8600 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
305.482.8400
wdavis@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-4802

September 17, 2013

Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
MoloLamken, LLP
600 New Hampshire Avenue, NW
Suite 660
Washington, DC 20037

Re:   TRUE THE VOTE, INC. v. INTERNAL REVENUE SERVICE, ET AL.
      (U.S. District Court, District of Columbia) – Case No. 13-cv-00734-RBW

Dear Messrs. Lamken and Shur:

We understand you represent Susan Maloney, Ronald Bell, Janine L. Estes and Faye Ng in the above-referenced litigation.

By this letter, you and your clients are hereby given notice not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on your clients' computer systems and storage media (e.g. hard disks, floppy disks, backup tapes) or any other electronic data, such as voicemail. This includes, but is not limited to: e-mail and other electronic communications; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices and network access information ("Discoverable Data.")

The scope of this notification relates to Discoverable Data maintained by your clients in both their personal and professional or business capacity which has been generated or created on or after July 15, 2010.

BOSTON        JACKSONVILLE    MILWAUKEE    SAN DIEGO           SILICON VALLEY
BRUSSELS      LOS ANGELES     NEW YORK     SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO       MADISON         ORLANDO      SAN FRANCISCO       TAMPA
DETROIT       MIAMI           SACRAMENTO   SHANGHAI            TOKYO
                                                               WASHINGTON, D.C.

4813-5968-0021.2

Exhibit G - Page 9 of 12



**FOLEY & LARDNER LLP**

Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
September 17, 2013
Page 2

  Through discovery we expect to obtain from your clients a number of documents and other data, including files stored on your clients' computers and storage media. In particular, we will seek all information related to the IRS Defendants' handling of True the Vote, Inc.'s ("True the Vote") application for tax exempt status under section 501(c)(3). This will include, without limitation, all communications, memoranda and other information related to this process. It will also include all your documentation related to any disclosure or inspection of tax returns or return information as it is defined by 26 U.S.C. § 6103 *et seq.*

  Although True the Vote may bring a motion for an order preserving documents and other data from destruction, your clients' obligation to preserve documents and other data for the case arises independently from any order on such motion.

  Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with meta data or information about those documents contained on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g. paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which corresponding electronic files exist.

  The laws and rules prohibiting destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, your client must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

  With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed and your client is to take the appropriate steps required to avoid destruction of such evidence.

  Please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

  In responding to this letter, please retain the following:



**FOLEY & LARDNER LLP**

Mr. Jeffrey A. Lamken
Mr. Justin V. Shur
September 17, 2013
Page 3

Any and all files and records over which you have control which pertain to the subject matter of this Notice in the following locations:

- File drawers
- Desk and office drawers
- Personal files at home (hard copy and electronic)
- Office computers and laptops
    - Active e-mails
    - E-mails in folders
    - Attachments to e-mails
    - Documents on hard drives
    - Documents on portable media, including floppy disks, CDs or memory sticks

*Failure to abide by this request could result in extreme penalties against your clients and could form the basis of a legal claim for spoliation.*

If this correspondence is in any way unclear, please contact me immediately.

Sincerely,

William E. Davis



Brigida Benitez
202 429 6261
bbenitez@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2013

VIA EMAIL AND FIRST CLASS MAIL

William E. Davis, Esquire
Foley & Lardner LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131-2132

Dear Mr. Davis:

    I am in receipt of your letter dated September 17, 2013, titled "Steptoe Litigation Hold Letter," which purports to advise my clients and me of our legal and ethical obligations and also appears designed to intimidate, threaten and harass. This is the first communication I have received from you in this case. While I was not expecting flowers, I had hoped for civil and cordial communications.

    I will continue to advise my clients as appropriate and, as always, will abide by my legal and ethical obligations. To be clear, I am not agreeing to or accepting any of your definitions, interpretations or requests. At the appropriate time, if we reach discovery in this case, you can serve discovery requests and those will be responded to in due course.

    If this is unclear to you, please feel free to contact me.

                         Sincerely,

                          Brigida Benitez