# Exhibit M:

# June 16, 2014 Issa Letter to Koskinen

DARRELL E. ISSA, CALIFORNIA
CHAIRMAN

JOHN L. MICA, FLORIDA
MICHAEL R. TURNER, OHIO
JOHN J. DUNCAN, JR., TENNESSEE
PATRICK T. McHENRY, NORTH CAROLINA
JIM JORDAN, OHIO
JASON CHAFFETZ, UTAH
TIM WALBERG, MICHIGAN
JAMES LANKFORD, OKLAHOMA
JUSTIN AMASH, MICHIGAN
PAUL A. GOSAR, ARIZONA
PATRICK MEEHAN, PENNSYLVANIA
SCOTT DesJARLAIS, TENNESSEE
TREY GOWDY, SOUTH CAROLINA
BLAKE FARENTHOLD, TEXAS
DOC HASTINGS, WASHINGTON
CYNTHIA M. LUMMIS, WYOMING
ROB WOODALL, GEORGIA
THOMAS MASSIE, KENTUCKY
DOUG COLLINS, GEORGIA
MARK MEADOWS, NORTH CAROLINA
KERRY L. BENTIVOLIO, MICHIGAN
RON DeSANTIS, FLORIDA

LAWRENCE J. BRADY
STAFF DIRECTOR

ONE HUNDRED THIRTEENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225–5074
FACSIMILE  (202) 225–3974
MINORITY   (202) 225–5051

http://oversight.house.gov

ELIJAH E. CUMMINGS, MARYLAND
RANKING MINORITY MEMBER

CAROLYN B. MALONEY, NEW YORK
ELEANOR HOLMES NORTON,
   DISTRICT OF COLUMBIA
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
STEPHEN F. LYNCH, MASSACHUSETTS
JIM COOPER, TENNESSEE
GERALD E. CONNOLLY, VIRGINIA
JACKIE SPEIER, CALIFORNIA
MATTHEW A. CARTWRIGHT, PENNSYLVANIA
L. TAMMY DUCKWORTH, ILLINOIS
ROBIN L. KELLY, ILLINOIS
DANNY K. DAVIS, ILLINOIS
PETER WELCH, VERMONT
TONY CARDENAS, CALIFORNIA
STEVEN A. HORSFORD, NEVADA
MICHELLE LUJAN GRISHAM, NEW MEXICO
VACANCY

June 16, 2014

The Honorable John Koskinen
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC  20224

Dear Mr. Koskinen:

      I was astounded and disappointed to learn on Friday that the Internal Revenue Service has lost a substantial portion of e-mails sent or received by former IRS official Lois Lerner from January 2009 to April 2011.[1]  For over a year, the Committee has sought all of Ms. Lerner's e-mails from the IRS.[2]  Because of the IRS's obstruction, I have issued two subpoenas compelling the production of documents, including all of Ms. Lerner's e-mails from January 2009 through the present.[3]  At no time until late Friday had the IRS ever informed the Committee that the IRS did not possess all of Ms. Lerner's e-mails from the applicable period.  Indeed, you testified – under oath – during a Committee hearing in March 2014 that you would produce *all* of Ms. Lerner's e-mails subpoenaed by the Committee.[4]

      By the IRS's admission, an unknown number of federal records were permanently lost or destroyed when Ms. Lerner's computer crashed in mid-2011.[5]  Congress passed the Federal Records Act (FRA) to preserve key documents—such as those that were stored on Lerner's hard drive—for production to congressional investigators and other stakeholders, including historians and FOIA requesters.  The FRA requires agencies to

---

[1] *See* Letter from Leonard Oursler, Internal Revenue Serv., to Ron Wyden & Orrin Hatch, S. Comm. on Finance, encl. 3, at 7 (June 13, 2014) (carbon copy to Darrell Issa, H. Comm. on Oversight & Gov't Reform).
[2] *See* Letter from Darrell Issa & Jim Jordan, H. Comm. on Oversight & Gov't Reform, to Daniel Werfel, Internal Revenue Serv. (June 4, 2013).
[3] H. Comm. on Oversight & Gov't Reform, Subpoena to Jacob Lew, Sec'y, Dep't of the Treasury (Aug. 2, 2013); H. Comm. on Oversight & Gov't Reform, Subpoena to John Koskinen, Comm'r, Internal Revenue Serv. (Feb. 14, 2014).
[4] *"Examining the IRS Response to the Targeting Scandal": Hearing before the H. Comm. on Oversight & Gov't Reform*, 113th Cong. (2014) (testimony by John Koskinen, Comm'r, Internal Revenue Serv.).
[5] Letter from Leonard Oursler, Internal Revenue Serv., to Ron Wyden & Orrin Hatch, S. Comm. on Finance, encl. 3, at 7 (June 13, 2014) (carbon copy to Darrell Issa, H. Comm. on Oversight & Gov't Reform).

The Honorable John Koskinen
June 16, 2014
Page 2

make and preserve records of agency decisions, policies, and essential transactions, and to take steps to safeguard against the loss of agency records. The Federal Records Act places the burden on the "head of each federal agency" to "establish safeguards against the removal or loss" of federal records.[6] Clearly, former Commissioner Douglas Shulman did not do so. The Federal Records Act also requires the IRS Commissioner to notify the Archivist of the United States if there is reason to suspect that the records in question were unlawfully destroyed.[7] It is not clear whether former Commissioner Shulman or any of his successors, including you, have taken that step with respect to the documents stored on Ms. Lerner's hard drive.

By failing to establish a recordkeeping system that could have withstood the failure of Lerner's hard drive, Commissioner Shulman also failed to comply with guidance from the Office of Management and Budget, and the IRS's own internal regulations. OMB requires federal agencies to maintain electronic records, including e-mails, in an enterprise-wide management system. Clearly, IRS did not. The contents of Ms. Lerner's hard drive apparently were not backed up anywhere. Furthermore, IRS's own Standards for Managing Electronic Mail Records require that "IRS offices **will not** store the official recordkeeping copy of e-mail messages that are federal records **ONLY** on the electronic mail system . . . ."[8] IRS's internal guidelines also required "IRS offices that maintain their e-mail records electronically [to] move or copy them to a separate electronic recordkeeping system . . . ."[9] IRS did not do so with respect to Lerner's hard drive.

The failure of you and your predecessors to take timely steps to prevent the loss or destruction of electronic records may impair the effort to fully understand how and why the IRS inappropriately targeted conservative applicants for tax-exempt status. This revelation is merely the most recent in a series of actions that have delayed the Committee's investigation. Due to the IRS's continued dilatory and obstructionist actions, I am issuing the enclosed subpoena compelling your testimony at a hearing of the Committee on June 23, 2014, at 7:00 p.m. in room 2154 of the Rayburn House of Office Building.

On June 4, 2013, the Committee requested "[a]ll documents and communications sent by, received by, or copied to Lois Lerner . . . between January 1, 2009, and the present."[10] On August 2, 2013, because the IRS had slow-rolled the production of documents to the Committee, I issued a subpoena to Treasury Secretary Jacob Lew, as the custodian of IRS documents.[11] Item 1 on the subpoena schedule demanded "[a]ll

---

[6] 44 U.S.C. § 3105.
[7] 44 U.S.C. § 3106.
[8] Internal Revenue Manual, Standards for Managing Electronic Mail Records, Part 1, Chapter 15, Sec. 6, "Managing Electronic Records." (emphasis in original)
[9] *Id.*
[10] Letter from Darrell Issa & Jim Jordan, H. Comm. on Oversight & Gov't Reform, to Daniel Werfel, Internal Revenue Serv. (June 4, 2013).
[11] H. Comm. on Oversight & Gov't Reform, Subpoena to Jacob Lew, Sec'y, Dep't of the Treasury (Aug. 2, 2013).

The Honorable John Koskinen
June 16, 2014
Page 3

communications sent or received by Lois Lerner, from January 1, 2009, to August 2, 2013."[12] That same day, your predecessor, Acting Commissioner Daniel Werfel, testified under oath that the IRS was committed to producing all of Ms. Lerner's e-mails to the Committee. He testified:

| | |
|---|---|
| Rep. JORDAN. | So I just a want to be clear then. Every single email of Lois Lerner's that we have asked for, you have sent to us? |
| Mr. WERFEL. | No. But we've provided hundreds of her emails. But, again, this is a process. |
| Rep. JORDAN. | No, no, no, no, no, no. It's pretty simple. You go to her computer and you get her emails. |

\*\*\*

| | |
|---|---|
| Rep. JORDAN. | We want every single email from Lois Lerner. We want every single correspondence from Bill Wilkins. And we would like any correspondence between the IRS and the White House. And you haven't given it all to us. |

\*\*\*

| | |
|---|---|
| Rep. JORDAN. | We have a specific request. We want every bit of correspondence from Lois Lerner and you won't give it to us. Here is the lady who broke the story with the planted question. Here is the lady who took the Fifth. Here is the lady who is at the center of this storm. And we want every bit of email from her, and you won't give it to us. |
| Mr. WERFEL. | I will tell you I'm committed to. |
| Rep. JORDAN. | And you have had 3 months to do it. |
| Mr. WERFEL. | **I will tell you what we're committed to. We're committed to reviewing every one of Lois Lerner's emails, and providing the response.** |

\*\*\*

---

[12] *Id.*

The Honorable John Koskinen
June 16, 2014
Page 4

| | |
|---|---|
| Mr. WERFEL. | Yeah, I know. A couple of other responses. **First, Lois Lerner's emails are on the top of our list and we are working through it.** But we're also producing – |
| Rep. JORDAN. | That's not good enough. That's not. We want them and we wanted them.[13] |

Despite making Ms. Lerner's e-mails the IRS's "top" priority, Mr. Werfel did not disclose that any of Ms. Lerner's e-mails had been lost.

On February 14, 2014, after you were sworn in as the permanent IRS Commissioner, I reissued the Committee's subpoena to you. This subpoena creates a legal obligation on you, as the Commissioner of the IRS, to fully comply in the production of all of Ms. Lerner's e-mails. During a Committee hearing on March 26, 2014, you testified under oath that the IRS would produce all of Ms. Lerner's e-mails to the Committee. You testified:

| | |
|---|---|
| Rep. CHAFFETZ. | You have a duly issued subpoena. Are you or are you not going to provide this committee the emails as indicated in this subpoena, yes or no? |
| Mr. KOSKINEN. | We have never said we weren't – |
| Rep. CHAFFETZ. | I am asking you yes or no. |
| Mr. KOSKINEN. | We are going to respond to the subpoena – |
| Rep. CHAFFETZ. | No, no. Sir – |
| Mr. KOSKINEN. | Yes, we are going to respond to the subpoena. I am just telling you to respond fully to the subpoena, we are going to be at this for years, not months. That is the only thing I would like to – |
| Rep. CHAFFETZ. | And I don't understand that. Just specific to item one, Lois Lerner – |
| Mr. KOSKINEN. | Lois Lerner's emails – |
| Rep. CHAFFETZ. | **Sir, are you or are you not going to provide this committee all of Lois Lerner's emails?** |

---

[13] *"Examining the Skyrocketing Problem of Identity Theft Related Tax Fraud at the IRS"*: Hearing before the Subcomm. on Gov't Operations of the H. Comm. on Oversight & Gov't Reform, 113th Cong. (2013) (question and answer with Rep. Jim Jordan).

The Honorable John Koskinen
June 16, 2014
Page 5

| | | |
|---|---|---|
| Mr. KOSKINEN. | We are already starting – | |
| Rep. CHAFFETZ. | Yes or – | |
| Mr. KOSKINEN. | **Yes, we will do that**. | |

\*\*\*

| | |
|---|---|
| Rep. CUMMINGS. | Well, reclaiming just for a second. I just want us to be clear. I mean, time is precious, money is precious. Just tell us. I mean, you talk about relevance. You said if a lawyer were to see this subpoena, they would have some concerns. I just want to be clear. I mean, it sounds like, again, I am saying what I said before, you seem to have an understanding and we seem to have an understanding, and they don't seem to be the same. **So are you going to provide the documents for Lois Lerner?** |
| Mr. KOSKINEN. | Yes. |
| Rep. CUMMINGS. | **That were subpoenaed**. |
| Mr. KOSKINEN. | Yes.[14] |

Like Mr. Werfel, you promised to produce all of the subpoenaed e-mails sent or received by Ms. Lerner – without disclosing any information that the IRS had lost a portion of Ms. Lerner's e-mails.

Following this hearing, your senior advisors, Catherine Duval and Leonard Oursler, met with bipartisan Committee staff to discuss the IRS's lackluster response to the Committee's subpoena.[15] Ms. Duval notified Committee staff during this meeting that all of Ms. Lerner's e-mails had been identified and set-aside by the IRS in its document production process. Neither Ms. Duval nor Mr. Oursler mentioned anything to Committee staff about the IRS losing a portion of Ms. Lerner's e-mails.

I will not tolerate your continued obstruction and game-playing in response to the Committee's investigation of the IRS targeting. For too long, the IRS has promised to produce requested – and, later, subpoenaed – documents, only to respond later with excuses and inaction. Despite your empty promises and broken commitments to

---

[14] *"Examining the IRS Response to the Targeting Scandal": Hearing before the H. Comm. on Oversight & Gov't Reform*, 113th Cong. (2014) (testimony by John Koskinen, Comm'r, Internal Revenue Serv.).
[15] Meeting between H. Comm. on Oversight & Gov't Reform Staff & Catherine Duval & Leonard Oursler, Internal Revenue Serv. (Apr. 4, 2014).

The Honorable John Koskinen
June 16, 2014
Page 6

cooperation, the IRS still insists on flouting Constitutional congressional oversight. The Committee will not stand for this blatant behavior. The enclosed subpoena requires your appearance and testimony before the Committee on Monday, June 23, 2014, at 7:00 p.m. in room 2154 of the Rayburn House Office Building. I expect you to testify candidly and completely about why the IRS has lost a significant portion of Ms. Lerner's e-mails and why the IRS has misled the American people for over a year about this important matter.

You should be prepared to provide a five-minute opening statement and answer questions posed by Members. Instructions for witnesses appearing before the Committee are contained in the enclosed Witness Instruction Sheet. In particular, please note the procedures for submitting written testimony at least two business days prior to the hearing. If you have any questions, please contact David Brewer or Drew Colliatie of the Committee staff at (202) 225-5074.

                      Sincerely,

                      Darrell Issa
                      Chairman

Enclosure

cc:    The Honorable Elijah E. Cummings, Ranking Minority Member

## Witness Instruction Sheet
## Governmental Witnesses

1. Witnesses should provide 70 copies of their written testimony to Sharon Casey, Senior Assistant Clerk, 2157 Rayburn House Office Building, no later than 10:00 a.m. two business days prior to the hearing. Witnesses should also provide their statement by this date in electronic format, either as a CD or via e-mail to Sharon.Casey@mail.house.gov.

2. Please do not send copies by U.S. Mail, UPS, Federal Express, or other shippers. Such packages are processed through an offsite security facility and will arrive 7-10 days late.

3. Witnesses should also provide a short biographical summary and include it with their written statement. The biographical summary should be attached to all 70 copies of the testimony and included with the electronic copy of the testimony provided to the Clerk.

4. At the hearing, each witness will be asked to summarize his or her written testimony in five minutes or less in order to maximize the time available for discussion and questions. Written testimony will be entered into the hearing record and may extend to any reasonable length.

5. Written testimony will be made publicly available and will be posted on the Committee's website.

6. The Committee does not provide financial reimbursement for witness travel or accommodations. Witnesses with extenuating circumstances, however, may submit a written request for such reimbursements to Robin Butler, Financial Administrator, 2157 Rayburn House Office Building, at least one week prior to the hearing. Reimbursements will not be made without prior approval.

7. Witnesses with disabilities should contact Committee staff to arrange any necessary accommodations.

8. Committee Rules governing this hearing are online at www.oversight.house.gov.

For inquiries regarding these rules and procedures, please contact the Committee on Oversight and Government Reform at (202) 225-5074.