# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC., | Case No. 1:13-cv-00734-RBW |
| Plaintiff, | <u>CIVIL ACTION</u> |
| v. | |
| INTERNAL REVENUE SERVICE, *et al.*, | |
| Defendants. | |

## <u>INDIVIDUAL MANAGEMENT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY</u>

Brigida Benitez (DC 446144)
Erica Gerson (DC 494670)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
bbenitez@steptoe.com
egerson@steptoe.com

*Counsel for Defendants David Fish, Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins in their individual capacities*

## **TABLE OF CONTENTS**

                                                                           **Page**

I.     INTRODUCTION ...................................................................................................................1

II.    BACKGROUND ...................................................................................................................2

III.   ARGUMENT .........................................................................................................................5

          A.     Plaintiff Has Failed to Sustain Its Burden to Obtain a Preliminary
                  Injunction ...........................................................................................................5

                  1.     Plaintiff Has Failed to Show that it Will Suffer Irreparable Injury if
                          a Preliminary Injunction is Not Issued............................................................6

                  2.     Plaintiff Has Failed to Show a Substantial Likelihood of Success
                          on the Merits ....................................................................................................7

                  3.     Plaintiff Has Not Shown that the Balance of Equities Weighs in Its
                          Favor ................................................................................................................9

                  4.     Plaintiff Has Failed to Show that an Injunction is in the Public
                          Interest............................................................................................................11

IV.   CONCLUSION....................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. United States Attorneys Office*,
   No. 91-cv-2262, 1992 WL 159186 (D.D.C. June 19, 1992) ....................................................... 9

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
   403 U.S. 388 (1971) ........................................................................................................ 2, 3, 7, 8

*Citizens for Responsibility & Ethics v. Exec. Office of the President*,
   No. 07-cv-1707-HHK/JMF, 2007 U.S. Dist. LEXIS 97574 (D.D.C. Oct. 19, 2007) ............... 9

*Citizens United v. FEC*,
   530 F. Supp.2d 274 (D.D.C. 20008) ........................................................................................ 5

*City of Moundridge v. Exxon Mobil Corp.*,
   429 F.Supp.2d 117 (D.D.C. 2006) ............................................................................................ 6

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) .............................................................................................................. 2, 9

*Ingersoll v. Farmland Foods, Inc.*,
   No. 10-6046-CV-SJ-FJG, 2013 U.S. Dist. LEXIS 15943 (W.D. Mo. Feb. 6, 2013) ................ 8

*Kim v. United States*,
   632 F.3d 713 (D.C. Cir. 2011) .................................................................................................. 2

*Orrell v. Motorcarparts of Am., Inc.*,
   No. 3:06-cv-418-R, 2007 U.S. Dist. LEXIS 89524 (W.D.N.C. Dec. 5, 2007) ....................... 10

*Sherley v. Sebelius*,
   644 F.3d 388 (D.C. Cir. 2011) .................................................................................................. 5

*Treppel v. Biovail Corp.*,
   223 F.R.D. 363 (S.D.N.Y. 2006) ........................................................................................... 6, 8

*United States v. Sum of $70,990,605*,
   No. 12-cv-1905-RWR, 2013 WL 6157977 (D.D.C. Nov. 25, 2013) .................................. 5, 6, 8

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ...................................................................................................................... 5

*Z Street, Inc. v. Koskinen*,
   No. 12-cv-0401-KBJ, 2014 U.S. Dist. LEXIS 71638 (D.D.C. May 27, 2014) ......................... 7

**RULES**

Fed. R. Civ. P. 26(b) ..................................................................................................................4

Fed. R. Civ. P. 26(f) ...................................................................................................................3

Fed. R. Civ. P. 34(a)(1)(A) ........................................................................................................4

Fed. R. Civ. P. 65 .......................................................................................................................5

Defendants David Fish, Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas and William Wilkins ("Individual Management Defendants"), by counsel, respectfully state as follows in opposition to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent the Further Spoliation of, and to Preserve and Restore Evidence and Discoverable Information ("Plaintiff's Motion"), ECF No. 83, and its accompanying Memorandum in Support ("Plaintiff's Memorandum"), ECF No. 83-2.  For the reasons stated herein, Plaintiff's Motion should be denied.

I.      **INTRODUCTION**

Plaintiff's Motion is based on the purported need to "prevent Defendants from engaging in and permitting any further destruction of evidence."  Pl.'s Mem. at 1.  But Plaintiff has no evidence whatsoever that any of the Individual Management Defendants have engaged – or will engage – in *any* destruction of evidence.  Plaintiff's Motion is riddled with personal accusations against the Individual Management Defendants and their counsel that have no basis in fact and should have no place in practice.

Plaintiff's spoliation allegations boil down to assertions that the *Internal Revenue Service* ("IRS") may have lost official emails dating back to 2011 – two years before this lawsuit was filed and the Individual Management Defendants were sued.  Plaintiff's Motion blurs the alleged conduct of the IRS with that of thirteen former and current IRS employees whom the Plaintiff sued in their individual capacities.  Even if Plaintiff has a claim against the IRS for spoliation – and it has shown no evidence that it does – Plaintiff cannot impute the actions of the IRS or how the IRS maintains its files or recycles hard drives to the Individual Management Defendants in their *personal* capacities.  And Plaintiff has cited no evidence that any of the Individual Management Defendants, including Lois Lerner, failed to comply with their obligations to

1

preserve documents and information that may be discoverable in this action, nor that any of them have any evidence on their personal computers that is relevant to Plaintiff's claim.

With pending motions to dismiss by all Defendants and with no discovery having taken place, Plaintiff jumps to the extraordinary step of seeking a preliminary injunction requesting unwarranted relief.  For the reasons stated below, Plaintiff's Motion should be denied.

## II.     BACKGROUND

On May 21, 2013, Plaintiff True the Vote filed claims against the IRS and thirteen former and current IRS employees, including the Individual Management Defendants in their individual capacities, arising from its dissatisfaction with the manner in which the IRS processed its application for tax-exempt status.  Plaintiff contends that the Individual Management Defendants violated its First Amendment rights of free speech and association, and has asserted a claim against them pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On October 18, 2013, the Individual Management Defendants moved to dismiss Plaintiff's *Bivens* claim, ECF No. 63, principally on the basis that binding precedent from the D.C. Circuit forecloses the relief that Plaintiff seeks pursuant to *Bivens*, and that it cannot overcome the Individual Management Defendants' qualified immunity.  *See Kim v. United States*, 632 F.3d 713, 717 (D.C. Cir. 2011) (holding that IRS officials are not subject to suit under *Bivens*, because the Internal Revenue Code provides potential litigants with a "comprehensive remedial scheme" of which they can avail themselves); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (Qualified immunity protects government officials, including IRS employees, from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

The IRS and the other individual defendants, *i.e.*, the Cincinnati Defendants, also filed motions to dismiss.  *See* ECF Nos. 54, 64.  Given that *Bivens* and qualified immunity are

threshold issues, and that a ruling in favor of the Individual Management Defendants and the Cincinnati Defendants will dispose of Plaintiff's *Bivens* claims, the Defendants believe that proceeding with discovery would be premature.

Although Plaintiff now protests that Defendants "refused" to have a Rule 26(f) conference and proceed with discovery, Plaintiff omits that the parties *agreed* not to schedule a Rule 26(f) conference pending resolution of the motions to dismiss. On March 28, 2014, Plaintiff's counsel wrote to all defense counsel asking to schedule a Rule 26(f) conference. *See* Pl.'s Mot. Ex. C (email from Counsel for Plaintiff to Counsel for Each Defendant, March 28, 2014). Counsel for the IRS responded by stating, "Until the Court has ruled on the pending motions to dismiss, we believe it would be premature to schedule a Rule 26(f) conference." *See* Pl.'s Mot. Ex. D. Counsel for the other Defendants sent emails agreeing with the IRS's position. *See* Pl.'s Mot. Exs. E, F. Counsel for Plaintiff responded:

> *Well that's what we were thinking all along*, but then became concerned that we maybe should go ahead. *I don't disagree with waiting* – just didn't want you guys to later say we missed a deadline!!

Ex. 1 (emphasis added).

Almost three months passed with no communications from Plaintiff's counsel, until Plaintiff sent its letter on June 16, 2014. *See* Pl.'s Mot. Ex. G. At no time prior to June 16 did Plaintiff serve any discovery requests, nor make any effort to proceed with discovery. Plaintiff's letter was addressed indiscriminately to all defense counsel in this case and levied accusations about the alleged destruction of documents based on press reports that the IRS had purportedly disclosed to Congress that it no longer had certain emails for a certain time period. Plaintiff's letter requested that *all* Defendants "consent to immediately allow a computer forensics expert selected by TTV to examine the computer(s) that is or are purportedly the source of Ms. Lerner's

3

'lost' emails, including cloning the hard drives" and grant "access to all computers, both official and personal, used by any and all of the Defendants from and after July 1, 2010." Pl.'s Mot. Ex. G. Plaintiff also propounded five interrogatories to counsel for Defendants regarding their document retention efforts to date.

On June 18, 2014, Individual Management Defendants' counsel responded to Plaintiff's counsel by declining to consent to Plaintiff's requests and objecting to the unprofessional tone of the letter, the personal and baseless accusations, and the mischaracterization of prior correspondence between the parties. Pl.'s Mot. Ex. J. The letter also pointed out that neither counsel nor Ms. Lerner, who is no longer employed by the IRS, "have any control over the documents in the custody or control of the IRS." *Id.*

On June 24, 2014, the parties held a telephone conference, at the request of Plaintiff's counsel, to meet and confer regarding their requests. Counsel for all Defendants reiterated the view – to which all parties had earlier agreed – that discovery at this juncture is premature.

On June 30, 2014, Plaintiff filed a motion seeking three categories of relief. First, Plaintiff seeks a preliminary injunction directing all Defendants to "preserve and prevent further destruction of all documents and electronically stored information within the scope of Fed. R. Civ. P. 26(b) and 34(a)(1)(A) in their possession, custody, and control." Pl.'s Mot. ¶ 1. Second, Plaintiff seeks "an order directing the parties to plan discovery within a reasonable time following the entry of the Order." *Id.* ¶ 2. Third, Plaintiff seeks an order permitting expedited discovery. *Id.* ¶ 3. Specifically, Plaintiff requests that the Court enter an order allowing Plaintiff to hire a forensics expert to inspect, examine and copy each Defendant's – including the Individual Management Defendant's – business and personal "computer hard drive, server, back-up tape, or related storage device . . . that contains or did contain documents and electronically

stored information sent by, received by, or copied to all Defendants, including Ms. Lerner, between January 1, 2009, and the present." *Id*. ¶ 3.b.  There is no basis for the relief that Plaintiff seeks.  *See infra* Part III.

### III.   ARGUMENT

#### A.   **Plaintiff Has Failed to Sustain Its Burden to Obtain a Preliminary Injunction**

Plaintiff seeks an extraordinary remedy, a preliminary injunction, on a discovery issue when discovery has not even begun.  *See United States v. Sum of $70,990,605*, No. 12-cv-1905-RWR, 2013 WL 6157977, at *2 (D.D.C. Nov. 25, 2013) (internal quotation marks omitted) (citing *Citizens United v. FEC*, 530 F. Supp.2d 274, 278 (D.D.C. 20008) ("injunctive relief is an extraordinary and drastic remedy").  Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, directing all Defendants to preserve documents in their possession, custody and control, directing the parties to commence expedited discovery, and ordering a forensics expert to "inspect, examine and copy" each Defendant's business *and personal* computers.  Pl.'s Mot. ¶ 1, 3.

None of the cases cited by Plaintiff support its position that a preliminary injunction is an appropriate vehicle to resolve the theoretical discovery issue that Plaintiff suggests exists here. Plaintiff has not sustained its burden to "establish [1] that [Plaintiff] is likely to succeed on the merits, [2] that [Plaintiff] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [Plaintiff's] favor, and [4] that an injunction is in the public interest."  *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

### 1.     Plaintiff Has Failed to Show that it Will Suffer Irreparable Injury if a Preliminary Injunction is Not Issued

Plaintiff cannot prevail on its motion, because it has not shown that it will suffer irreparable injury if a preliminary injunction is not issued.  Irreparable injury "'is a threshold requirement for a preliminary injunction.'"  *See United States v. Sum of $70,990,605*, No. 12-cv-1905-RWR, 2013 WL 6157977, at *3 (D.D.C. Nov. 25, 2013) (quoting *City of Moundridge v. Exxon Mobil Corp.*, 429 F.Supp.2d 117, 127 (D.D.C. 2006)).  To show likely irreparable injury, Plaintiff must show that the Individual Management Defendants destroyed or lost documents relevant to Plaintiff's claim, and that it is likely they will continue to do so.  *See id.* ("the movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future."); *Treppel v. Biovail Corp.*, 223 F.R.D. 363, 371 (S.D.N.Y. 2006) ("The burden of establishing the risk that documents will be destroyed in the future is 'often met by demonstrating the opposing party *has lost or destroyed evidence in the past or has inadequate retention procedures in place.*'") (emphasis added).  Plaintiff cannot meet that burden with respect to the Individual Management Defendants.

Plaintiff claims that there will be "irreparable injury to the fair adjudication of its claims – and consequently, its constitutional rights – if critical electronic information is not recovered and preserved."  Pl.'s Mem. at 23.  In support of this allegation, Plaintiff asserts that

> The *IRS* has already destroyed or permitted the destruction of evidence in violation of the Federal Records Act and notwithstanding the pendency of litigation in this Court.  The *IRS's* track record so far suggests the risk that additional destruction – inadvertent or otherwise – may be forthcoming.

Pl.'s Mem. at 24 (emphasis added).

Plaintiff makes no mention of the Individual Management Defendants – it has pointed to no evidence or even alleged that the Individual Management Defendants themselves, as opposed to the IRS, lost or destroyed any evidence related to Plaintiff's claim in this case.  Plaintiff's

6

allegations regarding Ms. Lerner's IRS computer hard drive crashing and the IRS recycling the hard drive do not implicate Ms. Lerner in her personal capacity.  Plaintiff has also not alleged that the Individual Management Defendants – or even the IRS – are involved in any *ongoing* destruction of evidence.

Indeed, Plaintiff resorts to relying on press articles and materials generated in connection with a Congressional investigation.  These materials describe the IRS's actions and not those of the Individual Management Defendants, who have been sued in their *personal* capacity.  Plaintiff's Motion is premised on the fact that IRS employees, in their personal and individual capacity, have the same obligations with respect to the IRS's official documents as the IRS itself.  The conduct of the IRS, whatever it may have been, cannot be imputed to its individual employees in their personal capacity.  That is precisely what Plaintiff tries to do here.  Plaintiff's arguments regarding irreparable injury are therefore speculative and baseless.

### 2. Plaintiff Has Failed to Show a Substantial Likelihood of Success on the Merits

Plaintiff has not shown that there is a substantial likelihood that it will prevail on the merits of its claims.  In fact, Plaintiff has not even tried to make a showing that it will prevail on its *Bivens* claim against the Individual Management Defendants.  The sole case that Plaintiff mentions in connection with the merits is *Z Street, Inc. v. Koskinen*, No. 12-cv-0401-KBJ, 2014 U.S. Dist. LEXIS 71638, at *1 (D.D.C. May 27, 2014).  *Z Street* was a case that an organization filed against the Commissioner of the IRS in his *official capacity*.  The Plaintiff in *Z Street* did not assert a claim under *Bivens*.  *Z Street* has no application here.

Furthermore, Plaintiff's suggestion that the Individual Management Defendants' Motion to Dismiss is frivolous is astonishing.  The Individual Management Defendants' motion, which is pending before this Court, relies on binding D.C. Circuit precedent and decisions from courts in

7

nearly every circuit that mandate the dismissal of Plaintiff's *Bivens* claim.  *See* Mem. in Supp. of Individual Management Defs.'s Mot. to Dismiss, ECF No. 63.

Seemingly recognizing that it cannot show that it is likely to succeed on the merits, Plaintiff contends that such a showing is not required to obtain a preliminary injunction in the discovery context.  Pl.'s Mem. at 25.  In support, Plaintiff cites two cases from other jurisdictions where courts *denied* motions for preservation orders.  *See Treppel v. Biovail Corp.*, 233 F.R.D. 363 (S.D.N.Y. 2006) (court refused to issue a document preservation order because there was no evidence that the defendant lost evidence); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2013 U.S. Dist. LEXIS 15943, *6 (W.D. Mo. Feb. 6, 2013) (denying motion for an evidence preservation order where plaintiff sought to preclude defendant from making changes to the operations at a slaughter plant and sought an order allowing plaintiff's counsel to enter the plant to videotape the operations).  Contrary to helping Plaintiff, these cases support a denial of Plaintiff's Motion because there is no evidence that the Individual Management Defendants destroyed any evidence.

Indeed, a recent case from this Court forecloses the relief that Plaintiff seeks here.  In *United States v. Sum of $70,990,605*, the Court denied the plaintiff's motion for a preliminary injunction, which had sought to direct the "United States to 'gather, segregate, and preserve' evidence" among other relief.  No. 12-cv-1905-RWR, 2013 WL 6157977, at *1 (D.D.C. Nov. 25, 2013).  In so ruling, the Court explicitly analyzed whether or not the plaintiff was likely to succeed on the merits of the claim.  *See id.* at *6-9.  The Court also explained that "a preliminary injunction is an inappropriate tool for addressing the claimants' concerns about protecting witnesses and preserving evidence."  *Id.* at *9.

Plaintiff cannot escape its burden of showing a substantial likelihood of success on the merits of its claim, and it has failed to meet such burden here.

### 3. Plaintiff Has Not Shown that the Balance of Equities Weighs in Its Favor

The balance of equities overwhelmingly favors denying Plaintiff's Motion. Plaintiff seeks an order compelling Individual Management Defendants, who are entitled to qualified immunity, to engage in expedited discovery and to submit to forensic analysis of their *personal* computers.

Discovery is completely inappropriate at this stage of the proceedings. Qualified immunity is a threshold issue that must be resolved before discovery begins. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Anderson v. United States Attorneys Office*, No. 91-cv-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (holding that (1) "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"; and (2) a stay on discovery is warranted in particular when issues of immunity are involved). Plaintiff has cited no authority nor any evidence that would merit eviscerating this established rule.

The only case that Plaintiff relies on in support of its quest for a preservation order and expedited discovery has no application here. Plaintiff cites *Citizens for Responsibility & Ethics v. Exec. Office of the President*, No. 07-cv-1707-HHK/JMF, 2007 U.S. Dist. LEXIS 97574, at *2-3 (D.D.C. Oct. 19, 2007), in which this Court issued a document preservation order, because the proponent of the order alleged that the White House deleted millions of emails it should have retained. Here, Plaintiff has not pointed to any evidence that any of the Individual Management

Defendants have destroyed or lost any documents; thus, any order against them is unsupported and unjustified.

Moreover, Plaintiff seeks an order requiring the Individual Management Defendants to allow Plaintiff's forensics expert to enter their homes and clone their personal computers.  The cases that Plaintiff cites plainly show that this drastic and extraordinary form of relief is wholly unjustified here.  In each case that Plaintiff cites, the party that was compelled to submit to a forensic examination had deleted or lost documents that were once stored on a computer.  *See, e.g.*, *Orrell v. Motorcarparts of Am., Inc.*, No. 3:06-cv-418-R, 2007 U.S. Dist. LEXIS 89524, at *1 (W.D.N.C. Dec. 5, 2007) (ordering plaintiff to submit to forensic examination of computer where plaintiff used a program titled Evidence Eliminator to delete information from her laptop computer).  There is no allegation – and certainly no evidence – that the Individual Management Defendants even had any information on their *personal* computers that would be relevant to this case, much less that they lost or deleted such information.  Plaintiff makes the unsupported statement that Ms. Lerner used her home computer for IRS communications and cites a press article to insinuate that she sent messages from a "Blackberry."  Pl.'s Mem. at 10.  But there is no evidence to suggest that Ms. Lerner used her home computer for any communications that would be relevant to Plaintiff's claim or that her Blackberry was a personal device, rather than one issued by the IRS.  Thus, forensic analysis of the Individual Management Defendant's personal computers, including Ms. Lerner's home computer, is not warranted in this case – where discovery has not even begun, and where Plaintiff has no evidence that the Individual Management Defendants lost or destroyed evidence.

### 4. Plaintiff Has Failed to Show that an Injunction is in the Public Interest

Plaintiff has not alleged that any of the Individual Management Defendants lost or destroyed any documents whatsoever. Yet, Plaintiff seeks to subject each Individual Management Defendant to expedited discovery and an invasive and unwarranted forensic examination of their personal computers.

Plaintiff's Motion is a plea for this Court to set aside Supreme Court precedent governing the timing of discovery in cases where defendants have qualified immunity. The grounds on which Plaintiff seeks this extraordinary relief boil down to allegations that the IRS lost one person's email, during a limited time period, before this lawsuit was filed and allegations that the IRS recycled a hard drive. The public interest does not favor subjecting individuals to extraordinary discovery obligations as a result of allegations that another party, whom the individuals do not control, lost documents before this lawsuit was filed.

## IV. CONCLUSION

For the foregoing reasons, the Individual Management Defendants respectfully request that the Court deny Plaintiff's Motion.

Dated: July 7, 2014                                   Respectfully Submitted,

/s/ Brigida Benitez
Brigida Benitez (DC 446144)
Erica Gerson (DC 494670)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
bbenitez@steptoe.com
egerson@steptoe.com
*Counsel for Defendants David Fish, Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman,*

11

*Cindy Thomas and William Wilkins in their individual capacities*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July, 2014, a copy of the foregoing Individual Management Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery was electronically filed via the Court's CM/ECF system and electronically served upon registered parties via the Court's electronic notification system.

/s/ Brigida Benitez
Brigida Benitez
STEPTOE & JOHNSON LLP