IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-00734-RBW |
| INTERNAL REVENUE SERVICE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff has called to this Court's attention the recent opinion in *NorCal Tea Party Patriots v. Internal Revenue Service*, No. 13-0341 (S.D. Ohio July 17, 2014).

First, it directs this Court's attention to that portion of the *NorCal* opinion in which the Ohio Court relied upon the recent decision by another Court in this District in *Z Street, Inc. v. Koskinen*, No. 12-cv-0401 (KJB), 2014 U.S. Dist. LEXIS 71638 (D.D.C. May 27, 2014). As we indicated in our response to plaintiff's notice of supplemental authority regarding the *Z Street* opinion itself, we respectfully disagree with that Court's expansion of what it perceived to be relevant authority in this Circuit. (Doc. 81). We continue to disagree with the *Z Street* opinion, and we respectfully disagree with the Ohio Court's reliance on *Z Street* for the reasons we have already expressed in our response to True The Vote's first Notice of Supplemental Authority.

After calling this Court's attention to the *NorCal* decision in its new notice of recent authority, plaintiff then proceeds to dispute that portion of the Ohio Court's reliance on *Z Street* that is lethal to its own position in this case, *i.e.*, whatever maybe said of either of those opinions

it is manifestly clear that *they apply only to applicants for tax exempt status with pending applications*. In *NorCal,* the court was very clear that its decision to permit pursuit of the constitutional claims was limited to the two plaintiffs with pending applications it mentioned by name in its opinion (Slip. Op. 15) and that the other eight defendants it mentioned by name in its footnote 11 could not proceed with that cause of action. It is undisputed in this case that True The Vote, Inc.'s application for tax exempt status has been granted. For that reason, neither *Z Street* nor *NorCal* has any bearing upon True The Vote's constitutional claims.

Plaintiff also points to the *NorCal* decision's treatment of a section 7431 claim for unauthorized inspection and disclosure of tax return information. (Slip. Op. 20-23.) Plaintiff implies that the *NorCal* decision should persuade this Court that the section 7431 claims in this case should survive dismissal. The *NorCal* decision denied the motion to dismiss based on the allegations of the plaintiffs in that case; the Ohio Court concluded that discovery and summary judgment motions were the more appropriate course and that plaintiffs faced a "difficult burden." But, respectfully, the *NorCal* decision did not address two of the United States' primary legal arguments: first, that the *NorCal* plaintiffs' allegations were limited to inspections that occurred as a part of the Service's processing and review of applications for tax exempt status; and, second, that the *NorCal* plaintiffs only challenged inspection of materials that the plaintiffs themselves submitted to the Service *for review*.

The United States' arguments in this case are based squarely on the allegations of the plaintiff, and therefore, review under Fed. R. Civ. P. 12(b) is sufficient to dismiss the section 7431 claim. As a matter of law, section 7431's narrow waiver of sovereign immunity prohibits a claim, which, as in this case, is based on inspection of return information *that the taxpayer requested*. *See* 26 U.S.C. § 7431(b)(2). Section 7431 also only allows claims for violations of

section 6103.  Section 6103(h)(1) authorizes inspection by Department of Treasury employees for "tax administration purposes," which includes the processing of tax exempt applications. Plaintiff in this case has not pleaded sufficient factual allegations to bring a claim that falls within the limits of section 7431, and the *NorCal* decision does not change either plaintiff's claims or the scope of section 7431.  Accordingly, plaintiff is incorrect to assert in its Notice that its section 7431 claims are sufficient to survive dismissal.

DATED: July 23, 2014

        Respectfully submitted,

        TAMARA W. ASHFORD
        Assistant Attorney General, Tax Division

        s/ *Grover Hartt, III*
        GROVER HARTT, III (TX 09174500)
        Senior Litigation Counsel
        CHRISTOPHER R. EGAN (TX 24036516)
        Trial Attorney
        U.S. Department of Justice, Tax Division
        717 N. Harwood Street, Suite 400
        Dallas, Texas  75201
        (214) 880-9733; (214) 880-9741 (FAX)
        Grover.Hartt@usdoj.gov

        JOSEPH A. SERGI (DC 480837)
        Senior Litigation Counsel
        U.S. Department of Justice, Tax Division
        555 4th Street, N.W., JCB 7207
        Washington, D.C.  20001
        (202) 305-0868; (202) 307-2504 (FAX)
        Joseph.A.Sergi@usdoj.gov

        JENNIFER D. AUCHTERLONIE (WA 29481)
        LAURA C. BECKERMAN (CA 278490)
        CHRISTOPHER D. BELEN (VA 78281)
        LAURA M. CONNER (VA 40388)
        JEREMY N. HENDON (OR 982490)
        PHILIP M. SCHREIBER (DC 502714)
        Trial Attorneys
        U.S. Department of Justice, Tax Division
        555 4th Street, N.W.
        Washington, D.C.  20001
        (202) 514-2000

Of Counsel:
RONALD C. MACHEN, JR. (DC 447889)
United States Attorney

        ATTORNEYS FOR THE UNITED STATES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINCHPINS OF LIBERTY, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:13-cv-00777-RBW |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2014, I caused the Federal Defendants' Response to Plaintiff's Notice of Supplemental Authority in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ *Grover Hartt, III*
GROVER HARTT, III