## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRUE THE VOTE, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Civ. No. 13-cv-00734-RBW |
| | ) | |
| v. | ) | Judge Reggie B. Walton |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## INDIVIDUAL DEFENDANTS' JOINT RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

The Individual Defendants respectfully submit this joint response to Plaintiff's Notice of
Supplemental Authority regarding *Zherka v. Ryan*, No. 13-cv-3940-TPG, 2014 U.S. Dist. LEXIS
140564 (S.D.N.Y. Sept. 30, 2014), Dkt. No. 99 ("Plaintiff's Notice"). *Zherka* has no bearing on
the Individual Defendants' Motions to Dismiss, now pending before the Court. Dkt. Nos. 63, 64.
The court in *Zherka* expressly distinguished the conduct alleged in that case – an aggressive
investigation with a threat of criminal prosecution – from the sort of allegations made here.

The plaintiff in *Zherka* alleged that two IRS agents sent more than 75 subpoenas to the
plaintiff's business associates to "punish him for his political activities." *Zherka*, slip op. at 11-
12. He also alleged that the IRS agents "questioned his business associates about his political
beliefs, and threatened them with criminal prosecution to induce their cooperation in the
investigation." *Id*. at 12. The court conceded that, absent those "troubling" allegations of "a
retaliatory investigation involving potential criminal sanctions," the Second Circuit's decision in
*Hudson Valley Black Press v. IRS*, 409 F.3d 106 (2d Cir. 2005), would prevent the court from
extending *Bivens* to that context. *See Zherka*, slip op. at 12. In *Hudson Valley*, the Second

Circuit held that courts may not extend *Bivens* to allegations of a retaliatory tax audit, holding that the Internal Revenue Code was a "complex and comprehensive administrative scheme" that counseled hesitation and thus precluded *Bivens*' expansion.  409 F.3d at 113.  In *Zherka*, the district court concluded that it could extend *Bivens* to the case before it only because, "[u]nlike in *Hudson Valley Press*, [the] plaintiff is not alleging a mere retaliatory tax audit, but a retaliatory investigation involving *potential criminal sanctions*."  *Zherka*, slip op. at 12 (emphasis added).

Even assuming *Zherka*'s analysis is correct, by its own terms it does not apply here. Unlike in *Zherka*, in this case there are no allegations that the Individual Defendants threatened criminal prosecutions, sent subpoenas, made threats, or had any contact with any of True the Vote's business associates.  Instead, this case involves a claim that True the Vote's application for tax-exempt status was subjected to excessive scrutiny – conduct that does not even approach the retaliatory tax audit found insufficient in *Hudson Valley*.  At least one district court has thus refused to extend *Bivens* to this context.  *NorCal Tea Party Patriots v. IRS*, No. 1:13-cv-341-SJD, 2014 LEXIS 97229 (S.D. Ohio July 17, 2014); *see* Dkt. No. 93 (Notice of Supplemental Authority).  As that court explained, alleged retaliatory delay of tax-exempt status "is most factually analogous to the claims in . . . *Hudson Valley Black Press*."  *Norcal*, slip op. at 15.  The *NorCal* court thus "agree[d] with the [Second Circuit] that it would be inappropriate to recognize a *Bivens* cause of action to remedy these alleged wrongs."  *Id.*; *see also* Dkt. No. 64 at 21-22.

Although the complaint in *Zherka* also alleged that Lois Lerner subjected its tax-exemption application to a high level of scrutiny, the court did not consider whether to extend *Bivens* to that factual and legal context.  *Zherka*, slip op. at 2, 4-6.  Instead, *Zherka* dismissed the claims against Ms. Lerner for insufficiency of service of process.  *Id.* at 4-6.  True the Vote asserts – without support or citation – that *Zherka* "strongly suggests plaintiff's claims against

defendant Lerner would also have proceeded under *Bivens* had service been properly effected."

Plaintiff's Notice at 2 n.1.  But True the Vote identifies no language from *Zherka* suggesting the

court would have extended *Bivens* to the claims against Ms. Lerner.  In fact, the opinion is

devoid of any such suggestion.  And *Zherka*'s heavy reliance on the criminal nature of the

retaliatory investigation, as well as its description of *Hudson Valley*, suggests that the court

would *not* have extended *Bivens* to the claims against Ms. Lerner.

Finally, this Court's decision is best guided not by *Zherka*, but by nearly unanimous

circuit precedent holding that the Internal Revenue Code is a complex and comprehensive

statutory scheme that precludes *Bivens*' expansion.  *See Kim v. United States*, 632 F.3d 713, 717

(D.C. Cir. 2011) (affirming dismissal of *Bivens* claim against IRS officials because of the Inter-

nal Revenue Code's "comprehensive remedial scheme"); Dkt. No. 63 at 11; Dkt. No. 64 at 33.


Dated: October 13, 2014

/s/ Brigida Benitez

Brigida Benitez (D.C. Bar No. 446144)
Erica Gerson (D.C. Bar No. 494670)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000 (phone)
bbenitez@steptoe.com
egerson@steptoe.com

*Counsel for Steven Grodnitzky, Lois Lerner,*
*Steven Miller, Holly Paz, Michael Seto,*
*Douglas Shulman, Cindy Thomas, William*
*Wilkins, and David Fish in their individual*
*capacities*

Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken (D.C. Bar No. 440547)
Justin V. Shur (D.C. Bar No. 973855)
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (phone)
jlamken@mololamken.com
jshur@mololamken.com

*Counsel for Ronald Bell, Susan Maloney, Janine L.*
*Estes, and Faye Ng in their individual capacities*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October, 2014, I electronically filed Individual Defendants' Joint Response to Plaintiff's Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Brigida Benitez
Brigida Benitez