# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:13−cv−00734−RBW

TRUE THE VOTE, INC. v. INTERNAL REVENUE SERVICE
et al
Assigned to: Judge Reggie B. Walton
Demand: $85,000
 Case: 1:13−cv−00777−RBW
Cause: 26:7428 IRS: Declaratory Judgment

Date Filed: 05/21/2013
Date Terminated: 10/23/2014
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**TRUE THE VOTE, INC.**

represented by **Cleta Deatherage Mitchell**
FOLEY &LARDNER
3000 K Street, NW
6th Floor
Washington, DC 20007−5143
(202) 295−4081
Fax: (202) 672−5399
Email: cmitchell@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C. Eastman**
CENTER FOR CONSTITUTIONAL
JURISPRUDENCE
C/O Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855−3330 x2
Fax: (714) 844−4817
Email: jeastman@chapman.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kaylan L. Phillips**
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203−5599
Fax: (888) 815−5641
Email: kphillips@actrightlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noel H. Johnson**
ACTRIGHT LEGAL FOUNDATION

209 West Main Street
Plainfield, IN 46168
(317) 203−5599
Fax: (888) 815−5641
Email: njohnson@actrightlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mathew D. Gutierrez**
FOLEY &LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard
Ste. 1900
Miami, FL 33131
(305) 482−8417
Fax: (305) 482−8600
Email: mgutierrez@foley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Lockerby**
FOLEY &LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007
(202) 945−6079
Email: mlockerby@foley.com
*ATTORNEY TO BE NOTICED*

**William E. Davis**
FOLEY &LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard
Ste. 1900
Miami, FL 33131
(305) 482−8404
Fax: (305) 482−8600
Email: wdavis@foley.com
*PRO HAC VICE*

**Zachary S. Kester**
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203−5599
Fax: (888) 815−5641
Email: zkester@actrightlegal.org
*TERMINATED: 12/17/2013*
*PRO HAC VICE*

V.

**Defendant**

**INTERNAL REVENUE SERVICE**  represented by  **Grover Hartt , III**
U.S. DEPARTMENT OF JUSTICE
Tax Division
717 North Harwood Street
Suite 400
Dallas, TX 75201
(214) 880−9733
Email: grover.hartt@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Sergi**
U.S. DEPARTMENT OF JUSTICE
Tax Division
555 4th Street, NW
Washington, DC 20001
(202) 305−0868
Fax: 202−331−2032
Email: joseph.a.sergi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher David Belen**
U.S. DEPARTMENT OF JUSTICE
Tax Division
555 4th Street, NW
Washington, DC 20001
(202) 307−2089
Email: christopher.d.belen@usdoj.gov
*TERMINATED: 10/17/2014*

**Christopher Randy Egan**
U.S. DEPARTMENT OF JUSTICE
Tax Division
717 North Harwood Street
Suite 400
Dalls, TX 75201
(214) 880−9721
Email: christopher.r.egan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**  represented by  **Grover Hartt , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Sergi**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher David Belen**
(See above for address)
*TERMINATED: 10/17/2014*

**Christopher Randy Egan**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**STEVEN T. MILLER**
*In his official and Indivicual capacity as former Deputy Commissioner, Services &Enforcement, and Acting Commissioner, Internal Revenue Service*

represented by **Brigida Benitez**
STEPTOE &JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429−6261
Email: bbenitez@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
STEPTOE &JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429−6748
Email: egerson@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. Sergi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**DOUGLAS H. SHULMAN**
*In his individual capacity*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**LOIS LERNER**
*In her official and individual capacity as Director, Exempt Organizations Division, IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Erica Lynne Gerson
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSAN MALONEY**
*In her official and individual capacity as*
*an Exempt Organizations Specialist, IRS*

represented by **Jeffrey A. Lamken**
MOLOLAMKEN, LLP
600 New Hampshire Avenue, NW
Suite 660
Washington, DC 20037
(202) 556−2010
Fax: (202) 556−2001
Email: jlamken@mololamken.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin V Shur**
MOLOLAMKEN LLP
600 New Hampshire, Avenue, NW
Washington, DC 20037
(202) 556−2005
Email: jshur@mololamken.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**RONALD BELL**
*In his official and individual capacity as*
*an Exempt Organizations Specialist, IRS*

represented by **Jeffrey A. Lamken**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin V Shur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JANINE L. ESTES**
*In her official and individual capacity as*
*an Exempt Organizations Specialist, IRS*

represented by **Jeffrey A. Lamken**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin V Shur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**FAYE NG**
*In her official and individual capacity as*
*an Exempt Organizations Sepcialist, IRS*

represented by **Jeffrey A. Lamken**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Justin V Shur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNKNOWN NAMED EMLPLOYEES
OF INTERNAL REVENUE SERVICE**
*In their official and individual capacities*

**Defendant**

**DANIEL WERFEL**
*In his official capacity as Acting
Commissioner of the Internal Revenue
Service*

**Defendant**

**WILLIAM WILKINS**
*In his official and indivdual capacity as
Chief Counsel, Internal Revenue Service*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HOLLY PAZ**
*In her official and individual capacity as
Acting Manager, Exempt Organizations
Technical Unit, Acting Director, Office of
Rulings &Agreements, And Director,
Office of Rulings &Agreements, IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CINDY M. THOMAS**
*In her official and individual capacity as
Program Manager, Exempt
Organizations Determinations Unit of the
IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**STEVEN GRODNITZKY**
*In his official and individual capacity as*
*Manager, Exempt Organizations*
*Technical Unit, IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID FISH**
*In his official and individual capacity as*
*Acting Director, Office of Rulings*
*&Agreements, IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL SETO**
*In his official and individual capacity as*
*Acting Manager, Technical Unit, IRS*

represented by **Brigida Benitez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica Lynne Gerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/21/2013 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090−3332389) filed by TRUE THE VOTE, INC.. (Attachments: # 1 Exhibit A: Timeline, # 2 Exhibit B: Form 1023 &Attach, # 3 Exhibit C: Request for Information 1, # 4 Exhibit D: Request for Information 2, # 5 Exhibit E: Request for Information 3, # 6 Exhibit F: TIGTA Report, # 7 Civil Cover Sheet, # 8 Summons Douglas H. Shulman, # 9 Summons Internal Revenue Service, # 10 Summons Janine L Estes, # 11 Summons Lois Lerner, # 12 Summons Steven T. Miller, # 13 Summons Susan Maloney, # 14 Summons USA, # 15 Summons Unknown Named Employees of the IRS, # 16 Summons US Attorney)(Mitchell, Cleta) (Entered: 05/21/2013) |
| 05/21/2013 | 2 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− John C. Eastman, :Firm− Claremont Institute's Center for Constitutional Jurisprudence, :Address− c/o Chapman University School of Law, One University Drive, Orange, CA 92866. Phone No. − 877−855−3330 X2. by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 05/21/2013) |

| | | | |
|---|---|---|---|
| 05/21/2013 | 3 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kaylan L. Phillips, :Firm− ActRight Legal Foundation, :Address− 209 W. Main Street, Plainfield, IN 46168. Phone No. − 317−203−5599. by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 05/21/2013) |
| 05/21/2013 | 4 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Noel H. Johnson, :Firm− ActRight Legal Foundation, :Address− 209 W. Main Street, Plainfield, IN 46168. Phone No. − 317−203−5599. by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 05/21/2013) |
| 05/21/2013 | 5 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Zachary S. Kester, :Firm− ActRight Legal Foundation, :Address− 209 W. Main Street, Plainfield, IN 46168. Phone No. − 317−203−5599. by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 05/21/2013) |
| 05/21/2013 | | | Case Assigned to Judge Reggie B. Walton. (sth) (Entered: 05/21/2013) |
| 05/21/2013 | | | SUMMONS Not Issued as to RONALD BELL, FAYE NG, UNKNOWN NAMED EMLPOYEES OF INTERNAL REVENUE SERVICE (sth) (Entered: 05/21/2013) |
| 05/21/2013 | 6 | | ELECTRONIC SUMMONS (8) Issued as to JANINE L. ESTES, INTERNAL REVENUE SERVICE, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, DOUGLAS H. SHULMAN, UNITED STATES OF AMERICA, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons)(sth) Modified on 5/23/2013 o add seal to 6−4 (rdj). (Entered: 05/21/2013) |
| 05/21/2013 | 7 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 05/21/2013) |
| 05/22/2013 | | | MINUTE ORDER granting 2 Motion for Leave to Appear Pro Hac Vice; granting 3 Motion for Leave to Appear Pro Hac Vice; granting 4 Motion for Leave to Appear Pro Hac Vice; granting 5 Motion for Leave to Appear Pro Hac Vice. Upon consideration of the motions for leave to appear pro hac vice by John C. Eastman, Kaylan L. Phillips, Noel H. Johnson, and Zachary S. Kester, and finding good cause to grant the motions, the motions are hereby GRANTED. John C. Eastman, Kaylan L. Phillips, Noel H. Johnson, and Zachary S. Kester may appear and be heard in the above−captioned matter. Signed by Judge Reggie B. Walton on 5/22/2013. (lcrbw2) (Entered: 05/22/2013) |
| 05/22/2013 | 8 | | NOTICE *Summons In A Civil Action for Faye Ng* by TRUE THE VOTE, INC. re 1 Complaint,, (Mitchell, Cleta) (Entered: 05/22/2013) |
| 05/23/2013 | 9 | | REQUEST FOR SUMMONS TO ISSUE *Ronald Bell* by TRUE THE VOTE, INC. re 1 Complaint,, filed by TRUE THE VOTE, INC.. Related document: 1 Complaint,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 05/23/2013) |
| 05/23/2013 | 10 | | Electronic Summons (1) Issued as to FAYE NG., ELECTRONIC SUMMONS (1) REISSUED as to RONALD BELL (Attachments: # 1 summons)(td, ) (Entered: 05/23/2013) |

| 06/20/2013 | 11 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/28/2013., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 5/22/2013. ( Answer due for ALL FEDERAL DEFENDANTS by 7/21/2013.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RONALD BELL served on 6/5/2013, answer due 6/26/2013; JANINE L. ESTES served on 5/29/2013, answer due 6/19/2013; INTERNAL REVENUE SERVICE served on 5/28/2013, answer due 6/18/2013; LOIS LERNER served on 5/24/2013, answer due 6/14/2013; SUSAN MALONEY served on 5/23/2013, answer due 6/13/2013; STEVEN T. MILLER served on 5/22/2013, answer due 6/12/2013; FAYE NG served on 5/29/2013, answer due 6/19/2013; DOUGLAS H. SHULMAN served on 5/23/2013, answer due 6/13/2013; UNITED STATES OF AMERICA served on 5/28/2013, answer due 6/18/2013, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RONALD BELL served on 6/5/2013, answer due 6/26/2013; JANINE L. ESTES served on 5/29/2013, answer due 6/19/2013; INTERNAL REVENUE SERVICE served on 5/28/2013, answer due 6/18/2013; LOIS LERNER served on 5/24/2013, answer due 6/14/2013; SUSAN MALONEY served on 5/23/2013, answer due 6/13/2013; STEVEN T. MILLER served on 5/22/2013, answer due 6/12/2013; FAYE NG served on 5/29/2013, answer due 6/19/2013; DOUGLAS H. SHULMAN served on 5/23/2013, answer due 6/13/2013; UNITED STATES OF AMERICA served on 5/28/2013, answer due 6/18/2013 (Phillips, Kaylan) (Entered: 06/20/2013) |
| 07/16/2013 | 12 | | MOTION for Extension of Time to File Answer re 1 Complaint,, *Motion and Memorandum of Law for Extension of Time to Respond to Complaint* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A − Belen Declaration, # 2 Exhibit B − Kane Declaration, # 3 Text of Proposed Order)(Hartt, Grover) (Entered: 07/16/2013) |
| 07/17/2013 | 13 | | NOTICE of Appearance by Joseph A. Sergi on behalf of INTERNAL REVENUE SERVICE, STEVEN T. MILLER, UNITED STATES OF AMERICA (Sergi, Joseph) (Entered: 07/17/2013) |
| 07/22/2013 | 14 | | First AMENDED COMPLAINT against RONALD BELL, JANINE L. ESTES, INTERNAL REVENUE SERVICE, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, DOUGLAS H. SHULMAN, UNITED STATES OF AMERICA, UNKNOWN NAMED EMLPOYEES OF INTERNAL REVENUE SERVICE, DANIEL WERFEL, WILLIAM WILKINS, HOLLY PAZ, CINDY M. THOMAS, STEVEN GRODNITZKY, DAVID FISH, MICHAEL SETO filed by TRUE THE VOTE, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Certificate of Service, # 10 Summons FISH, # 11 Summons GRODNITZKY, # 12 Summons PAZ, # 13 Summons SETO, # 14 Summons THOMAS, # 15 Summons WILKINS)(Mitchell, Cleta) Modified text to add first on 7/23/2013 (td, ). (Entered: 07/22/2013) |
| 07/23/2013 | 15 | | REQUEST FOR SUMMONS TO ISSUE *Ronald Bell, In His Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed |

| | | | |
|---|---|---|---|
| | | | by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 16 | | REQUEST FOR SUMMONS TO ISSUE *JANINE L. ESTES, In Her Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 17 | | REQUEST FOR SUMMONS TO ISSUE *LOIS LERNER, In Her Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 18 | | REQUEST FOR SUMMONS TO ISSUE *SUSAN MALONEY, In Her Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 19 | | REQUEST FOR SUMMONS TO ISSUE *STEVEN T. MILLER, In His Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 20 | | REQUEST FOR SUMMONS TO ISSUE *FAYE NG, In Her Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 21 | | REQUEST FOR SUMMONS TO ISSUE *DOUGLAS H. SHULMAN, In His Official Capacity* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | 22 | | REQUEST FOR SUMMONS TO ISSUE *UNKNOWN NAMED EMPLOYEES OF THE INTERNAL REVENUE SERVICE, In Their Official Capacities* by TRUE THE VOTE, INC. re 14 Amended Complaint,,, filed by TRUE THE VOTE, INC.. Related document: 14 Amended Complaint,,, filed by TRUE THE VOTE, INC..(Mitchell, Cleta) (Entered: 07/23/2013) |
| 07/23/2013 | | | MINUTE ORDER terminating 12 Motion for Extension of Time to Answer. In light of the fact that the plaintiff has filed an amended complaint, it is ORDERED that the motion for extension of time to answer or otherwise respond to the plaintiff's original complaint is TERMINATED AS MOOT. Signed by Judge Reggie B. Walton on 7/23/2013. (lcrbw2) (Entered: 07/23/2013) |
| 07/24/2013 | | | NOTICE OF ERROR re 22 Request for Summons to Issue; emailed to cmitchell@foley.com, cc'd 12 associated attorneys –– The PDF file you docketed contained errors: 1. Can not issue summonses to unknown parties. (td, ) (Entered: 07/24/2013) |
| 07/24/2013 | 23 | | Electronic Summons (7) Issued, in official capacities, as to RONALD BELL, JANINE L. ESTES, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, DOUGLAS H. SHULMAN. (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Summons, #_2_ Summons, #_3_ Summons, #_4_ Summons, #_5_ Summons, #_6_ Summons)(td, ) Modified text on 7/24/2013 (td, ). (Entered: 07/24/2013) |
| 07/24/2013 | 24 | | Electronic Summons (6) Issued as to DAVID FISH, STEVEN GRODNITZKY, HOLLY PAZ, MICHAEL SETO, CINDY M. THOMAS, WILLIAM WILKINS. (Attachments: #_1_ Summons, #_2_ Summons, #_3_ Summons, #_4_ Summons, #_5_ Summons)(td, ) (Entered: 07/24/2013) |
| 08/02/2013 | 25 | | MOTION for Extension of Time to File Answer re _14_ Amended Complaint,,, *Renewed Motion and Memorandum of Law for Extension of Time to Respond to First Amended Complaint* by UNITED STATES OF AMERICA (Attachments: #_1_ Exhibit A − Second Declaration of Christopher D. Belen, #_2_ Exhibit B − Declaration of Thomas J. Kane, #_3_ Text of Proposed Order)(Hartt, Grover) (Entered: 08/02/2013) |
| 08/05/2013 | 26 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Michael J. Lockerby, :Firm− Foley &Lardner LLP, :Address− 3000 K Street, N.W., Suite 600, Washington, DC 20007. Phone No. − 202−045−6079. Fax No. − 202−672−5399 by TRUE THE VOTE, INC. (Attachments: #_1_ Affidavit (Affidavit of Michael J. Lockerby), #_2_ Certificate of Service)(Mitchell, Cleta) (Entered: 08/05/2013) |
| 08/13/2013 | 27 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant David Fish in His Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 28 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant Steven Grodnitzky in His Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 29 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant Holly Paz in Her Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 30 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant Michael C. Seto in His Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 31 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant Cindy M. Thomas in Her Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 32 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant William Wilkins in His Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/13/2013 | 33 | | REQUEST FOR SUMMONS TO ISSUE *for Defendant Daniel Werfel in His Official Capacity* by TRUE THE VOTE, INC. filed by TRUE THE VOTE, INC..(Phillips, Kaylan) (Entered: 08/13/2013) |
| 08/14/2013 | 34 | | Electronic Summons Issued as to CINDY M. THOMAS, in her official capacity. (td, ) (Entered: 08/14/2013) |
| 08/14/2013 | 35 | | Electronic Summons Issued as to DAVID FISH, in his official capacity. (td, ) (Entered: 08/14/2013) |

| 08/14/2013 | 36 | | Electronic Summons Issued as to STEVEN GRODNITZKY, in his official capacity. (td, ) (Entered: 08/14/2013) |
|---|---|---|---|
| 08/14/2013 | 37 | | Electronic Summons Issued as to HOLLY PAZ, in her official capacity. (td, ) (Entered: 08/14/2013) |
| 08/14/2013 | 38 | | Electronic Summons Issued as to MICHAEL SETO, in his official capacity. (td, ) (Entered: 08/14/2013) |
| 08/14/2013 | 39 | | Electronic Summons Issued as to WILLIAM WILKINS, in his official capacity. (td, ) (Entered: 08/14/2013) |
| 08/14/2013 | 40 | | Electronic Summons Issued as to DANIEL WERFEL, in his official capacity. (td, ) (Entered: 08/14/2013) |
| 08/15/2013 | 41 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID FISH served on 7/25/2013; STEVEN GRODNITZKY served on 7/29/2013; HOLLY PAZ served on 7/29/2013; MICHAEL SETO served on 7/25/2013; DANIEL WERFEL served on 8/14/2013, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID FISH served on 7/25/2013; STEVEN GRODNITZKY served on 7/29/2013; HOLLY PAZ served on 7/29/2013; MICHAEL SETO served on 7/25/2013; DANIEL WERFEL served on 8/14/2013 (Phillips, Kaylan) (Entered: 08/15/2013) |
| 08/16/2013 | 42 | | RESPONSE re 25 MOTION for Extension of Time to File Answer re 14 Amended Complaint,,, *Renewed Motion and Memorandum of Law for Extension of Time to Respond to First Amended Complaint* filed by TRUE THE VOTE, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mitchell, Cleta) (Entered: 08/16/2013) |
| 08/27/2013 | 43 | | NOTICE *Suggestion of Incapacity of David Fish* by UNITED STATES OF AMERICA (Hartt, Grover) (Entered: 08/27/2013) |
| 08/28/2013 | 44 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Matthew D. Gutierrez, :Firm− Foley &Lardner LLP, :Address− One Biscayne Tower, 2 South Biscayne Boulevard, Ste. 1900, Miami, FL 33131. Phone No. − 305−482−8417. Fax No. − 305−482−8600 by TRUE THE VOTE, INC. (Attachments: # 1 Declaration, # 2 Certificate of Service)(Mitchell, Cleta) (Entered: 08/28/2013) |
| 08/28/2013 | 45 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− William E. Davis, :Firm− Foley &Lardner LLP, :Address− One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1900, Miami, FL 33131. Phone No. − 305−482−8404. Fax No. − 305−482−8600 by TRUE THE VOTE, INC. (Attachments: # 1 Declaration, # 2 Certificate of Service)(Mitchell, Cleta) (Entered: 08/28/2013) |
| 08/29/2013 | | | MINUTE ORDER granting 25 Motion for Extension of Time to Answer. For good cause shown, it is ORDERED that the motion for an extension of time is GRANTED nunc pro tunc to August 5, 2013. The defendants shall answer or otherwise respond to the plaintiff's amended complaint on or before September 20, 2013. Signed by Judge Reggie B. Walton on 8/29/2013. (lcrbw2) (Entered: 08/29/2013) |
| 08/29/2013 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER denying 26 Motion for Leave to Appear Pro Hac Vice. It appearing to the Court from the motion that attorney Michael J. Lockerby is "[a]n attorney who engages in the practice of law from an office located in the District of Columbia" and is thus ineligible for admission pro hac vice under this Court's Local Rules, see Local Civ. R. 83.2(c)(2), it is ORDERED that the motion is DENIED. Signed by Judge Reggie B. Walton on 8/29/2013. (lcrbw2) (Entered: 08/29/2013) |
| 08/29/2013 | | | MINUTE ORDER granting 44 Motion for Leave to Appear Pro Hac Vice; granting 45 Motion for Leave to Appear Pro Hac Vice. For good cause shown, it is ORDERED that the motions are GRANTED. Attorneys Mathew D. Gutierrez and William E. Davis may appear and be heard in the above captioned action. Signed by Judge Reggie B. Walton on 8/29/2013. (lcrbw2) (Entered: 08/29/2013) |
| 08/30/2013 | | | Set/Reset Deadline: The defendants shall answer or otherwise respond to the plaintiff's amended complaint on or before 9/20/2013. (ad) (Entered: 08/30/2013) |
| 09/05/2013 | | | MINUTE ORDER. In light of the representations made to the Court in the United States' Suggestion of Incapacity of David Fish (see ECF no. 43 ), it is ORDERED that the parties shall appear before the Court for a status hearing concerning the matters addressed in the Suggestion of Incapacity at a date and time to be determined by the Clerk. Signed by Judge Reggie B. Walton on 9/5/2013. (lcrbw2) (Entered: 09/05/2013) |
| 09/10/2013 | | | Set/Reset Hearings: Status Conference set for 9/26/2013 10:15 AM in Courtroom 16 before Judge Reggie B. Walton. (mpt, ) (Entered: 09/10/2013) |
| 09/10/2013 | 46 | | NOTICE of Appearance by Jeffrey A. Lamken on behalf of RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG (Lamken, Jeffrey) (Entered: 09/10/2013) |
| 09/10/2013 | 47 | | NOTICE of Appearance by Justin V Shur on behalf of RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG (Shur, Justin) (Entered: 09/10/2013) |
| 09/10/2013 | 48 | | MOTION for Extension of Time to *Respond to Plaintiff's First Amended Complaint* by RONALD BELL, JANINE L. ESTES, STEVEN GRODNITZKY, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS (Shur, Justin) (Entered: 09/10/2013) |
| 09/11/2013 | 49 | | NOTICE of Appearance by Brigida Benitez on behalf of STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS (Benitez, Brigida) (Entered: 09/11/2013) |
| 09/18/2013 | 50 | | ENTERED IN ERROR. . . . .RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CINDY M. THOMAS served on 8/19/2013, answer due 9/9/2013; WILLIAM WILKINS served on 8/10/2013, answer due 8/31/2013 (Phillips, Kaylan) Modified on 9/19/2013 (td, ). (Entered: 09/18/2013) |

| | | | |
|---|---|---|---|
| 09/18/2013 | 51 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 08/27/2013. (Phillips, Kaylan) (Entered: 09/18/2013) |
| 09/18/2013 | 52 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/12/2013. Answer due for ALL FEDERAL DEFENDANTS by 11/11/2013. (Phillips, Kaylan) (Entered: 09/18/2013) |
| 09/18/2013 | 53 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to CINDY M. THOMAS served on 8/19/2013; WILLIAM WILKINS served on 8/10/2013. (td, ) (Entered: 09/19/2013) |
| 09/19/2013 | | | NOTICE OF CORRECTED DOCKET ENTRY: 50 was entered in error and refiled as docket entry no. 53 .(td, ) (Entered: 09/19/2013) |
| 09/20/2013 | 54 | | MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Hartt, Grover) (Entered: 09/20/2013) |
| 09/23/2013 | 55 | | ENTERED IN ERROR. . . . .RESPONSE re 48 MOTION for Extension of Time to *Respond to Plaintiff's First Amended Complaint* filed by TRUE THE VOTE, INC.. (Johnson, Noel) Modified on 9/24/2013 (td, ). (Entered: 09/23/2013) |
| 09/24/2013 | | | NOTICE OF ERROR re 55 Response to motion; emailed to njohnson@actrightlegal.org, cc'd 29 associated attorneys — The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. Please refile document, 3. The filing attorney and the signing attorney should be the same. (td, ) (Entered: 09/24/2013) |
| 09/24/2013 | 56 | | RESPONSE re 48 MOTION for Extension of Time to *Respond to Plaintiff's First Amended Complaint* filed by TRUE THE VOTE, INC.. (Mitchell, Cleta) (Entered: 09/24/2013) |
| 09/25/2013 | | | MINUTE ORDER granting 48 Motion for Extension of Time. Upon consideration of the Motion and Memorandum of Law for an Extension of Time for the Individual Defendants to Respond to Plaintiff's First Amended Complaint, and for good cause shown, it is ORDERED that the motion is GRANTED. The individual defendants shall answer or otherwise respond to the first amended complaint on or before October 18, 2013. Signed by Judge Reggie B. Walton on 9/25/2013. (lcrbw2) (Entered: 09/25/2013) |
| 09/25/2013 | 57 | | NOTICE of Appearance by Christopher David Belen on behalf of INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA (Attachments: # 1 LCvR 83.2(j) Attorney Certification)(Belen, Christopher) (Entered: 09/25/2013) |
| 09/26/2013 | 58 | | ORDER. For the reasons stated in the attached Order, it is herebyORDERED that the matters of Mr. Fish's legal representation and the appointment of a guardian ad litem for Mr. Fish are HELD IN ABEYANCE until further order of the Court. Signed by Judge Reggie B. Walton on 9/26/2013. (lcrbw2) (Entered: 09/26/2013) |
| 09/26/2013 | 59 | | |

| | | | |
|---|---|---|---|
| | | | SUPPLEMENT to 54 MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* by INTERNAL REVENUE SERVICE (Hartt, Grover) Modified title on 9/30/2014 (tg, ). (Entered: 09/26/2013) |
| 09/26/2013 | | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference held on 9/26/2013. (Court Reporter Cathryn Jones.) (mpt, ) (Entered: 09/27/2013) |
| 09/27/2013 | 60 | | Notice to Clarify*TRUE THE VOTE'S CLARIFICATION OF ITS RESPONSE TO THE INDIVIDUAL IRS DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OCTOBER 18, 2013* by TRUE THE VOTE, INC. (Mitchell, Cleta) Modified to read "Notice" per chambers on 9/30/2013 (td, ). (Entered: 09/27/2013) |
| 09/30/2013 | 61 | | Joint MOTION for Briefing Schedule *on Motions to Dismiss* by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 09/30/2013) |
| 10/02/2013 | 62 | | Consent MOTION for Extension of Time to File Response/Reply as to 54 MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* by TRUE THE VOTE, INC. (Mitchell, Cleta) (Entered: 10/02/2013) |
| 10/03/2013 | | | MINUTE ORDER granting 61 Motion for Briefing Schedule; granting 62 Motion for Extension of Time to File Response/Reply. For good cause shown, and in light of the parties' consent, the motions are GRANTED. The plaintiff's response(s) to motion(s) to dismiss filed by any/all defendant(s) shall be filed on or before November 15, 2013, and the defendants' reply briefs to the plaintiff's response(s) to motion(s) to dismiss shall be filed on or before December 17, 2013. Signed by Judge Reggie B. Walton on 10/3/2013. (lcrbw2) (Entered: 10/03/2013) |
| 10/04/2013 | | | Set/Reset Deadlines: Response due by 11/15/2013; Reply due by 12/17/2013. (mpt) (Entered: 10/04/2013) |
| 10/18/2013 | 63 | | MOTION to Dismiss *of Individual Management Defendants* by STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS (Attachments: # 1 Text of Proposed Order)(Benitez, Brigida) (Entered: 10/18/2013) |
| 10/18/2013 | 64 | | MOTION to Dismiss *of Cincinnati Defendants* by RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG (Attachments: # 1 Text of Proposed Order Proposed Order)(Lamken, Jeffrey) (Entered: 10/18/2013) |
| 11/15/2013 | 65 | | Memorandum in opposition to re 59 Supplemental MOTION to Amend/Correct 54 MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* , 54 MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* filed by TRUE THE VOTE, INC.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order Denying Motion to Dismiss)(Mitchell, Cleta) (Entered: 11/15/2013) |
| 11/15/2013 | 66 | | MOTION for Leave to File *Consolidated Oversized Memorandum in* |

| | | | |
|---|---|---|---|
| | | | *Opposition to Individual Defendants' Motions to Dismiss* by TRUE THE VOTE, INC. (Attachments: # 1 Text of Proposed Order Granting Motion to File Consolidated Oversized Memo)(Mitchell, Cleta) (Additional attachment(s) added on 11/18/2013: # 2 Exhibit Opposition) (td, ). (Entered: 11/15/2013) |
| 11/15/2013 | 67 | | ENTERED IN ERROR. . . . .Memorandum in opposition to re 64 MOTION to Dismiss *of Cincinnati Defendants*, 63 MOTION to Dismiss *of Individual Management Defendants* filed by TRUE THE VOTE, INC.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Mitchell, Cleta) Modified on 11/18/2013 (td, ). (Entered: 11/15/2013) |
| 11/16/2013 | 68 | | MOTION to Stay *Agency Action* by TRUE THE VOTE, INC. (Attachments: # 1 Text of Proposed Order)(Mitchell, Cleta) (Entered: 11/16/2013) |
| 11/18/2013 | | | NOTICE OF ERROR re 65 Memorandum in Opposition; emailed to cmitchell@foley.com, cc'd 31 associated attorneys −− The PDF file you docketed contained errors: 1. Leave to file not yet requested and/or granted, 2. This document will be Entered In Error and added as an exhibit to the Motion for Leave. (ztd, ) (Entered: 11/18/2013) |
| 11/20/2013 | 69 | | Memorandum in opposition to re 66 MOTION for Leave to File *Consolidated Oversized Memorandum in Opposition to Individual Defendants' Motions to Dismiss by Individual Management Defendants* filed by STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS. (Attachments: # 1 Text of Proposed Order)(Benitez, Brigida) (Entered: 11/20/2013) |
| 11/22/2013 | 70 | | REPLY to opposition to motion re 66 MOTION for Leave to File *Consolidated Oversized Memorandum in Opposition to Individual Defendants' Motions to Dismiss* filed by TRUE THE VOTE, INC.. (Mitchell, Cleta) (Entered: 11/22/2013) |
| 11/26/2013 | 71 | | RESPONSE re 66 MOTION for Leave to File *Consolidated Oversized Memorandum in Opposition to Individual Defendants' Motions to Dismiss* filed by RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG. (Lamken, Jeffrey) (Entered: 11/26/2013) |
| 11/26/2013 | | | MINUTE ORDER granting 66 Motion for Leave to File. Upon consideration of the plaintiff's Motion to File Oversized Memorandum in Consolidated Response to Individual Defendants' Motions to Dismiss, and the opposition thereto, and for good cause shown, it is ORDERED that the motion is GRANTED nunc pro tunc to November 15, 2013. The plaintiff's opposition to the individual defendants' motions to dismiss is deemed timely filed. The plaintiff is admonished that future requests to file oversized memoranda of law should be submitted to the Court prior to the date on which any such memoranda are due in accordance with this Court's local rules. See Local Civ. R. 7(e) ("A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the court."). Signed by Judge Reggie B. Walton on 11/26/2013. (lcrbw2) (Entered: 11/26/2013) |
| 11/26/2013 | 72 | | Memorandum in opposition to re 64 MOTION to Dismiss *of Cincinnati Defendants*, 63 MOTION to Dismiss *of Individual Management Defendants*, |

| | | | |
|---|---|---|---|
| | | | <u>54</u> MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities* filed by TRUE THE VOTE, INC.. (Filed Nunc Pro Tunc to 11/15/2013, pursuant to Minute Order filed on 11/26/2013 (jf, ) (Entered: 11/27/2013) |
| 12/03/2013 | <u>73</u> | | RESPONSE re <u>68</u> MOTION to Stay *Agency Action Opposition to Plaintiff's Motion to Stay Agency Action* filed by UNITED STATES OF AMERICA. (Attachments: # <u>1</u> Exhibit 1)(Hartt, Grover) (Entered: 12/03/2013) |
| 12/09/2013 | <u>74</u> | | REPLY to opposition to motion re <u>68</u> MOTION to Stay *Agency Action* filed by TRUE THE VOTE, INC.. (Mitchell, Cleta) (Entered: 12/09/2013) |
| 12/17/2013 | <u>75</u> | | NOTICE OF WITHDRAWAL OF APPEARANCE as to TRUE THE VOTE, INC.. Attorney Zachary S. Kester terminated. (Kester, Zachary) (Entered: 12/17/2013) |
| 12/17/2013 | <u>76</u> | | REPLY to opposition to motion re <u>63</u> MOTION to Dismiss *of Individual Management Defendants* filed by STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS. (Benitez, Brigida) (Entered: 12/17/2013) |
| 12/17/2013 | <u>77</u> | | REPLY to opposition to motion re <u>64</u> MOTION to Dismiss *of Cincinnati Defendants* filed by RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG. (Lamken, Jeffrey) (Entered: 12/17/2013) |
| 12/17/2013 | <u>78</u> | | REPLY to opposition to motion re <u>54</u> MOTION to Dismiss *Motion to Dismiss Counts I, II, IV and V and Statement of Points and Authorities Reply in Support of Motion to Dismiss Counts I, II, IV and V* filed by UNITED STATES OF AMERICA. (Hartt, Grover) (Entered: 12/17/2013) |
| 01/23/2014 | <u>79</u> | | NOTICE of Appearance by Erica Lynne Gerson on behalf of STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS (Gerson, Erica) (Entered: 01/23/2014) |
| 06/02/2014 | <u>80</u> | | NOTICE OF SUPPLEMENTAL AUTHORITY by TRUE THE VOTE, INC. (Attachments: # <u>1</u> Exhibit 1)(Johnson, Noel) (Entered: 06/02/2014) |
| 06/05/2014 | <u>81</u> | | REPLY re <u>80</u> NOTICE OF SUPPLEMENTAL AUTHORITY *Federal Defendants' Response to Plaintiff's Notice of Supplemental Authority* filed by UNITED STATES OF AMERICA. (Hartt, Grover) (Entered: 06/05/2014) |
| 06/18/2014 | <u>82</u> | | NOTICE of Appearance by Michael J. Lockerby on behalf of All Plaintiffs (Attachments: # <u>1</u> Certificate of Service)(Lockerby, Michael) (Entered: 06/18/2014) |
| 06/30/2014 | <u>83</u> | | MOTION for Discovery *(Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)* by TRUE THE VOTE, INC. (Attachments: # <u>1</u> Text of Proposed Order Granting Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information, # <u>2</u> Memorandum in Support Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information, # <u>3</u> Exhibit A, |

| | | | |
|---|---|---|---|
| | | | #_4_ Exhibit B, #_5_ Exhibit C, #_6_ Exhibit D, #_7_ Exhibit E, #_8_ Exhibit F, #_9_ Exhibit G, #_10_ Exhibit H, #_11_ Exhibit I, #_12_ Exhibit J, #_13_ Exhibit L, #_14_ Exhibit M, #_15_ Exhibit N, #_16_ Exhibit O)(Lockerby, Michael). Added MOTION for Preliminary Injunction on 7/1/2014 (td, ). (Entered: 06/30/2014) |
| 07/01/2014 | | | NOTICE OF ERROR re _83_ Motion for Discovery; emailed to mlockerby@foley.com, cc'd 36 associated attorneys −− The PDF file you docketed contained errors: 1. Do not refile. Remember to select all reliefs that pertain to your document when filing. (td, ) (Entered: 07/01/2014) |
| 07/01/2014 | | | MINUTE ORDER. The Court having received the Plaintiff's Motion for Preliminary Injunction and Expedited Discovery (ECF No._83_ ), and to ensure the prompt resolution thereof, it is hereby ORDERED that the defendants shall file their opposition to the plaintiff's motion on or before Monday, July 7, 2014, and it is further ORDERED that the parties shall appear before the Court for a hearing on the merits of the plaintiff's motion at 11:00 a.m. on Friday, July 11, 2014. Signed by Judge Reggie B. Walton on 7/1/2014. (lcrbw2) (Entered: 07/01/2014) |
| 07/01/2014 | | | Set/Reset Hearings: Motion Hearing set for 7/11/2014 11:00 AM in Courtroom 16 before Judge Reggie B. Walton. (mpt, ) (Entered: 07/01/2014) |
| 07/01/2014 | 84 | | NOTICE *of Filing Exhibit K to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserveand Restore, Evidence and Discoverable Information* by TRUE THE VOTE, INC. re _83_ MOTION for Discovery *(Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)* MOTION for Preliminary Injunction (Attachments: #_1_ Exhibit K to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)(Lockerby, Michael) (Entered: 07/01/2014) |
| 07/03/2014 | 85 | | NOTICE of Appearance by Erica Lynne Gerson on behalf of DAVID FISH (Gerson, Erica) (Entered: 07/03/2014) |
| 07/03/2014 | 86 | | NOTICE of Appearance by Brigida Benitez on behalf of DAVID FISH (Benitez, Brigida) (Entered: 07/03/2014) |
| 07/07/2014 | 87 | | Memorandum in opposition to re _83_ MOTION for Discovery *(Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)* MOTION for Preliminary Injunction filed by DAVID FISH, STEVEN GRODNITZKY, LOIS LERNER, STEVEN T. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS. (Attachments: #_1_ Exhibit 1)(Benitez, Brigida) (Entered: 07/07/2014) |
| 07/07/2014 | 88 | | RESPONSE re _83_ MOTION for Discovery *(Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)* MOTION for Preliminary Injunction *United States' Response Opposing True the Vote's Motion for Premiliary Injunction and Expedited Discovery* filed by UNITED STATES OF AMERICA. (Attachments: #_1_ |

| | | | |
|---|---|---|---|
| | | | Exhibit Gov Ex A, #2 Exhibit Gov Ex B, #3 Exhibit Gov Ex C, #4 Exhibit Gov Ex D)(Sergi, Joseph) (Entered: 07/07/2014) |
| 07/07/2014 | 89 | | Memorandum in opposition to re 83 MOTION for Discovery *(Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information)* MOTION for Preliminary Injunction filed by RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, FAYE NG. (Attachments: #1 Text of Proposed Order)(Lamken, Jeffrey) (Entered: 07/07/2014) |
| 07/08/2014 | 90 | | NOTICE of Appearance by Christopher Randy Egan on behalf of INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA (Attachments: #1 Cert of Familiarity)(Egan, Christopher) (Entered: 07/08/2014) |
| 07/11/2014 | | | Minute Entry for proceedings held before Judge Reggie B. Walton: Motion Hearing held on 7/11/2014 re 83 MOTION for Discovery/Preliminary Injunction filed by TRUE THE VOTE, INC., HEARD and TAKEN UNDER ADVISEMENT. (Order forthcoming). (Court Reporter Cathryn Jones) (ad) (Entered: 07/11/2014) |
| 07/11/2014 | 91 | | ORDER. In accordance with the rulings orally issued by the Court during the July 11, 2014 hearing, and to inform the Court's consideration of current and/or future discovery matters pertaining to the emails and computer hard drive at issue, it is hereby ORDERED that, on or before July 18, 2014, defendant the Internal Revenue Service shall submit to the Court an affidavit or declaration signed under oath by an appropriate individual with firsthand knowledge that: 1. outlines the expertise and qualifications of the individual or individuals currently conducting the forensic examination as part of the Inspector General's investigation; 2. outlines the expertise and qualifications of the individual or individuals who previously conducted forensic examinations or otherwise attempted to recover information from the computer hard drive at issue; 3. provides a projected date of completion of the Inspector General's investigation; 4. states whether the serial number, if any, assigned to the computer hard drive at issue is known; and 5. if the serial number is known, why the computer hard drive cannot be identified and preserved. See the attachced order for additional details. Signed by Judge Reggie B. Walton on 7/11/2014. (lcrbw2) (Entered: 07/11/2014) |
| 07/11/2014 | | | Set/Reset Deadline: On or before 7/18/2014, defendant the Internal Revenue Service shall submit to the Court an affidavit or declaration. (ad) (Entered: 07/11/2014) |
| 07/18/2014 | 92 | | NOTICE *of Filing the Declaration of Timothy P. Camus, Stephen L. Manning, and Todd Egaas* by RONALD BELL, JANINE L. ESTES, DAVID FISH, STEVEN GRODNITZKY, INTERNAL REVENUE SERVICE, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, UNITED STATES OF AMERICA, UNKNOWN NAMED EMLPLOYEES OF INTERNAL REVENUE SERVICE, DANIEL WERFEL, WILLIAM WILKINS re 91 Order,,,,, (Attachments: #1 Exhibit Ex. A Declaration of Timothy Camus, #2 Exhibit Ex. B Declaration of Stephen L. Manning, #3 Exhibit Ex. C Declaration of Todd O. Egaas)(Sergi, |

| | | | |
|---|---|---|---|
| | | | Joseph) (Entered: 07/18/2014) |
| 07/21/2014 | 93 | | NOTICE OF SUPPLEMENTAL AUTHORITY by RONALD BELL, JANINE L. ESTES, DAVID FISH, STEVEN GRODNITZKY, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS (Lamken, Jeffrey) (Entered: 07/21/2014) |
| 07/22/2014 | 94 | | NOTICE OF SUPPLEMENTAL AUTHORITY by TRUE THE VOTE, INC. (Johnson, Noel) (Entered: 07/22/2014) |
| 07/23/2014 | 95 | | RESPONSE re 94 NOTICE OF SUPPLEMENTAL AUTHORITY *Federal Defendants' Response to Plaintiffs' Notice of Supplemental Authority* filed by UNITED STATES OF AMERICA. (Hartt, Grover) (Entered: 07/23/2014) |
| 08/07/2014 | 96 | | ORDER denying 83 Motion for Discovery; denying 83 Motion for Preliminary Injunction. Per the attached Order and for the reasons stated in the Memorandum Opinion entered this same date, it is hereby ORDERED that the Plaintiff's Motion for Preliminary Injunction and Expedited Discovery to Prevent Further Spoliation of, and to Preserve and Restore, Evidence and Discoverable Information is DENIED. Signed by Judge Reggie B. Walton on 8/7/2014. (lcrbw2) (Entered: 08/07/2014) |
| 08/07/2014 | 97 | | MEMORANDUM OPINION. Signed by Judge Reggie B. Walton on 8/7/2014. (lcrbw2) (Entered: 08/07/2014) |
| 09/02/2014 | 98 | | TRANSCRIPT OF PROCEEDINGS before Judge Reggie B. Walton held on July 11, 2014; Page Numbers: 1 − 88. Court Reporter/Transcriber Cathryn Jones, Telephone number 202 354−3246, Court Reporter Email Address : jcathryn55@yahoo.com.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<P></P> Redaction Request due 9/23/2014. Redacted Transcript Deadline set for 10/3/2014. Release of Transcript Restriction set for 12/1/2014.(Jones, Cathryn) (Entered: 09/02/2014) |
| 10/08/2014 | 99 | | NOTICE OF SUPPLEMENTAL AUTHORITY by TRUE THE VOTE, INC. (Johnson, Noel) (Entered: 10/08/2014) |
| 10/13/2014 | 100 | | RESPONSE re 99 NOTICE OF SUPPLEMENTAL AUTHORITY filed by RONALD BELL, JANINE L. ESTES, DAVID FISH, STEVEN GRODNITZKY, LOIS LERNER, SUSAN MALONEY, STEVEN T. MILLER, FAYE NG, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM WILKINS. (Gerson, Erica) (Entered: 10/13/2014) |
| 10/17/2014 | 101 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF WITHDRAWAL OF APPEARANCE as to INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA. Attorney Christopher David Belen terminated. (Belen, Christopher) (Entered: 10/17/2014) |
| 10/23/2014 | 102 | 48 | ORDER granting 54 Motion to Dismiss; granting 63 Motion to Dismiss; granting 64 Motion to Dismiss; denying 68 Motion to Stay. Per the attached Order, and for the reasons stated in the Court's Memorandum Opinion issued this same date, it is hereby ORDERED that the Defendants' Motion to Dismiss Counts I, II, IV[,] and V is GRANTED. It is further ORDERED that the Individual Management Defendants' Motion to Dismiss is GRANTED. It is further ORDERED that the Motion to Dismiss of Cincinnati Defendants Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng is GRANTED. It is further ORDERED that the Plaintiff's Motion to Stay Agency Action is DENIED AS MOOT. It is further ORDERED that the plaintiff's request for an oral hearing is DENIED AS MOOT. It is further ORDERED that this case is CLOSED. Signed by Judge Reggie B. Walton on October 23, 2014. (lcrbw2) (Entered: 10/23/2014) |
| 10/23/2014 | 103 | 25 | MEMORANDUM OPINION. Signed by Judge Reggie B. Walton on October 23, 2014. (lcrbw2) (Entered: 10/23/2014) |
| 12/18/2014 | 104 | 22 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 103 Memorandum &Opinion, 102 Order on Motion to Dismiss,,, Order on Motion to Stay,,,,,,,,,,, by TRUE THE VOTE, INC.. Filing fee $ 505, receipt number 0090−3940769. Fee Status: Fee Paid. Parties have been notified. (Johnson, Noel) (Entered: 12/18/2014) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.,** | |
| *Plaintiff*, | |
| *v.* | Civ. No. 13-cv-00734-RBW |
| **INTERNAL REVENUE SERVICE**, *et al.*, | |
| *Defendants*. | |

### PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given this 18th day of December 2014, that the Plaintiff, True the Vote, Inc., appeals to the United States Court of Appeals for the District of Columbia from the Order of this Court entered on October 23, 2014 (Docket No. 102), and the Memorandum Opinion entered on October 23, 2014 (Docket No. 103).

Dated: December 18, 2014

Respectfully submitted,

___/s/___Noel H. Johnson_____
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)*
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@actrightlegal.org
njohnson@actrightlegal.org
*Counsel for Plaintiff*

Michael J. Lockerby (D.C. 502987)
Cleta Mitchell (D.C. 433386)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com
*Lead Counsel for Plaintiff*

1

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)*
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Counsel for Plaintiff*

John C. Eastman (Cal. 193726)*
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Plaintiff*

*\*Pro Hac Vice Motions granted*

2

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, I caused the foregoing to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system, which will serve all registered users.

Dated: December 18, 2014             /s/ Noel H. Johnson

Noel H. Johnson
njohnson@actrightlegal.org
*Counsel for Plaintiff*

)
TRUE THE VOTE, INC.,                           )
                                               )
      Plaintiff,                        )
                                               )
      v.                               )     Civil Action No. 13-734 (RBW)
                                               )
INTERNAL REVENUE SERVICE, et al.,              )
                                               )
      Defendants.                       )
                                               )

### MEMORANDUM OPINION

The plaintiff, True the Vote, Inc., filed this civil action against the Internal Revenue

Service ("IRS"), the United States of America, and several IRS officials in both their official and

individual capacities,[1] alleging violations of the First Amendment, the Internal Revenue Code,

26 U.S.C. § 6103 (2012), the Administrative Procedure Act, 5 U.S.C. § 706 (2012), and seeking

declaratory and injunctive relief, as well as monetary damages.  See First Amended Complaint

("Am. Compl.") ¶¶ 13, 139-214.  Currently before the Court are the Defendants' Motion to

Dismiss Counts I, II, IV[,] and V ("Defs.' Mot.") of the Complaint; the Individual Management

Defendants' Motion to Dismiss [Count III of the Complaint] ("Mgmt. Mot."); the Motion to

Dismiss [Count III of the Complaint] of Cincinnati Defendants Susan Maloney, Ronald Bell,

Janine L. Estes, and Faye Ng ("Cincinnati Mot."); and the Plaintiff's Motion to Stay Agency

---

[1]  The individual defendants are: David Fish, Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas, William Wilkins, Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng.  For purposes of resolving the several motions to dismiss, these individual defendants fall into two categories: the Individual Management defendants (Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas, and William Wilkins) and the Cincinnati defendants (Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng).

Action ("Pl.'s Mot.").[2]  For the following reasons, the Court concludes that it must grant all of the defendants' motions to dismiss and deny the plaintiff's motion to stay agency action.[3]

## I. BACKGROUND

The plaintiff asserts that it "is a not-for-profit Texas corporation organized and operated exclusively or primarily for a charitable purpose."  Am. Compl. ¶ 2.  On July 15, 2010, the plaintiff filed an application with the Internal Revenue Service ("IRS") for tax-exempt status pursuant to the Internal Revenue Code, 26 U.S.C. §§ 501(c)(3), 509(a)(1), 170(b)(1)(a)(vi).  Id. ¶¶ 3-4; see also id. ¶ 53.  After "receiv[ing] no further contact from the IRS [d]efendants during [the] calendar year 2010," id. ¶ 54, the plaintiff asked Texas Senator John Cornyn to "inquire[] of the IRS as to the status of [the plaintiff]'s application for tax-exempt status," id. ¶ 55.  On February 5, 2011, the plaintiff received a "letter sent from the Cincinnati, Ohio IRS office" requesting "additional information from [the plaintiff] to complete the IRS'[s] consideration of [the plaintiff]'s [a]pplication."  Id. ¶ 56.

---

[2]  In addition to the submissions already identified, the Court considered the following filings submitted by the parties in rendering its decision: (1) True the Vote's Opposition to the Government's Motion to Dismiss Counts I, II, IV, and V ("Opp'n to Defs.' Mot."); (2) the Reply in Support of Motion to Dismiss Counts I, II, IV[,] and V ("Defs.' Reply"); (3) the Supplement to [the] Motion to Dismiss Counts I, II, IV[,] and V ("Defs.' Supplement"); (4) the Plaintiff's Notice of Supplemental Authority [Regarding Counts I, II, IV, and V] ("Pl.'s Supp'l Authority I"); (5) the Federal Defendants' Response to [the] Plaintiff's Notice of Supplemental Authority [Regarding Counts I, II, IV, and V] ("Defs.' Resp. to Pl.'s Supp'l Authority I"); (6) the Memorandum in Support of [the] Individual Management Defendants' Motion to Dismiss ("Mgmt. Mem."); (7) the Memorandum of Points and Authorities in Support of the Cincinnati Defendants' Motion to Dismiss ("Cincinnati Mem."); (8) True the Vote's Opposition to [the] Individual Defendants' Motion to Dismiss ("Opp'n to Mgmt. and Cincinnati Mots."); (9) the Reply Brief in Support of Individual Management Defendants' Motion to Dismiss ("Mgmt. Reply"); (10) the Reply in Support of the Cincinnati Defendants' Motion to Dismiss ("Cincinnati Reply"); (11) the Individual Defendants' Joint Notice of Supplemental Authority ("Joint Supp'l Authority"); (12) the Plaintiff's Notice of Supplemental Authority [Regarding Count III] ("Pl.'s Supp'l Authority II"); (13) the Federal Defendants' Response to [the] Plaintiff['s] Notice of Supplemental Authority [Regarding Count III] ("Defs.' Resp. to Pl.'s Supp'l Authority II"); (14) the Opposition to [the] Plaintiff's Motion to Stay Agency Action ("Opp'n to Pl.'s Mot."); (15) the Plaintiff's Reply to [the] Federal Defendants' Opposition to Motion to Stay Agency Action ("Pl.'s Reply"); (16) the Plaintiff's Notice of Supplemental Authority ("Pl.'s Supp'l Authority III"); and (17) the Individual Defendants' Joint Response to [the] Plaintiff's Notice of Supplemental Authority ("Mgmt. and Cincinnati Resps. to Pl.'s Supp'l Authority III").

[3]  The Court's opinion should not be interpreted as an assessment of the propriety of the alleged conduct by the defendants, as resolution of the motions does not require an assessment of the merits of the plaintiff's claims.

On March 7 and March 8, 2011, that information was "furnished to the IRS." Id. ¶ 57. Then, on October 12, 2011, the plaintiff "contacted the IRS" to follow up on its application for tax-exempt status. Id. ¶ 60. The plaintiff was allegedly told that "the Washington, [DC] office had assumed primary approval responsibility" for the plaintiff's application. Id. ¶ 60. On November 8, 2011, the plaintiff "submitted to the IRS additional information" about itself, as well as "legal precedent . . . that provided the IRS [d]efendants the legal basis" for approving the plaintiff's application. Id. ¶ 61.

The following year, on February 8, 2012, the plaintiff received another letter "from the Cincinnati, Ohio IRS office" stating that "the IRS needed even more information" from the plaintiff to complete its consideration of the plaintiff's tax-exempt application. Id. ¶ 63. That additional information was provided to the IRS on March 20, 2012. Id. ¶ 64. After providing that information, the plaintiff received a third letter on October 9, 2012, from "the Cincinnati, Ohio IRS office," "request[ing] still more information." Id. ¶ 66. The plaintiff complied with that information request on November 30, 2012. Id. ¶ 67.

Based on its correspondence with the IRS, the plaintiff alleges that due to its "mission of promoting election integrity and its perceived association with 'Tea Party' organizations, the IRS [d]efendants systematically targeted [the plaintiff's] application for unwarranted delay and heightened review and scrutiny," thereby subjecting the plaintiff "to numerous unnecessary, burdensome, and unlawful requests for information about its operations, activities, leadership, volunteers, associations, and affiliations." Id. ¶ 5. As support for its position, the plaintiff cites a May 10, 2013 "meeting of the Exempt Organizations Committee of the Tax Section of the American Bar Association," where one of the individual defendants "admitted . . . that the IRS had selected applications for tax-exempt status for further review and scrutiny 'simply because

3

the applications' 'used names like Tea Party . . .'" <u>Id.</u> ¶ 77 (citing reference). During that

meeting, the plaintiff contends that the IRS admitted it "sent some letters out that were far too

broad, asking questions of these organizations that were[ not] really necessary . . . ." <u>Id.</u> ¶ 78

(internal quotations and citations omitted). As further support of the plaintiff's allegation

concerning the IRS's selective targeting, the plaintiff cites "a report entitled 'Inappropriate

Criteria Were Used to Identify Tax-Exempt Applications for Review' (the '[Report]')" that was

issued "[o]n or around May 14, 2013," by "the Treasury Inspector General for Tax

Administration." <u>Id.</u>¶ 80. The plaintiff summarizes the Treasury Inspector General for Tax

Administration's conclusion as follows:

> The IRS used inappropriate criteria that identified for review Tea Party and other
> organizations applying for tax-exempt status based upon their names or policy
> positions instead of indications of potential political campaign intervention.
> Ineffective management: 1) allowed inappropriate criteria to be developed and
> stay in place for more than [eighteen] months, 2) resulted in substantial delays in
> processing certain applications, and 3) allowed unnecessary information requests
> to be issued.

<u>Id.</u> ¶ 81 (quoting the Report); <u>see generally</u> <u>id.</u> ¶¶ 82-118 (describing certain IRS actions).

Thus, according to the plaintiff, the IRS defendants engaged in an "unlawful scheme"

whereby the plaintiff was "forced to repeatedly furnish the IRS with information, materials, and

documents that were not necessary to determine whether [the plaintiff] was entitled to tax-

exempt status." <u>Id.</u> ¶ 6. The plaintiff alleges that the "IRS [d]efendants knowingly developed,

implemented, and applied the IRS [t]argeting [s]cheme in violation of the United States

Constitution, the Internal Revenue Code governing tax-exempt organizations, procedures

historically followed by the IRS, and Treasury Regulations." <u>Id.</u> ¶ 124; <u>see also</u> <u>id.</u> ¶ 135. In

the eyes of the plaintiff, the "mistreatment and mishandling of [the plaintiff]'s application for

tax-exempt status and the refusal of the IRS [d]efendants to issue a determination letter

4

recognizing [the plaintiff]'s tax-exempt status . . . has caused the organization substantial damages and financial hardship," id. ¶ 134, and "has substantially and materially interfered with its ability to engage in free speech, free association, and activities in furtherance of its charitable purpose," id. ¶ 137.

The plaintiff filed this action on May 21, 2013, ECF No. 1, and amended its complaint on July 22, 2013, Am. Compl. at 48. Count one seeks declaratory relief that the plaintiff is entitled to enjoy tax-exempt status as a charitable organization described in 26 U.S.C. § 501(c)(3) (2012). See Am. Compl. ¶¶ 140-41. Count two also seeks a declaratory judgment that the "IRS [t]argeting [s]cheme" violated the plaintiff's First Amendment rights, and injunctive relief to prevent additional violations. See id. ¶¶ 150-52, 158. Count three seeks monetary damages against certain defendants in their individual capacities for their alleged participation in the "IRS [t]argeting [s]cheme." See id. ¶¶ 164-65. Count four claims violations of 26 U.S.C. § 6103, which relates to unauthorized disclosures and inspections of any tax return or tax return information. See id. And count five asserts violations of the Administrative Procedure Act for the alleged "IRS [t]argeting [s]cheme." Id. ¶¶ 189-206.

After the plaintiff instituted this action, "an internal IRS memorandum released by the IRS" found that "applications for tax-exempt status continued to be subjected to the . . . IRS [t]argeting [s]cheme until June 20, 2013, when it was allegedly suspended." Id. ¶ 136 (citing Daniel Werfel, Charting a Path Forward at the IRS: Initial Assessment and Plan of Action, Appendix ("App.") C (June 24, 2013), www.irs.gov/PUP/newsroom/Initial%20Assessment%20and%20Plan%20of%20Action.pdf ("IRS Action Plan")). Since the defendants filed their pending motions to dismiss, the IRS has "grant[ed] the [p]laintiff's application for tax-exempt

5

status . . . and was in the process of issuing a favorable determination letter."[4]  Defs.'

Supplement at 1.  The plaintiff opposes all pending motions to dismiss.

## II. STANDARDS OF REVIEW

### A.  Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) allows a party to move to dismiss "for lack of subject-matter jurisdiction."

Fed. R. Civ. P. 12(b)(1).  When a defendant moves to dismiss under Rule 12(b)(1), "the

plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has

subject[-]matter jurisdiction."  Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d

172, 176 (D.D.C. 2004); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A

court considering a Rule 12(b)(1) motion must "assume the truth of all material factual

allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the

benefit of all inferences that can be derived from the facts alleged.'"  Am. Nat'l Ins. Co. v. FDIC,

642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir.

2005)).  But a "court must give [a] plaintiff's factual allegations closer scrutiny when resolving a

Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a

claim."  Byrum v. Winter, 783 F. Supp. 2d 117, 122 (D.D.C. 2011) (citing Macharia v. United

States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).  And "[a]lthough 'the District Court may in

appropriate cases dispose of a motion to dismiss for lack of subject[-]matter jurisdiction under

Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may

consider the complaint supplemented by undisputed facts evidenced in the record, or the

---

[4]  The plaintiff has provided the Court with a "true and correct copy of the [d]etermination [l]etter[, which] is a self-authenticating document . . . ."  Opp'n to Defs.' Mot. at 1 n.1; see also id., Exhibit ("Ex.") A (September 26, 2013 Determination Letter Granting the Plaintiff's Application for Tax-Exempt Status ("Determination Letter")).  And in light of the parties' representations, the Court takes judicial notice that the plaintiff's application for tax-exempt status has been approved by the IRS.  Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"
Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting
Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992)).  Finally, in determining
whether it has jurisdiction, the Court "may consider materials outside of the pleadings."  Jerome
Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief
can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule
12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In considering a Rule 12(b)(6) motion, the
Court affords the plaintiff the "benefit of all inferences that can be derived from the facts
alleged."  Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotations
and citation omitted).  But raising a "sheer possibility that a defendant has acted unlawfully" fails
to satisfy the facial plausibility requirement.  Iqbal, 556 U.S. at 678.  Rather, a claim is facially
plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable
inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S.
at 556).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations"
in the complaint, conclusory allegations "are not entitled to the assumption of truth."  Id. at 679.
"In determining whether a complaint states a claim, the [C]ourt may consider the facts alleged in
the complaint, documents attached thereto or incorporated therein, and matters of which it may
take judicial notice."  Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007)
(internal quotations omitted).  And among the documents "subject to judicial notice on a motion

7

to dismiss" are "public records," <u>Kaempe v. Myers</u>, 367 F.3d 958, 965 (D.C. Cir. 2004), which includes records from other court proceedings, <u>Covad Commc'ns Co. v. Bell Atl. Corp.</u>, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

## III. ANALYSIS

### A. Counts One, Two, and Five of the Plaintiff's Complaint

The defendants contend that the Court does not have subject-matter jurisdiction over counts one, two, and five of the plaintiff's complaint because the IRS ultimately approved the plaintiff's application for tax-exempt status, and thus counts one, two, and five—all of which seek "to correct [the] alleged targeting [of the IRS] and delay during its application process" for tax-exempt status—are now moot as there is no longer any case or controversy for the Court to resolve. Defs.' Reply at 1; <u>see also</u> Defs.' Mot. at 2-4. The plaintiff, on the other hand, insists that there are "ongoing, live controversies" because "[t]his case is about declaring the illegitimacy of the IRS [t]argeting [s]cheme in <u>all</u> its forms [and] enjoining its ongoing implementation." Opp'n to Defs.' Mot. at 9 (emphasis in original). And the plaintiff argues that without this "additional relief, the IRS can continue to employ its [t]argeting [s]cheme." <u>Id.</u>

As the outset, the Court notes that the plaintiff does <u>not</u> contest that count <u>one</u> of its complaint is moot. <u>See id.</u> ("Counts <u>[two] and [five]</u> present, actual ongoing, live controversies" (emphasis added)). Thus, the Court finds that the plaintiff has conceded the motion to dismiss count one for lack of subject-matter jurisdiction. <u>See</u> <u>Lewis v. District of Columbia</u>, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) (per curiam) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" (quoting <u>Hopkins v. Women's Div., Gen. Bd. of Global</u>

8

Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), aff'd, 98 F. App'x 8 (D.C. Cir. 2004))); Local Civ. R. 7(b).

Unless an actual, ongoing controversy exists in this case, this Court is without power to decide it.  See Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990).  Even where a case once posed "a live controversy when filed, the [mootness] doctrine requires" the Court "to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'"  Id. (quoting Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990)).  Here, after the plaintiff initiated this case, its application to the IRS for tax-exempt status was approved by the IRS.  See Opp'n to Defs.' Mot., Ex. A (Determination Letter) at 1.[5]  The allegedly unconstitutional governmental conduct, which delayed the processing of the plaintiff's tax-exempt application and brought about this litigation, is no longer impacting the plaintiff.  See NorCal Tea Party Patriots v. IRS, No.1:13-cv-341, 2014 WL 3547369, at *9 n.11 (S.D. Ohio July 17, 2014) ("The claim for declaratory and injunctive relief cannot be brought by other Plaintiff Groups who have either had their applications for tax-exempt status ruled upon or have withdrawn their applications.").  Counts two and five, therefore, are moot.

Notwithstanding the IRS's favorable resolution of the plaintiff's tax-exempt application, the plaintiff wants to forge ahead with these counts of its complaint.  The plaintiff attempts to salvage these counts by invoking the "voluntary cessation" exception to the mootness doctrine.[6] See Opp'n to Defs.' Mot. at 11-15.  As the District of Columbia Circuit has explained:

---

[5]  This critical fact renders Z St., Inc. v. Koskinen, _ F. Supp. 2d _, 12-cv-0401(KBJ), 2014 WL 2195492 (D.D.C. May 27, 2014), inapplicable to the Court's analysis.

[6]  By invoking an exception to the mootness doctrine, the plaintiff implicitly seems to concede that these claims are moot.

33

The rationale supporting the defendant's voluntary cessation as an exception to mootness is that, while the defendant's unilateral cessation of the challenged conduct may grant the plaintiff relief, the defendant is free to return to its old ways—thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review. Accordingly, a case can be mooted by virtue of the defendant's cessation of its allegedly illegal conduct only if (1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

Qassim v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (internal alterations, quotations, and citations omitted). "The defendant carries the burden of demonstrating 'that there is no reasonable expectation that the wrong will be repeated,' and 'the burden is a heavy one.'" Am. Bar Ass'n v. FTC, 636 F.3d 641, 648 (D.C. Cir. 2011) (internal alteration omitted) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)). But "'where the defendant is a government actor—and not a private litigant—there is less concern about the recurrence of objectionable behavior.'" D.C. Prof'l Taxicab Drivers Ass'n v. District of Columbia, 880 F. Supp. 2d 67, 75 (D.D.C. 2012) (quoting Citizens for Responsibility & Ethics in Wash. v. SEC, 858 F. Supp. 2d 51, 61 (D.D.C. 2012) (citing Circuit cases)).

The "voluntary cessation" exception does not rescue counts two and five of the plaintiff's complaint from dismissal on the ground of mootness. According to the plaintiff, the IRS publicly "suspended" its "targeting scheme" on June 20, 2013.[7] Am. Compl. ¶ 136 (emphasis added); see also Initiative & Referendum Inst. v. U.S. Postal Serv., 685 F.3d 1066, 1074 (D.C. Cir. 2012), cert. denied, _ U.S. _, 133 S. Ct. 1802 (2013) ("It is implausible that the [defendant] would have gone through the cumbersome process of amending its regulation . . . only to

---

[7] Although the complaint states that the IRS "allegedly suspended" the "targeting scheme," Am. Compl. ¶ 136, the Court takes judicial notice that the IRS has in fact suspended the alleged scheme and taken remedial steps to address the alleged conduct, see IRS Action Plan at 7, 14, App. C; IRS Charts a Path Forward [W]ith Immediate Actions, http://www.irs.gov/uac/Newsroom/IRS-Charts-a-Path-Forward-with-Immediate-Actions (last visited Oct. 23, 2014) ("IRS Path Forward"), as it has publicly stated so on its website, see, e.g., Seifert v. Winter, 555 F. Supp. 2d 3, 11 n.5 (D.D.C. 2008) (Walton, J.) (citing cases that allow the taking of judicial notice of information published on government websites).

[unconstitutionally] re-amend the regulation after this case is resolved"); Coal. of Airline Pilots Ass'ns v. FAA, 370 F.3d 1184, 1191 (D.C. Cir. 2004) (mooting case where government provided "unequivocal assurances" that application of challenged regulation was "effectively dead"); Citizens for Responsibility, 858 F. Supp. 2d at 62-63 (finding that a submission by the plaintiff reflecting defendant's abandonment of challenged policy was enough to provide the Court with "comfort that the [defendant] [wa]s taking seriously [the] [p]laintiff's concerns with the prior policy and [wa]s undertaking efforts to ensure" its "discontinu[ation]"); Mont. Shooting Sports Ass'ns v. Norton, 355 F. Supp. 2d 19, 21 n.1, 23 (D.D.C. 2004) (mooting case where government "rescinded" its challenged action), aff'd, No. 04-5434, 2005 WL 2810686 (D.C. Cir. June 14, 2005); Jean v. Dep't of Labor, No. 89-cv-0611-OG, 1990 WL 515163, at *4 (D.D.C. Jan. 9, 1990) (rendering case moot by defendants' actions and assurances of good faith as to future behavior). And subsequent to that suspension, the plaintiff's application for tax-exempt status was granted. Opp'n to Defs.' Mot., Ex. A (Determination Letter) (approving plaintiff's application on September 26, 2013). Now that the plaintiff has received tax-exempt status, which has "completely and irrevocably eradicated the effects of the alleged violation[s]" by the defendants, Qassim, 466 F.3d at 1075, there is no reasonable expectation that the defendants will "return to [their allegedly] old ways," i.e., utilizing an allegedly unlawful "targeting scheme" on certain organizations seeking tax-exempt status during the tax-exempt application process, and "subjecting the plaintiff to the same harm" again, id. Therefore, the defendants' grant of tax-exempt status to the plaintiff, and the defendants' suspension of the alleged IRS targeting scheme during the tax-exempt application process, including remedial steps to address the alleged conduct, coupled with the reduced "concern about the recurrence of objectionable behavior" by

11

government actors, <u>D.C. Prof'l Taxicab Drivers</u>, 880 F. Supp. 2d at 75, convinces the Court that the "voluntary cessation" exception is not applicable here.[8]

Endeavoring to prolong the life of counts two and five of the complaint, the plaintiff hypothetically suggests that the IRS could audit the plaintiff at a later point in time and "be singled out [again] for reasons unrelated to the provisions of the Internal Revenue Code." Opp'n to Defs.' Mot. at 13. But not only is this prospect of future harm speculative, see <u>Munsell v. Dep't of Agric.</u>, 509 F.3d 572, 581 (D.C. Cir. 2007) ("[E]ven if [the plaintiff] could establish that agency officials violated his First Amendment rights . . . [the plaintiff could not] demonstrate[] a real and immediate threat that [the plaintiff] would be subject to the same conduct in the future."); <u>Don't Tear it Down, Inc., v. Gen. Servs. Admin.</u>, 401 F. Supp. 1194 1199 (D.D.C. 1975) (mooting case where challenged governmental conduct "[s]o far as the Court [wa]s aware . . . ha[d] not been duplicated in any other instance," and "that it will be duplicated must be deemed speculative"), it is also a harm that is different than the one identified in the complaint, which is entirely focused on an alleged IRS "targeting scheme" during the plaintiff's tax-exempt application process,[9] <u>Qassim</u>, 466 F.3d at 1075 ("voluntary cessation . . . exception" applicable where plaintiff would be "subject[ed] . . . to the <u>same</u> harm" (emphasis added)). As such, counts two and five no longer warrant the Court's attention and further use of its resources.[10] <u>Newdow</u>

---

[8] The cases cited by the plaintiff invoking the "voluntary cessation" exception are thus inapposite.

[9] This rationale applies equally to the plaintiff's argument in its motion to stay agency action that the IRS may potentially disclose the plaintiff's confidential information at some point in the future pursuant to 26 U.S.C. § 6104. <u>See</u> Opp'n to Defs.' Mot. at 10-11.

[10] The plaintiff urges the Court to allow it to maintain these counts because "there are indications that the IRS [t]argeting [s]cheme has not ceased, that it has spread beyond the application process, and that it is likely to continue." Opp'n to Defs.' Mot. at 13. This plea is rejected for several reasons. First, this projected harm is contrary to what the plaintiff has alleged in its complaint, which is that the IRS targeting scheme is no longer ongoing. Am. Compl. ¶ 136 (alleging that IRS targeting scheme was "<u>suspended</u>" on June 20, 2013 (emphasis added)). Second, the Court will not allow the plaintiff to amend the already-amended complaint through an opposition brief and recast its claims concerning the IRS's alleged targeting scheme that stalled the approval of its

(continued . . .)

12

v. Roberts, 603 F.3d 1002, 1008 (D.C. Cir. 2010) (holding that while the constitutionality of certain governmental conduct "may be an important question to [the] plaintiffs, . . . it is not a live controversy that can avail itself of the judicial powers of the federal courts[, and the question] is therefore moot"). Accordingly, counts two and five are dismissed for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[11]

### B. Count Three of the Plaintiff's Complaint

The plaintiff seeks "money damages," also commonly known as a Bivens remedy,[12] against the individual IRS defendants in their individual capacities for their alleged constitutional

---

(. . . continued)
tax-exempt application, e.g., id. ¶ 73 (identifying IRS targeting scheme as limited to a "written and unwritten policy for identifying and subjecting certain applicants for tax-exempt status to additional and heightened review and scrutiny" (emphasis added)), as a broader challenge to a potentially unlawful ongoing scheme or policy at the IRS in carrying out its responsibilities other than reviewing tax-exempt applications. Indeed, "it is a well-established principle of law in this Circuit that [the plaintiff] may not amend [its] complaint by making new allegations in [the] opposition brief." Budik v. Ashley, _ F. Supp. 2d _, _, No. 12-cv-1949(RBW), 2014 WL 1423293, at *8 (D.D.C. Apr. 14, 2014) (Walton, J.) (citing Larson v. Northrop Corp., 21 F.3d 1164, 1173-74 (D.C. Cir. 1994)). And third, even assuming that the defendants continue to implement the IRS targeting scheme against other organizations like the plaintiff in its review of their applications for tax-exempt status—which is contradicted by the plaintiff's complaint, Am. Compl. ¶ 136—the plaintiff filed its complaint on the basis of alleged harm to itself during its application process for tax-exempt status and not on the behalf of others that may have been similarly situated to the plaintiff, i.e., other organizations subjected to the same alleged conduct during their application processes for tax-exempt status, see Qassim, 466 F.3d at 1076 (explaining that constitutional challenge to a government policy can proceed if seeking "relief for individuals similarly situated").

[11] The plaintiff's reliance on City of Hous. v. Dep't of Hous. & Urban Dev., 24 F.3d 1421, 1428 (D.C. Cir. 1994), is misplaced; and in fact, the Court's conclusion is consistent with the case. The District of Columbia Circuit enumerated three possible outcomes when a plaintiff's claim for declaratory relief regarding agency action taken against the plaintiff pursuant to an unlawful policy is moot: (1) the plaintiff can invoke the "capable of repetition, yet evading review" or "voluntary cessation" exceptions to continue the litigation and challenge the policy; (2) the plaintiff "lacks standing to attack future applications of that policy" and "the [C]ourt is unable to award relief"; or (3) the plaintiff "has standing to challenge the future implementation of that policy" and "declaratory relief may be granted if the claim is ripe for review." Id. at 1429-30. Here, the Court has already determined that the "voluntary cessation" exception is inapplicable. And the plaintiff has not properly pleaded imminent future harm in the complaint, as the pleaded future harm is not only different than the one spelled out in the complaint, but the defendants have also suspended the disputed policy, such that the Court could not find standing to challenge future applications of the policy. See Lujan, 504 U.S. at 560-61 (explaining that there must be an injury-in-fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," to maintain standing in a suit).

[12] In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that a plaintiff could recover monetary damages against federal officials who violated the constitutional rights of the plaintiff while acting under the color of federal law.

violations alleged in count three of the complaint.  Am. Compl. ¶ 164; see also Opp'n to Mgmt. and Cincinnati Mots. at 24-42.  In response, the individual IRS defendants generally argue that count three should be dismissed because: (1) the Court does not have personal jurisdiction over several defendants; (2) even if the Court has personal jurisdiction over all defendants, no Bivens claim can be asserted against the individual IRS defendants; and (3) to the extent any Bivens claim is allowed, the IRS defendants are entitled to qualified immunity.  See, e.g., Mgmt. Mem. at 1-2, 6-8; Cincinnati Mem. at 1-2.  As explained below, because precedent does not permit the Court to create a Bivens remedy for the plaintiff against the individual IRS defendants, the Court need not address the personal jurisdiction and qualified immunity issues.

In Kim v. United States, 632 F.3d 713 (D.C. Cir. 2011), the Circuit dealt with aggrieved taxpayers who alleged IRS wrongdoing, including unconstitutional conduct by individual IRS employees, and sought Bivens relief as a result of the alleged harm.  Id. at 714-15.  The Circuit affirmed the district court's dismissal of the "Bivens claims against the [d]efendants in their official capacities" pursuant to Fed. R. Civ. P. 12(b)(1), noting that it is "well established that Bivens remedies do not exist against officials sued in their official capacities."  Id. at 715.  The Circuit also affirmed the district court's dismissal of the "Bivens claims against the [d]efendants in their individual capacities" pursuant to Fed. R. Civ. P. 12(b)(6) because "no Bivens remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code."  Id. at 717.

The plaintiff here attempts to distinguish Kim by characterizing it as "materially different" and suggesting that Kim's holdings are limited to cases involving "Bivens claims [against IRS employees] under [the] Due Process Clause."  Opp'n to Mgmt. and Cincinnati Mots. at 40.  But that suggestion relies on a strained reading of Kim.  In affirming the rejection

14

of the Bivens claims against IRS officials in both their official and individual capacities, the Circuit's language did not limit the scope of its ruling.  See Kim, 632 F.3d at 715, 717.  And in any event, the plaintiff has not distinguished—through the cases it cites or otherwise—any legally cognizable distinction between Due Process Clause claims and First Amendment Claims such that a Bivens remedy is appropriate in the former context, but not the latter context.[13]

The plaintiff attempts to blunt the force of Kim by complaining that the Circuit in Kim "omit[ted] an entire[] inquiry into whether Congress ha[d] not inadvertently omitted damages remedies for certain claimants, and ha[d] not plainly expressed an intention that the courts preserve Bivens remedies."  Opp'n to Mgmt. and Cincinnati Mots. at 41 (certain internal alterations and quotations omitted).  Accordingly, the plaintiff urges the Court to engage in this inquiry.  See id. at 42-44.  The alleged omission by the plaintiff, however, is belied by a closer reading of the district court opinion as well as the Circuit's opinion.

The district court in Kim undertook the very analysis that the plaintiff asks the Court to conduct.  In declining to extend a Bivens remedy to the plaintiffs against the IRS employees in their individual capacities for alleged constitutional violations, the district court recognized that the "existence of a comprehensive remedial scheme" was a "special factor" that counseled against its extension.  Kim v. United States, 618 F. Supp. 2d 31, 38 (D.D.C. 2009), aff'd in part, rev'd in part and remanded, 632 F.3d 713 (D.C. Cir. 2011).  "That is, when 'Congress has put in place a comprehensive system to administer public rights, has not inadvertently omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve Bivens remedies,' courts 'must withhold their power to fashion damages remedies' pursuant to Bivens."  Id. (quoting Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988) (per curiam) (en

---

[13]  "The trend in other Circuits also has been to not recognize Bivens actions against IRS agents."  NorCal, 2014 WL 3547369, at *8 (citing Circuit cases, "follow[ing] the majority position," and dismissing Bivens actions).

banc)). On appeal, the Circuit "agree[d] with the district court's reasoning" that "no Bivens remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code." Kim, 632 F.3d at 718; see also NorCal, 2014 WL 3547369, at *5-8; Church By Mail, Inc. v. United States, No. 87-cv-0754-LFO, 1988 WL 8271, at *3 (D.D.C. Jan. 22, 1988) (explaining that declaratory relief for applicants seeking tax-exempt status under 26 U.S.C. § 7428 renders Bivens remedy improper for aggrieved applicants). In light of the Circuit's unequivocal endorsement of the district court's Bivens analysis, the Court cannot take a different approach.

Moreover, a former member of this Court was confronted with a nearly identical case to the one before the Court and refrained from fashioning a Bivens remedy as well. In Church By Mail, the plaintiff, a non-profit church seeking tax-exempt status, filed suit against the defendants, the IRS and various individual IRS agents, for the denial of its tax-exempt status application. 1988 WL 8271, at *1. The plaintiff claimed, inter alia, that the defendants violated the Constitution, including the First Amendment, by "favoring traditional churches over more unusual ones," id., "demonstrat[ing] dislike and intolerance of [the] plaintiff's religion," id. at *2 (internal quotations omitted), and "engag[ing] in invidious discrimination against [the] plaintiff by singling it out for investigation and attack," id. According to the plaintiff, in denying its tax-exempt application, the defendants "exceeded the bounds of the authority given to [the] defendants under existing law." Id.

In dismissing the plaintiff's claims seeking Bivens damages for the constitutional violations alleged against the defendants, the Court in Church By Mail reasoned that "a court-created remedy" was unnecessary where "Congress has created a specific remedy for challenges to rulings on tax exemption." Id. at *3. Specifically, the Court recognized "that no Bivens-type

16

damages remedy against the individual IRS agents should be created by the Court . . . because Congress has created a specific, meaningful declaratory judgment remedy under 26 U.S.C. [§] 7428 for cases . . . in which an application for tax[-]exempt status has been denied." Id. Had it created a Bivens remedy, the Court opined that it could have "'wre[acked] havoc . . . [on] the federal tax system.'" Id. (quoting Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir. 1986)). The Court reasoned that "[i]t would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against [IRS] employees." Id. (internal quotations and alterations omitted). This Court agrees with Judge Oberdorfer's assessment, and therefore dismisses count three of the complaint with prejudice for the failure to state a proper claim for relief under Federal Rule of Civil Procedure 12(b)(6).[14]

### C. Count Four of the Plaintiff's Complaint

In count four of the complaint, the plaintiff seeks relief from the defendants for their alleged violations of 26 U.S.C. § 6103 because "[p]ursuant to the IRS [t]argeting [s]cheme, the IRS [d]efendants knowingly requested information from [the plaintiff] in furtherance of the IRS'[s] discriminatory and unconstitutional" conduct. Am. Compl. ¶ 175. So according to the plaintiff, "the IRS [d]efendants knowingly inspected information provided to the IRS . . . [which was] unnecessary." Id. ¶ 179 (internal quotations and citations omitted). Because the information provided by the plaintiff was unnecessary, the plaintiff claims that the defendants'

---

[14] The plaintiff asserts that because the IRS pays for the individual defendants' legal representation in a Bivens action, it follows that permitting the plaintiff to proceed on a Bivens claim against the individual defendants is appropriate. See Opp'n to Mgmt. and Cincinnati Mots. at 26. The Court fails to see how this is remotely relevant, let alone a basis to rule contrary to this Circuit's precedent. Moreover, the plaintiff argues that the declaratory relief provided by 26 U.S.C. § 7428 is not an adequate alternative remedy for constitutional injuries. Opp'n to Mgmt. and Cincinnati Mots. at 30-37. But the plaintiff's dissatisfaction with the remedies available to it is not a legally sufficient reason for the Court to create a Bivens remedy. See Spagnola, 859 F.2d at 227 ("[I]t is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial abstention.").

17

inspection of that information was not "per se for tax administration purposes." Id. ¶ 178

(internal quotations omitted). Consequently, the plaintiff argues that the defendants are liable

under 26 U.S.C. § 7431, which provides damages for violations of 26 U.S.C. § 6103. Am.

Compl. ¶¶ 170, 207; see also Opp'n to Defs.' Mot. at 28-42. The defendants contend that the

underlying basis for the plaintiff's fourth count is the "nature of the [IRS's] requests for

information," which is not actionable under 26 U.S.C. § 6103, as this provision only prohibits

"the improper inspection and disclosure" of the information which the plaintiff provided. Defs.'

Mot. at 10-11.

26 U.S.C. § 6103 protects the confidentiality of taxpayers' tax "[r]eturns and [tax] return

information." Id. § 6103(a). Tax "return information" is broadly defined to include:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

Id. § 6103(b)(2)(A); see also id. § 6103(b)(2)(B)-(D). Section 6103 contains numerous

exceptions to the general prohibition against disclosure or inspection of tax returns and tax return

information, including that:

> Returns and return information shall, without written request, be open to inspection[15] by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes.

Id. § 6103(h)(1). And "[t]he term tax administration"

---

[15] "The terms 'inspected' and 'inspection' mean any examination of a return or return information." 26 U.S.C. § 6103(b)(7).

(A) means—
(i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and
(ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and
(B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

Id. § 6103 (b)(4). In short, Section 6103 addresses "improper disclosure of tax return information." Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000); see also Venen v. United States, 38 F.3d 100, 105 (3d Cir. 1994) ("The history of [S]ection 6103 indicates that Congress enacted the provision to regulate a discrete sphere of IRS activity—information handling.").

Section 6103 does not provide a means for the plaintiff to avoid dismissal of count four of its complaint. As just noted, Section 6103 concerns the disclosure or inspection, i.e., the "handling," of tax return information. Venen, 38 F.3d at 105. To the extent the plaintiff takes issue with the defendants' inspection of its tax return information, those allegations are insufficiently pleaded in its amended complaint. See Iqbal, 556 U.S. at 679 (conclusory allegations "are not entitled to the assumption of truth"). The insufficiency of the plaintiff's allegations is highlighted by the plaintiff's admission that "[t]he number of unauthorized inspections of [the plaintiff]'s return information and the identity of those who made the inspections cannot be completely and accurately ascertained at this time . . . ."[16] Am. Compl. ¶ 182.

_____

[16] As the Court will explain, any alleged inspections of the plaintiff's tax return information by the defendants cannot support a claim for a violation of 26 U.S.C. § 6103, as the predicate for these allegedly unauthorized inspections is the defendants' requests for information that were allegedly "wholly unnecessary" to its application to obtain tax-exempt status. Opp'n to Defs.' Mot. at 35.

The plaintiff's real bone of contention is that the defendants allegedly demanded "information [that] was not necessary for determining [the plaintiff]'s [tax-]exempt status," and then inspected it. Opp'n to Defs.' Mot. at 31-32. Although the plaintiff is upset about the defendants' inspection of its tax return information, it is actually the defendants' alleged unconstitutional conduct in <u>acquiring</u> that information that forms the basis of count four of the complaint. But, unfortunately for the plaintiff, Section 6103 is silent as to how tax return information can be acquired. Even assuming that the defendants improperly <u>acquired</u> the plaintiff's tax return information, that does not compel a finding that such information was improperly <u>inspected</u>. In the Court's view, there is a clear dichotomy between the means by which tax return information is acquired and the disclosure or inspection of that information thereafter. The plaintiff, however, attempts to have the Court disregard this dichotomy,[17] which conflicts with cases which have found that the propriety of certain conduct separate and apart from the actual handling of tax return information is irrelevant and cannot be the predicate of a Section 6103 violation. <u>Cf.</u> <u>Mann</u>, 204 F.3d at 1020 ("Sections 6103 and 7431 address improper disclosure of tax return information and not improper collection activity. We therefore agree with the district court that the validity of the means by which the return information was disclosed is irrelevant to whether the disclosure of the information violated § 6103. We further agree with the district court and the <u>majority of courts</u> which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before [a disclosure exception] applies." (emphasis added)); <u>Wilkerson v. United States</u>, 67 F.3d 112, 117 (5th Cir. 1995) (holding that disclosures of tax return information "were not wrongful"

_____

[17] Again, the plaintiff attempts to amend its complaint through its opposition brief by contending that its "[S]ection 7431 claim is premised on the improper handling of its information." Opp'n to Defs.' Mot. at 32 n.9. The plaintiff identifies nothing in its amended complaint that supports this position. Nor could it, as this is contrary to the allegations in its complaint. <u>See</u> Am. Compl. ¶¶ 174-80.

notwithstanding "improper levying procedures"); Venen, 38 F.3d at 106 ("Section 6103 and its attendant damages provision, [S]ection 7431, were meant to regulate only one sphere of activity—information handling—and were not intended to interfere with collection actions. Thus, the propriety of the underlying collection action, in this instance the validity of the levy, is irrelevant to whether disclosure is authorized under [S]ection 6103 and the basis for liability under [S]ection 7431." (internal citations, quotations, and ellipses omitted)); Huff v. United States, 10 F.3d 1440, 1447 (9th Cir. 1993) (finding no liability under Section 6103 "despite the possible procedural lapses involving the actual levy").

Further supporting the Court's maintenance of the dichotomy between the IRS's acquisition of tax return information for assessing tax-exempt status and the IRS's inspection of that information thereafter,[18] is the availability of judicial review and a separate and distinct remedy for an applicant aggrieved during the tax-exempt application process. Cf. Wilkerson, 67 F.3d at 116 ("Congress enacted separate and distinct provisions concerning collection activities and information handling."); Venen, 38 F.3d at 105 ("In a claim such as the present one based on an improper levy, the concern is not improper information handling but rather improper collection activity. Collection activity is a separate sphere of IRS activity governed by a separate body of law."). Under 26 U.S.C. § 7428, an applicant requesting tax-exempt status under 26 U.S.C. § 501(c)(3) may seek a declaratory judgment that it indeed qualifies for tax-exempt status if either the application has been denied by the IRS or the IRS has failed to act on the application

---

[18] The plaintiff asserts that the defendants have violated 26 U.S.C. § 6103 because the defendants did not "per se" inspect the plaintiff's tax return information for "tax administration purposes." Opp'n to Defs.' Mot. at 33; see also id. at 37; Am. Compl. ¶¶ 177-78. At first blush, this argument has appeal. The plaintiff appears to argue that the request and inspection of information allegedly unnecessary to determine an applicant's tax-exempt status is not the result of "tax administration." See Opp'n to Defs.' Mot. at 39-42. However, there does not appear to be a genuine dispute that "tax administration" encompasses the review of return information submitted in conjunction with a tax-exempt application. Again, the basis for the plaintiff's alleged violation of 26 U.S.C. § 6103 is not the inspection of tax return information; rather, it is the defendants' request for allegedly unnecessary information during the tax-exempt application process.

in 270 days.  26 U.S.C. §§ 7428(a)-(b).  If the application is denied, the applicant may file suit within ninety days of the mailing of the rejection letter.  Id. § 7428(b)(3).  Alternatively, if the IRS fails to act on the application within 270 days, the applicant is "deemed to have exhausted its administrative remedies," provided that it, "in a timely manner, [took] all reasonable steps to secure . . . [a] determination" of its tax-exempt status.  Id. § 7428(b)(2).  In either case, the applicant may file suit in the United States Tax Court, the United States Court of Federal Claims, or the United States District Court for the District of Columbia.  Id. §§ 7428(a), (b)(2).  In light of the remedies made available under 26 U.S.C. § 7428 for controversies arising out of the tax-exempt application process,[19] which would encompass plaintiff's allegations against the defendants, cf. Church By Mail, 1988 WL 8271, at *3 (holding that "plaintiff clearly has an adequate remedy under 26 U.S.C. [§] 7428" for constitutional violations during the tax-exempt application process), it must remain separate and distinct from the remedies available under 26 U.S.C. § 7431 for unauthorized inspections of tax return information that occur after the application process has either stalled or concluded.  Accordingly, count four of the complaint fails to state a claim for relief and will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[20]

---

[19]  Other avenues of relief may be better candidates than 26 U.S.C. § 7431.  For example, the plaintiff acknowledges that the defendants' conduct could potentially be governed by 26 U.S.C. § 7605(b), which generally ensures that "[n]o taxpayer shall be subjected to unnecessary examination or investigations . . . ."  Opp'n to Defs.' Mot. at 37 n.14.  And in NorCal, the Court identified 26 U.S.C. § 7433 as potentially providing adequate relief to aggrieved applicants for tax-exempt status, as it "creates a damages remedy for the wrongful collection of federal tax."  2014 WL 3547369, at *6.  The Court declines to weigh in, however, on the merits of any potential argument under these statutory provisions.

[20]  In light of the Court's interpretation of the authority cited in this Memorandum Opinion, the Court must respectfully disagree with that portion of the NorCal opinion, which permitted the plaintiffs to take discovery "to establish with evidence that IRS officials inspected or disclosed the [plaintiffs]' return information for improper purposes," 2014 WL 3547369, at *13, even though the plaintiffs' complaint there apparently muddied the dichotomy identified by the Court in this opinion, and thus did not sufficiently plead allegations concerning a violation of 26 U.S.C. § 6103.  See 2014 WL 3547369, at *13 (citing "PageID 1046" of the plaintiffs' complaint); Second Amended Class Action Complaint ¶ 247, NorCal, No.1:13-cv-341 (S.D. Ohio Jan. 23, 2014), ECF No. 71

(continued . . .)

## IV. CONCLUSION

For the foregoing reasons, the Court grants the defendants' motions to dismiss as to all five counts of the plaintiff's complaint and denies the plaintiff's motion to stay agency action.[21]

**SO ORDERED** this 23rd day of October, 2014.

REGGIE B. WALTON
United States District Judge

---

(. . . continued)

("Defendants inspected [p]laintiffs' information and shared it amongst themselves even though they knew it was unnecessary for making a decision on [p]laintiffs' tax-exempt status, and even though they knew it had been sought based on [p]laintiffs' political viewpoint. Accordingly, the inspection, review, and disclosure was objectively unnecessary, and subjectively not undertaken, 'for tax administration purposes' under 26 U.S.C. § [6103(h)].""). Here, the Court will not allow the plaintiff to take discovery where it has not sufficiently pleaded a violation of 26 U.S.C. § 6103. See Am. Compl. ¶ 182 (asserting the need for discovery only because the "number of unauthorized inspections" and "the identity of those who made the inspections cannot be completely and accurately ascertained at this time.").

Further, because the Order accompanying this opinion closes this case, the plaintiff's motion for a stay of agency action is moot.

[21] An Order consistent with this Memorandum Opinion will be issued contemporaneously.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-734 (RBW) |
| | ) | |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued contemporaneously with this Order, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss Counts I, II, IV[,] and V is **GRANTED**. It is further

**ORDERED** that the Individual Management Defendants' Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that the Motion to Dismiss of Cincinnati Defendants Susan Maloney, Ronald Bell, Janine L. Estes, and Faye Ng is **GRANTED**. It is further

**ORDERED** that the Plaintiff's Motion to Stay Agency Action is **DENIED AS MOOT**. It is further

**ORDERED** that the plaintiff's request for an oral hearing is **DENIED AS MOOT.** It is further

**ORDERED** that this case is **CLOSED**.

1

**SO ORDERED** this 23rd day of October, 2014.

REGGIE B. WALTON
United States District Judge