IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, | | |
| Defendants. | | |

**UNITED STATES' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Defendant United States of America, through undersigned counsel and pursuant to LCivR 7(h)(1), submits its statement of material facts as to which there is no genuine issue.

THE INTERNAL REVENUE SERVICE'S
APPLICATION REVIEW PROCESS

1. On May 14, 2013, the Treasury Inspector General for Tax Administration ("TIGTA") issued a report finding that the Internal Revenue Service used inappropriate criteria to select for review certain applications for tax exempt status under 11 U.S.C. § 501(c)(3), (4). Specifically, the report stated the Service selected the applications of organizations based upon their names or policy positions, rather than indications in their applications of potential political campaign intervention. Part of this selection process involved the use of BOLO ("Be On the Lookout") lists.  (Ripperda Decl. ¶ 20.)

2. TIGTA further found the use of the criteria gave the impression that the IRS was not impartial, and that ineffective management and lack of procedures for tracking requests for guidance contributed to unwarranted delay in processing these applications.  (*Id.*)

14614431.1

3.      The TIGTA report also determined that ineffective management and a lack of training resulted in IRS agents sending the affected organizations requests for additional information.  TIGTA subsequently concluded that some of these requests for information were unnecessary.  (*Id.*)

4.      Based on the findings in its report, TIGTA issued nine recommendations to the IRS aimed at reforming the screening and review processes to ensure that proper criteria were being used, ensuring the delivery of timely and appropriate guidance to the IRS employees doing the reviewing, developing additional training for the reviewers on identifying applications where political campaign intervention activities may require additional scrutiny, and ending the backlog of unprocessed applications and ensuring that future applications would be processed in a timely manner.  (Ripperda Decl. ¶21.)

5.      In a subsequent report issued in 2015, TIGTA found that the Service had either taken corrective action or developed corrective procedures to address each of TIGTA's recommendations. (Ripperda Decl. ¶22.)

6.      On September 5, 2014, the United States Senate, Permanent Subcommittee on Investigations, Committee on Homeland Security and Governmental Affairs, issued a report entitled, "IRS and TIGTA Management Failures Related to 501(c)(4) Applicants Engaged in Campaign Activity," S. Rpt. 113-26, available at https://www.gpo.gov/fdsys/granule/CPRT-113SPRT89800/CPRT-113SPRT89800/content-detail.html. *See also* S. Rep. No. 114-119, at 77 (2015). This report made findings similar to the ones outlined in the TIGTA Report and made further recommendations, which were implemented by the IRS, to ensure that the events would never occur again.  (Ripperda Decl. ¶¶ 24, 25.)

7. In August 2016, the Commissioner of the Internal Revenue Service wrote Congress about the Court of Appeals' decision in *True the Vote, Inc. v. Internal Revenue Service*, 831 F.3d 551 (D.C. Cir. 2016). In its opinion, the Court noted language in the IRS's 2013 interim guidance announcing that the IRS was "suspending" the use of the BOLO lists. The Commissioner wrote:

> The Court construed this to mean it was possible that the IRS had not conclusively eliminated the use of the BOLO lists. I want to be clear that no matter how you say it – whether it's suspended, eliminated, or ended – the IRS stopped this practice long ago and is committed to never using such a list or process ever again.

(*Koskinen Tells Lawmakers That IRS No Longer Uses Lookout List*, 2016 TNT 167-30 (Aug. 29, 2016)).

PLAINTIFF'S APPLICATION UNDER 26 U.S.C. § 501(c)(3)

8. After True the Vote filed this action and before the United States filed its motion to dismiss the First Amended Complaint, the Service granted True the Vote's application for tax-exempt status under 26 U.S.C. §501(c)(3).

DATED: November 11, 2016

                        Respectfully submitted,

                        CAROLINE D. CIRAOLO
                        Principal Deputy Assistant Attorney General
                        Tax Division

                        s/ Joseph A. Sergi
                        JOSEPH A. SERGI (DC 480837)
                        Senior Litigation Counsel
                        U.S. Department of Justice, Tax Division
                        555 4th Street, N.W., JCB 7207
                        Washington, D.C.  20001
                        (202) 305-0868; (202) 307-2504 (FAX)
                        Joseph.A.Sergi@usdoj.gov

                LAURA C. BECKERMAN (CA 278490)
                LAURA M. CONNER (VA 40388)
                JOSEPH R. GANAHL (MD)
                JEREMY N. HENDON (OR 982490)
                GERALD A. ROLE (DC 415274)
                Trial Attorneys
                U.S. Department of Justice, Tax Division
                555 4th Street, N.W.
                Washington, D.C.  20001
                (202) 514-2000

Of Counsel:
CHANNING D. PHILLIPS
United States Attorney

                ATTORNEYS FOR THE UNITED STATES

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2016, I caused the UNITED STATES' STATEMENT OF MATERIAL FACTS NOT AT ISSUE in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ Joseph A. Sergi
Joseph A. Sergi

14614431.1