IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00734-RBW |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

The United States of America answers the First Amended Complaint (Doc. 14) filed in the above-captioned case.  In answering the First Amended Complaint, the United States denies each and every allegation therein that is not specifically admitted below.

## FIRST DEFENSE

The Internal Revenue Service and the named and unnamed employees sued in their official capacity are not proper party defendants.  The United States of America is the only proper defendant.

## SECOND DEFENSE

Because the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status, and for the reasons outlined in the United States' Motion for Summary Judgment (Doc. 112), to the extent that it seeks a declaration of tax exempt status, Plaintiff's claim is now moot.

## THIRD DEFENSE

To the extent that Plaintiff seeks damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* against named and unnamed IRS employees in their personal

capacities, its claims have been dismissed.

## FOURTH DEFENSE

To the extent that Plaintiff seeks damages pursuant to 26 U.S.C. § 7431 for violation of 26 U.S.C. § 6103, its claim has been dismissed.

## FIFTH DEFENSE

Because the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status, and for the reasons outlined in the United States' Motion for Summary Judgment (Doc. 112), to the extent that it seeks a declaration or injunction regarding the constitutionality of the IRS's conduct in processing its application, Plaintiff's claim is now moot.

## SIXTH DEFENSE

In further response to the First Amended Complaint, the United States answers the numbered paragraphs of that pleading as follows:

1.     Admits that the allegations in paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required.  To the extent a response is required, denies.

2.     Admits that Plaintiff is a Texas not-for-profit corporation whose 501(c)(3) application has been granted by the IRS, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.

3.     To the extent that the allegations in paragraph 3 express legal conclusions, no response is required.  Admits that the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.

4.     Admits that the IRS did not grant Plaintiff's 501(c)(3) application for three years. Denies that Plaintiff filed its application on July 15, 2010, but admits that Plaintiff's application

was postmarked September 20, 2010, and received by the IRS's Cincinnati Service Center on September 23, 2010.  Denies that Plaintiff's application remains pending and avers that the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status.  Denies the remaining allegations in paragraph 4.

5.      To the extent that the allegations in paragraph 5 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the IRS requested certain information from Plaintiff that the IRS Exempt Organizations function later determined in general to be "unnecessary."  Denies the remaining allegations in paragraph 5.

6.      To the extent that the allegations in paragraph 6 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the IRS requested certain information from Plaintiff that the IRS Exempt Organizations function later determined in general to be "unnecessary." Denies the remaining allegations in paragraph 6.

7.      To the extent that the allegations in paragraph 7 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. To the extent a response is required, denies.

8.      Admits.

9.      Admits that the IRS did not grant Plaintiff's 501(c)(3) application for three years, and admits that the IRS requested certain information from Plaintiff that the IRS Exempt Organizations function later determined in general to be "unnecessary."  Denies that the United States has failed to make a determination, and avers that the IRS, by letter dated September 26,

2013, granted Plaintiff's application for tax-exempt status.  Denies that the allegations in

paragraph 9 entitle Plaintiff to the relief it seeks.

10.     Lacks knowledge or information sufficient to form a belief about the truth of the

allegation that Plaintiff requested expedited processing three times.  Admits that the IRS did not

grant Plaintiff's 501(c)(3) application for three years, but denies the remaining allegations in

paragraph 10.

11.     Denies that Plaintiff filed its application on July 15, 2010, but admits that

Plaintiff's application was postmarked September 20, 2010, and received by the IRS's Cincinnati

Service Center on September 23, 2010.  Further admits that Plaintiff took steps in January 2011

to seek expedited processing of its application.  Admits that the remainder of Exhibit A

reasonably describes those events in Plaintiff's interaction with the IRS that are listed therein.

12.     Whether Plaintiff had exhausted its administrative remedies is a conclusion of law

to which no response is required.  Admits that, as of the time the First Amended Complaint was

filed, Plaintiff's 501(c)(3) application had been pending for more than 270 days, but avers that

the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status,

and denies that the allegations in paragraph 12 entitle Plaintiff to the relief it seeks.

13.     Admits that the allegations in paragraph 13 and its subparts constitute Plaintiff's

characterization of its case, to which no response is required.  To the extent that a response is

required, denies.

### Jurisdiction and Venue

### (Subject Matter Jurisdiction)

14.     As to Plaintiff's claims that have been dismissed, no answer is required.  Denies

that the Court has jurisdiction over the remaining claims because, for the reasons outlined in the

United States' Motion for Summary Judgment (Doc. 112), those claims are now moot.

15.      No response to the allegations in paragraph 15 is required, as they relate only to claims which have been dismissed by this Court.

16.      No response to the allegations in paragraph 16 and its subparts is required, as they relate only to claims which have been dismissed by this Court.

17.      No response to the allegations in paragraph 17 is required, as they relate only to claims which have been dismissed by this Court.

18.      Denies.

19.      Denies.

20.      Admits that paragraph 20 accurately quotes 28 U.S.C. § 2202, but denies that Plaintiff is entitled to relief under that provision.

21.      Admits, but denies that Plaintiff is entitled to relief under 5 U.S.C. § 702.

22–24.      No response to the allegations in paragraph 22–24 is required, as they relate only to claims which have been dismissed by this Court.

**(Personal Jurisdiction)**

25.      Admits that the Court has personal jurisdiction over the United States, but denies the remaining allegations in paragraph 25.

26–28.      No response to the allegations in paragraphs 26–28 is required, as they relate only to claims which have been dismissed by this Court.

**(Venue)**

29.      No response to the allegations in paragraph 29 is required, as they relate only to claims which have been dismissed by this Court.

30.      Admits.

**The Parties**

**(Plaintiff)**

31.     Admits.

**(The IRS Defendants)**

32.     Admits.

33.     Admits that the United States is a proper defendant pursuant to 5 U.S.C. § 702, but denies that Plaintiff is entitled to any relief under that provision.  Denies the remaining allegations in paragraph 33.

34.     No response to the allegations in paragraphs 34 is necessary, as the only claims against Defendant Werfel are brought against him in his official capacity.

35–49.     No response to the allegations in paragraphs 35–49 is required, as they relate only to claims which have been dismissed by this Court.

**Factual Allegations**

**True the Vote's Application for Tax-exempt Status**

50.     Admits.

51.     Admits that KSP stands for "King Street Patriots," and that KSP and Plaintiff are affiliated organizations, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51.

52.     Admits.

53.     Denies that Plaintiff filed its application on July 15, 2010, but admits that Plaintiff's Form 1023 application for exemption was postmarked September 20, 2010, and was received by the IRS's Cincinnati Service Center on September 23, 2010.

54.     Admits.

55.     Admits.

56.     Admits.

57.     Admits that Plaintiff responded to the IRS's February 15, 2011 request for information in letters dated March 7, 2011, and March 8, 2011, but denies the remaining allegations in paragraph 57.

58.     Paragraph 58 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

59.     Admits.

60.     Admits that Plaintiff's counsel contacted Mr. Bell by telephone on October 12, 2011, regarding the status of Plaintiff's application.  Lacks knowledge or information sufficient to form a belief about truth of the remaining allegations in paragraph 60.

61.     To the extent that paragraph 61 expresses legal conclusions, no response is required. Admits that Plaintiff's November 8, 2011 letter memorialized the October 12, 2011 phone call and provided additional information relating to Plaintiff's application, including its counsel's own legal analysis concerning its eligibility for tax-exempt status.

62.     Paragraph 62 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

63.     Admits.

64.     Admits that Plaintiff responded to the IRS's February 8, 2012 request for information by a letter dated March 20, 2012, but denies the remaining allegations in paragraph 64.

65.     Paragraph 65 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

66.     Admits.

67.     Admits that Plaintiff responded to the IRS's October 9, 2012 request for information by a letter dated November 30, 2012, but denies the remaining allegations in paragraph 67.

68.     Paragraph 68 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

69.     Paragraph 69 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

70.     Admits that Plaintiff sent responses to the IRS's information requests.  Denies that Plaintiff's application remains pending and avers that the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status.

71.     Lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has incurred substantial costs and expenses, but denies the remaining allegations in paragraph 71.

72.     To the extent that the allegations in paragraph 72 relate to claims involving individual defendants that have been dismissed by this Court, no response is required.  Denies the IRS deliberately delayed the processing of Plaintiff's application.  Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72.

**IRS Scheme of Targeting Tea Party Applicants for Tax-exempt Status**

73–75.    To the extent that the allegations in paragraphs 73–75 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. To the extent that the allegations relate to the remaining claims, denies.[†]

76.    To the extent that the allegations in paragraph 76 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  To the extent that the allegations relate to the remaining claims, due to the vague nature of Plaintiff's allegations, denies.

77.    Admits.

78.    Admits that the subparts of paragraph 78 accurately reproduce statements made by Ms. Lerner, but denies the remainder.

79.    Admits that paragraph 79 constitutes Plaintiff's characterization of Ms. Lerner's remarks.

80.    Admits that Exhibit F is a reproduction of the 2013 TIGTA Report, but denies Plaintiff's characterization of the Report as an "audit of the IRS Targeting Scheme."

81.    Admits.

82.    To the extent that the allegations in paragraph 82 relate to the claims regarding individual defendants that have been dismissed by this Court, or constitute Plaintiff's characterization of the 2013 TIGTA Report, no response is required.  Admits that Appendix VII of the 2013 TIGTA Report is entitled "Comprehensive Timeline of Events."

---

[†]  The United States denies Plaintiff's description of the IRS's actions and its characterization of those actions as a "Targeting Scheme" as that term is used throughout the First Amended Complaint.

83.     Admits that Thomas was the Program Manager of the Determinations Unit and that the 2013 TIGTA Report states that, in March to April of 2010, "The Determinations Unit began searching for other requests for tax exemption involving the Tea Party, Patriots, 9/12, and I.R.C. § 501(c)(4) applications involving political sounding names, *e.g.*, 'We the People' or 'Take Back the Country.'"  Denies the remaining allegations.

84.     Admits that paragraph 84 accurately quotes the 2013 TIGTA Report.

85.     Admits that paragraph 85 accurately quotes the 2013 TIGTA Report.

86.     To the extent that the allegations in paragraph 86 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  To the extent a response is required, denies.

87.     To the extent that the allegations in paragraph 87 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that, in March 2010, Paz was the Acting Manager of the Technical Unit and was aware of the criteria being used to screen applications for further development.  Denies the remaining allegations.

88.     To the extent that the allegations in paragraph 88 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the 2013 TIGTA Report states that, in March 2010, the "Acting Manager, Technical Unit, requested two more cases be transferred to Washington, D.C."  Denies the remaining allegations.

89.     To the extent that the allegations in paragraph 89 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that, in April 2010, Grodnitzky was the Acting Manager of the Technical Unit and was aware of

the criteria being used to screen applications for further development.  Denies the remaining allegations.

90.     To the extent that the allegations in paragraph 90 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that, in April 2010, the "new Acting Manager, Technical Unit, suggested the need for a Sensitive Case Report on the Tea Party cases" and that the "Determinations Unit Program Manager agreed."  Denies the remaining allegations.

91.     To the extent that the allegations in paragraph 91 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the 2013 TIGTA Report states that, in April 2010, the "first Sensitive Case Report was prepared by the Technical Unit."  Denies the remaining allegations.

92.     To the extent that the allegations in paragraph 92 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that, in April 2010, "Sensitive Case Reports are shared with the Director, Rulings and Agreements, and a chart summarizing all Sensitive Case Reports is provided to the Director, EO."  Denies the remaining allegations.

93.     To the extent that the allegations in paragraph 93 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that the "Determinations Unit Program Manager requested Technical Unit contacts for the specialist assigned to work other Tea Party cases."  Denies the remaining allegations.

94.     To the extent that the allegations in paragraph 94 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits

that the 2013 TIGTA Report states that the "Determinations Unit Program Manager requested status updates on the request for assistance several times."

95.     To the extent that the allegations in paragraph 95 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that paragraph 95 accurately reproduces language from the 2013 TIGTA Report.

96.     To the extent that the allegations in paragraph 96 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Denies as written.  Aver cited pages from the 2013 TIGTA Report speak for themselves.

97.     To the extent that the allegations in paragraph 97 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  To the extent a response is required, denies.

98.     To the extent that the allegations in paragraph 98 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the 2013 TIGTA Report states that "[a]fter receiving draft guidance in November 2011, the team of specialists began sending requests for additional information in January 2012 to organizations that were applying for tax-exempt status," and that, in January 2012, "[t]he first batch of letters requesting additional information for applications containing incomplete or missing information was issued by Determinations Unit specialists based, in part, on their reading of the draft guidance issued by the Technical Unit."  Denies the remaining allegations.

99.     To the extent that the allegations in paragraph 99 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that, in March 2012, a "draft list of template questions was

prepared by the team of specialists and forwarded to the Guidance Unit." Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

100.    To the extent that the allegations in paragraph 100 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that "the Determinations Unit requested irrelevant (unnecessary) information" from organizations seeking tax-exempt status. Denies the remaining allegations.

101.    To the extent that the allegations in paragraph 101 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that paragraph 101 accurately quotes the 2013 TIGTA Report. Denies the remaining allegations.

102.    Paragraph 102 expresses legal conclusions to which no response is required. Admits that the 2013 TIGTA Report found that "the criteria developed by the Determinations Unit gives the appearance that the IRS is not impartial in conducting its mission. The criteria focused narrowly on the names and policy positions of organizations instead of tax –exempt laws and Treasury regulations." (2013 TIGTA Report at 6–7.) Denies the remaining allegations.

103.    To the extent that the allegations in paragraph 103 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that, in June 2011, Lerner was the Director of Exempt Organizations and was briefed on the criteria being used to screen applications for further development. Denies the remaining allegations.

104.    To the extent that the allegations in paragraph 87 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits

that, on June 29, 2011, a briefing paper regarding the criteria being used to screen applications for further development was presented to the Director of EO.  Denies the remaining allegations.

105.    To the extent that the allegations in paragraph 105 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that a "Guidance Unit specialist was the primary author of the briefing paper."  Denies the remaining allegations.

106.    To the extent that the allegations in paragraph 106 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the 2013 TIGTA Report states that the briefing paper "was reviewed by the Acting Manager, Technical Unit."

107.    To the extent that the allegations in paragraph 107 and its subparts express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that subparts a. through d. accurately state the criteria that had been used to screen applications for further development prior to June 29, 2011. (2013 TIGTA Report at 35.)  Denies the remaining allegations.

108.    To the extent that the allegations in paragraph 108 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the second sentence accurately quotes the 2013 TIGTA Report. Denies the remaining allegations.

109.    Admits that Exhibit H accurately reproduces the letter, dated July 17, 2013, sent by the Committee on Oversight and Government Reform to the Principal Deputy Commissioner of the IRS.  To the extent that the allegations in paragraph 109 relate to the claims regarding

individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

110.    To the extent that the allegations in paragraph 110 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the letter reproduced in Exhibit H states that "according to Mr. Hull, sometime in the winter of 2010-2011, the senior advisor to Lois Lerner told him the IRS Chief Counsel's office would need to review these applications."  Denies the remaining allegations.

111.    To the extent that the allegations in paragraph 111 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that the letter reproduced in Exhibit H states that during an interview, Mr. Seto indicated that he received an e-mail from Ms. Lerner to the effect that certain cases would need to go through a "multi-tier review" and would "have to go [through her staff] and the chief counsel's office." Denies the remaining allegations.

112.    To the extent that the allegations in paragraph 112 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the description of Mr. Hull's testimony, but admits that the letter in Exhibit H states that Mr. Hull testified that he did not remember sending an application for tax-exempt status to Chief Counsel before the winter of 2010–2011.

113.    To the extent that the allegations in paragraph 113 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that, on August 4, 2011, personnel from the Office of Rulings and Agreements under the direction of Defendant Paz and other IRS employees held a meeting with attorneys in the Office

of Chief Counsel so that, as stated in the 2013 TIGTA Report, "everyone would have the latest information on the issue."  Denies the remaining allegations.

114.    To the extent that the allegations in paragraph 114 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Admits that the letter reproduced in Exhibit H states that the Chief Counsel's office requested more information regarding the applications that had been referred to that office.  Denies the remaining allegations.

115.    To the extent that the allegations in paragraph 115 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Avers that the letter reproduced in Exhibit H states that Mr. Hull testified that "[an IRS tax law specialist] said he would prepare it, along with [an IRS Chief Counsel employee] and whoever else was from Chief Counsel.  I never saw it."  Denies the remaining allegations.

116.    Admits that the letter reproduced in Exhibit H states that the "type of additional information sought by the Chief Counsel's office" included "information about the applicants' political activities leading up to the 2010 election."

117.    To the extent that the allegations in paragraph 117 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

118.    Admits the 2013 TIGTA Report states that, in January 2012, the criteria used to select applications for further development changed to "Political action type organizations involved in limiting/expanding government, educating on the constitution [sic] and bill of rights [sic], social economic reform/movement."  Denies the remaining allegations.

119.     To the extent that the allegations in paragraph 119 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

120.     To the extent that the allegations in paragraph 120 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

121.     To the extent that the allegations in paragraph 121 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

122.     To the extent that the allegations in paragraph 122 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

123.     To the extent that the allegations in paragraph 123 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

124.     To the extent that the allegations in paragraph 124 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

125.     Denies.

126.     To the extent that the allegations in paragraph 126 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

127.     Admits that King Street Patriots applied for tax exempt status.  Avers that King Street Patriots was granted 501(c)(3) status in 2013.

128.     To the extent that the allegations in paragraph 128 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

129.     To the extent that the allegations in paragraph 129 and its subparts relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Admits that subparts a. through j. of paragraph 129 accurately reproduce information requests sent to Plaintiff.  Further admits that the information requested in item b) of subpart a. and item c) of subpart f. were identified as unnecessary by the 2013 TIGTA Report, but denies that the remainder of the information requests were improper.

130.     To the extent that the allegations in paragraph 130 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

131.     To the extent that the allegations in paragraph 131 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies that Plaintiff filed its application on July 15, 2010, but admits that Plaintiff's application was postmarked September 20, 2010, and received by the IRS's Cincinnati Service Center on September 23, 2010.  Admits that Plaintiff made the statement quoted in the second sentence under penalty of perjury, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.  Denies the remaining allegations.

132.    To the extent that the allegations in paragraph 132 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

133.    Denies.  Avers that the IRS, by letter dated September 26, 2013, granted Plaintiff's application for tax-exempt status.

134.    To the extent that the allegations in paragraph 134 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

135.    To the extent that the allegations in paragraph 135 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

136.    Admits that, as stated in the cited document, the "suspension of the use of BOLO lists within the EO function . . . was formalized via a memorandum from the Acting Director, Rulings and Agreements on June 20, 2013."  Denies the remaining allegations.

137.    Denies.

138.    To the extent that the allegations in paragraph 138 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

### COUNT I
### Declaratory Judgment Pursuant to 26 U.S.C. § 7428
### (Against Defendant U.S. Government)

139–147.  No response to the allegations in paragraphs 139 through 147 is required, as they relate only to claims which have been dismissed by this Court.

### COUNT II
### Violation of the First Amendment to the United States Constitution

**Declaratory and Injunctive Relief**
**(Against Defendants the IRS and Commissioner Werfel)**

148.     Defendant United States incorporates by reference its answers to paragraphs 1–147 above.

149.     Admits.

150.     Paragraph 150 expresses legal conclusions to which no response is required. Denies the remaining allegations.

151.     Paragraph 151 expresses legal conclusions to which no response is required. To the extent a response is required, denies.

152.     Paragraph 152 expresses legal conclusions to which no response is required. To the extent a response is required, denies.

153.     Due to the vague nature of Plaintiff's allegations, denies.

154.     Denies.

155.     Denies.

156.     To the extent that the allegations in paragraph 156 express legal conclusions, no response is required. To the extent a response is required, denies.

157.     To the extent that the allegations in paragraph 157 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. To the extent a response is required, denies.

158.     To the extent that the allegations in paragraph 158 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. To the extent a response is required, denies.

159.     To the extent that the allegations in paragraph 159 express legal conclusions, no response is required. To the extent a response is required, denies.

160.   Paragraph 160 expresses legal conclusions to which no response is required.  To the extent a response is required, denies.

161.   Admits, but denies that Plaintiff is entitled to the relief it seeks.

**COUNT III**
**Violation of the First Amendment to the United States Constitution**
**Bivens Action (Against Defendants Mr. Miller, Mr. Shulman, Mr. Wilkins, Ms. Lerner,**
**Ms. Paz, Mr. Grodnitzky, Mr. Fish, Mr. Seto, Ms. Thomas, Ms. Maloney, Mr. Bell, Ms.**
**Estes, Ms. Ng, and Unknown Named Employees of the Internal Revenue Service In Their**
**Individual Capacities)**

162–167.  No response to the allegations in paragraphs 161–167 is required, as they relate only to claims which have been dismissed by this Court.

**COUNT IV**
**Violation of 26 U.S.C. § 6103**
**(Against Defendant the U.S. Government)**

168–187.  No response to the allegations in paragraphs 168–187 is required, as they relate only to claims which have been dismissed by this Court.

**Count V**
**Violations of the Administrative Procedure Act**
**(Against the IRS and the IRS Employees in Their Official Capacities)**

188.   Defendant United States incorporates by reference its answers to paragraphs 1– 187 above.

189.   Paragraph 189 sets forth a partial summary of the provisions of 5 U.S.C. § 706 and expresses legal conclusions to which no response is required.  To the extent a response is required, admits that paragraph 189 accurately summarizes a portion of the statute.

190.   Admits that paragraph 190 accurately reproduces language from 5 U.S.C. § 702.

191.   Admits that paragraph 191 accurately quotes 5 U.S.C. § 706.

192.   Admits.

193.    To the extent that the allegations in paragraph 193 express legal conclusions, no response is required.  To the extent a response is required, the United States lacks sufficient information or knowledge to admit or deny whether "Unknown Named Employees of the IRS" were, at all relevant times, officers of an agency of the United States for purposes of the APA. Admits the remaining allegations.

194.    To the extent that the allegations in paragraph 194 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

195.    Admits.

196.    Admits that 26 U.S.C. § 508(a)(1) contains the language quoted in paragraph 196.

197.    Admits.

198.    Admits.

199–203.   To the extent that the allegations in paragraphs 199–203 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

204–206.   Paragraphs 204–207 express legal conclusions to which no response is required. To the extent a response is required, denies.

**Damages**

207.    As the allegations in paragraph 207 relate to claims that have been dismissed by this Court, no response is required.

208.    No response to the allegations in paragraph 208 is required, as they relate only to claims which have been dismissed by this Court.

209.    To the extent that the allegations in paragraph 209 express legal conclusions or relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Denies the remaining allegations.

210.    To the extent that the allegations in paragraph 210 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required.  Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

211–213.   To the extent that the allegations in paragraphs 211–213 relate to the claims regarding individual defendants that have been dismissed by this Court, no response is required. Denies that Plaintiff's application was deliberately delayed, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

WHEREFORE, the United States respectfully requests that this Court deny the relief requested in Counts II and V of the First Amended Complaint, and grant any other relief to which the United States may be entitled.

(Signature on following page.)

DATED: December 19, 2016

Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
Tax Division

 s/ *Joseph A. Sergi*
JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

LAURA C. BECKERMAN (CA 278490)
LAURA M. CONNER (VA 40388)
JOSEPH R. GANAHL (MD)
JEREMY N. HENDON (OR 982490)
GERALD A. ROLE (DC 415274)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-2000

Of Counsel:
CHANNING D. PHILLIPS
Acting United States Attorney

ATTORNEYS FOR THE UNITED STATES

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRUE THE VOTE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.,* )<br>)<br>Defendants. )<br>) | Civil Action No. 1:13-cv-00734-RBW |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2016, the United States' Answer to the First Amended Complaint in the above-captioned matter was filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

  s/ *Joseph A. Sergi*
JOSEPH A. SERGI