IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Despite its comprehensive opposition to the United States' motion for summary judgment, True the Vote alleges that it requires discovery before it may present facts that it calls "essential" to its response. (Doc. 120 at 1.) Yet a substantial portion of the information True the Vote says it needs goes to its underlying claims, as opposed to the jurisdictional issues that are the subject of the motion for summary judgment. As described in the United States' motion for summary judgment and the reply filed today in support of that motion,[1] True the Vote's complaint challenges the fairness of the application process. But the IRS granted True the Vote's application for tax-exempt status more than three years ago. Whatever harms True the Vote may have experienced from the alleged "targeting" of its application for heightened scrutiny based on its viewpoints and from the prior delay in the consideration of its application,

---

[1] Because the content of the United States' reply underpins the reasons that Plaintiff is not entitled to discovery under Rule 56(d), the reply in support of summary judgment is incorporated by reference in this brief.

those harms necessarily ended when the IRS acted on its application. In addition to seeking discovery on purely past actions that in no way entitle Plaintiff to present declaratory and/or injunctive relief, Plaintiff also seeks discovery on speculative harms that go beyond the allegations of its complaint. None of the requested discovery can aid True the Vote in responding to the jurisdictional issues presented in the motion for summary judgment.

## DISCUSSION

I. **Plaintiff's requests for discovery on past actions do not bear on whether Plaintiff is presently entitled to declaratory and/or injunctive relief.**

Because True the Vote's application has been granted, it is not experiencing harms that are properly raised in its complaint, and no declaration or injunction from this Court could give it any additional relief that it is entitled to receive. Even if the alleged "targeting" were ongoing, Plaintiff cannot experience harm in the application process when the application process is over. Plaintiff has identified no information that it could obtain in discovery that would counter that threshold conclusion.

For example, Plaintiff asserts that it is entitled to detailed discovery regarding the processing of its application for tax-exempt status. (Doc. 120-1 ¶ 6(a).) But that broad topic of discovery is completely backward looking, when the key issues to be decided in the summary-judgment motion (*i.e.*, whether the Plaintiff's claims are now moot and whether Plaintiff has alleged sufficiently imminent harm to give it standing to pursue the declaratory and injunctive relief it seeks) are forward looking. In any event, because the pending motion for summary judgment raises questions of the Court's jurisdiction, we assume for purposes of the summary-judgment motion that all properly plead allegations of the complaint are true. As a result, there is no need for discovery on past actions. Similarly, Plaintiff's request for evidence regarding the

use of viewpoint-based criteria in *any aspect* of tax administration (Doc. 120-1 ¶ 6(d)) fails for the same reasons, to the extent it seeks information regarding the application process.[2]

Likewise, Plaintiff has not shown that it needs evidence regarding whether any political interests or biases of IRS employees, as opposed to ineffective management as TIGTA concluded following its comprehensive investigation, contributed to the complained-of conduct regarding the processing of applications. (*See* Doc. 120-1 ¶ 6(e).) Regardless of what caused those events, no aspect of the application process can harm Plaintiff now, given that its application was granted more than three years ago.

## II. Plaintiff's requests for discovery on purely speculative harms that stretch beyond the allegations of the complaint do not bear on whether Plaintiff is presently entitled to declaratory and/or injunctive relief.

As described in the reply in support of the United States' motion for summary judgment, Plaintiff tries to manufacture continuing jurisdiction in this Court by speculating that it might be subjected to various alleged harms that Plaintiff has not plead in its complaint. Because such speculative, unplead harms cannot form the basis for any present declaratory and/or injunctive relief, discovery on those topics could not aid Plaintiff in its opposition to the motion for summary judgment.

For instance, Plaintiff requests discovery concerning the alleged use of viewpoint-based criteria in *any aspect* of tax administration, including aspects that lie outside the realm of tax-exempt applications. (Doc. 120-1 ¶ 6(d).) But as this Court already has observed and the D.C. Circuit agreed, Plaintiff's claims raise questions about the fairness of the *application* process

---

[2] To the extent that request seeks information about any IRS functions outside the tax-exempt application process, it also fails because it seeks information beyond the scope of the complaint and that only could pose speculative harm to Plaintiff. (*See* discussion below in part II.)

alone.  The D.C. Circuit has described both True the Vote and the *Linchpins* plaintiffs as alleging "that their *applications for tax exempt status* were selected out" based on improper criteria.  *True the Vote, Inc. v. IRS*, 831 F.3d 551, 556 (D.C. Cir. 2016) (emphasis added); *see also id.* ("Because their *applications* were subjected to extended delay and were not receiving the same processing as those of other organizations, and as they learned from other sources that the IRS might be employing improper and unconstitutional criteria, several applicants brought the present actions.") (emphasis added).

As this Court previously observed, True the Vote's complaint "is entirely focused on an alleged 'targeting scheme' during the plaintiff's tax-exempt *application process*." *True the Vote, Inc. v. IRS*, 71 F. Supp. 3d 219, 228 (D.D.C. 2014) (emphasis added), *aff'd in part, rev'd in part and remanded sub nom. True the Vote, Inc. v. IRS*, 831 F.3d 551 (D.C. Cir. 2016).  The D.C. Circuit agreed that this Court "correctly identified the nature of this controversy and the nature of the government conduct subject to equitable relief."  *True the Vote*, 831 F.3d at 564.

Similarly, Plaintiff is not entitled to discovery concerning any prospective "oversight" it might receive, including through the possibility of future audit.  (*See* Doc. 120-1 ¶ 6(g).)  As described in the United States' summary-judgment reply, Plaintiff's allegations in its opposition to summary judgment regarding "surveillance" and the potential for audit are beyond the scope of its complaint.  The same is true as to Plaintiff's request for discovery as to the retention and potential disclosure of Plaintiff's application information (Doc. 120-1 ¶ 6(b)), as well as the request for discovery as to the attenuated speculation that the IRS has "disseminated" Plaintiff's application within the IRS and to unrelated government agencies (Doc. 120-1 ¶ 6(c)).  Plaintiff is not entitled to relief from a potential harm that it does not even allege has impacted it.  Notwithstanding that Plaintiff filed a 214-paragraph complaint, Plaintiff asks the Court *to*

4

*assume* there *might be* additional elements of improper conduct that Plaintiff has not plead, and Plaintiff further claims that it is entitled to discovery to see if it *might* find other claims. It is well settled that only properly plead *facts* will support a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff ignores that principle when it asks the Court to allow it to proceed to discovery to see if it might be able to find other bases for its claims. That would amount to a fishing expedition, which the federal rules do not permit.

Also, discovery regarding the training of IRS employees that has been implemented as to proper application procedures would not help Plaintiff in opposing the jurisdictional grounds of the motion for summary judgment. (*See* Doc. 120-1 ¶ 6(f).) Any fear that True the Vote will be harmed by alleged deficiencies in training is entirely speculative. True the Vote's application has been approved. Alleged deficiencies in training as to the review of applications cannot affect True the Vote.

In addition, through the declaration of Tamera L. Ripperda, then Director of the IRS Exempt Organization Unit, the IRS has given detailed descriptions of how it has resolved the problems that are the subject of Plaintiff's complaint, and the independent oversight body TIGTA concurs that those problems are resolved. Plaintiff has given no valid reason to believe that those conclusions are wrong; instead, Plaintiff provides mere speculation and allegations that the IRS has not addressed a laundry listed of potential harms that are not included in Plaintiff's complaint. Plaintiff has failed to justify its requests for any of the discovery identified in their counsel's declaration, including the request to take Ms. Ripperda's deposition. (*See* Doc. 120-1 ¶ 6(h).) The fact that Plaintiff's application was granted more than three years ago provides an independent basis to conclude that Plaintiff's claims are moot.

## CONCLUSION

Because True the Vote's application has been granted, it is not experiencing harms that are properly raised in its complaint, and no declaration or injunction from this Court could give it any additional relief that it is entitled to receive. In addition to seeking discovery on purely past actions that in no way entitle Plaintiff to present declaratory and/or injunctive relief, Plaintiff also seeks discovery on speculative harms that go beyond the allegations of its complaint. None of the requested discovery can aid True the Vote in responding to the jurisdictional issues presented in the motion for summary judgment. As a result, the United States asks the Court to deny Plaintiff's motion for discovery pursuant to Rule 56(d).

DATED: February 9, 2017                     Respectfully submitted,

                                                        DAVID A. HUBBERT
                                                        Acting Assistant Attorney General
                                                        Tax Division

                                                        s/ Joseph A. Sergi
                                                        JOSEPH A. SERGI (DC 480837)
                                                        Senior Litigation Counsel
                                                        U.S. Department of Justice, Tax Division
                                                        555 4th Street, N.W., JCB 7207
                                                        Washington, D.C. 20001
                                                        (202) 305-0868; (202) 307-2504 (FAX)
                                                        Joseph.A.Sergi@usdoj.gov

                                                        LAURA C. BECKERMAN (CA 278490)
                                                        LAURA M. CONNER (VA 40388)
                                                        JOSEPH R. GANAHL (MD)
                                                        JEREMY N. HENDON (OR 982490)
                                                        GERALD A. ROLE (DC 415274)
                                                        Trial Attorneys
                                                        U.S. Department of Justice, Tax Division
                                                        555 4th Street, N.W.
                                                        Washington, D.C. 20001
                                                        (202) 514-2000

Of Counsel:
CHANNING D. PHILLIPS
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2017, the United States' Opposition to Plaintiff's Motion for Discovery Under Federal Rule of Civil Procedure 56(d) was filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

s/ *Joseph A. Sergi*
JOSEPH A. SERGI