## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.,** | |
| *Plaintiff*, | |
| *v.* | Civ. No. 13-cv-00734-RBW |
| **INTERNAL REVENUE SERVICE,** *et al.,* | |
| *Defendants*. | |

## NOTICE OF ATTORNEY'S CHARING LIEN

PLEASE TAKE NOTICE that Public Interest Legal Foundation (PILF), f/k/a ActRight Legal Foundation, and Foley and Lardner LLP assert an attorney's charging lien based upon legal services performed and expenses and costs incurred in connection with the representation of plaintiff True the Vote, Inc. in this action.

In this jurisdiction, a charging lien attaches where "there exist[s] between the client and his attorney an agreement from which the conclusion may reasonably be reached that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered." *Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996).

The charging lien arises for the following reasons:

1.      On May 13, 2013, PILF, then-known as ActRight Legal Foundation, entered into a representation agreement with the plaintiff, under which PILF agreed to provide legal services to the plaintiff in connection with this litigation (hereafter, the "PILF Agreement").

1

2.      On July 29, 2013, PILF entered into a representation agreement with Foley and Lardner LLP, under which Foley and Lardner agreed to provide legal services to PILF and the plaintiff in connection with this litigation (hereafter the "Foley Agreement").

3.      Attorneys from PILF and Foley and Lardner acted as counsel of record in this litigation from May 21, 2013 until February 22, 2017.

4.      In this action, plaintiff asserts that the Internal Revenue Service unlawfully discriminated against plaintiff in the processing of plaintiff's application for tax-exempt status.

5.      In the PILF Agreement, the plaintiff agreed that it would reimburse PILF for reasonable costs and expenses incurred in connection with PILF's representation of the plaintiff.

6.      The PILF Agreement provided that following successful completion of the litigation, PILF would pursue an award of attorneys' fees and costs from the Court. The plaintiff agreed that any such fees and costs recovered belonged to PILF, minus any payment of costs made by the plaintiff to PILF under the agreement.

7.      In the PILF Agreement, the plaintiff further agreed not to waive the right to attorney fees or costs and to cooperate fully in the effort to recover fees and costs.

8.      In the Foley Agreement, PILF agreed to be responsible for all costs generated by Foley and Lardner in the course of the representation and PILF has since reimbursed Foley and Lardner for such costs.

9.      In the Foley Agreement, Foley and Lardner reserved the right to seek fees and expenses from the Court and PILF and the plaintiff agreed to cooperate fully in Foley and Lardner's effort to do so.

10.     Relying on their respective agreements, attorneys from PILF and Foley invested significant time and resources into pursuing plaintiff's claims in this litigation.

11.     In the course of the representation, PILF has incurred costs and expenses in the amount of $45,675.10. To date, the plaintiff has not reimbursed PILF for any expenses or costs. PILF asserts a charging lien against any recovery of expenses and costs obtained by the plaintiff.

12.     PILF and Foley and Lardner have also made a substantial expenditure of attorney time. Although, the value of this time will ultimately depend on what the Court determines is reasonable, PILF and Foley and Lardner assert a charging lien for attorney's fees against any recovery obtained by the plaintiff.

13.     Despite their withdrawal, pursuant to their respective agreements, plaintiff's former attorneys maintain a substantial interest in any recovery that might ultimately be obtained by the plaintiff. They therefore assert this attorney's charging lien against any recovery of fees, expenses and costs that might be obtained by the plaintiff, and demands that PILF's interests be recognized in conjunction with the distribution of any recovery to plaintiff or its counsel in this litigation.

WHEREFORE, notice is hereby given to all interested or affected parties and persons of the attorney's charging lien against any recovery obtained by plaintiff as described herein.

Dated: May 5, 2017

Michael J. Lockerby (D.C. 502987)
Cleta Mitchell (D.C. 433386)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street NW Suite #600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com

Kaylan L. Phillips (D.C. 1110583)
         /s/ Noel H. Johnson
Noel H. Johnson (Wisc. 1068004)
Public Interest Legal Foundation
32 E. Washington, Suite 1675
Indianapolis, IN  46204
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing NOTICE OF ATTORNEY'S CHARGING LIEN to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

Dated: May 5, 2017

_____/s/ Noel H. Johnson_____
Noel H. Johnson
njohnson@publicinterestlegal.org