UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| True the Vote, Inc.; <br><br>                                              *Plaintiff*, <br> v. <br><br> Internal Revenue Service, et al.; <br>                                              *Defendants*. | Civil Case No. 1:13-cv-000734-RBW <br><br> **Declaration of John C. Eastman in Support of Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act** |

**Declaration of John C. Eastman**

I, John Eastman, make the following declaration pursuant to 28 U.S.C. Section 1746:

1.   I am the Henry Salvatori Professor of Law & Community Service at Chapman University Fowler School of Law. I am also the Founding Director of the Center for Constitutional Jurisprudence (the "Center"), a public interest law firm affiliated with the Claremont Institute for the Study of Statesmanship and Political Philosophy. As part of its mission, the Center engages in strategic federal constitutional litigation, and I was co-counsel for the Plaintiff, True the Vote, Inc. ("TTV") in the above-styled litigation from its initiation in May 2013 until late February 2017. Current counsel for the Plaintiff, The Bopp Law Firm, P.C., has prepared and filed a motion for attorney's fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* ("EAJA"). This declaration is submitted in support of that Motion and attests to the accuracy and necessity of the fees, costs, and expenses incurred by Center in the successful prosecution of the action.

1

**Declaration of John C. Eastman**

2. I have practiced law since 1997 after serving as law clerk to the Honorable Clarence Thomas, Associate Justice of the U.S. Supreme Court and to the Honorable J. Michael Luttig, of U.S. Court of Appeals for the Fourth Circuit. Prior to law school, I earned an M.A. and Ph.D. in Government from the Claremont Graduate School.

3. I founded the Center in 1999 to present Originalist, natural law-based arguments before state and federal courts in strategically selected cases that will impact the legal landscape. The Center's involvement in cases typically ranges from direct representation of clients to amicus curiae briefs in the lower appellate courts and the U.S. Supreme Court.

4. I have represented parties before the U.S. Supreme Court at least 18 times and as amicus curiae before the Court at least 90 times. Additionally, I have represented parties or amici in U.S. Courts of Appeal, before U.S. District Courts, and before state courts and agencies or municipalities collectively in nearly 100 matters.

5. I have authored, co-authored, or edited more than 80 books, articles, courses, and reviews, written more than 80 opinion columns, and am a regular speaker, panelist, participant, presenter and moderator at scholarly conferences and at debates.

6. The services performed in the above-styled case by myself are truly and accurately listed in the Center's billing statement, submitted as Exhibit 3 to *Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application and Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act*. Those services were reasonably and necessarily performed in Plaintiff's cause on the merits of the Plaintiff's claims.

**Declaration of John C. Eastman**

7. The actual time that was contemporaneously recorded and described myself is accurately reported in the column recording "Gross Hours" and "Descriptions" in the Center's billing statement.

8. It is my understanding that the actual time I spent has been adjusted by attorneys at Plaintiff's current counsel, The Bopp Law Firm, to account for the relative success achieved in the suit and/or in billing judgment or otherwise as required by law, resulting in the "Adjusted Hours." It is also my understanding that the hourly rates sought for my time are determined by law and are not necessarily the rates normally charged by the Center for my time.

9. The Center employs legal interns as law clerks to perform tasks that would otherwise be performed by lawyers at lower costs. The interns are paid, and the Center accounts for law clerk's time separately.

10. In this case, Mallory Smith provided services as a law clerk, and the services performed in the above-styled case by her are truly and accurately listed in the Center's billing statement. Those services were reasonably and necessarily performed in Plaintiff's cause on the merits of the Plaintiff's claims.

11. The actual time that was contemporaneously recorded and described by Ms. Smith is accurately reported in the column recording "Hours" and "Descriptions" of the Center's billing statement.

12. It is my understanding that as required by the law of this Circuit the time spent by Ms. Smith has been adjusted by attorneys at Plaintiff's current counsel, The Bopp Law Firm, to account for the relative success achieved in the suit and/or as otherwise required by the EAJA or caselaw interpreting it. It is also my understanding that the hourly rate sought for Ms. Smith's

3

**Declaration of John C. Eastman**

time is determined by law and are not necessarily the rates normally charged by the Center for a law clerk's time.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of February, 2018.

Respectfully submitted,

_____
John C. Eastman (Cal.193726)
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University School of Law
One University Drive
Orange, CA 92866