UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**; <br> *Plaintiff*, <br> v. <br> **Internal Revenue Service, et al.**; <br> *Defendants*. | **Civil Case No.** 1:13-cv-000734-RBW <br> **Declaration of Noel H. Johnson in Support of Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act** |

**Declaration of Noel H. Johnson**

I, Noel H. Johnson, make the following declaration pursuant to 28 U.S.C. Section 1746:

1. I am an attorney at the Public Interest Legal Foundation, (formerly known as ActRight Legal Foundation). The Public Interest Legal Foundation ("PILF") is a 501(c)(3) public interest law firm that, as co-counsel, represented the Plaintiff, True the Vote, Inc. in the above-styled litigation from its initiation in May 2013 until late February 2017. Current counsel for the Plaintiff, The Bopp Law Firm, P.C., has prepared and filed a motion for attorney's fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* ("EAJA"). This declaration is submitted in support of that Motion and attests to the accuracy and necessity of the fees, costs, and expenses incurred by PILF in the successful prosecution of the action.

2. I and other lawyers employed by or contracted to PILF provided services on behalf of the Plaintiff, True the Vote, Inc. ("TTV") in the above captioned matter, both before this Court and on appeal before the United States Court of Appeals for the District of Columbia, and in seeking review by the Supreme Court of the United States.

**Declaration of Noel Johnson**

1

3.   I have been in practice since 2010 and joined PILF 2012. I specialize in litigation related to election and voting law, including issues such as voter ID and legislative redistricting. Prior to joining PILF, I practiced campaign finance and election law at The Bopp Law Firm, where I litigated cases protecting and vindicating the constitutional rights of individuals, associations, corporations and political groups in federal and state courts throughout the country, as well as before state administrative bodies.

4.   Kaylan Phillips is the chief litigation counsel for PILF. She has been practicing law since 2008 and joined PILF in 2012. She has litigated election law and constitutional law cases across the nation, from Washington state to Maine. Kaylan has extensive experience at every level of litigation in state and federal court, including the Supreme Court, and has also represented clients before federal and state administrative agencies. Before joining PILF, she was an associate at The Bopp Law Firm where her practice focused on election law litigation in federal court. She co-authored with James Bopp, Jr. a law review article entitled "*The Limits of* Citizens United v. Federal Election Commission: *Analytical and Practical Reasons Why the Sky Is Not Falling*" (46 U.S.F. L. Rev. 281 (2012)). She has written numerous amicus curiae briefs on key election law issues such as "one-person, one-vote" and alien voting.

5.   Barry Bostrom was General Counsel for PILF from 2012 to 2014. Mr. Bostrom entered practice in 1987 and was an associate at The Bopp Law Firm for 19 years, where he specialized in state and federal compliance advice for educational, issue advocacy, lobbying and political organizations. He has been editor-in-chief for Issues in Law & Medicine since 1988 and is presently Senior Counsel for Charitable Allies, Inc. and has a national practice offering

**Declaration of Noel Johnson**

compliance advice to non-profits, including educational, issue advocacy, lobbying, and political organizations.

6.      Joseph A. Vanderhulst joined the Foundation in 2012. He has been practicing law since 2008 and has experience in litigation relating to civil rights, election law, and equal protection in state and federal courts.  He also practices regulatory compliance and representation in administrative actions in areas of non-profit, campaign finance, and lobbying. Prior to joining the Foundation, Joe was an associate at The Bopp Law Firm, where his focus included redistricting and equal protection.

7.      Zachary Kester was the Managing Attorney at PILF from 2012 until late 2013. He is presently Senior Counsel at Charitable Allies, Inc. Mr. Kester entered legal practice in 2009 as an associate at The Bopp Law Firm where he specialized in non-profit organizations and tax law, campaign finance law and constitutional law.

8.      Eric Bohnet served as a contract attorney for PILF in this case. Mr. Bohnet is an attorney in solo private practice emphasizing appeals, and also providing research and writing services to other attorneys. He practices extensively in the Indiana state appellate courts and federal courts of appeals nationwide. His specialities are appellate litigation, brief writing, and First Amendment litigation. Subject matter of recent appeals has included criminal, contract disputes, probate, personal injury, and family law issues. Prior to starting his own office in 2006, Eric worked at several firms in Texas and Indiana litigating a variety of cases, predominately involving free speech/campaign finance, personal injury/insurance, and commercial litigation. Mr. Bohnet was an associate at The Bopp Law Firm from 1999 to 2004, where he focused on First Amendment litigation, particularly regarding campaign finance and election law.

**Declaration of Noel Johnson**

9.  The services performed in the above-styled case by the aforementioned attorneys and myself are truly and accurately listed in the Public Interest Legal Foundation billing statement, ("PILF Billing Statement"), submitted as Exhibit 2 to *Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application and Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act*. Those services were reasonably and necessarily performed in Plaintiff's cause on the merits of the Plaintiff's claims.

10. The actual time that was contemporaneously recorded and described by the attorneys performing those services is accurately reported in the "gross hours" and "descriptions" of the PILF billing statement.

11. The "gross hours" spent by PILF has been adjusted by Plaintiff's current counsel, The Bopp Law Firm, to account for the relative success achieved in the suit and/or in billing judgment or otherwise as required by law, resulting in the "adjusted hours." The hourly rates sought for the PILF attorneys' time are determined by law and are not necessarily the rates normally charged by PILF for these attorneys' time.

12. In order to effectively and efficiently serve our clients' needs, PILF employs legal assistants, typically law clerks, to perform tasks that would otherwise be performed by lawyers at lower costs to the client. It is PILF's practice to bill these law clerks' time separately.

13. In this case, law students Jackie Flint, Kevin LeRoy, and Raina Wallace, provided services as law clerks in this case.

14. The services performed in the above-styled case by these clerks are truly and accurately listed in the PILF billing statement. Those services were reasonably and necessarily performed in Plaintiff's cause on the merits of the Plaintiff's claims.

**Declaration of Noel Johnson**

15. The actual time that was contemporaneously recorded and described by the law clerks performing those services is accurately reported in the "gross hours" and "descriptions" of the PILF billing statement.

16. It is my understanding that as required by the law of this Circuit the time spent by PILF's clerks has been adjusted by attorneys at Plaintiff's current counsel, The Bopp Law Firm, to account for the relative success achieved in the suit and/or as otherwise required by the EAJA or caselaw interpreting it. It is also my understanding that the hourly rates sought for the law clerks' time are determined by law and are not necessarily the rates normally charged by PILF for these law clerks.

17. PILF also incurred expenses in the prosecution of this case. Those expenses are truly and accurately listed in Exhibit 4 to *Plaintiffs Memorandum*. It is PILF's practice to bill for each of these expenses separately and each of these expenses was necessarily incurred in the preparation of the Plaintiff's case. However, it is my understanding that under the law of this Circuit, the EAJA allows compensation for costs and expenses only for copying costs, filing fees, hearing transcript costs, and computer research expenses. Plaintiff's current counsel, The Bopp Law Firm has accordingly made adjustments to the expenses actually incurred by PILF to account for this and, if and where appropriate, to account for limited success.

**Declaration of Noel Johnson**

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of February, 2018.

Respectfully submitted,

Noel H. Johnson (Wisc. 1068004)
THE PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington Street, Suite 1675
Indianapolis, IN 46204-3594
(317) 203-5599 (telephone)
(888) 815-5641 (fax)