# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br> *Plaintiff*,<br><br> *v.*<br><br> **Internal Revenue Service, et al.**;<br> *Defendants*. | **Civil Case No.** 1:13-cv-000734-RBW<br><br> **Supplemental Declaration of James Bopp, Jr. in Support of Plaintiff's Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act** |

### Supplemental Declaration of James Bopp, Jr.

I, James Bopp, Jr., make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am the owner of THE BOPP LAW FIRM ("BLF"). I and my firm have represented the Plaintiff as lead counsel in this action from late February 2017 through the present.

2. I reiterate the facts of my prior declaration made in support of *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* (Doc. 151) ("Application") with respect to experience, rates, billing practices, and other applicable statements and incorporate them herein by reference to the following discussion of fees and expenses.

3. BLF provided a summary of hours by attorney for the time spent until February 13, 2018 on this matter, and noted that it would file a supplemental request for fees and costs incurred after that date once briefing in the matter had concluded. (Application, n. 1; *BLF Billing Records*, Doc. 151-13).

4. The Application requests fees based on two alternative provisions of the EAJA: "enhanced" rates based on the prevailing market rates in the relevant community, *see Cobell v.*

**Supp. Decl. of James Bopp, Jr.**

*Norton*, 407 F. Supp. 2d 140, 170 (D. D.C. 2005), and the statutory EAJA rates adjusted for inflation.

5. *Plaintiff's Reply to United States' Opposition to Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses* (Doc.156) ("Reply") made further billing reductions based upon inadvertent charges in the Application. (*See* Reply, 22-24). After those reductions, the amount requested in the Reply was $1,879,157.86 at the enhanced rates and $720,272.46 at statutory EAJA rates.

6. In the exercise of billing judgment and in accordance with the procedures described in the *Memorandum of Points and Authorities* supporting the Application (Doc. 151-8, 24), I have not charged 10.3 hours of time spent after February 13, 2018 on press related matters, valued at $5,258.20 at the enhanced rates and valued at $2,026.93 at statutory EAJA rates.

7. After these reductions, my firm has incurred an additional fees valued at $103,049.20 at the enhanced rates and valued at $41,278.31 at statutory EAJA rates. A true and correct transcription of the time sheets and expense invoices showing both charged and "no-charged" time and expenses is attached to *Plaintiff's Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* as Exhibit 1.

8. The total fees and expenses now sought by my firm for the successful prosecution of claims and for preparing and supporting the Application in the above-captioned matter is $1,982,207.06 at the enhanced rates and $761,550.77 at statutory EAJA rates.

**Supp. Decl. of James Bopp, Jr.**                -2-

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of April, 2018.

James Bopp, Jr.