UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>                          *Plaintiff*,<br><br>  *v.*<br><br>**Internal Revenue Service, et al.**;<br><br>                          *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Plaintiff's Motion for Oral Argument** |

## Plaintiff's Motion for Oral Argument

Plaintiff True the Vote, Inc. ("True the Vote"), by and through undersigned counsel, and pursuant to LCvR 7(f), respectfully moves for this Court to set oral argument on *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act*. (Doc. 151.)

In support of its motion, True the Vote states as follows:

1. On January 21, 2018, this Court entered a consent order fully and finally resolving all claims except any request for attorneys' fees and costs. (Doc. 150.)

2. On February 20, 2018, True the Vote timely filed its Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act ("EAJA"), (Doc. 151), arguing that (1) the EAJA applies to this action; (2) True the Vote meets the net worth eligibility requirements of the EAJA; (3) the application is timely; (4) True the Vote is the prevailing party in this litigation; (5) the IRS cannot carry its heavy burden of showing its position was substantially justified in either law or fact and will not be able to show special circumstances make an award of fees unjust; and (6) the requested fees are fair and reasonable.

3. Defendants timely filed their Opposition to True the Vote's Motion for Attorneys' Fees

on March 6, 2018. (Doc. 152.)

4. On April 11, 2018, True the Vote timely filed its Reply to its Motion for Attorneys' Fees, (Doc. 155), making the issue ripe for review.

5. True the Vote now asks this Court to set oral argument on True the Vote's Motion for Attorneys' Fees.

6. True the Vote believes that oral argument would be beneficial to this Court because the matters under review are significant and complex. To be resolved are, *inter alia*, the questions of whether the Court's Consent Order effected a declaratory judgment or otherwise bore sufficient judicial imprimatur to constitute a judgment in favor of True the Vote, and whether IRS policy statements and general instructions in internal training materials carry sufficient legal authority to make a judicial pronouncement legally unnecessary.

7. Pursuant to LCvR 7(m), True the Vote's counsel consulted with opposing counsel, who stated that they do not consent to this Motion.

8. A proposed order is filed herewith.

WHEREFORE, for good cause shown, Plaintiff respectfully requests that the Court grant its Motion for Oral Argument.

| | |
|---|---|
| February 1, 2019 | Respectfully submitted,<br>/s/ James Bopp, Jr.<br>James Bopp, Jr. (D.C. Bar No. CO0041)<br>Courtney Turner Milbank*<br>THE BOPP LAW FIRM, P.C.<br>The National Building<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>(812) 232-2434<br>(812) 235-3685 (fax)<br>*Attorneys for Plaintiff*<br>*Admitted *pro hac vice* |

**Plaintiff's Motion for Oral Argument**     -2-

## Certificate of Service

I hereby certify that a true and complete copy of the foregoing has been served upon the following on this 1st day of February, 2019 via the Court's CM/ECF system.

Brigida Benitez- bbenitez@steptoe.com

Catherine D. Cockerham- ccockerham@steptoe.com

Christopher Randy Egan- christopher.r.egan@usdoj.gov

Eric Richard Nitz- enitz@mololamken.com

Erica Lynne Gerson- egerson@steptoe.com

Gerald Alan Role- gerald.a.role@usdoj.gov

Grover Hartt , III- grover.hartt@usdoj.gov

Jeffrey A. Lamken- jlamken@mololamken.com

Joseph A. Sergi- joseph.a.sergi@usdoj.gov

Justin V. Shur- jshur@mololamken.com

/s/ James Bopp, Jr.
James Bopp, Jr.