UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>　　　　　　　　　　　　　*Plaintiff*,<br><br>　v.<br><br>**Internal Revenue Service, et al.**;<br><br>　　　　　　　　　　　　　*Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Reply in Support of Plaintiff's Motion for Oral Argument** |

## Reply in Support of Plaintiff's Motion for Oral Argument

　On February 1, 2019, Plaintiff True the Vote, Inc. ("True the Vote") moved for this Court to set oral argument on *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act*. (Doc. 151.) On February 6, 2019, Defendants filed their Opposition to True the Vote's Motion. True the Vote now timely replies.

　In its opening Motion, True the Vote argued that oral argument would be beneficial to this Court because the matters under review are significant and complex. Defendants argue that the issues are neither significant nor complex. But in doing so, Defendants outline the significant issues in this case, including **(1)** whether the IRS stipulations, Court findings, and declaratory judgments in the Consent Order effected prevailing party status on Plaintiff, **(2)** whether the IRS's admitted discriminatory conduct and the subsequent legal defense of it were substantially justified, and **(3)** whether denying claims resolved in favor of the Plaintiff or making internal remedial gestures amounts to "special circumstances" to make an award of fees unjust.

　Plaintiff has shown that it is the prevailing party—both the Court of Appeals ruling and the consent order changed the legal relationship between True the Vote and Defendants. (Plaintiff's

**Reply in Support of Plaintiff's**
**Motion for Oral Argument**

Motion for Fees Memo, Doc. 151-8, at 6-11.) Defendants failed to show that their position was substantially justified, either in the underlying IRS conduct or in this litigation. (*Id*. at 11-18.) They fail to even advance a plausible argument for special circumstances that would make an award of attorneys' fees unjust. (*Id*. at 18-19.) Indeed, True the Vote has shown that it is entitled to an enhanced attorney fee rate over the EAJA statutory cap because of Defendants' bad faith actions and unnecessarily litigious actions. (*Id*. at 19-23.)

These issues are not insignificant or simple and the stakes are high. True the Vote is entitled to $1,933,888.06 in attorneys fees (or $750,922.79 if no bad faith or special factor enhancement is employed). Accordingly, Plaintiff respectfully requests that the Court grant its Motion for Oral Argument.

February 12, 2019

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
Courtney Turner Milbank*
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted *pro hac vice*

## Certificate of Service

I hereby certify that a true and complete copy of the foregoing has been served upon the following on this 12th day of February, 2019 via the Court's CM/ECF system.

Brigida Benitez- bbenitez@steptoe.com

Catherine D. Cockerham- ccockerham@steptoe.com

Christopher Randy Egan- christopher.r.egan@usdoj.gov

Eric Richard Nitz- enitz@mololamken.com

Erica Lynne Gerson- egerson@steptoe.com

Gerald Alan Role- gerald.a.role@usdoj.gov

Grover Hartt , III-  grover.hartt@usdoj.gov

Jeffrey A. Lamken- jlamken@mololamken.com

Joseph A. Sergi- joseph.a.sergi@usdoj.gov

Justin V. Shur- jshur@mololamken.com

/s/ James Bopp, Jr.
James Bopp, Jr.

**Reply in Support of Plaintiff's
Motion for Oral Argument**                -3-