*Declaration of John P. Relman*
*Makray v. Perez*

**EXHIBIT 12**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA J. MAKRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. Action No. 12-0520 (BAH) |
| THOMAS E. PEREZ, Secretary Of Labor, | ) ) ) ) |
| Defendant. | ) ) |

## DECLARATION OF JOHN P. RELMAN

I, John P. Relman, hereby declare and state the following:

1. I am a civil rights lawyer with 29 years of civil rights practice experience.

2. I am a resident of the District of Columbia and am admitted to practice law in the District of Columbia and the Commonwealth of Massachusetts, as well as numerous federal courts including, but not limited to, this Court, the D.C. Circuit, and the U.S. Supreme Court.

3. I am the founder and Managing Partner of Relman, Dane & Colfax PLLC (formerly Relman & Associates PLLC and Relman & Dane PLLC) (hereinafter "the Firm"), a private law firm in Washington, D.C., that specializes in civil rights litigation.

4. The Firm exclusively litigates civil rights matters and specializes in fair housing, fair lending, employment discrimination, disability, public accommodations, and police accountability. The Firm's practice includes individual and class action lawsuits on behalf of plaintiffs who have suffered discrimination and harassment on the basis of race, national origin, color, religion, sex, disability, age, familial status, source of income, and sexual orientation. The Firm presently has twenty-two attorneys, one legal fellow, and ten paralegals. The Firm has a

national civil rights practice and is highly regarded within the civil rights community for its expertise in civil rights litigation.

5. I make this declaration in support of Plaintiffs' Petition for a Partial Award at the *Salazar*/LSI Rate. Specifically, this Declaration provides support for an award of Plaintiff's lead counsel, Robert C. Seldon, Esq., for the time he spent from the denial of summary judgment through trial at the LSI-adjusted version of the Laffey matrix rate of $789.00 per hour rather than the rate that the U.S. Attorney's Office has accepted in the USAO Laffey matrix of $520.00 per hour. In my opinion and experience, this is a reasonable market rate for Mr. Seldon, not only for a discrete portion of this case, but for its entirety.

### The Background of John P. Relman

6. I graduated *cum laude* from Harvard College in 1979. In 1983, I graduated from the University of Michigan Law School. At Michigan I served as an Articles Editor for the *University of Michigan Journal of Law Reform* and received three academic honors: The Raymond K. Dykema Scholarship Award (1981-1982); the Louis Honigman Memorial Award (1983); and the Writing and Advocacy Book Award (1980-1981).

7. Following graduation from law school, I served as a law clerk for the Honorable Sam J. Ervin, III of the U.S. Court of Appeals for the Fourth Circuit and for the Honorable Joyce Hens Green of the U.S. District Court for the District of Columbia.

8. In October, 1986, I joined the National Office of the Lawyers' Committee for Civil Rights Under Law as a staff attorney. While at the National Office of the Lawyers' Committee, I litigated, in conjunction with local counsel and colleagues at the Lawyers' Committee, a variety of fair housing, employment discrimination, and death penalty cases in jurisdictions across the country. Among those cases were the following employment discrimination cases: *Bell v. City of*

2

*Jackson* (S.D. Miss.) (lead counsel) (enforcement of consent decree governing hiring and promotions in the City of Jackson Fire Department); *Anderson v. Douglas & Lomason* (N.D. Miss.) (co-counsel) (Title VII class action; race discrimination); *Byrd v. Travenol Laboratories* (N.D. Miss.) (co-counsel) (Title VII class action; race and sex discrimination).

9. In 1989, I left the National Office of the Lawyers' Committee to join the Washington Lawyers' Committee for Civil Rights and Urban Affairs. Upon joining the Washington Lawyers' Committee, I became Director of the Fair Housing Project, a position that I held until I left the Committee in October, 1999 to found Relman & Associates. During the ten years that I served as Director of the Fair Housing Project, the Washington Lawyers' Committee maintained a national reputation as one of the country's leading centers for the litigation of fair housing, fair lending, and public accommodations cases. As Director of the Fair Housing Project, I litigated numerous fair housing and public accommodations cases in federal district courts around the country. While at the Washington Lawyers' Committee, I authored numerous publications in the area of civil rights law and litigation, including: <u>Housing Discrimination Practice Manual</u> (West) (Revised 2014).

10. In October, 1999, I left the Washington Lawyers' Committee to found a civil rights law firm, which is now Relman, Dane & Colfax PLLC. The Firm is described above, and some of our cases in this Court are identified below.

11. In addition to my position at the Firm, I teach and lecture in the area of civil rights law and litigation. I have recently been a member of the Adjunct Faculty of Georgetown University Law Center and the University of Michigan Law School. Over the past fifteen years I have lectured widely on civil rights issues at legal conferences in the Washington, D.C. area and around the country, and have conducted numerous seminars and trainings for lawyers in civil

3

rights law, litigation, and advocacy. In 2007, I was listed as one of the best lawyers in America. I have repeatedly been listed as one of the best civil rights lawyers in Washington, D.C. by the Washingtonian Magazine.

**Plaintiff's Petition for a Partial Award at the *Salazar*/LSI Rate**

12. Mr. Seldon, Plaintiff's lead counsel, asked that I provide a Declaration regarding the hourly rate Mr. Seldon requests in Plaintiffs' Petition for a Partial Award at the *Salazar*/LSI Rate in this action.

13. The Firm litigates civil rights cases in the United States District Court for the District of Columbia, including employment discrimination, fair housing and lending, disability, public accommodations, and police misconduct cases. These cases include, among others: *Moore, et al. v. Johnson* (federal sector employment discrimination), 760 F.3d 66 (D.C. Cir. 2014), 926 F. Supp. 2d 8 (D.D.C. 2013), 255 F.R.D. 10 (D.D.C. 2008), 437 F. Supp. 2d 156 (D.D.C. 2006); *Caudle, et al. v. District of Columbia* (employment retaliation), 08-00205 at Docket Entry 426 (jury verdict for all plaintiffs); *Young, et al. v. District of Columbia Housing Authority* (disability discrimination), 31 F. Supp. 3d 90 (D.D.C. 2014); *Brown v. Short* (police misconduct), 729 F. Supp. 2d 125 (D.D.C. 2010); *Newman v. Borders* (public accommodations), 530 F. Supp. 2d 346 (D.D.C. 2008), *National Community Reinvestment Coalition v. Accredited Home Lenders Holding Company, et al.* (lending discrimination), 573 F. Supp. 2d 70 (D.D.C. 2008); *National Fair Housing Alliance, et al. v. Prudential Insurance Company* (lending discrimination), 208 F. Supp. 2d 46 (D.D.C. 2002); *Hargraves v. Capital City Mortgage* (lending discrimination), 140 F. Supp. 2d 7 (D.D.C. 2000); *Wai v. Allstate Insurance Company* (housing and lending discrimination), 75 F. Supp. 2d 1 (D.D.C. 1999).

14. As Managing Partner at the Firm, I have knowledge of the Firm's billing rates. The

4

Firm maintains customary billing rates for each attorney at the Firm. These rates reflect the qualifications and experience of the attorney performing the work, as well as the legal market (the District of Columbia) where the Firm is based.

15. The Firm's current billing rates for attorneys cover a range of rates based on experience and expertise. The Firm sets rates by attorney, and does not have different rates for different types of civil rights litigation (e.g. housing versus employment discrimination) or different stages of a case. My customary rate is the highest among lawyers at the Firm.

16. For the last three years, my customary rate has always been above the LSI-adjusted Laffey rate sought for Mr. Seldon's work. Paying clients of the Firm have paid more than the LSI-adjusted Laffey rate and the USAO Laffey rate for my services.

17. In addition to my own rate being above the LSI-adjusted Laffey rate sought by Mr. Seldon of $789, I am aware that the rate of $789 is below the rate charged by skilled civil litigators with twenty or more years of experience in the Washington, D.C. market. My knowledge of rates for highly experienced civil litigators in the Washington, D.C. market comes from working with co-counsel at D.C. law firms and from submitting fee petitions in the Firm's cases. For example, three highly experienced Washington, D.C. attorneys who practice in federal court submitted declarations in support of the Firm's fee petition in *Caudle v. District of Columbia* (08-cv-00205-BJR at Docket Entry 335, Exhibits B-D). These highly experienced attorneys explained that the Firm's customary rates are comparable to or below the prevailing market rates in the District of Columbia market, including for attorneys who litigate civil rights cases on behalf of paying clients.

18. In my opinion, the rates in the version of the Laffey matrix accepted by the U.S. Attorney's Office, which currently range from $255 to $520, are well below the market for

5

skilled litigators in federal court in the District of Columbia.

19. Mr. Seldon has asked me to address the reasonableness of an hourly rate of $789 per hour, which is the LSI-adjusted Laffey rate for an attorney with his experience in complex civil litigation. Mr. Seldon has asked the Court that this rate be used for his time after the denial of summary judgment until the conclusion of trial.

20. I am aware of Mr. Seldon's relevant experience in employment and civil rights litigation as described in the Declaration that Mr. Seldon is providing to the Court to support the request that the Court award of a portion of his time at the LSI-adjusted Laffey rate.

21. In my opinion, based on my knowledge of billing and practices of my firm and in the market for highly experienced practitioners in federal civil rights litigation, $789 is a reasonable rate to charge for all of Mr. Seldon's work.

I hereby declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed on: 4/20/15

_____
John P. Relman