*Declaration of John Eastman*

# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>　　　　　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>**Internal Revenue Service, et al.**;<br><br>　　　　　　　　　　　　　*Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Declaration of John C. Eastman in Support of Plaintiff's Notice of Compliance with Court Order** |

### Declaration of John C. Eastman

I, John C. Eastman, make the following declaration pursuant to 28 U.S.C. Section 1746:

1.　I submitted a previous declaration in support of *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* (Doc. 151) ("**Application**"); (Declaration of John Eastman, Doc. 151-4) ("**Eastman Declaration**").

2.　The Eastman Declaration detailed, *inter alia*, the Center for Constitutional Jurisprudence's ("**CCJ**") attorneys' education, experience, and billing practices for the case at bar. I incorporate by reference all of the declarations in the Eastman Declaration.

3.　CCJ served as Plaintiff's attorneys from 2013 through February, 2017, and as such, I am familiar with all of the pleadings, motions, and filings for the case at bar.

4.　In the Application, the rates charged for myself, an attorney, using the LSI Laffey Matrix, ranged from $626.00 to $826.00, adjusted for experience and for inflation. During that same time period, the rate I would regularly charge for my services in similar litigation was $625.

**Declaration of John C. Eastman**

1

5. We are a public interest legal organization and often represent clients on a pro bono basis. When reasonable attorney's fees are available pursuant to a fee-shifting statute, such as the Equal Access to Justice Act, we petition the court for rates in line with the applicable prevailing market rate.

6. For the instances when we do not charge clients for our services, we would be unable to provide any "billed" rates to the court, and it would be impossible for the court to use our non-existent rate information to establish the prevailing market rate.

7. Our inability to provide any rates to the court makes it particularly important that the court accept the LSI Laffey Matrix, [or other similar matrices?] as presumptive proof of prevailing market rates.

8. As noted in the Eastman Declaration, in order to effectively and efficiently serve our clients' needs, CCJ employs legal interns as law clerks to perform tasks that would otherwise be performed by lawyers at lower costs to the client. It is CCJ's practice to bill these paraprofessionals' time separately.

9. As also noted in the Eastman Declaration, in this case, the following paraprofessionals provided services in the instant case: Mallory Smith, law clerk.

10. Mallory Smith was a law student at Chapman University Fowler School of Law during the time she assisted in this litigation. Her work was billed at the LSI Laffey Matrix paraprofessional rate due to her education as a law student.

11. In the Application, the rates charged for paraprofessional Mallory Smith, using the LSI Laffey Matrix, ranged from $180.00 to $187.00, adjusted for experience and for inflation. During

**Declaration of John C. Eastman**

that same time period the rate CCJ would regularly charge for law clerk services in similar litigation was $125.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of June, 2019.

Respectfully submitted,

_____
John C. Eastman (Cal.193726)
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University School of Law
One University Drive
Orange, CA 92866

**Declaration of John C. Eastman**