*Declaration of Catherine Short*

# EXHIBIT 23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **True the Vote, Inc.**;<br><br>           *Plaintiff*,<br>v.<br><br>**Internal Revenue Service, et al.**;<br><br>          *Defendants*. | | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Declaration of Catherine Short in Support of Plaintiff's Notice of Compliance with Court Order** |

### Declaration of Catherine Short

I, Catherine Short, make the following declaration pursuant to 28 U.S.C. Section 1746:

1. I am an attorney practicing in California. I graduated from Boalt Hall School of Law, University of California at Berkeley, in 1983. I am a member of the United States Supreme Court Bar, the State Bar of California, the Ninth and Fifth Circuit Courts of Appeal, and several federal district courts.

2. I am the Vice-President for Legal Affairs at Life Legal Defense Foundation. My primary focus has been and remains defending the liberties of pro-life advocates.

3. I have reviewed the Amended Complaint and the Motion and Supporting Memorandum for Attorneys' fees (which contained a detailed background of the case, both at the district and appellate levels), as well as this Court's Order and Memorandum on Attorneys' Fees.

4. As an attorney for a non-profit organization, I have litigated cases pursuant to "fee-shifting" statutes that award reasonable attorney's fees to the prevailing party, such as 42 U.S.C. § 1988(b) or the Equal Access to Justice Act.

5. As an attorney practicing with a non-profit organization, I do not bill clients directly. When reasonable attorneys' fees are available pursuant to a fee-shifting statute, my co-counsel and I petition the court for rates in line with the applicable prevailing market rate.

6. Since we do not charge clients for our services, we would be unable to provide any "billed" rates to the court, and it would be impossible for the court to use our non-existent rate information to establish the prevailing market rate. Also, because we are not part of the traditional legal business community in the geographical areas where our cases arise, we are often hard-pressed to obtain declarations from attorneys practicing in certain cities to substantiate the market rate, particularly as attorneys in large firms may be reluctant to be associated with politically controversial issues.

7. Our inability to provide any rates to the court makes it particularly important that district courts accept the LSI Laffey Matrix, or other similar matrices, as presumptive proof of prevailing market rates.

8. In 2012, my co-counsel and I petitioned for fees in a case in the Northern District of California, *Hoye v. City of Oakland*, 653 F.3d 835 (9th Cir. 2011). Because of the aforementioned challenges in obtaining substantiating proof of either our "billing" rates or those of attorneys in that region, we based our motion on the Laffey Matrix, on examples of rates we found awarded in recent cases in the Northern District, and on fee declarations that attorneys had filed in other cases in the Northern District. Neither the defendant City of Oakland nor the district court questioned our requested rate of $550 per hour for attorneys with approximately two decades of experience in free speech litigation.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 12th day of June, 2019.

Respectfully submitted,

/s/ Catherine Short

Catherine Short, Esq.
Life Legal Defense Foundation
P.O. Box 2105
Napa, CA 94558
Phone: 707-224-6675
Email: kshort@lldf.org