# United States District Court
# For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>                                  *Plaintiff*,<br>v.<br><br>**Internal Revenue Service, et al.**;<br>                                  *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Memorandum of Points and Authorities in Support of Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act** |

## Memorandum of Points and Authorities in Support of Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act

Plaintiff, True the Vote, Inc. ("**TTV**"), requests an award of $39,253.20 in fees, costs, and expenses incurred in its submission in response to the Court's May 30, 2019 Order (ECF No. 161), which supports the reasonableness of its requested attorney and non-attorney billing rates. With this application, TTV's total request for attorney's fees, costs, and expenses incurred in pursuing a statutory fee award totals $142,302.40 (the sum of this Second Supplemental Application and $103,049.20 in fees from its Supplemental Application). The total recovery of attorneys' fees, costs, and expenses sought under 28 U.S.C. § 2412(b), the Equal Access to Justice Act ("**EAJA**") now totals $2,021,362.76.[1]

---

[1] This total of $2,021,363,76, valued at the LSI Matrix rates, reflects: **(1)** $1,933,888.06 in attorneys' and paraprofessional's fees sought in *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* (ECF No. 151) ("**Application**"); **(2)** ($54,730.20) as an adjustment to attorney and paraprofeesional fees, costs, and expenses, detailed in *Plaintiff's Reply to United States' Opposition to Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* (ECF No. 156) ("**Reply**"); **(3)** $103,049.20 in attorneys' and paraprofessional fees sought in *Plaintiff's Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal*

In its *Memorandum Opinion*, this Court held that TTV is the prevailing party in this litigation. (ECF No. 162 at 11.) ("**Memo. Op.**"). The Court ruled that TTV prevailed because the Consent Order's declaratory judgment that "discrimination on the basis of political viewpoint in administering the United States tax code violates fundamental First Amendment rights" afforded TTV some of the relief it sought in the litigation, and that this declaratory judgment was judicial relief that effected a "material alteration of the legal relationship between [TTV] and the government." *See id.* at 9-12. (internal citations omitted). Further, this Court held that Defendants' actions underlying this litigation—namely the discriminatory conduct the IRS engaged in against TTV—was not substantially justified. *See id.* at 13-14. Finally, the Court held that the Defendants could not show that special circumstances exist that would make a fee award unjust. *See id.* at 16. Therefore, this Court held that TTV is entitled to attorneys' fees under the EAJA. *Id.*

The Court held not only that TTV is entitled to an award of attorneys' fees, but it also found that TTV is entitled to a "bad faith enhancement" over the EAJA statutory hourly rate cap on those fees. *Id.* at 21-22. The Defendants' admissions that it "screen[ed] [TTV's] application based on its name or policy positions, subject[ed] the application to heightened scrutiny and inordinate delays, and demand[ed] [that TTV provide unnecessary] information," the Circuit's observation that "the IRS cannot defend its discriminatory conduct on the merits," and the Defendants' failure to offer any justification that their conduct was "narrowly tailored to serve

---

*Access to Justice Act* (ECF No. 157) ("**Supplemental Application**"); **(4)** ($97.50) as an adjustment to The Bopp Law Firm's ("**BLF**") billing records in *Plaintiff's Notice of Compliance with Court Order* (ECF No. 165) ("**Notice**") which removed a charge for paraprofessional Matthew Michaloski; and **(5)** $39,253.20 in attorneys' fees, costs, and expenses incurred in responding the Court's Order. ("**Second Supplemental Application**").

compelling state interests" all combined to provide this Court with "clear and convincing" evidence that the IRS acted in bad faith. *See id.* at 21.

## TTV Is Entitled to Attorney's Fees, Costs, and Expenses for Preparing the Fee Petition.

Courts in this district award attorneys for the work performed in "attempting to settle the attorney's fees matter, preparing the initial motion for attorney's fees and its reply in support of its motion, and in preparing [any] objections [to] the Court." *Elec. Privacy Info. Ctr. v. FBI*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015). Courts have at times found such a "fees on fees" request may be reduced for partial or limited success on the underlying claims. *Prunty v. Vivendi*, 195 F. Supp. 3d 107, 117 (D.D.C. 2016).[2]

Plaintiff contends that wholesale or categorical reducing of the "fees on fees" work is inconsistent with the purpose of a fee-shifting statute—providing incentive for prosecution of legal action vindicating important rights and "'curbing excessive regulation and the unreasonable exercise of Government authority.'" *Jean*, 496 U.S. at 165 (citation omitted). As the Court recognized in *Jean* "imposing the cost of fee litigation on prevailing parties" "resurrect[s]" "the financial deterrent that the EAJA aims to eliminate." *Id.*

Moreover, reducing fees for work on a fee petition based on limited success on the merits results in the inequitable outcome of reducing the amount recoverable on work a plaintiff's counsel is required to do regardless of the level of success on the underlying claim. In preparing a

---

[2]*Prunty* references *Commissioner, INS v. Jean*, which stands for the notion that an unsuccessful argument on a particular point *as it relates to fees* should be reduced because that argument was unsuccessful. 496 U.S. 154, 163 n.10 (1990) (holding that if the Government's challenge to a paralegal rate is successful, then the applicant should not receive fees for the time spent defending the higher rate) (emphasis added). *Jean* does not stand for the wholesale reduction of a "fees on fees" claim in accordance with the *original litigation's* unsuccessful claims.

reasonable request, plaintiffs are required to process the billing records, garner evidence of the appropriate hourly rate, and then scrutinize the billing records to exercise billing judgment and determine and deduct the hours spent on unsuccessful claims—just as TTV has done. *See* Pl.'s Memo. Supp., ECF No. 151-8 at 24-27. None of the time preparing a fee request and its supporting documentation is spent arguing the merits of any unsuccessful claims, but presenting facts and argument as to the proper amount of the fee award. Now, TTV requests the reasonable fees, costs and expenses for responding to this Court's request for further submissions as to the prevailing market rate for similar work in this District. This work too is completely unrelated to any unsuccessful claim.

Therefore, Plaintiff submits that it is entitled to its reasonable request of of $39,253.20 in fees, costs, and expenses incurred for preparing the Notice and its supporting documentation, and a total of $142,302.40 for "fees on fees." And, as detailed *supra* at n.1, TTV requests a total of $2,021,362.76 in attorneys' fees, costs, and expenses for work on the merits of this case and in pursuit of reasonable attorneys' fees.

June 14, 2018

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
Courtney Turner Milbank*
Melena Siebert*
Jeffrey P. Gallant*
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for TTV*
**Admitted pro hac vice*

## Certificate of Service

      I hereby certify that on June 14, 2019 , I caused the *Memorandum of Points and Authorities in Support of Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

                                                                <u>/s/ James Bopp, Jr.</u>
                                                                 James Bopp, Jr.