IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION
OF ORDER AND MEMORANDUM OPINION (ECF Nos. 161 and 162)
AND STATEMENT OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 7 and 59(e), Defendant United States of America moves for partial reconsideration of the Court's Order and Memorandum Opinion (ECF Nos. 161 and 162) entered on May 30, 2019.  In particular, the United States asks the Court to reconsider its conclusion that the finding of pre-litigation bad faith justifies the payment of all the requested attorneys' fees at the market rate.  As required by Local Rule 4(m), counsel for the United States have conferred with plaintiff's counsel, who advised that plaintiff opposes the relief requested in this motion.

**STATEMENT OF POINTS AND AUTHORITIES**

I.      Introduction.

In its initial motion for attorneys' fees, the plaintiff asked the Court to award it fees at market rates in excess of the usual statutory cap under the Equal Access to Justice Act ("EAJA").  The basis for the claimed enhancement was the alleged bad faith of the United States, both in the conduct of this litigation and in the pre-litigation events that led plaintiff to file suit.  While the

Court found that the United States did not conduct this litigation in bad faith, it awarded fees at market rates based solely on the finding of pre-litigation bad faith.

The court's fee award violates limits on judicial authority to award attorney's fees for bad-faith conduct by the United States. The award contravenes the fundamental principle, recognized in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), that bad-faith fee awards are strong medicine available solely to compensate for specific misconduct and may not be extended to cover all phases of a case absent specific findings that the fees would not have been incurred "but for" the bad-faith conduct. Even though the fees at issue in *Goodyear* were claimed based on a court's inherent powers to sanction conduct and not under EAJA, *Goodyear*'s tracing principle nonetheless applies, as the Ninth Circuit recently recognized. *Lu v. United States*, 921 F.3d 850 (9th Cir. 2019). Because the Court's blanket enhancement does not trace the fees awarded to its bad-faith findings, the Court improperly awarded fees that would have been incurred even in the absence of any bad-faith conduct. At a more basic level, the award confuses the distinction between "bad faith" fee awards under EAJA subsection (b) and fee awards under EAJA subsection (d), a fee-shifting provision that allows an eligible prevailing party to obtain fees unless the court finds that the government's position was "substantially justified."

II.  The United States asks the Court to reconsider its opinion to avoid a clear error of law.

Courts often treat motions for reconsideration as Rule 59(e) motions to alter or amend a judgment when they are filed within the Rule's time requirement. *See Zyko v. Dep't of Def.*, 180 F. Supp. 2d 89, 90 (D.D.C. 2001) (applying the 10-day time limit that then appeared in Rule 59(e)); *Strumsky v. Washington Post Co.*, 922 F. Supp. 2d 96, 100 (D.D.C. 2013) (applying the Rule's current 28-day time limit); *SmartGene, Inc. v. Advanced Biological Labs.*, 915 F.

Supp. 2d 69, 72 (D.D.C. 2013) (considering Rule 59(e) motion for reconsideration of partial summary judgment). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotations omitted). Here, the United States asks the Court to exercise its discretion to avoid a clear error of law.

III.   <u>The bad-faith enhancement of all fees awarded in this action confuses the standards under EAJA § 2412(b) and (d) and runs afoul of Supreme Court strictures.</u>

    A.   *The award of enhanced fees based on a finding of bad faith confuses the different standards under EAJA subsection (b) and EAJA subsection (d).*

Under the "American Rule," litigants ordinarily must bear their own attorney's fees. EAJA, however, provides for an award of attorney's fees against the United States in certain limited circumstances. The provision most commonly invoked to obtain fees in civil litigation involving the government is EAJA subsection (d), 28 U.S.C. § 2412(d), a "fee-shifting statute[]," *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990), that allows an eligible prevailing party to obtain fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A).

EAJA subsection (b), 28 U.S.C. § 2412(b), independently authorizes attorney's fee awards in some narrow circumstances. EAJA subsection (b) permits a court to award reasonable attorney's fees and expenses to the prevailing party "in any civil action" and makes the United States "liable for such fees and expenses to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b).

In awarding enhanced fees based solely on pre-litigation conduct that gave rise to the substantive claims, the Court relied erroneously on a fellow district court's finding that "[a]n award of attorney's fees under § 2412(b) can be based on conduct occurring during the litigation *or* conduct that gave rise to the litigation itself." *Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36, 39 (D.D.C. 2004) (emphasis added). But in reaching that conclusion, that court used the standard to determine substantial justification under § 2412(d) to justify a bad-faith enhancement under § 2412(b). *Id.* at 41. The inquiry under subsection (b) differs markedly from the inquiry under subsection (d), which requires a determination whether the government's position as a whole was substantially justified. *See Jean*, 496 U.S. at 159–62; *see also* 28 U.S.C. § 2412(d)(2)(D) (defining the "position of the United States" to "mean[], in addition to the position taken . . . in the civil action, the action or failure to act by the agency upon which the civil action is based").

Generally, under subsection (d), "only one threshold determination [of fee eligibility] . . . is to be made," *Jean*, 496 U.S. at 159, and "a fee award presumptively encompasses all aspects of the civil action," *id*. at 161. But the standard for awarding enhanced fees under subsection (b) is different. As discussed in more detail below in part III.B, an enhancement of all requested fees under subsection (b) cannot be based on a general finding of bad faith. Instead, and as the Supreme Court found in *Goodyear*, specific findings of bad faith must be linked to specific fees that would not have been incurred but for the bad faith. Even though *Goodyear* is based on a court's inherent powers to sanction conduct, its tracing principle nonetheless applies to determine whether it is appropriate to award a bad-faith enhancement under EAJA subsection (b), as the Ninth Circuit recently recognized in *Lu*. Because the conclusion in *Gray Panthers* – which was decided in 2004 and without the benefit of *Goodyear* – runs counter to the

Supreme Court's requirements in *Goodyear*, it may not form the basis of an enhanced fee award in this case.

> B.  C*ontrary to* Goodyear*, the award of enhanced fees here does not tie specific findings of bad faith to fees that would not have been incurred but for the bad faith*.

Under the common law, courts have "inherent power" to award attorney's fees against a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotation marks omitted). EAJA subsection (b) "codified" this "bad faith" exception to the American Rule and "made [it] applicable in suits against the United States." *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987). A fee award under this exception is "a matter of . . . vindicating judicial authority." *Chambers*, 501 U.S. at 55. It is "not a matter of substantive remedy," *id.*, or a tool to punish the underlying misconduct giving rise to a party's claim, *Goodyear*, 137 S. Ct. at 1186. Accordingly, in awarding attorney's fees, courts have drawn a sharp distinction between pre-litigation conduct upon which a suit is based and litigation conduct. As Justice Kennedy explained in his dissenting opinion in *Chambers*, "[w]hen a federal court, through invocation of its inherent powers, sanctions a party for bad-faith prelitigation conduct, it goes well beyond the exception to the American Rule and violates the Rule's careful balance between open access to the federal court system and penalties for the willful abuse of it." *Id*. at 74.

As the Court explained in *Goodyear*, a bad-faith fee award "may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear*, 137 S. Ct. at 1186 (internal quotation marks omitted); *see also Lu*, 921 F.3d at 859 (noting that "*Goodyear* emphasized that a bad faith fee award, 'when imposed pursuant to civil procedures, must be compensatory rather

5

than punitive in nature'" and applying *Goodyear* to determine whether a bad-faith enhancement is warranted under EAJA subsection (b)). "[I]f an award extends further than that—to fees that would have been incurred without the misconduct"—the Court explained, "it crosses the boundary from compensation to punishment," and requires the "procedural guarantees applicable in criminal cases." *Goodyear*, 137 S. Ct. at 1186. Thus, the Court summarized, a court may award "'only the portion of [a party's] fees that he would not have paid but for' the misconduct." *Id.* at 1187 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). To the extent a party would have incurred certain fees even in the absence of the bad-faith conduct, the Court explained, "he has suffered no incremental harm" from the bad faith and "the court lacks a basis for shifting" those fees. *Id.* (quoting *Fox*, 563 U.S. at 836). Accordingly, "[a] sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue." *Id.* at 1189. The Court made no such determination here.

In finding pre-litigation bad faith, the Court identified only events that gave rise to plaintiff's substantive claims. Under the rationale of the American Rule, those types of events may not support an award of fees based on bad faith. Other courts have distinguished between "a defendant's bad faith in necessitating that an action be filed," which may provide the basis for a fee award, and "a defendant's bad faith in the acts giving rise to the claim," which may not. *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 549 n.9 (9th Cir. 1992) (quoting *Shimman v. International Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1230 (6th Cir. 1984) (en banc)). The former type of pre-litigation conduct occurs when, for example, a defendant "maintain[s] a frivolous defense in bad faith, forcing [the] plaintiff to go to court." *Shimman*, 744 F.2d at 1230 n.6. In other words, a fee award may be based only on "bad-faith conduct related to the litigation," whether that conduct occurs "in response to a claim before

a suit has been filed or in the course of the litigation after a suit has been filed." *Sanchez v. Rowe*, 870 F.2d 291, 294 (5th Cir. 1989). A fee award "may not be based on a party's conduct forming the basis for that substantive claim." *Id*. at 295. Here, as the Court already found, the United States has not maintained a frivolous defense in bad faith that forced plaintiff to file suit and incur fees.

An award of attorney's fees based on "bad faith in the act underlying the substantive claim" is inconsistent "with the rationale behind the American Rule." *Shimman*, 744 F.2d at 1231. That rule recognizes that "[a] person who harms another in bad faith is nonetheless entitled to defend a lawsuit in good faith." *Id.* at 1232. The rule protects "the right to go to court and litigate a non-frivolous . . . defense" by precluding an award of attorney's fees when a defendant's "judgment concerning the merits of his position turns out to be in error" even though the injured party "is not made completely whole because of the cost of litigation." *Id*. at 1231.

Here, there has been no finding that any specific pre-litigation conduct is directly related to any of the claimed fees, and the Court's enhancement of *all* fees based on a finding of bad faith is inconsistent with its finding that the United States was both substantially justified in its legal defense and did not act in bad faith in presenting that defense.[1] (ECF No. 162 at 12, 20.) Here, the award of an enhancement above EAJA's usual statutory cap for *all* fees operates as a punishment. As it stands, the United States always would suffer a bad-faith enhancement when underlying conduct is found to constitute bad faith, no matter how justified its legal defense –

---

[1] Although not in the context of EAJA, the United States District Court for the District of Columbia has applied *Goodyear* to limit an award of fees to only those fees that were incurred because of the bad-faith conduct. *See Johnson v. Paragon Sys., Inc.*, No. CV 15-1851(EGS), 2018 WL 5045334, at *2 (D.D.C. Oct. 17, 2018) (limiting the award of fees to those incurred after a certain deposition).

such as mootness here.  Because subsection (d) requires looking at the circumstances as a unified whole, the plaintiff already is being compensated for an overall position that the Court found was not substantially justified.  Using the same general finding – without linking specific findings to particular fees – to also impose an enhanced fee under subsection (b) serves only to punish the United States.  As discussed above, that is not the appropriate function of subsection (b).

*Goodyear* acknowledges that "exceptional cases" may exist in which "the but-for standard even permits a trial court to shift all of a party's fees, from either the start or some midpoint of a suit, in one fell swoop," *Goodyear*, 137 S. Ct. at 1187, but this case does not present that rare exception.  Even in those rare types of instances, all fees (or groups of fees) may be awarded "only because all fees in the litigation, or a phase of it, meet the applicable [but-for] test." *Id.* at 1188.

Simply because there may have been pre-litigation bad faith does not mean that a case will fall within that rare exception.  In *Lu*, the district court identified several instances of bad-faith conduct on the part of the government, including two that occurred before the start of litigation.  *See Lu*, 921 F.3d at 863.  The district court gave a broad award of fees, adopting the view that the pre-litigation incidents "existed from the inception of the litigation so the majority of Plaintiffs' counsels' work was in some way traceable to that bad faith conduct. *Id.* at 858.  On appeal, the Ninth Circuit found that the district court's sweeping conclusion "did not calibrate a close 'causal link' between the sanctionable conduct and specific legal tasks," *id.* at 862 (internal citation omitted), and remanded the case for a determination in line with *Goodyear*, which was decided after the district court's ruling, *id.* at 863.  On remand, the Ninth Circuit directed, the "district court must identify the abuse of judicial process that is sanctionable, and apply the but-for standard to determine which fees would not have been incurred but for that conduct.  If the

district court determines that this is an exceptional case, it must explain why the entirety of the case, or some portion of the case, was initiated in 'complete bad faith,' so that the court may appropriately make a blanket award." *Id.* at 864.  As in *Lu*, this Court has not explained how the pre-litigation conduct that it determined to be in bad faith worked an "abuse of judicial process" that led directly to particular legal fees, much less each and every fee that plaintiff incurred. Indeed, this Court's finding of no bad faith on the part of the United States in the litigation of this action would seem to prohibit such a sweeping award.

To the extent this motion for reconsideration is successful, the applicable billing rate for the fees in plaintiff's request would be limited to the statutory cap, plus inflation, under EAJA. At most, market rates should be awarded for fees claimed on or before September 26, 2013. That is the date that the IRS granted plaintiff's application for tax-exempt status under 26 U.S.C. § 501(c)(3). (*See* ECF No. 59.)  To the extent, however, that plaintiff claims fees for any non-compensable activities on or before September 26, 2013, plaintiff should be awarded no fees for those activities.  The non-compensable fees that plaintiff continues to claim are addressed in the United States' Opposition to Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, filed contemporaneously with this motion.

IV.   Conclusion.

For those reasons, the United States asks the Court to reconsider its conclusion that the finding of pre-litigation bad faith justifies the payment of all the requested attorneys' fees at the market rate and make the finding necessary under *Goodyear* as to which, if any, of the plaintiff's requested fees are entitled to the enhanced rate given the findings already made by the Court.

DATED: June 27, 2019                Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

s/ Joseph A. Sergi
JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

LAURA M. CONNER (VA 40388)
STEVEN M. DEAN (DC 1020497)
JEREMY N. HENDON (OR 982490)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-2000

Of Counsel:
JESSIE K. LIU
United States Attorney

ATTORNEYS FOR THE UNITED STATES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRUE THE VOTE, INC. ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, the *UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION OF ORDER AND MEMORANDUM OPINION (ECF Nos. 161 and 162) AND STATEMENT OF POINTS AND AUTHORITIES* was filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

s/ *Joseph A. Sergi*
JOSEPH A. SERGI