# United States District Court
## For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;<br>    *Plaintiff*,<br>v.<br>**Internal Revenue Service, et al.**;<br>    *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW |

## Plaintiff's Reply in Support of Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act

Plaintiff, True the Vote, Inc. ("**TTV**") requested an award of fees and costs totaling $39,253.20, incurred in relation to its Notice of Compliance with the Court's Order ("**Notice**"). *See Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act* ("**Second Supplemental Application**")*,* ECF No. 166.

TTV is entitled to the fees requested in its Second Supplemental Application because courts in this district specifically award attorney's fees for the work performed in "fees-on-fees-on fees" applications, as long as the work is not too attenuated to the underlying litigation and is supported by proper billing records. *See McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162 (D.D.C. 2017). The work specified in TTV's Second Supplemental Application is not attenuated from the underlying litigation. Rather, it is a necessary step in the process to determine prevailing market rates under the EAJA. To disallow such a fee request in this case would be inconsistent with the purpose of the EAJA—to "encourage the procurement of objective counsel to pursue claims against the government for violation of various federal rights." *Kooritzky v. Herman*, 178 F.3d 1315, 1320 (D.C. Cir. 1999).

Defendants oppose TTV's Second Supplemental Application by mischaracterizing it as an "improper[ ] submi[ssion of] bills for time charged to correct its previous infirmities."[1] Defs. Opp., ECF No. 169 at 2. Rather than ordering a correction to "infirmities," this Court ordered TTV to provide additional legal substantiation of the reasonableness of the rates requested in relation to the prevailing market—this requested substantiation is completely consistent with the burden-shifting framework of determining the appropriate fees to award to a prevailing party.[2] *See* Mem. Op, ECF No. 162 at 23-24; *see also* Order, ECF No. 161 at 2.

Under the EAJA, the plaintiff has the initial burden to provide evidence of prevailing market rates. *Gatore v. United States Dep't of Homeland Sec.*, 286 F. Supp. 3d 25, 32 (D.D.C. 2017).[3] Once the plaintiff meets this burden, the defendant may provide sufficiently specific countervailing evidence of rates. *Id.* at 33. The Court has considerable discretion in determining the prevailing rate and adjusting the fees. *See id.* at 33-34.

TTV met its initial burden when it submitted the LSI Matrix, attorney declarations, and other evidence in support of the Application. *See* ECF No. 151-1 - 151-19. Defendants then submitted their response in opposition to TTV's Application ("**Response**"). *See* ECF No. 152.

---

[1] Defendants' Opposition also posits arguments against Plaintiff's counsels' billing records and practices. *See* Defs. Opp. at 11-20. Plaintiff responds to those arguments in its Reply in Support of Plaintiff's Notice, to be filed on or before July 15, 2019, per this Court's Minute Order issued on July 1, 2019. Defendants' Opposition also refers to their Motion for Partial Reconsideration, ECF No. 170, filed concurrently. *See* Defs.' Opp. at 2. TTV will separately file its response in opposition to Defendants' Motion for Partial Reconsideration.

[2] The Court also ordered TTV to subtotal the attorneys' billing records by attorney. This is not a "correction" to such records, but simply a formatting change that had no substantive effect on *Plaintiff's Application and Motion for Fees, Costs, and Expenses Under the Equal Access to Justice Act* ("**Application**"). *See* ECF No. 151.

[3] *Gatore* was overruled by *DL v. District of Columbia* to the extent *Gatore* accepted the USAO II Matrix. No. 18-7004, 2019 U.S. App. LEXIS 14963 (D.C. Cir. May 21, 2019). However, *DL* did not overrule the burden-shifting process under the EAJA as described in *Gatore*. *See* Notice of Supplemental Authority, ECF No. 167.

The Defendants did not submit "equally countervailing evidence" regarding the prevailing market rates in their Response. Rather, the Defendants dedicated the majority of their Response to the ultimately unsuccessful arguments that TTV was not the prevailing party, and/or that the government's actions underlying and during litigation were substantially justified, *see id.* at 2 - 16, and made some generalized complaints about the billing records. *See id.* at 16-19. Given the Defendants' lack of specific countervailing evidence regarding prevailing market rates, this Court acted well within its discretionary powers when it ordered both parties to submit further substantiation and argument regarding prevailing market rates. *See* Order, ECF No. 161 at 2.

Awarding the fees requested in the Second Supplemental Application will not force the government to "fund plaintiff's failure to submit the appropriate material," Defs. Opp., ECF No. 169 at 11. Such an award will simply compensate TTV's attorneys for work related to providing the *additional legal substantiation* the Court ordered, consistent with the Court's appropriate discretion and the burden-shifting framework of the EAJA. An award of such fees is consistent with the underlying purpose of the EAJA and with fundamental notions of fairness.

The case law cited by Defendants does not support the proposition that controlling circuit precedent requires a court to disallow an award of "fees-on-fees-on-fees"—in fact, the case law cited supports the opposite conclusion. *McNeil*, 233 F. Supp. 3d at162 (finding no "controlling precedent from the D.C. Circuit in support of the argument that fees-on-fees-on-fees are 'too attenuated from the underlying fee petition to be compensable'") (internal citations omitted). While the *McNeil* Court did acknowledge the need to "'draw a line to avoid plaintiffs extending their claims for fees *ad infinitum*,'" it refused to impose a "categorical bar" on recovering such fees. *Id.* (granting Plaintiffs' requested relief because it did not extend the litigation or necessitate

additional proceedings) (quoting *F.S. v. District of Columbia*, 307 F.R.D. 28, 30 (D.D.C. 2014)). Defendants' reliance on *Means v. District of Columbia* is equally misplaced—while the court there observed that "fees on fees on fees . . . *may* be too removed to be compensable," 999 F. Supp. 2d 128, 136 n. 7 (D.D.C. 2013) (emphasis added), as the court in *McNeil* recognized, *Means* was not applying an authoritative rule—the observation was dicta because no such claims were at issue. 233 F. Supp. 3d at 162.

TTV has not sought to raise new arguments or evidence, *cf F.S.*, 307 F.R.D. at 29, but has simply complied with this Court's Order to provide *additional legal substantiation*, primarily on the understandably difficult issue of prevailing market rates.[4] TTV was not obligated to provide this additional substantiation until the Court ordered it to do so, as it had met its initial burden of proof regarding prevailing market rates. *See supra* at 2-3.

This is not a case where the work was attenuated from the underlying litigation. The Second Supplemental Application and supporting documentation were submitted to this Court the day after TTV's submission of the Notice. The Notice did not provide arguments and evidence that should have been raised at an earlier stage of litigation but was provided in response to this Court's exercise of discretionary authority to request additional legal substantiation. An award of fees for the Second Supplemental Application will simply compensate TTV's attorneys for this work.

---

[4] *See Gatore*, at 33 ("'ascertaining the prevailing market rate is "inherently difficult."'")(internal alterations and citations omitted)).

**Pl.'s Reply in Supp. of
Second Supp. App.**                              4

# Conclusion

Awarding the fees requested in the Second Supplemental Application simply compensates TTV's attorneys for work related to providing the *additional legal substantiation* the Court ordered, consistent with the Court's appropriate discretion and the burden-shifting framework of the EAJA. An award of such fees is consistent with the underlying purpose of the EAJA and with fundamental notions of fairness. No controlling authority exists in this circuit barring an award of fees-on-fees-on-fees. In this case, such an award will not extend the claim for fees *ad infinitum*, nor does it award fees for claims that should have been brought in previous stages of this litigation. Therefore, Plaintiff submits that it is entitled to its reasonable request for $39,253.20 in attorneys' fees and expenses, detailed in its Second Supplemental Application.

July 5, 2019

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
Courtney Turner Milbank*
Melena Siebert*
Jeffrey P. Gallant*
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for TTV*
*Admitted pro hac vice

## Certificate of Service

I hereby certify that on July 5, 2019, I caused the *Memorandum of Points and Authorities in Support of Plaintiff's Reply to United States' Opposition to Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.