United States District Court
For the District of Columbia

| **True the Vote, Inc.**;  *Plaintiff*,  v.  **Internal Revenue Service, et al.**;  *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW |
|---|---|

# Plaintiff's Opposition to Defendants' Motion for Partial Reconsideration

## Introduction

This Court properly analyzed and determined that Plaintiff, True the Vote, Inc. ("**TTV**"), is entitled to attorneys' fees under the Equal Access to Justice Act ("**EAJA**"), 28 U.S.C. § 2412(d) ("**Subsection (d)**"), because TTV was a prevailing party and because the Defendants' conduct, which was the basis for this litigation, was not substantially justified. In addition, this Court determined TTV should be awarded those attorneys' fees based on market rates, not the statutory rate, because the Defendants' conduct underlying this litigation was in bad faith (**"bad faith enhancement"**). The cases cited in Defendants' Motion for Partial Reconsideration, ECF No. 170, do not apply to the award of attorney's fees under Subsection (d) here. In addition, *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), was decided in 2017, and *Xue Lu v. United States*, 921 F.3d 850, 861 (9th Cir. 2019), was decided before this Court's Order. But the Defendants never raised them, or the arguments they claim flow from them, until now, and it would be improper to consider them at this point in the litigation. Therefore, this Court should deny the Defendants' Motion for Partial Reconsideration.

## I. *Goodyear* and *Lu* Do Not Address an Award of Attorney's Fees under Subsection (d).

A.     **Under Subsection (d), a Finding of Bad Faith Only Determined the *Hourly Rate* of Attorney's Fees the Court Had Already Determined TTV Was Entitled to Receive.**

Congress adopted the EAJA in order to waive sovereign immunity and to allow the award of attorney's fees against the United States in two situations pertinent here: first, under 28 U.S.C. § 2412(b) ("**Subsection (b)**"), where the award of attorney's fees is triggered as provided under the common law, including by the defendant's bad faith conduct, and second, under Subsection (d), when the plaintiff is the prevailing party and the federal government's position is not substantially justified. Here, this Court awarded attorneys' fees under Subsection (d), not Subsection (b).

Defendants request reconsideration because they claim the Court did not perform a necessary *Goodyear* "causal link" analysis. ECF No. 170 at 9. They rely on *Lu*, which applied *Goodyear*'s common law bad faith analysis to an award of attorney's fees under Subsection (b). ECF No. 170 at 2, 9 (citing *Lu*, 921 F.3d at 864). Defendants claim that this Court must do a *Goodyear* "causal link" analysis and limit compensated attorney hours to those causally linked to their bad faith. ECF No. 170 at 6 (citing *Goodyear*, 137 S. Ct. at 1187). They are in error.

As *Lu* acknowledged, the analyses of cases under Subsection (b) and Subsection (d) are different. 921 F.3d at 862, n. 11. Under Subsection (d), TTV is entitled to an award of the attorney hours related to the claims it prevailed on and for which the government's position was not substantially justified. The determination of bad faith affected the *rate* applied to the awarded

**Pl.'s Opp. to Mot.
for Partial Reconsideration**                      2

hours, not which hours are compensable.[1] Under the "common law" provision of Subsection (b), a plaintiff cannot recover *any* fees without a finding of bad faith—being the prevailing party is not enough—the compensated attorney hours are based on a causal link to the bad faith conduct, not on the hours "linked" to the claims Plaintiff prevailed on. *Goodyear*'s "causal link" between the bad faith and attorney hours to be awarded has no application to Subsection (d) as utilized here.

Here, TTV prevailed and the government's position was not substantially justified—so TTV is eligible to receive an award of fees regardless of whether or not the government acted in bad faith. That is, TTV is entitled to an award of attorneys' fees at the statutory rate for all the hours spent on claims TTV prevailed on. And the Court's finding of pre-litigation bad faith justified enhancing the attorney fee rate to market rates for all of the compensable attorney hours.

**B.     This Circuit Has Not Applied *Goodyear's* Causal Link Analysis Outside of Cases Involving Sanctionable Litigation Behavior.**

Courts in this circuit recognize *Goodyear*'s recitations of general principles,[2] but they have never applied its causal-link analysis outside of the context of sanctions for bad faith conduct during litigation.[3] The D.C. Circuit Court of Appeals declined to apply the *Goodyear*

---

[1] And no question of *apportioning rates between EAJA and bad faith rates* is raised where, as here, *pre-litigation* bad faith is found. See *Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36, 41 (D.D.C. 2004).

[2] *See, e.g.*, *Cobell v. Barnhardt*, 2019 U.S. Dist. LEXIS 63889 (D.D.C. March 13, 2019) (mentioning causal link in relation to fee shifting in an attorney suit for fees after settlement); *United States ex rel. Scutellaro v. Capitol Supply, Inc.*, 2017 U.S. Dist. LEXIS 59531, 2017 WL 1422364 (D.D.C. April 19, 2017) (mentioning *Goodyear* only in relation to court's inherent power to address spoilation); *LeFande v. Mische-Hoeges*, 2018 U.S. Dist. LEXIS 223466, 2018 WL 6620129 (D.D.C. December 10, 2018) (discussing *Goodyear* in terms of courts' ability to "merely reduce the Lodestar amount by a certain percentage rather than go through a line by line analysis").

[3] *See e.g., Rogers v. Amalgamated Transit Union, Local 689*, 2017 U.S. Dist. LEXIS 65514, 2017 WL 1628867 (D.D.C. May 1, 2017) (awarding fees because of bad faith conduct in litigation); *Berthe Benyam Abraha v. Colonial Parking, Inc.*, 2019 U.S. Dist. LEXIS 61762, 2019 WL 1559655 (D.D.C. April 10, 2019) (issuing

causal-link analysis to a copyright case, questioning whether ". . . *Goodyear*'s rationale [could] extend[ ] to [the Copyright Section]." *Spanski Enters. v. Telewizja Polska, S.A.*, No. 18-7050, 2018 U.S. App. LEXIS 33303 (D.C. Cir. Nov. 27, 2018). Courts in this circuit have not applied *Goodyear* outside cases involving sanctionable litigation conduct, and the *Spanski* court expressed doubt as to its application in another statutory framework. In short, D.C. federal courts do not apply *Goodyear* as the Defendants now urge. The reasoning of *Goodyear* and *Lu* simply does not apply here and there is no "clear error of law" to be corrected.

## II. Raising *Goodyear* at this Stage of the Litigation Is Improper.

The Supreme Court decided *Goodyear* on April 18, 2017. Defendants never cited or referred to *Goodyear* before filing their Motion for Partial Reconsideration on June 27, 2019. *See* ECF No. 170. *Lu* was decided on April 17, 2019. Defendants could have filed a notice of supplemental authority regarding *Lu* before this Court issued its Order regarding fees on May 30, 2019. *See* Order, ECF No. 161. They did not do so.

This Court advises that it will not entertain "arguments that should have been previously raised, but are being raised for the first time in the motion for reconsideration." General Order for Civil Cases Before The Honorable Reggie B. Walton, ¶ 13. The Defendants have had two years to make the argument that *Goodyear*'s "causal link" analysis should apply to a bad faith enhancement to an award of fees under the EAJA. They had the opportunity, prior to this Court's decision, to make the argument that *Lu's* holdings supported a *Goodyear* analysis in this

---

sanctions for willful disobedience of court order); *McDonald's United States, LLC v. Craft*, 2017 U.S. Dist. LEXIS 195815 (D.D.C. November 29, 2017) (awarding Rule 37 sanction for failure to comply with court orders); *Marks v. Wash. Wholesale Liquor Co. LLC*, 253 F. Supp. 3d 312 (D.D.C. 2017) (issuing Rule 11 sanction for frivolous pleadings); *Johnson v. Paragon Sys.*, 2018 U.S. Dist. LEXIS 178307, 2018 WL 5045334 (D.D.C. October 17, 2018) (holding counsel "wasted time and resources").

litigation. They did not do so—and now ask this Court to accept arguments at this stage of the litigation, in direct contradiction to this Court's guidelines.

## Conclusion

*Goodyear* and *Lu* do not apply to an award of attorney's fees under Subsection (d) since the government's bad faith did not trigger the award of fees. The government's bad faith only impacts the *rate* to be applied to the fees this Court had already determined TTV was entitled to receive as the prevailing party. No court in this circuit has applied a *Goodyear* "causal link" analysis to any case that does not involve some sort of sanctionable action taken during litigation. Neither *Goodyear* nor *Lu* are applicable here, and there is no "clear error of law" to correct.

The Defendants have had two years to raise *Goodyear* and any arguments based on its analysis and have failed to do so. If they thought *Lu* changed the field, they could have filed a Notice of Supplemental Authority making the argument to this Court before it issued its Order regarding fees. Granting the Defendants' Motion for Partial Reconsideration now would reward violating this Court's guidelines for such motions.

Therefore, TTV respectfully requests that this Court deny Defendants' Motion for Partial Reconsideration.

|  |  |
|---|---|
| July 11, 2019 | Respectfully submitted,<br>/s/ James Bopp, Jr.<br>James Bopp, Jr. (D.C. Bar No. CO0041)<br>Courtney Turner Milbank*<br>Melena Siebert*<br>Jeffrey P. Gallant*<br>THE BOPP LAW FIRM, P.C.<br>The National Building<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>(812) 232-2434<br>(812) 235-3685 (fax)<br>*Attorneys for TTV*<br>**Admitted pro hac vice* |

## Certificate of Service

I hereby certify that on July 11, 2019, I caused the *Plaintiff's Opposition to Defendants' Motion for Partial Reconsideration Introduction* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.
