**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| TRUE THE VOTE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00734-RBW |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION**
**FOR PARTIAL RECONSIDERATION**
**OF ORDER AND MEMORANDUM OPINION (ECF Nos. 161 and 162)**

Plaintiff True the Vote gives no compelling reason why the Court should not reconsider and modify its blanket award of attorneys' fees at market rates rather than the usual capped rate under § 2412(d) of the Equal Access to Justice Act ("EAJA"). The only basis for exceeding the capped rate under § 2412(d) is an enhancement for "special circumstances," which this Court specifically found was unwarranted here. And, to the extent the Court relied on its authority under 28 U.S.C. § 2412(b) to award fees for "bad-faith" conduct, the Supreme Court's recent decision in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), makes clear that such fees must be limited to work that would not have been necessary "but for" the bad-faith conduct. Plaintiff's contention that *Goodyear* does not apply to this case rests on a misunderstanding of the legal authority for this Court's award of market-rate fees. Also, plaintiff's examination of cases within the D.C. Circuit is unavailing. Finally, this Court may exercise its discretion to reconsider whether all the requested attorneys' fees should be awarded at the market rate.

I.      The Supreme Court's decision in *Goodyear* applies here.

      A.      *Plaintiff misapprehends the basis of the Court's wholesale award of market-rate fees in this case.*

Plaintiff's attempt to distinguish the Supreme Court's decision in *Goodyear* and the Ninth Circuit's decision in *Lu v. United States*, 921 F.3d 850 (9th Cir. 2019), rests on a fundamental misunderstanding of the legal foundation for this Court's prior decision.  Contrary to plaintiff's argument (Doc. 173 at 2-3), the fee award was not based solely on 28 U.S.C. § 2412(d).[1] Instead, the Court specifically relied (Doc. 162 at 19-21) on its independent authority under 28 U.S.C.§ 2412(b) to award attorneys' fees at the market rate.[2]  If the Court had awarded fees under § 2412(d) alone, then the rate would have been limited to $125/hour, adjusted for inflation. *See* 28 U.S.C. § 2412(d)(2)(A).  The only basis under § 2412(d) for exceeding the capped rate is an enhancement when a "special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The Court, however, specifically found that a special factor enhancement was not warranted in this case. (Doc. 162 at 17-18.)  There is no enhancement for bad-faith conduct under § 2412(d).  Only § 2412(b) authorizes awarding market-rate fees for bad-faith conduct, which *Goodyear* makes clear is limited to fees that would not have been incurred "but for" the bad-faith conduct.

---

[1] Plaintiff's current position is contrary to its original motion for attorneys' fees, in which it based its request for a bad-faith enhancement on § 2412(b).  (*See* Doc. 151-8 at 20-22.)

[2] EAJA subsection (b) makes the United States liable for attorney's fees "to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b).  As relevant here, subsection (b) makes the common law's bad-faith exception to the American Rule applicable in suits against the United States and permits a court to award attorney's fees to a party when the government has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted).

B.      *The cases cited by Plaintiff do not defeat the conclusion that* Goodyear *applies.*

Plaintiff's observation that courts within the D.C. Circuit "have not applied *Goodyear*

outside cases involving sanctionable litigation conduct" (Doc. 173 at 4) proves nothing, given

the rare circumstances that may justify bad-faith fee awards under EAJA subsection (b) based on

pre-litigation bad-faith conduct.  As described more fully in the United States' motion for

reconsideration (Doc. 170 at 5-6), the bad-faith exception to the American Rule, which is

codified in EAJA § 2412(b), is intended to sanction conduct that abuses the judicial process, not

to punish the underlying conduct that gave rise to the litigation.  An award of attorney's fees

based solely on "bad faith in the act underlying the substantive claim" is inconsistent "with the

rationale behind the American Rule."  *Shimman v. International Union of Operating Eng'rs,*

*Local 18*, 744 F.2d 1226, 1231 (6th Cir. 1984).  Because any bad-faith conduct must be the but-

for cause of any fees incurred, it is unsurprising that the handful of cases within the D.C. Circuit

that have examined *Goodyear* so far have done so only in the context of litigation conduct and

do not involve pre-litigation actions.[3]  Circumstances in which pre-litigation conduct may give

rise to such fees should be rare, given that a fee award based on bad faith may not rest solely on

pre-litigation conduct that is unrelated to the conduct of the litigation itself (*see* Doc. 170 at 5-9).

Plaintiff's reliance on *Spanski Enters. v. Telewizja Polska, S.A.*, No. 18-7050, 2018 U.S.

App. LEXIS 33303 (D.C. Cir. Nov. 27, 2018), is similarly misplaced.  Contrary to plaintiff's

assertion (Doc. 173 at 3-4), the D.C. Circuit did not decline to apply *Goodyear* to a statute that

allowed the award of attorneys' fees in certain circumstances under the Copyright Act.  The D.C.

---

[3] Plaintiff cannot attach any significance to the fact that courts within the D.C. Circuit have yet to address *Goodyear* in the EAJA context, especially in light of plaintiff's assertions that, "[t]here have been 430 EAJA cases filed in this District since January 1, 2009[,]" and "[o]f those 430 cases, only this case found that a bad faith enhancement is warranted."  (Doc. 165-1 at 11).

Circuit merely declined to consider the appellant's *Goodyear* argument when it raised it for the first time *on appeal to the circuit court.  Spanski Enters.*, 2018 U.S. App. LEXIS 33303, at *4-5. And to the extent that the D.C. Circuit noted the question of whether *Goodyear* would apply to the fee statute under the Copyright Act, that was in the context in which multiple factors were examined to determine if fees should be awarded, which "raises complex questions about how to integrate a but-for analysis centered on misconduct with other potential grounds for fee-shifting." *Id.* at *6-7.  Here, however, there is no question that *Goodyear* applies when a court awards market-rate fees under EAJA subsection (b) based on the single issue of bad faith.  As noted above and in the motion for reconsideration, EAJA subsection (b) codifies the bad-faith exception to the American Rule.  As a result, *Goodyear*'s tracing principle applies, as the Ninth Circuit recently recognized in *Lu*.

II.     The Court should exercise its discretion to reconsider whether all the requested attorneys' fees should be awarded at the market rate.

Although plaintiff argues that the United States should have raised these issues sooner, *Lu* explicitly applied *Goodyear* in the EAJA context little more than a month before this Court issued its order on attorneys' fees.  Also, the United States could not reasonably have anticipated the mixing of the distinct standards under EAJA subsections (d) and (b) that resulted in a blanket award of market-rate fees.  Regardless, "a court may exercise its discretion to correct a clear error of law when the movant identifies errors which compel the court to change its prior position." *Berge v. United States*, 949 F. Supp. 2d 36, 41 (D.D.C. 2013) (Walton, J.) (quotations and internal citations omitted).  The exercise of discretion is especially warranted given that this Court has not yet entered a final judgment on fees.

Here, as the Court already found, the United States has not maintained a frivolous defense in bad faith that forced plaintiff to file suit and incur fees.  The Court's wholesale award

of all fees at market rates is inconsistent with its finding that the United States engaged in no

litigation misconduct, and plaintiff has made no effort to show how the finding of pre-litigation

bad faith directly connects to any attorneys' fees that plaintiff incurred.[4]  A final order on

attorneys' fees has not yet been entered, and the United States' motion gives the Court an

opportunity to reconsider its findings in light of the Supreme Court's holding in *Goodyear* before

issuing a final order so that the Court may award fees at the appropriate rate.

DATED: July 18, 2019                            Respectfully submitted,


                                                RICHARD E. ZUCKERMAN
                                                Principal Deputy Assistant Attorney General
                                                Tax Division

                                                s/ Joseph A. Sergi
                                                JOSEPH A. SERGI (DC 480837)
                                                Senior Litigation Counsel
                                                U.S. Department of Justice, Tax Division
                                                555 4th Street, N.W., JCB 7207
                                                Washington, D.C. 20001
                                                (202) 305-0868; (202) 307-2504 (FAX)
                                                Joseph.A.Sergi@usdoj.gov

                                                LAURA M. CONNER (VA 40388)
                                                STEVEN M. DEAN (DC 1020497)
                                                JEREMY N. HENDON (OR 982490)
                                                Trial Attorneys
                                                U.S. Department of Justice, Tax Division
                                                555 4th Street, N.W.
                                                Washington, D.C.  20001
                                                (202) 514-2000

Of Counsel:
JESSIE K. LIU
United States Attorney

                                                ATTORNEYS FOR THE UNITED STATES

---

[4] Plaintiff does not contest the United States' assertion that, if any market rates are awarded, at most they should extend to fees claimed on or before September 26, 2013, the date that the IRS granted plaintiff's application for tax-exempt status.  (*See* Doc. 170 at 9.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2019, the *REPLY IN SUPPORT OF UNITED STATES'*

*MOTION FOR PARTIAL RECONSIDERATION OF ORDER AND MEMORANDUM OPINION*

*(ECF Nos. 161 and 162)* was filed with the United States District Court for the District of

Columbia via the Court's CM/ECF system.


s/ *Joseph A. Sergi*
JOSEPH A. SERGI