# United States District Court
# For the District of Columbia

| | | |
|---|---|---|
| **True the Vote, Inc.**; | *Plaintiff,* | |
| v. | | **Civil Case No.** 1:13-cv-000734-RBW |
| **Internal Revenue Service, et al.**; | *Defendant*s. | **Plaintiff's Motion to Strike Defendant's Opposition as Untimely** |

### Plaintiff's Motion to Strike Defendant's Opposition as Untimely and Grant Related Other Relief

Plaintiff True the Vote, Inc., by counsel, respectfully requests that the Court strike as untimely *Defendants' Opposition to Plaintiff's Second Supplemental Application and Motion for Attorney's Fees, Costs, and Expenses Under the Equal Access to Justice Act*, ECF No. 169 ("Opposition" or "Opp."), in whole, or in that part in which it is a Response to *Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act*, ECF No.151, and the declarations and materials in support (ECF Nos. 151-1–151-19) ("Application").

In addition or in the alternative, Plaintiff requests that the Court find that, as a matter of law or application of Local Rule 7(b), that Defendants have waived, forfeited or conceded those arguments, assertions, or points made in the Opposition (ECF No. 169) and its Exhibits (ECF Nos. 169-1–69-17) regarding (1) the accuracy or reasonableness of the hours charged as presented in the Application (ECF No. 151), and (2) the facts asserted in the declarations and materials submitted in support of the Application (ECF Nos. 151-1–51-19), and that as a

**Plaintiff's Motion
to Strike**

consequence, the Court consider as waived those arguments, assertions, and points made, including arguments, assertions, or points made in their Opposition (ECF No. 169) and by virtue of the marks Defendants have placed on any billing record that was submitted as an Exhibit with Opposition (ECF Nos. 169-1–169-17). Because they are waived, the Court should not consider them in its deliberations on the Application. In support, and as explained in the Memorandum of Points and Authorities attached, Plaintiff offers as follows:

1. Plaintiff ("TTV") filed its Application with supporting documentation, including complete attorney billing records for all counsel for work on the case, on February 20, 2018, (ECF Nos. 151-1–151-20).

2. On March 6, 2018, Defendants filed their *Opposition to Plaintiff's Application* (ECF No. 152) ("First Opp." or "First Opposition"). Defendants argued (1) that TTV did not qualify as a prevailing party because it secured none of the relief it sought, First Opp. at 2-4; (2) that TTV did not qualify as prevailing party under the Consent Order (ECF No. 150), *id.* at 4-6; (3) that the Court of Appeals' ruling did not confer prevailing party status to TTV, *id.* at 7-9; (4) that the United States was substantially justified in "defending this action" and therefore TTV was not entitled to attorney's fees under the provisions of the EAJA, *id.* at 9-13; (5) that the "special circumstances" provision of the EAJA advised against an award of attorney's fees in this case, *id.* at 13-15, and; (6) that the number of hours for which fees were sought was "excessive" and making 4 specific objections to the number of hours expended on the case: "[l]ack of detail in billing records; "[c]harges for "fundraising" or other non-legal work"; "[p]ossible duplication of effort," and; "[m]edia relations charges." *Id.* at 17-19.

3. On April 13, 2018, TTV filed its Reply to the First Opposition, in which it addressed

**Plaintiff's Motion
to Strike**                                                     2

each of Defendants' arguments, including the objections to and criticisms of the reasonableness of hours expended. *Plaintiff's Reply to United States' Opposition to Plaintiff's Application and Motion for Attorney's Fees, Costs, and Expenses* (ECF No. 156) at 22-25 (addressing, *ad seriatim*, Defendants's objections to the hours billed).

4. On May 30, 2019, this Court granted "the Plaintiff's Motion for Attorneys' Fees Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 151," finding that TTV is "entitled to attorneys' fees and costs under the [EAJA]" holding the Motion in abeyance "pending further submission by the plaintiff supporting the reasonableness of the requested attorney and non-attorney billing rates," to which response the Defendant "shall file an opposition, if any, on or before June 20, 2019." Order at *2 (May 30, 2019) (ECF No. 161). The Court also ordered TTV to file counsels' billing records "separating all time entries by timekeeper." *Id.*

5. On June 14, 2019, TTV filed its *Notice of Compliance with the Court's Order*, supplying the Court with argument, supporting declarations, and evidence of the applicable prevailing market rates, and filed, as requested, the time records submitted with the Application separated by timekeeper. (ECF Nos. 165, 165-1-25).

6. On June 14, 2019, TTV filed its *Second Supplemental Application and Motion for Attorney's Fees* with supporting documentation (ECF No. 166).

7. On June 17, 2019, TTV filed a *Notice of Supplementary Authority*, (ECF No. 167) notifying the Court of the D.C. Circuit's Opinion in *DL v. District of Columbia*, No. 18-7004, 2019 U.S. App. LEXIS 14963 (D.C. Cir. May 21, 2019), which rejected the "USAO II Matrix" as reliable evidence of the prevailing market rates for the D.C. market.

8. On June 27, 2019, Defendants filed a Motion for Partial Reconsideration of the Court's May 30 Order, (ECF No. 170), arguing that a finding of pre-litigation bad faith is not sufficient to award enhanced hourly rates to all work performed on a case for which fees are awarded under § 2412(d) of the EAJA.

9. Defendants were granted an unopposed extension to file their responses to the filings described in ¶¶ 5-7, and on June 27, 2019, Defendants filed what was styled as a combined Opposition (ECF No. 169) to: *Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act* (ECF No. 166); to *TTV's Notice of Compliance* (ECF No. 165), and; to *TTV's Notice of Supplementary Authority* (ECF No. 167).

10. The Opposition included a page reiterating the point of *Defendants' Motion for Reconsideration*, Opp. 6-7, just over a page—30 lines (including a heading and a footnote)—conceding that LSI *Laffey* Matrix rates are the proper comparable market rates in this case, *id.* at 7-8, about a quarter of a page addressing the Second Supplemental Fee Request for the work done responding to the Court's Order, *id.* at 8, and the remaining twelve pages objecting to the reasonableness of hours expended on the case.

11. Defendants re-filed as Exhibits the same billing records that Plaintiffs submitted with its original Application, now separated by timekeeper, and now marked with 1875 objections to the reasonableness of the hours charged. The Opposition argued that the marked hours should be reduced or eliminated, that all the hours spent on the 2014 *Motion for Preliminary Injunction and Expedited Discovery* (ECF No. 83) should be eliminated, and that the remaining hours should be subject to a 33% across-the-board reduction because of general, nonspecific claims of

**Plaintiff's Motion
to Strike**                                                            4

excessiveness and duplication. Defs.' Opp. (ECF No. 169) at 8-20; Exhibits (ECF Nos. 169-1–169-17.

12. Defendant's Opposition was in fact an opposition to Plaintiff's Application, (ECF Nos. 151-151-20), filed on February 20, 2018.

13. Defendants' opposition to the Application was due, pursuant to Local Rule 7(b), on March 3, 2018. Defendants filed their Opposition on that date. (ECF No. 152).

14. TTV's Reply was filed on April 11, 2018. (ECF No. 155).

15. The Court ruled on Plaintiff's Application and Motion on May 30, 2019. (ECF Nos. 161, 162).

16. There is no Rule in this District allowing Defendants to file an Opposition to Plaintiff's Application (ECF No. 151) on June 27, 2019, a year and nearly four months after its due date under the Rules.

17. There was no Order sought from or granted by the Court allowing Defendants to file an Opposition to TTV's Motion (ECF No. 151) on June 27, 2019, a year and nearly four months after its due date under the Rules.

18. The Court's Order granting the Application (1) held it in abeyance "pending further submission by the plaintiff supporting the reasonableness of the requested attorney and non-attorney billing rates"; (2) ordered TTV to submit "additional evidence supporting the reasonableness of its requested attorney and non-attorney billing rates," and; (3) allowed the defendants to "file an opposition, if any, to the plaintiff's response to this Order."

19. Defendants' Opposition was not an opposition to TTV's response, but is in whole or is in part an opposition to the original Application, an opposition that is nearly sixteen months out

of time.

20. Where, as here, a party makes an untimely filing, the filing should be struck. *Cobell v. Norton*, No. 96-1285, 2003 U.S. Dist. LEXIS 2815, at **1 (D.D.C. Mar. 3, 2003).

21. Opponents to a fee petition have the burden of rebuttal that requires them to submit evidence to the district court challenging, *inter alia*, the reasonableness of the hours charged as presented by the prevailing party. *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984). That burden applied to Defendants in the First Opposition to the Plaintiff's Application. Defendants offered argument and objections to the reasonableness of the hours expended on the case.

22. Defendants offered argument and support in challenging the reasonableness of the hours expended on the case in their First Opposition (ECF No. 152). Under both common law and Local Rule 7(b), they have therefore forfeited further argument or opposition to the reasonable number of hours expended on the case and the Court should not entertain them now. *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015); *see also Manning v. Esper*, No. 12-1802, 2019 U.S. Dist. LEXIS 9963, at *19 (collecting cases).

23. In particular, Local Rule 7(b) "is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015). So, to the extent that they were not made in the First Opposition, Defendants' arguments and materials addressing the reasonableness of the hours expended on the case have been forfeited.

24. This Court's Order of May 30, 2019 did not invite or allow submissions on any issue but "the reasonableness of [Plaintiff's] requested attorney and non-attorney billing rates." The

**Plaintiff's Motion
to Strike**                                            6

Court authorized Plaintiff to submit "additional evidence supporting the reasonableness of its requested attorney and non-attorney billing rates and (2) revised billing records separating all time entries by timekeeper"; and provided that "defendants shall file an opposition, if any, to the plaintiff's response to this Order." (ECF No. 161). Defendants' arguments and materials addressing the reasonableness of the hours expended on the case are not authorized by the Court's May 30 Order, or any other order sought or entered by the Court. The Court's Order did nothing to affect the forfeiture of Defendants' arguments that was effected by its filing its Opposition on April 6, 2018.

### Rule 7(f) Request For Oral Hearing

Pursuant to Local Rule 7(f), TTV requests an oral hearing on this motion.

### Rule 7(m) Certification

In compliance with Local Rule (7)(m), counsel for TTV conferred by electronic mail with counsel for the federal defendants in a good faith effort to determine whether the Defendants oppose the relief sought. Counsel for the Defendants advises that they do not agree to the relief requested.

**WHEREFORE,** Plaintiff True the Vote, Inc., prays this Court that

(1)  the Court strike as untimely *Defendants' Opposition* (ECF No. 169) and the materials in support in whole, or in that part they are an untimely response to *Plaintiff's Application* (ECF No.151) as arguments, assertions, or points made as described in (2)(a) and (2)(b) below.

(2)  In addition or in the alternative, Plaintiff requests that the Court find and hold that, as a matter of law and/or application of Local Rule 7(b), that Defendants had waived, forfeited

or conceded those arguments, assertions, or points made in the Opposition (ECF No. 169) and its Exhibits (ECF Nos. 169-1–169-17) regarding

    (a) the accuracy or reasonableness of the hours charged as presented in the Application (ECF No. 151), and;

    (b) the facts asserted in the declarations and materials submitted in support of the Application (ECF Nos. 151-1–51-19);

and that as a consequence, the Court not consider in its deliberations of Plaintiff's Application those arguments, assertions, or points made as described above, including those arguments, assertions, or points made in the Opposition (ECF No. 169) or by virtue of the marks Defendants have placed on any billing record as submitted as an Exhibit with the Opposition (ECF Nos. 169-1–169-17).

August 2, 2019                                                         Respectfully submitted,

                                                               /s/ James Bopp, Jr.
                                                               James Bopp, Jr. (D.C. Bar No. CO0041)
                                                               Courtney Turner Milbank*
                                                               Jeffrey P. Gallant*
                                                               Melena S. Siebert*
                                                               THE BOPP LAW FIRM, P.C.
                                                               The National Building
                                                               1 South 6th Street
                                                               Terre Haute, Indiana 47807
                                                              (812) 232-2434
                                                              (812) 235-3685 (fax)
                                                              *Attorneys for Plaintiff*
                                                              *Admitted *pro hac vice*

## Certificate of Service

I hereby certify that on August 2, 2019 , I caused the *Memorandum of Points and Authorities in Support of Plaintiff's Notice of Compliance with Court Order* and exhibits thereto in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.