# United States District Court
# For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;  *Plaintiff*,  v.  **Internal Revenue Service, et al.**;  *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW  **Plaintiff's Memorandum of Points and Authorities in Support of Motion to Strike Defendant's Opposition as Untimely and for Other Related Relief** |

**Plaintiff's Memorandum in Support of Motion to Strike
Defendant's Opposition as Untimely and For Other Related Relief**

Plaintiff True the Vote, Inc. ("TTV") filed its *Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act*, ECF No.151, and declarations and materials in support (ECF Nos. 151-1–151-20) (Plaintiff's "Application") on February 20, 2018. Defendants filed their *Opposition to Plaintiff's Application* (ECF No. 152) ("First Opp.") on March 6, 2018. Defendants argued that TTV was not a prevailing party under three different theories, First Opp. at 2-9: that the United States' defense in the action was "substantially justified," *id.* at 9-13, that "special circumstances" advised against an award, *id.* at 13-15, and spent three of 19 pages to make 4 objections to the number of hours expended on the case: they noted "[l]ack of detail in billing records; "[c]harges for "fundraising" or other non-legal work"; "[p]ossible duplication of effort," and; "[m]edia relations charges" and provided examples of each. First Opp. (ECF No. 152) at 16-19.

Each of these arguments, including the objections to the reasonableness of hours expended, was addressed in *Plaintiff's Reply to United States' Opposition to Plaintiff's Application and*

**Plaintiff's Mem. Supp.
Mot. Strike**

*Motion for Attorney's Fees, Costs, and Expenses* (ECF No. 156) (April 13, 2018) at 22-25 (addressing, *ad seriatim*, Defendants's objections to the hours billed).

On May 30, this Court granted the Application, finding that TTV is "entitled to attorneys' fees and costs under the [EAJA]." Order (ECF No. 161) at *2. The Court held in abeyance argument or further action on the Application "pending further submission by the plaintiff supporting the reasonableness of the requested attorney and non-attorney billing rates." *Id.* The Court's Order provided that Defendants could file an opposition "to the plaintiff's response to this Order." *Id.* The Court specified that TTV's response should provide evidence and argument on hourly rates and allowed Defendants to file an opposition to TTV's response—on hourly rates. TTV filed a Memorandum presenting argument and twelve declarations and other evidence in support of establishing the LSI *Laffey* Matrix as the authoritative prevailing hourly rates for attorneys and related non-attorneys in the D.C. market.[1]

To this Defendants responded with a 20 page opposition (Defs' Opp.) (ECF No. 169), styled as a combined Opposition to three motions.[2] As a response to Plaintiff's Notice—which was, as ordered—argument and evidence on the proper hourly rates, Defendants Opposition provided 30 lines (including a heading and a footnote) conceding that LSI *Laffey* Matrix rates are the proper market hourly rates in this case, Opposition at 7-8, and offered no declarations or materials addressing hourly rates. Defendants' Opposition spent twelve pages objecting to the

---

[1] In addition, TTV filed, as ordered by the Court, the Application's original billing records, now separated by timekeeper. Plaintiff's Notice of Compliance with Court Order ("Notice") (ECF No. 165, 165-1–165-25).

[2] The opposition was styled and described as responding to Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act (ECF No. 166); to TTV's Notice of Compliance (ECF No. 165), and to TTV's Notice of Supplementary Authority (ECF No. 167).

**Plaintiff's Mem. Supp.
Mot. Strike**                                                    2

reasonableness of hours expended on the case and included as Exhibits the original billing records (now separated by timekeeper) marked with 1875 color-coded objections to the reasonableness of the hours charged. These are, of course, the same billing records to which Defendants responded on April 6, 2018, presenting four categories of objections with examples of each. First Opp. (ECF No. 152) at 16-19.

Defendants' Opposition *now* argued that 1875 marked hourly entries should be reduced or eliminated, that all the hours spent on the 2014 Motion for Preliminary Injunction and Expedited Discovery (ECF No. 83) should be eliminated, and that the remaining hours should be subject to a 33% across-the-board reduction because of general, nonspecific claims of excessiveness and duplication of hours spent on the case.

Defendants' Opposition was *not* an response to Plaintiff's response to the Court's May 30 Order. It *included* a short statement conceding that Plaintiff's response to the Court's Order was correct, but it was 1875 specific objections (and some general objections) to the same hours that were presented in Plaintiff's Application, even though Defendants had long ago made their objections to the reasonableness of the hours expended on the case, and, in fact, the Court had already ruled on Plaintiff's Application. An opposition attacking the reasonableness of the hours expended is out of time—the Defendants have had their response sixteen months ago. The Court's Order did not reopen the Application to the issue of the reasonable number of hours expended on the case for either the Plaintiff or the Defendants. It specifically limited response and opposition to the specific issue of proper hourly rates.

In substance, Defendants' Opposition is simply a second opposition to Plaintiff's original Application, filed nearly sixteen months after the Application was filed. Even an untimely

**Plaintiff's Mem. Supp.**
**Mot. Strike**                                                3

answer to counterclaims can be struck. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 8 (D.D.C. 2004) (citing *Cobell v. Norton*, 213 F.R.D. 42 (D.D.C. 2003) (Lamberth, J.) (granting a motion to strike an untimely filing because "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules").[3] There is no Rule that would allow a response sixteen months after the Rules scheduled it. Defendant's Opposition should be struck, then, as what it is. A grossly untimely response to Plaintiff's Application.

In addition or in the alternative, common law and Local Rule 7(b) compel the Court to recognize the response as an attempt to take a forbidden second bite at the apple in the guise of a response to a Court Order[4] and to treat its arguments as waived.

**Defendants Forfeited Further Response On the Issue of the Reasonableness of the Hours Expended on the Case.**

The well-established principle of waiver or forfeiting issues and arguments has long been expressly applied in the context of oppositions to fee applications, and especially to the issue of the reasonableness of the number of hours expended on a case. An opponent to a fee petition must rebut the presumption of reasonableness afforded an initial showing "with 'equally specific countervailing evidence.'" *Gatore v. U.S. Dep't of Homeland Sec.*, 286 F. Supp. 3d 25, 33

---

[3]Striking a pleading is "'is largely a matter for the trial court's discretion,'" *Gates v. District of Columbia*, 66 F. Supp. 3d 1, 27 (D.D.C. 2014) (citation omitted). Enforcing the Rules are "largely a matter for the trial court's discretion," *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004), and striking filings for violating the Rules is, therefore, a matter of discretion for the trial court.

[4]Courts commonly reject attempts at "a second bite at the juridicial apple" by injecting arguments not made in the original motions briefing into motions to alter or amend. *See Int'l Ctr. for Tech. Assessment v. Thompson*, 421 F. Supp. 2d 1, 10 n.6 (D.D.C. 2006) (rejecting an argument presented in a motion to alter or amend for the first time); *see also Tukmani v. Republic of Bol.*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002) (recognizing a "second bite at the apple" in a motion to alter or amend). Defendants have already presented their arguments regarding the reasonable number of hours expended and injecting further arguments into the Opposition is an attempt to take a "second bite."

**Plaintiff's Mem. Supp.**
**Mot. Strike**                                              4

(D.D.C. 2017) (citation omitted). The Supreme Court held 35 years ago that by failing "to submit evidence challenging the accuracy and reasonableness of hours charged . . . a party opposing a fee application waives "its right to an evidentiary hearing in the District Court" and the right on appeal "to challenge . . . the District Court's determination that the number of hours billed were reasonable." *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984). Opponents to fee petitions have long been considered to have waived objections to the hours charged that they fail to make—and make with specificity. *See*, *e.g.*, *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987) (approving plaintiff's requested fee, noting that "defendant has not come forward with affidavits contesting the reasonableness of the rates or hours expended"); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits" (citing *Blum*, 465 U.S. at 892 n.5 and *Toussaint*, 826 F.2d at 904); *Brinker v. Guiffida*, 798 F.2d 661, 668 (3d Cir. 1986) (holding that where an opposing party has been afforded the opportunity to raise a material fact issue as to . . . the hours spent or the necessity of their expenditure and declines to do so," the court should determine fees on the uncontested affidavits and materials of the fee applicant). The Court should not consider the arguments and materials on the reasonable number of hours expended that Defendants have offered in their Opposition (ECF No. 169), but may, of course, consider those offered in their First Opposition (ECF No. 152).

**Defendants' Opposition Attempts to Evade Local Civil Rule 7(b).**

Local Rule 7(b) makes explicit the common law doctrine of forfeiting arguments neglected in a response. "It is understood to mean that if a party files an opposition to a motion and therein

addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015). Indeed, the D.C. Circuit recently affirmed such an application of Local Rule 7(b) when government opposed a fee application. When Texas presented only a brief contention that failed to respond to arguments in motions for attorney's fees, the district court applied Local Rule 7(b) to grant the motions and award fees in keeping with its holding that "Texas had conceded virtually all of the issues relevant to the motions . . . by deliberately choosing not to address them." *Id.*

In opposing Plaintiff's Application for attorney's fees, Defendants challenged TTV's prevailing party status and "target[ed] significant and [apparently] vulnerable areas for testing" with respect to the reasonableness of the hours expended. *Brewster v. Dukakis*, 786 F.2d 16, 19 (1st Cir. 1986). They have forfeited further argument on that issue. *See Manning v. Esper*, No. 12-1802, 2019 U.S. Dist. LEXIS 9963 at *19 ("Grounds for concession may be stronger where [Defendants] did file an opposition, but that brief did not address many of [Plaintiffs'] arguments."). As the district court in *Texas* explained, Rule 7(b) "'applies not only to instances where a litigant entirely fails to oppose a motion but also where a party files an opposition that addresses only some of the arguments raised in the underlying motion,' and that in 'the latter instance, * * * courts may deem the unaddressed arguments as conceded.'" 798 F.3d at 1114 (quoting *Texas v. United States*, 49 F. Supp. 3d 27, 39 (D.D.C. 2014)). The Defendants filed, in due time, their opposition to the Application and addressed the issue of the reasonableness of hours expended on the case. Under Rule 7(b), they have forfeited further argument on that issue.

Defendants cannot claim that the Court's Order opened again for them the issue of the reasonableness of the hours expended—the Order specifically *limited* the parties to a single

issue—hourly rates. The Court's Order authorized only a "submission by the plaintiff supporting the reasonableness of the requested attorney and non-attorney billing rates," specifically, "(1) additional evidence supporting the reasonableness of its requested attorney and non-attorney billing rates and (2) revised billing records separating all time entries by timekeeper"; the Order provided that "defendants shall file an opposition, if any, to the plaintiff's response to this Order."[5] (ECF No. 161). Plaintiff's submission of evidence and argument on hourly rates complies with the Order, as does Defendants' brief concession on hourly rates—but the 12 pages of argument and 1875 color-coded objections to the reasonableness of the hours expended plainly do not comply with the Order. Defendants had already offered argument or evidence on both hourly rates and the reasonableness of the hours expended as presented in Plaintiff's Application, Plaintiff's had responded, and the Order explicitly re-opened *only* the issue of the proper hourly rates. By operation of common law and Local Rule 7(b), further argument on the issue of the number or reasonableness of hours had been forfeited, and the Order did not lift that. Defendants should not be allowed to flout or evade the common law doctrine of waiver or its explict expression in Local Rule 7(b) by the ruse of a response to an order that specifically limited the parties' submissions to the issue of the proper hourly rates.

---

[5] The Memorandum and Opinion opened the door no further: "[This Court] holds in abeyance the motion in all other respects pending further submission by the plaintiff supporting the reasonableness of its requested attorney and non-attorney billing rates. The Court also holds in abeyance in the plaintiff's supplemental motion for attorneys' fees and motion for oral argument for the same reason" and advised that it would (as it did) "contemporaneously issue an Order consistent with this Memorandum Opinion." Memorandum Opinion (ECF No. 162) at 25, n.7.

**Plaintiff's Mem. Supp.**
**Mot. Strike**                                        7

**Conclusion**

Though purporting to be a response to Plaintiffs' Notice of Compliance with the Court's Order (ECF No. 165), Defendants' Opposition (ECF No. 169) is simply another opposition to Plaintiff's original Application for Attorney's Fees (ECF No. 151). As such, it is sixteen months out of time and should be struck as untimely. To the extent that it responds to the Notice, it is a transparent attempt to subvert the common law doctrine, expressly adopted in Local Rule 7(b), that issues and arguments—including those regarding the reasonableness of the hours for which attorney's fees are sought—are waived if they are not raised by the opponent. Defendants raised issue with the number of hours in their properly-filed First Opposition, but seek to use the Court's Order as a vehicle for a second bite, sixteen months later. To read the Order as reopening the issue strains credulity. To the extent that it is a response to Plaintiff's Application with respect to the reasonable number of hours expended on the case, Defendants' Opposition violates the common law doctrine and specifically Local Rule 7(b), and the Court should deem its arguments and materials addressing the reasonable number of hours to have been forfeited and not consider them in its deliberations on the Application.

August 2, 2019                                           Respectfully submitted,

                                                         /s/ James Bopp, Jr.
                                                         James Bopp, Jr. (D.C. Bar No. CO0041)
                                                         Courtney Turner Milbank*
                                                         Jeffrey P. Gallant*
                                                         Melena S. Siebert*
                                                         THE BOPP LAW FIRM, P.C.
                                                         The National Building
                                                         1 South 6th Street
                                                         Terre Haute, Indiana 47807
                                                         (812) 232-2434
                                                         (812) 235-3685 (fax)
                                                         *Attorneys for Plaintiff*
                                                         *Admitted *pro hac vice*

## Certificate of Service

I hereby certify that on August 2, 2019 , I caused the *Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Defendant's Opposition as Untimely and for Other Related Relief* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.
