IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRUE THE VOTE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
OR TO CONSIDER ARGUMENTS FOREFEITED AND WAIVED**

Instead of conserving resources and filing its Motion to Strike in response to the United States' opposition to Plaintiff's supplemental court-ordered filings regarding its request for its attorneys' fees and costs, Plaintiff sought, and was granted, leave to file a substantive reply. Plaintiff asserted that the reply was necessary in the interest of justice. Plaintiff then obtained an additional two-week extension to file its reply so that it could review, evaluate, and respond to the United States' specific objections to its billing records. Thirty-two days after the United States filed its opposition, Plaintiff filed its substantive reply. Nowhere in that long period of time did Plaintiff raise any contention that the United States' opposition was untimely or should otherwise be stricken.

Notwithstanding that the above demonstrates that if any party should be deemed to have waived an argument it is Plaintiff and its motion to strike, Plaintiff's Motion to Strike should be denied because the United States did object to Plaintiff's requested fees in its original opposition (ECF No. 152) and thus did not waive any right to object. Waiver also cannot be found here because the United States complied with the Court's May 30, 2019 Order to file any opposition it

1

had to Plaintiff's supplemental filings, including revised billing records. The United States' more detailed objections in its Opposition follow from its initial objections and were necessary because Plaintiff filed revised billing records with its initial reply asserting that it had corrected the issues raised by the United States. That was not the case, however, as evidenced by Plaintiff's admission in its recently filed reply that its revised billing records still contains errors.

Because the United States has properly objected to Plaintiff's application for fees, the Court should deny Plaintiff's Motion to Strike.

## PROCEDURAL HISTORY

On February 20, 2018, Plaintiff True the Vote moved this Court for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act. As part of that application, Plaintiff submitted several hundred pages of billing records. On March 6, 2018, the United States filed its response arguing, in part, that Plaintiff's application should be denied because there was a lack of detail in Plaintiff's billing records. Specifically, the United States argued that Plaintiff charged for unsuccessful claims, charged for non-compensable activity (e.g., fundraising, media, and other non-legal work), potentially double billed, included vague billing record descriptions, and charged for other questionable items.[1] (ECF No. 152 at 17-19.)

On May 30, 2019, the Court issued its Memorandum Opinion and Order granting in part and holding in abeyance in part Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act. (ECF Nos. 161 and 162.) The Court granted the Motion to the extent that it sought a finding that Plaintiff is entitled to attorneys' fees

---

[1] Because there were larger issues in Plaintiff's filing, "The government [did] not attempt to go line-by-line through the hundreds of pages of billing statements Plaintiff filed for its four law firms, but [called] the Court's attention to several transparent issues." (ECF No. 152 at 17.)

and costs under the Equal Access to Justice Act. The Court, however, did not reach whether Plaintiff had met its burden to establish the reasonableness of its request and specifically reserved "its ruling as to whether the number of hours expended and costs incurred in this matter are reasonable until after the Plaintiff has provided additional information supporting the reasonableness of its requested attorney and non-attorney billing rates." (ECF No. 162 at 24 n.6.) On May 30, 2019, the Court also issued an Order that:

> ORDERED that, on or before June 13, 2019, the plaintiff shall submit (1) additional evidence supporting the reasonableness of its requested attorney and non-attorney billing rates and (2) revised billing records separating all time entries by timekeeper. It is further
>
> ORDERED that, on or before June 20, 2019, the defendants shall file an opposition, if any, to the plaintiff's response to this Order.

(ECF No. 162.)

Plaintiff filed its Notice of Compliance with Court Order (ECF No. 165) on its deadline of June 13. The next day, on June 14, plaintiff filed its Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act (ECF No. 166), which requests costs and fees incurred since May 30. The Notice of Compliance includes approximately 550 pages of revised billing records. In response to the United States' objections in its March 2018 response, Plaintiff revised its billing records to make "adjustment[s] to attorney and paraprofe[s]sional fees, costs, and expenses" and to remove some paraprofessional charges. (ECF No. 165-1 at 1 n.1.) Plaintiff also revised its billing records to add "attorneys' and paraprofessional fees sought in Plaintiff's Supplemental Application and

3

Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act."[2] (ECF No. 165-1 at 1 n.1.) Contrary to Plaintiff's assertion that it had reduced its billing records to eliminate fees "for unsuccessful claims, media relations charges, fundraising, or other non-legal work" (ECF No. 165-11 at 31), an initial review of the records showed that there were still numerous entries that had not been eliminated. As a result, the United States reviewed these records at length to determine whether Plaintiff's amended request for its fees was reasonable. It was not.

On June 20, 2019, counsel for the United States filed an unopposed Motion for a one-week extension of time to respond to Plaintiff's filings so that they could "complete their review of the billing records and to complete the United States' response to Plaintiff's recent filings." (ECF No. 168 at 1.) Plaintiff did not oppose this Motion nor did complain that the United States had waived its right to raise any issue with respect to the billing records or that any such argument would be untimely. The Court granted the Motion on June 20, 2019.

On June 27, 2019, the United States filed its Memorandum in Opposition to Plaintiff's Supplemental Motion for Attorney Fees, Notice of Compliance and Notice of Supplemental Authority. In its memorandum, the United States objected to and provided color-coded copies of the revised billing records filed by Plaintiff in accordance with the Court's Order. The color-coded categories are simply more detailed listings of the objections raised in response to Plaintiff's initial application. Given Plaintiff's continued failure to adequately establish the reasonableness of its fee request and adjust its records, the United States needed to highlight the specific entries in each category.

---

[2] Plaintiff's arguments in its Motion to Strike would not apply to the portion of the United States' Opposition that addresses this additional billing, yet Plaintiff still seeks to strike the entire Opposition.

In response, Plaintiff filed an Unopposed Motion for Leave to File a Reply. Nowhere in that Motion did Plaintiff state that the United States' Opposition should be struck or that the United States waived its right to file an opposition to the specific billing records.[3] Instead, Plaintiff argued that, "In the interest of justice, TTV seeks leave from this Court to reply to these specific allegations, which could have an enormous impact on the fees awarded under the EAJA." (ECF No. 171.) The Court granted Plaintiff's request and gave Plaintiff until July 15, 2019 to file its reply. (Minute Entry July 1, 2019.) Plaintiff subsequently requested another extension of time to file its Reply because "Counsel for TTV need[ed] additional time to complete their review of the specific objections and to evaluate and respond to the same." (ECF No. 174 at 1.) Once again, Plaintiff did not contend that the United States' Opposition should be struck or was otherwise untimely. (ECF No. 174.) On July 29, 2019, 32 days after the United States filed its Opposition, Plaintiff filed its Reply. In this Reply, Plaintiff admitted that it had failed to eliminate many non-compensable fees that were included in the United States' color-coded objections and accordingly reduced its fee request by almost $200,000.

Now, after not opposing the United States' request for an extension of time to address Plaintiff's revised billing records in its opposition, seeking permission to file a reply to address the United States' Opposition, and filing an extension of time to fully address the United States' Opposition, Plaintiff, for the first time, argues that the United States' Opposition should be stuck as untimely and that the United States has waived any right to object to its revised billing

---

[3] If Plaintiff had disclosed its intention to file a motion to strike when it met and conferred regarding the need for a reply, then the United States may not have agreed to the filing of a reply at that time. Instead, Plaintiff filed its Reply and then separately met and conferred on its Motion to Strike only after it filed its Reply.

records.[4] Plaintiff has previously stated that permitting a reply to allow it to address the United States' arguments was all that was necessary for "the interest of justice." The United States relied on this representation in not opposing the relief; the Court relied on it in granting the Motion. Plaintiff reiterated the need for a reply as a remedy in its Motion for Extension of Time. The matter should have ended there. Now, however, Plaintiff argues that justice can only be served by striking the United States' Opposition or deeming the United States' "arguments and materials addressing the reasonable number of hours to have been forfeited and not consider them in its deliberations on the Application." (ECF No. 177-1 at 8.) If Plaintiff had desired this result, the time to ask for it was before Plaintiff asked the Court for a reply.[5] Instead, Plaintiff worked hours on its Reply – for which it has stated that it will seek compensation as "reasonable attorneys' fees – and then drafted and filed its Motion to Strike, which if granted, would have obviated the need for any work on the Reply.

## ARGUMENT

The Court should deny Plaintiff's Motion to Strike for several reasons. The first, and simplest, reason is that the United States complied with the Court's May 30, 2019 Order. Plaintiff was ordered to file revised billing records, and the United States was ordered to respond

---

[4] Plaintiff has informed the Court that it intends to seek attorneys' fees for its work on all of these Motions. For the reasons set forth in the United States' Opposition, the United States opposes these requests.

[5] In fact, the time for Plaintiff to mention that it was going to contest any discussion of billing records was when it met and conferred with the United States for its extension request. Resolving this issue in advance would have saved both parties considerable time and effort.

to Plaintiff's filing.[6] Since Plaintiff filed revised billing records, the United States properly responded to them.

Second, the United States first raised issues with Plaintiff's billing records in its initial opposition to Plaintiff's application for its attorney fees in 2018.[7] Instead of ruling on those issues, however, the Court ordered Plaintiff to submit revised billing records. By Plaintiff's own admission in its most recently filed Reply, these revised submissions still contain errors.[8] As discussed above, the United States was required to go through and highlight the problems with specific entries in the billing records because Plaintiff's revised billing records submission contained charges for items that Plaintiff asserted it had withdrawn but had not done.

Third, Plaintiff's argument is a blatant attempt to avoid taking responsibility for infirmities in its own bills. The EAJA provides that "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b). Striking the United States' Opposition does not change the fact that Plaintiff has not met its burden to

---

[6] Plaintiff would certainly have taken issue if the United States had moved to strike Plaintiff's revised billing records as untimely since proper billing records were due when Plaintiff filed its initial request for fees. Plaintiff's Motion to Strike is the equivalent.

[7] Plaintiff relies on *Texas v. United States*, 798 F.3d 1108 (D.C. Cir. 2015) to argue that the United States has waived or forfeited any right to object to Plaintiff's fees in its Opposition. (ECF No. 177-1 at 5-6.) Plaintiff's reliance is misplaced. In *Texas*, the State of Texas did not file an opposition to the motions for attorneys' fees at issue and instead simply filed an "Advisory" declaring that it was the prevailing party. *Id.* at 1113. In contrast, here the United States noted objections to Plaintiff's request for fees and its billing records in its initial opposition. (ECF No. 152 at 17-19.) Further, unlike in *Texas*, the Court has not yet issued a ruling regarding any amount of fees to which Plaintiff is entitled. Thus, the Court can still consider the more detailed objections in the United States' Opposition without infringing on Rule 7(b). Finally, as the *Texas* court noted, Rule 7(b) is discretionary, not mandatory. Thus, based on the fact that the United States' more detailed objections were necessary because Plaintiff mistakenly stated that it had removed all non-compensable entries from its revised billing records when it had not done so, the Court should not find any waiver here.

[8] Despite the fact that Plaintiff attempts to argue that its revised billing records are identical to its original submission, the revised billing records contain "adjustment to attorney and paraprofe[s]sional fees, costs, and expenses." (ECF No. 165-1 at 1 n.1.)

establish that its requested fees are reasonable. Similarly, the United States cannot waive the fact that Plaintiff's billing descriptions on their face improperly charge the United States for numerous non-compensable items. Even one of the cases cited by Plaintiff acknowledges the Court's "duty to independently review the applicant's fee request." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). Plaintiff's arguments do not change that independent duty.

For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

DATED: August 16, 2019                                  Respectfully submitted,

                                                      RICHARD E. ZUCKERMAN  
Principal Deputy Assistant Attorney General  
Tax Division

s/ Joseph A. Sergi  
JOSEPH A. SERGI (DC 480837)  
Senior Litigation Counsel  
U.S. Department of Justice, Tax Division  
555 4th Street, N.W., JCB 7207  
Washington, D.C. 20001  
(202) 305-0868; (202) 307-2504 (FAX)  
Joseph.A.Sergi@usdoj.gov

LAURA M. CONNER (VA 40388)  
STEVEN M. DEAN (DC 1020497)  
JEREMY N. HENDON (OR 982490)  
Trial Attorneys  
U.S. Department of Justice, Tax Division  
555 4th Street, N.W.  
Washington, D.C. 20001  
(202) 514-2000

*Of Counsel*:  
JESSIE K. LIU  
United States Attorney

ATTORNEYS FOR THE UNITED STATES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, the *UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR TO HOLD AND CONSIDER ARGUMENTS FOREFEITED AND WAIVED* was filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

s/ *Joseph A. Sergi*
JOSEPH A. SERGI