# United States District Court
# For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;  *Plaintiff*,  v.  **Internal Revenue Service, et al.**;  *Defendant*s. | Civil Case No. 1:13-cv-000734-RBW  **Plaintiff's Reply to Defendants' Opposition to Motion to Strike or to Consider Arguments Forfeited and Waived** |

**Plaintiff's Reply to Defendants' Opposition to
Motion to Strike or to Consider Arguments Forfeited and Waived**[1]

Defendants' Opposition to Plaintiff's Motion to Strike (Opp. Mot. Strike) takes three positions. It argues that Defendants did not waive the right to object to the hours expended because their timely Opposition *preserves* a second chance. Opp. Mot. Strike (ECF No. 178) at 1-2, 5-6. In the alternative, Defendants argue that the question of reasonableness of the hours was reopened when, on order of the Court, Plaintiff filed billing records separated by timekeeper or because Plaintiff has otherwise "revised" the billing records, justifying a second look. *Id.* at 1-2, 3,4, 5-6. Defendants make no legal argument that Plaintiff's Motion to Strike is improper, or not a suitable vehicle to raise Plaintiff's objection to Defendants untimely objections to the number of hours expended, but merely complain that Plaintiff should have objected sooner or in a different way.

---

[1]Defendants style their response as an *Opposition to Plaintiff's Motion to Strike or to Consider Arguments Forfeited and Waived*. Defendants do not argue that Plaintiff's request made in its Motion to Strike were forfeited or waived nor does Defendant thereby object to the Court considering them here. Defendant only responds to the merit of Plaintiff's arguments made in its Motion to Strike, which Plaintiff replies to herein.

**Plaintiff's Reply Supp.
Mot. Strike**

**Defendants Stand the Waiver Doctrine on Its Head.**

Defendants argue that they did not waive the right to further object to the reasonableness of the number of hours expended on the case because their original Opposition[2]—which made some such objections, objections to which Plaintiff responded—preserved a further "right to object." *See* Opp. Mot. Strike (ECF No. 178) at 1, 2, 7 n.7. To consider the First Opposition as a "placeholder" that allows further argument would stand the common law doctrine of waiver—made explicit in Local Rule 7(b)—on its head. That Defendants filed their opposition, including explicit objections to the reasonableness of the number of hours expended on the case, First Opp. (ECF No. 152) at 16-19, is the basis for waiver or forfeiture, not an *exception* to it.[3]

Defendants are simply wrong when they argue that Texas effected the waiver in *Texas v. United States* because it "did not file an opposition to the motions for attorney fees," Opp. Mot. Strike Opp. (ECF No. 178) at 7 n.7. First, Texas *did* file an opposition, styled an "Advisory," in which it argued that it was the prevailing party in the litigation. Texas, like Defendants here, chose to focus on a particular issue—in both cases, prevailing party status[4]—and to spend less time and attention on others. Texas did file a response, but, as the district court held, Texas had

---

[2]Opposition to Plaintiff's Application (ECF No. 152) ("First Opp."), filed in response to Plaintiff's *Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act*, (ECF Nos.151, 151-1–151-20) (Plaintiff's "Application").

[3]Defendants argue that the 1875 objections and the call for a 33% across the board reduction are "[s]imply a more detailed listing of objections raised in response to Plaintiff's initial application." Opp. Mot. Strike at 4. This admits that the new objections are an out-of-time "addition" to the First Opposition. And that Defendants *chose* to present a "less detailed" listing of objections when it responded to Plaintiff's Application is exactly why they should be deemed to have waived revisiting the issue.

[4]*See* Opp. Mot. Strike at 2 n.1 (citation omitted) (Defendants chose to address what they saw as "larger issues in Plaintiff's filing" rather than "'go line-by-line through the hundreds of pages of billing statements.'") They made a choice to focus on prevailing party status and now wish to do *exactly* what they consciously chose to waive.

**Plaintiff's Reply Supp. Mot. Strike**                                                                 2

conceded "virtually all of the issues relevant to the motions," because it "deliberately cho[se] not to address them." 798 F.3d 1108, 1110 (D.C. Cir. 2015). Moreover, the court in *Texas* plainly advised that under the doctrine of waiver as adopted in Local Rule 7(b), filing a response does not preserve arguments that are neglected: "if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.'" *Id.* (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (citing, in turn, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)).

Indeed, if Defendants' having filed a formally designated opposition is a bona fide distinction here from what happened in *Texas*, the distinction does not help their position. "Grounds for concession may be stronger where [Defendants] did file an opposition, but that brief did not address many of [Plaintiffs'] arguments." *Manning v. Esper*, No. 12-1802, 2019 U.S. Dist. LEXIS 9963 at *19. *See also Firestone v. Fed. Ret. Thrift Inv. Bd.*, 375 F. Supp. 3d 102, 116 (D.D.C. 2019) (finding "good reason" to treat an issue as conceded where a party was "expressly aware" and "clearly anticipated" issues yet failed to develop them in argument). Defendants were expressly aware of and clearly anticipated the issue of the reasonable number of hours expended on the case. They raised specific objections regarding hours in their First Opposition: "[l]ack of detail in billing records; "[c]harges for "fundraising" or other non-legal work"; "[p]ossible duplication of effort," and; "[m]edia relations charges" and provided examples of each. First Opp. (ECF No. 152) at 17-19. Defendants point to no authority for the proposition that having filed an Opposition in which they raised the issue provides a right to

further develop it sixteen months later, after TTV replied and the Court ruled on TTV's Application. Indeed, having done so only underscores that they've waived those arguments.

**Nothing in the Court's Order, Plaintiff's Response to the Order, or the History of the Billing Record Justified Defendants' Filing a Second Set of Objections to the Number of Hours Expended on the Case.**

The Defendants had already responded to the question of the reasonable number of hours in its opposition in March, 2018. This Court's Order of May 30, 2019 did not invite or allow submissions on any issue but "the reasonableness of [Plaintiff's] requested attorney and non-attorney billing rates." Mem. Op. (ECF No. 162) at 24 n.6. Defendants flatly mischaracterize the Court's request for reorganized records as something more, Opp. Mot. Strike (ECF No. 178) at 7. The Court's only mention of the issue of the reasonable number of hours was to note that it would rule on that issue "after the plaintiff has provided additional information supporting the reasonableness of its requested . . . billing rates." *Id.* The only "message" to be taken from this is that argument on that issue was complete and had been submitted to the Court. The only "revision" to the billing records the Court ordered was to file the same billing records "*separat[ing] all time entries by timekeeper.*" Order (ECF No. 161) at *2 (emphasis added).

Defendants recite a misleading history of the billing record to argue that they "properly responded" with objections that were not made in the First Opposition because Plaintiff has submitted "revised billing records." Opp. Mot. Strike at 3-4 ("Plaintiff revised its billing records"); *id.* at 7 ("Since Plaintiff filed revised billing records, the United States properly responded to them"; "the Court ordered Plaintiff to submit revised billing records"); *id.* at 7 n.6

("*proper* billing records were due when Plaintiff filed its initial request" (emphasis added))[5]; *id.* at 7 n.8 ("the revised billing records contain adjustments" to fees, costs, and expenses).

Defendants specify three "revisions" that they claim Plaintiff made to the billing record. The first "revision" they cite was the adjustments made in April 2018 in conjunction with Defendants' First Opposition and Plaintiff's Reply Supporting its Application (ECF No. 165-1). *See* Opp. Mot. Strike (ECF No. 178) at 3 ("Plaintiff revised its billing records to make 'adjustment[s] to attorney . . . fees, costs, and expenses'" (quoting Plaintiff's Reply (ECF No. 165-1 at 1 n.1)).[6] Those adjustments were made in response to Defendants' first, valid Opposition. They were the product of the objections that Defendants now seek to supplement, sixteen months later. The second "revision" to which Defendants point was Plaintiff's Supplemental Application for fees for work on the Application for Fees, filed on April 18, 2018 (ECF No. 157) and to which Defendants filed no response. *See* Opp. Mot. Strike (ECF No. 178) at 3 (citing Mem. Supp. Notice (ECF No. 165-1) at 1 n.1).[7]

---

[5]Defendants cannot and do not argue, let alone demonstrate, that Plaintiff failed to file proper billing records with its initial request. That is, it is exactly because "proper billing records *were* [*filed* when] due when Plaintiff filed its initial request, Opp. Mot. Strike at 7 n.6. (emphasis added) and Defendants objections were *not* filed when due—in its First Opposition, that Plaintiff's Motion to Strike as untimely is valid and Defendants' would not be. *See* Opp. Mot. Strike at 7 n.6.

[6]Defendants present a confusing and misleading reading of Plaintiff's accounting for the Court of the total fees sought through the time of the filing of the Notice. *See* Opp. Mot. Strike at 3 (citing Mem. Supp. Notice) (ECF No. 165-1) at 1 n.1). In the Memorandum supporting the Notice, Plaintiff listed (1) the amount sought in the original Application ($1,933,888.06); (2) the adjustments that were specified in April 2018 in Plaintiff's Reply in Support of the Application (ECF No. 156) ($54,730.20); (3) the fees sought for preparing the Application (ECF No. 157), also filed in April 2018 (103,049.20), and; (4) a further adjustment made to the billing record for $97.50 to exclude the time spent by one paraprofessional. *See infra*.

[7]Plaintiff filed a Second Supplemental Motion for Fees (ECF No. 166, *et seq.*) seeking fees and expenses for work done on the Notice. Defendants responded in their combined "Opposition." *See* Mot. to Strike (ECF No. 177) at ¶ 9.

The third revision made to the billing record noted by Defendants—the only actual change to hours made after the Court's Order—was for time worth $97.50. *See* Plaintiff's Reply (ECF No. 165-1) at 1 n.1. The adjustment was made because Plaintiff's counsel deemed it more cost effective to deduct the time spent by paraprofessional Matthew Michaloski than to establish the prevailing market rate for him for less than an hour of time. This is hardly a revision independently justifying a line-by-line review of the number of hours expended on the case, *a fortiori*, it does not justify such a review when Defendants consciously chose not to do one when they should have. *See* Opp. Mot. Strike at 2 n.1 (admitting that Defendants chose to address what they saw as "larger issues in Plaintiff's filing" rather than "'go line-by-line through the hundreds of pages of billing statements.'"). In their Opposition to the Application, Defendants focused on what they deemed most important. Having forfeited further objections, they strain to find an independent justification to allow them to do exactly what they chose to forego. Nothing in the Order, Plaintiff's response to the Order, or the history of the billing record provides any such justification.

**Defendants Seek to Obfuscate Their Waiver by Blaming the Plaintiff.**

Defendants do not argue that Plaintiff's Motion to Strike is out of place or an inappropriate vehicle for the relief it seeks. Instead, they critique Plaintiff's choosing to file the Motion instead of reacting some other way to the dilemma that Defendants had wrongly created. In a response to an Order for argument and evidence on prevailing market rates, Defendants filed objections to the reasonableness of the hours expended on the case, including twelve pages of argument and 1875 color-coded objections spread over 550 pages of records—the same records

that were filed with Plaintiff's original Application (ECF Nos. 151-151-20)—and sixteen months after already making objections to the same records. Defendants had taken a second bite at the issue, presenting a dilemma for Plaintiffs in which the stakes were enormous. Defendants now argued for deducting all the time spent on the 2014 Motion for Preliminary Injunction and Expedited Discovery (ECF No. 83), the time in 1875 marked hourly entries, and called for a 33% across-the-board reduction of the remaining hours for general, nonspecific claims of excessiveness and duplication. The deductions from the lodestar now pressed by Defendants would be approximately $931,808. After weighing options, risks, and possible outcomes—especially, of course, possibly waiving the right to reply to these objections—Plaintiff chose to first respond fully and in good faith to the objections and to raise the issue of Defendants' second untimely opposition and waiver in a separate filing to which Defendants could respond and which would afford the Court the opportunity to grant relief.

Defendants do not contend that the Motion is an improper vehicle for addressing those issues. They instead "blame the victim" by complaining that Plaintiff should have protested at Defendants' first "signal" that they might hijack a response granted by the Court to present evidence and argument on hourly rates in order to take another bite at the number of hours expended. *See* Opp. Mot. Strike at 4 (Plaintiff did not oppose Defendants' Motion for Extension (ECF No. 168) which mentioned the "review of the billing records."). Defendants complain that Plaintiff should have protested their overreach when filing for leave for its Reply in Support of the Notice, *id.* at 5, and/or when seeking an extension for the Reply, *id.* Defendants go so far as to admit that they would not have agreed to the Reply had they known that Plaintiffs would raise the issue. *Id.* at 6.

Defendants filed a second Opposition to Plaintiff's Application that raised nearly two thousand additional objections to the number of hours under the pretense of offering evidence and argument on hourly rates, but criticize Plaintiff for choosing to fully respond to those objections in good faith and promptly raise the issues of an untimely de facto second opposition and common law and Local Rule 7(b) waiver in a separate Motion, which isolated the issues, allowed for full argument and the possibility of specific, pertinent relief.

## Conclusion

Filed in response to Plaintiffs' Notice of Compliance with the Court's Order (ECF No. 165), Defendants' Opposition (ECF No. 169) was a second opposition to Plaintiff's original Application for Attorney's Fees (ECF No. 151). As such, it is sixteen months late and should be struck as untimely. It is a transparent attempt to subvert the common law doctrine, expressly adopted in Local Rule 7(b), that issues and arguments—including those regarding the reasonableness of the hours for which attorney's fees are sought—are waived if they are not raised in the opposition. Defendants defend the overreach by turning the doctrine of waiver and Local Rule 7(b) on its head, arguing that having filed an Opposition preserves their right to additional argument on the issue. Defendants strain credulity attempting to cast the Order as reopening the issue, and present a misleading history of the billing records to justify a revisit. Defendants make no legal argument that the Motion is out of place or an improper vehicle for the relief Plaintiff seeks, and instead complain that the Motion to Strike was not the reaction to their overreach that they would have preferred. Defendants have failed to justify their overreach and the Court should deem the Opposition's arguments and materials addressing the reasonable number of hours to have been waived and forfeited and should strike them.

**Plaintiff's Reply Supp.**
**Mot. Strike**                                     8

August 23, 2019

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
Courtney Turner Milbank*
Jeffrey P. Gallant*
Melena S. Siebert*
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted *pro hac vice*

## Certificate of Service

I hereby certify that on August 23, 2019 , I caused the *Reply in Support of Plaintiff's Motion to Strike Defendants' Opposition as Untimely and for Other Related Relief* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.
