United States District Court
For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;  *Plaintiff*,  v.  **Internal Revenue Service, et al.**;  *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW |

## Memorandum of Points and Authorities in Support of Plaintiff's Third Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act

Plaintiff, True the Vote, Inc., requests an award of $163,042.38 in fees, costs, and expenses incurred in its submission of work performed since submitting *Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act*, ECF No. 166 on June 14, 2019.[1] With this application, TTV's request for attorney's fees, costs, and expenses incurred in pursuing a statutory fee award totals $2,145,151.94,[2] sought under 28 U.S.C. § 2412(b), the Equal Access to Justice Act. ("**EAJA**")

TTV is entitled to receive fees under the EAJA because this court ruled that: (1) TTV

---

[1] *Plaintiff's Notice of Supplemental Authority*, ECF No. 167; *Plaintiff's Motion for Leave to Reply to United States' Opposition to Plaintiff's Notice of Compliance with Court Order*, ECF No. 171; *Plaintiff's Reply in Support of Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act*, ECF No. 172; *Plaintiff's Opposition to Defendants' Motion for Partial Reconsideration*, ECF No. 173; *Plaintiff's Reply to Defendants' Opposition to Plaintiff's Notice of Compliance with Court Order*, ECF No. 176; *Plaintiff's Motion to Strike Defendant's Opposition as Untimely and Grant Related Other Relief*, ECF No. 177; and *Plaintiff's Reply in Support of Motion to Strike*, ECF No. 179.

[2] This total reflects the sum of TTV's: $1,933,888.06 in fees, etc. sought in the Application, ECF No. 151; ($54,730.20) as an adjustment to fees, etc. from TTV's Reply, ECF No. 156; $103,049.20 in fees, etc. sought in the Supplemental Application, ECF No. 157; ($97.50) as an adjustment to fees, etc. in the Notice, ECF No. 165; $39, 253.20 in fees, etc. sought in the Second Supplemental Application, ECF No. 166; and $163,042.38 in fees, etc. sought in this Third Supplemental Application.

**Pl.'s Mem. in Supp.
of Third Suppl. Mot. for Fees**                1

received declaratory and judicial relief from the IRS's discriminatory actions, Memorandum Opinion, ECF No. 162, at 11; (2) the Defendant's actions underlying this litigation—namely the discriminatory conduct the IRS engaged in against TTV—was not substantially justified, *see id.* at 13-14; and (3) the Defendant could not show that special circumstances exist that would make a fee award unjust. *See id.* at 16. The Court also awarded TTV a "bad faith enhancement" to the EAJA's statutory rate cap because "clear and convincing evidence" existed that the IRS's discriminatory conduct underlying this litigation was made in bad faith. *See id.* at 21 (holding the IRS could not possibly "defend its discriminatory conduct on the merits" and failed to offer any justification that its conduct was "narrowly tailored to serve compelling state interests").

This Court held in abeyance an actual award of fees and ordered TTV to produce proof of prevailing market rates and billing records subtotaled by attorney. Order, ECF No. 161, at 2. TTV complied with this order and submitted its Notice of Compliance with the Court Order, ECF No. 165 on June 13, 2019. Subsequently, TTV submitted the motions and notices described *supra* at n. 1. TTV seeks an award for this work in this Third Supplemental Application.

## TTV Is Entitled to Attorney's Fees, Costs, and Expenses for the Fees Incurred Since Filing the Second Supplemental Application.

TTV is entitled to the fees requested in its Third Supplemental Application because courts in this district specifically award attorney's fees for the work performed in "fees-on-fees-on fees" applications, as long as the work is not too attenuated to the underlying litigation and is supported by proper billing records. *See McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162 (D.D.C. 2017). The work specified in TTV's Third Supplemental Application is not attenuated from the underlying litigation. Rather, the work was necessary to: (1) support TTV's

Notice made in order to comply with the Court's Order, *see* ECF Nos. 167, 176 (2) support TTV's motions for fees, *see* ECF Nos. 169, 172; (3) oppose the Defendant's Partial Motion for Reconsideration (which itself was based upon the law underlying a bad faith enhancement to fees), *see* ECF No. 173; and (4) submit and support Plaintiff's Motion to Strike Defendant's Opposition as Untimely, *see* ECF Nos. 177,179. To disallow fees for such necessary work would be inconsistent with the purpose of the EAJA—to "encourage the procurement of objective counsel to pursue claims against the government for violation of various federal rights." *Kooritzky v. Herman*, 178 F.3d 1315, 1320 (D.C. Cir. 1999).

The IRS's violation of TTV's constitutional rights has necessitated all of this litigation—now entering its seventh year. TTV has diligently supported its supplemental requests for fees with detailed billing records, the application of billing judgment, and substantial proof of prevailing market rates. *See, e.g.*, ECF Nos. 165-1 - 165-26. Defendant has consistently opposed TTV's supplemental applications for fees by mischaracterizing them as an "improper[ ] submi[ssion of] bills for time charged to correct its previous infirmities." *See* Def's. Opp., ECF No. 169 at 2. TTV fully addressed Defendant's mischaracterizations in its Reply in Support of its Second Supplemental Application, *see* ECF No. 172, and that support is fully incorporated here, but summarized for the Court's convenience.

TTV has simply complied with this Court's order to provide additional legal substantiation of the reasonableness of the rates requested in relation to the prevailing market rates. *See* Mem. Op, ECF No. 162 at 23-24; *see also* Order, ECF No. 161 at 2. Under the EAJA, the plaintiff has the initial burden to provide evidence of prevailing market rates. *Gatore v.*

*United States Dep't of Homeland Sec.*, 286 F. Supp. 3d 25, 32 (D.D.C. 2017). Once the plaintiff meets this burden, the defendant may provide sufficiently specific countervailing evidence of rates. *Id.* at 33. TTV met its initial burden when it submitted the LSI Matrix, attorney declarations, and other evidence in support of the Application. *See* ECF No. 151-1 - 151-19. The Defendant did not submit "equally countervailing evidence" regarding the prevailing market rates in its Opposition to the Application, choosing instead to dedicate the majority of its Opposition to the ultimately unsuccessful arguments that TTV was not the prevailing party, and/or that the government's actions underlying and during litigation were substantially justified, *see* ECF No. 152. at 2 - 16. In this Opposition, Defendant only made some very generalized complaints about TTV's billing records. *See id.* at 16-19.[3] Given the Defendant's lack of specific countervailing evidence regarding prevailing market rates, this Court acted well within its discretionary powers when it ordered both parties to submit further substantiation and argument regarding prevailing market rates. *See* Order, ECF No. 161 at 2. Any work TTV's counsel did in order to substantiate the prevailing market rate was not done in order to correct an "infirmity" of previous submissions to this Court, but made in order to comply with this Court's reasoned Order.

Likewise, the Court also ordered TTV to subtotal the attorneys' billing records by attorney. This is not a "correction" to such records, but simply a formatting change with no substantive impact on TTV's Application or any supplemental application.[4]

---

[3] TTV's did address these very generalized complaints in its Reply, resulting in an adjustment of ($54,730.20). *See* ECF no. 156.

[4] The only "substantive" change to the billing records was an adjustment of ($97.50) to BLF's Billing Records, removing one paraprofessional charge. This adjustment was made because TTV's counsel deemed it more cost effective to deduct the charge than to establish the prevailing market rate for less than an hour of time. *See* Reply in Supp. of Mot. Strike, ECF No. 179 at 6.

**Pl.'s Mem. in Supp.
of Third Suppl. Mot. for Fees**            4

Awarding the fees requested in this Third Supplemental Application will not reward TTV for work too attenuated to this litigation or for submitting unsubstantiated or improper fee requests to this Court. An award of fees will compensate TTV's attorneys for work related to providing the *additional legal substantiation* the Court properly ordered, supporting TTV's opposition to Defendant's Motion for Partial Reconsideration, and supporting TTV's Motion to Strike. All of that work was either compelled by this Court or necessitated by the Defendant's own litigation actions. An award of such fees is consistent with the EAJA's underlying purpose of enabling plaintiffs, who could otherwise not afford counsel, to obtain objective counsel in order to pursue claims against the government for violation of various federal rights. Fundamental notions of fairness require that TTV be awarded compensation for fees properly incurred and substantiated.

Therefore, Plaintiff submits that it is entitled to its reasonable request of of $163,042.38 in fees, costs, and expenses detailed in its Third Supplemental Application. And, as detailed *supra* at n.2, TTV requests a total of $2,145,151.94 in attorneys' fees, costs, and expenses for work on the merits of this case and in pursuit of reasonable attorneys' fees.

September 4, 2019                          Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena Siebert*
 msiebert@bopplaw.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for TTV*
**Admitted pro hac vice*

**Pl.'s Mem. in Supp.
of Third Suppl. Mot. for Fees**        6

## Certificate of Service

      I hereby certify that on September 4, 2019 , I caused the *Memorandum of Points and Authorities in Support of Plaintiff's Third Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act* in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

                                                           <u>/s/ James Bopp, Jr.</u>
                                                           James Bopp, Jr.