# United States District Court
# For the District of Columbia

| | | |
|---|---|---|
| **True the Vote, Inc.**; | | |
| | *Plaintiff*, | |
| v. | | **Civil Case No.** <u>1:13-cv-000734-RBW</u> |
| **Internal Revenue Service, et al.**; | | |
| | *Defendant*s. | |

## Memorandum of Points and Authorities in Support of Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act

Plaintiff, True the Vote, Inc., requests an award of $33,224.80 at LSI Matrix Rates[1] in fees, costs, and expenses incurred in its submission of work performed since submitting *Plaintiff's Reply to Defendants' Opposition to Motion to Strike or to Consider Arguments Forfeited and Waived*, ECF No. 179.  With this application, TTV's request for attorney's fees, costs, and expenses incurred in pursuing a statutory fee award totals $1,897,223.86, valued at the LSI Matrix rates. TTV's request for attorneys' fees, costs, and expenses, including this Fourth Supplemental Application totals $870,565.92, valued at the LSI Matrix rates for work prior to September 20, 2013 and at the EAJA rates thereafter.

TTV is entitled to receive fees under the EAJA because this court ruled that: (1) TTV received declaratory and judicial relief from the IRS's discriminatory actions, Memorandum Opinion, ECF No. 162, at 11; (2) the Defendant's actions underlying this litigation—namely the

---

[1] The total for this Fourth Supplemental Application is $13,356.91, valued at the EAJA rates.

discriminatory conduct the IRS engaged in against TTV—was not substantially justified, *see id.* at 13-14; and (3) the Defendant could not show that special circumstances exist that would make a fee award unjust. *See id.* at 16. The Court also awarded TTV a "bad faith enhancement" to the EAJA's statutory rate cap for work done prior to September 20, 2013, because the IRS's discriminatory conduct underlying this litigation was made in bad faith. *See* Mem. Op., ECF No. 184. After September 20, 2013, this Court ruled that EAJA statutory rates should be applied.

## TTV Is Entitled to Attorney's Fees, Costs, and Expenses for the Fees Incurred Since Filing its Reply to the Motion to Strike.

Courts in this district specifically award attorney's fees for the work performed in "fees-on-fees-on fees" applications, as long as the work is not too attenuated to the underlying litigation and is supported by proper billing records. *See McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162 (D.D.C. 2017). The work specified in TTV's Fourth Supplemental Application is not attenuated from the underlying litigation.[2] Rather, the work was necessary to: (1) support TTV's Motion to Strike, *see* ECF Nos. 177 (2) support TTV's Third Supplemental Motion for Fees, *see* ECF Nos. 180;  and (4) submit and support Plaintiff's Notice of Compliance with Court's Order (ECF No. 183), *see* ECF No. 186. To disallow fees for such necessary work would be inconsistent with the purpose of the EAJA—to "encourage the procurement of objective counsel to pursue claims against the government for violation of

---

[2] This Court held it would not award Plaintiff fees for its Second and Third Applications because "such [an award] is too attenuated from [the] original adjudication to be compensable[,] [and] the Court agrees with the defendants that they should not be forced to fund [the] plaintiff's failure to submit the appropriate material." Mem. Op. at 29. TTV submits this Fourth Application for the record, but incorporates its previous arguments on attenuation and its alleged failure to submit appropriate material.

**Pl.'s Mem. in Supp.**
**of Fourth Suppl. Mot. for Fees**          2

various federal rights." *Kooritzky v. Herman*, 178 F.3d 1315, 1320 (D.C. Cir. 1999).

The IRS's violation of TTV's constitutional rights has necessitated all of this litigation—now entering its seventh year. TTV has diligently supported its supplemental requests for fees with detailed billing records, the application of billing judgment, and substantial proof of prevailing market rates. *See, e.g.*, ECF Nos. 165-1 - 165-26. Defendant has consistently opposed TTV's supplemental applications for fees by mischaracterizing them as an "improper[ ] submi[ssion of] bills for time charged to correct its previous infirmities." *See* Def's. Opp., ECF No. 169 at 2. TTV fully addressed Defendant's mischaracterizations in its Reply in Support of its Second Supplemental Application, *see* ECF No. 172,  and that support is fully incorporated here, but summarized for the Court's convenience.

While the *McNeil* Court did acknowledge the need to "'draw a line to avoid plaintiffs extending their claims for fees *ad infinitum*,'" it refused to impose a "categorical bar" on recovering such fees. *McNeil*, 233 F. Supp. 3d at162 (granting Plaintiffs' requested relief because it did not extend the litigation or necessitate additional proceedings) (quoting *F.S. v. District of Columbia*, 307 F.R.D. 28, 30 (D.D.C. 2014)). Defendants' previous reliance on *Means v. District of Columbia* was misplaced—while the court there observed that "fees on fees on fees . . . *may* be too removed to be compensable," 999 F. Supp. 2d 128, 136 n. 7 (D.D.C. 2013) (emphasis added), as the court in *McNeil* recognized, *Means* was not applying an authoritative rule—the observation was dicta because no such claims were at issue. 233 F. Supp. 3d at 162.

TTV has not sought to raise new arguments or evidence, *cf F.S.*, 307 F.R.D. at 29, but has simply complied with this Court's various orders to provide *additional legal substantiation*,

primarily on the understandably difficult issue of prevailing market rates.[3] TTV was not obligated to provide this additional substantiation until the Court ordered it to do so, as it had met its initial burden of proof regarding prevailing market rates. *See supra*.

This is not a case where the work was attenuated from the underlying litigation. The Second and Third Supplemental Applications and supporting documentation were submitted in a timely manner. Likewise, all of the documentation for this Fourth Application is for work necessitated by either Defendant's arguments or this Court's Orders. An award of fees for the Fourth Supplemental Application will simply compensate TTV's attorneys for this work.

Therefore, Plaintiff submits that it is entitled to its reasonable request of $33,224.80[4] at LSI Matrix Rates in fees, costs, and expenses detailed in its Fourth Supplemental Application. Therefore, the attorneys' fees requested, including this Fourth Supplemental Application total $1,897,223.86, valued at the LSI Matrix rates. The attorneys' fees requested, including this Fourth Supplemental Application total $870,565.92, valued at the LSI Matrix rates for work prior to September 20, 2013 and at the EAJA rates thereafter.

---

[3] *See Gatore*, at 33 ("'ascertaining the prevailing market rate is "inherently difficult."'")(internal alterations and citations omitted)).

[4] The total for this Fourth Supplemental Application is $13,356.91, valued at the EAJA rates.

**Pl.'s Mem. in Supp.**
**of Fourth Suppl. Mot. for Fees**          4

October 21, 2020

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena Siebert*
 msiebert@bopplaw.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for TTV*
*Admitted pro hac vice*