## Agreement

This is an agreement between True the Vote, Catherine Engelbrecht, (hereinafter referred to as "TTV") and the Public Interest Law Foundation, Center for Constitutional Jurisprudence, and Foley & Lardner (hereinafter referred to as "PILF" for sake of convenience). The purpose of this agreement is to establish a mutual understanding and agreement relating to the prospective collection of and distribution of expenses and attorney fees that might be negotiated in exchange for a release in the pending lawsuit *True the Vote, Inc., v. Internal Revenue Service, et. al*, No. 1:13-cv-000734-RBW, In the United States District Court for the District of Columbia ("the Litigation"). The parties agree as follows:

1. PILF has significant out of pocket costs related to the Litigation, including attorney fees expended which could and should be recoverable in this matter.
2. PILF agrees to provide suitable summary documentation to explain and establish the litigation expenses incurred by PILF and the attorney fees reasonably charged by PILF in the course of the Litigation, for purposes of settlement negotiations and discussions.
3. TTV will first attempt to negotiate a reasonable settlement with the Internal Revenue Service and its attorneys so as to hopefully minimize the burden on PILF relative to the "prove up" of the litigation expenses and attorney fees. If a settlement is not capable of being achieved and it becomes necessary to present and prove up attorney fees to the court, the parties will later address the allocations and obligations of the parties relative to the prove up of such attorney fees to the court as well as the distribution of such funds.
4. If TTV is successful in negotiating a settlement of litigation expenses and attorney fees, TTV agrees that the funds subject to the negotiated settlement and then collected will be distributed as follows:
    a. The first funds will be used to reimburse PILF for its litigation expenses, which sum is presently known and understood to be $46,000. The next funds will be used to reimburse the Bopp Firm for its litigation expenses, not to exceed $10,000.00.
    b. Of those funds which have been paid and then remain after all litigation expenses have been paid, TTV agrees to pay PILF, or its assigns and designees, a sum which is forty percent (40%) of the total remaining balance.
5. Confidentiality requirements notwithstanding, which may be imposed as a condition of settlement, but which TTV will seek to avoid if at all possible,

PILF will be entitled to review any and all documentation that relates to the negotiated settlement of the Litigation between TTV and the Internal Revenue Service, as well as the list of litigation expenses of The Bopp Firm which are charged and repaid in the second payment of monies. The parties mutually agree that confidentiality of this agreement is in all parties best interests, and agree to not divulge the terms of this agreement to any party that does not have a legal interest in the agreement.

6. Upon settlement of the Litigation, TTV and PILF, on behalf of themselves and their successors and assigns, further hereby release and discharge each other, their current and former employees, partners, officers, directors, agents, attorneys, insurers, affiliated entities, successors, or assigns, including but not limited to the parties named in this Agreement of and from any and all claims, demands, liabilities, causes of action, damages, attorneys' fees, or expenses of any nature whatsoever, whether known or unknown, foreseen or unforeseen, accrued or unaccrued arising out of, related to, or having any connection with the Litigation.

7. This agreement supersedes any and all agreements between the parties which have existed to date, and to the extent that any portion of said agreements are in any way contradicted by the terms of this agreement, this agreement shall apply.

8. There are no other agreements or representations between the parties which are made or which survive the execution of this agreement, which is made by those persons having authority to bind the interested parties for both TTV and the PILF group of counsel.

*The rest of this page left intentionally blank*

AGREED:

*[Signature]*      Date: 12/12/17
CATHERINE ENGELBRECHT
For herself and True the Vote

*[Signature]*      Date: 12/11/17
The Bopp Law Firm, PC
By its principal

*[Signature]*      Date: 12-12-17
The Akers Firm
By its MANAGER

*[Signature]*      Date: 12-13-17
Public Interest Legal Foundation
By its president

*[Signature]*      Date: 12/13/2017
Center for Constitutional Jurisprudence
By its Director

*[Signature]*      Date: 12.13-2017
Foley & Lardner, LLP
By its PARTNER

## Certificate of Service

I hereby certify that on October 22, 2020, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed under seal with the United States District Court for the District of Columbia via the Court's CM/ECF system. In addition, pursuant to LCvR 5.1, I served, via email, the foregoing and all attachments thereto upon all parties.

/s/ James Bopp, Jr.

James Bopp, Jr.