# LEGAL SERVICES AGREEMENT

## SUMMARY

This Agreement ("Agreement") is entered into on the 13th day of May, 2013, by, between and among TRUE THE VOTE ("Clients"), ACTRIGHT LEGAL FOUNDATION, 209 West Main Street, Plainfield, Indiana 46168 ("Foundation"). As used herein, the terms "Foundation", "Attorney" and "Client" or their plurals include any subsidiaries, assigns, agents, associates, employees, or subcontractors of the same.

Contact Information:

Foundation
Zachary S. Kester
ActRight Legal Foundation
209 West Main Street
Plainfield, IN 46168
zkester@actrightlegal.org
202-683-9405

Catherine Engelbrecht
True the Vote
7232 Wynnwood Lane
Houston, TX 77008
Catherine@truethevote.org
832-444-7701

Foundation will advise Client regarding its tax-exempt status and also represent Client before the IRS or other relevant administrative body, and bring and see through to completion, including appeals, a lawsuit against the IRS and other relevant defendants regarding Client's Form 1023, Application for Recognition of Exemption, the follow-up questions or requests for additional information from the IRS, and Client's responses to the same, and the Client's tax exemption.

In addition, Foundation will challenge the actions taken by the IRS throughout the application process as being in violation of 26 USC 7431 (unauthorized access of tax return information), and other constitutional doctrines as may be determined.

Other matters apart from the matters described in the preceding paragraphs of this Agreement (excluding, any post-trial motions or appeals of a court decision made in the lawsuit) shall be undertaken only with the prior written consent of the parties hereto and shall be paid on an hourly basis, or such other arrangements, as the parties may then agree upon in writing.

The parties understand that Cleta Mitchell has agreed to represent Client via her work as Of Counsel with Foundation.

and Brett Akers

The parties understand that Cleta Mitchell ~~has~~ have agreed to represent Client via her work as Of Counsel with Foundation.

In consideration of the mutual promises of the parties and other good and valuable consideration, the parties hereby agree to the terms listed on this page, as well as those contained on the following pages, incorporated herein, and the detailed descriptions of services delineated in the Addendum, incorporated herein.

Signed,

Catherine Engelbrecht
President, True the Vote

Zachary S. Kester
Managing Attorney, Foundation

## **Particular Terms of this Contract**

Client(s) agree(s) to the following, subject to the express terms of the Summary, above.

Section 1. Engagement. During the terms of this Agreement, the Clients engage Attorneys, and the Attorneys provide Clients with legal representation as delineated in Section 4, below. The Attorneys shall be available for work at reasonable times and for reasonable periods of time to perform services under this contract. Attorneys shall report the person delineated on the Summary Page or another agent that the Clients may designate. Clients and Attorneys shall work with any agents, associates, employees, or subcontractors of the other as needed.

Section 2. Compensation. This is a pro bono contract, which may from time to time be amended. Client shall be expected to pay reasonable costs.

Section 3. Payment Schedule. Timely, upon receipt of invoice.

Clients agree to reimburse Foundation for reasonable costs associated with this representation.

Attorneys shall, upon successful completion of the matter and where available, pursue an award of attorneys' fees and costs from the Court against the government. Clients agree that any such fees and costs recovered belong to the Foundation, sans any payment(s) made by Clients to Foundation under this contract. Client agrees not to waive the right to attorney fees or costs.

Section 4. Duties. Clients will cooperate fully in providing documents and information, answering questions, and in preparing and handling the matter in general.

Clients will be truthful at all times and reveal all information necessary and relevant to the prosecution of this legal representation and shall fully cooperate in all legal proceedings, including recovery of attorneys' fees and costs.

Attorneys provide consulting and litigation representation in all matters relating to this case. Specifically, Attorneys provide representation protecting freedom of religion, other constitutional rights and related claims in proactive litigation challenging infringing laws and regulations, as needed.

Section 5. Indemnification. Client will indemnify and hold harmless the Foundation and well as pay any claims, costs, attorneys' fees or expenses of whatever nature awarded by the court or agreed to in settlement of this matter, if applicable.

Section 6. Privilege & Confidentiality. This relationship is protected by the Attorney/Client Privilege and the parties agree that any conversation made between Foundation and Clients in confidence for the purpose of seeking, obtaining, or providing legal assistance is privileged and shall not be disclosed except to further the representation of Clients.

Section 7. Publicity, Media and Fundraising. Clients understand that this representation may include communication with the news media. Clients agree to allow Foundation to control the interaction and communication with the media, and further agrees not to make any statements to representations to the news media regarding the subject(s) of this representation without prior approval of the Foundation.

Clients understand that the ability of the Foundation to provide this legal representation is directly connected to the ability of Foundation to inform supporters of the Foundation about the work done by the Foundation. Clients agree to fully cooperate with the Foundation in the publicizing of non-privileged, non-confidential, or otherwise public information relating to the representation, including participation in recorded interviews and testimonials. All such communications shall be made pursuant to the applicable canons of professional conduct. Clients agree to allow Foundation to use Clients' image and relevant, non-privileged, non-confidential, or otherwise public information in materials intended to communicate to the supporters of the Foundation and in furtherance of the Foundation's mission.

Specifically, but not limiting the generality of the foregoing, Clients authorize Attorney to disclose information that is contained in the public record, facts set forth in a demand letter, or other facts and circumstances consistent with objectives of Attorney's representation, including increasing publicity and assisting in fundraising.

Section 8. Term. This Agreement shall commence on the date signed by at least two of the parties on the Summary Page, above, and shall terminate pursuant to Section 10, below.

Section 9. Records and Use and Storage of Software and Data. The Clients and Attorneys shall keep full and accurate records of all work performed under this Agreement. Records will be maintained for six years. Clients permit Attorney to use all forms of electronic communication, document and data management and storage, and word processing for all matters related to the representation (including the use of email and facsimile) so long as reasonable precautions are taken to maintain Client confidences and protect the Attorney/Client privilege.

Section 10. Termination. Termination of this Agreement by either party shall be pursuant to Rule 1.16 of the Indiana Rules of Professional Conduct, Declining or Terminating Representation.

Section 11. Time. Time is of the essence of the Agreement.

Section 12. Waiver. The waiver by Client of any breach of any provision of this Agreement shall not constitute a continuing waiver or a waiver of any subsequent breach of the same or a different provision hereof.

Section 13. Assignment. No party hereto may transfer or assign this Agreement without the prior written consent of the other party.

Section 14. Law Governing. This Agreement shall be governed by and construed in accordance with the laws of Indiana.

Section 15. Presumption. This Agreement or any section thereof shall not be construed against any party due to the fact that said Agreement or any section thereof was drafted by said party.

Section 16. Sole Agreement. This Agreement constitutes the sole and complete agreement of the parties as to the subject matters of this Agreement, and correctly sets forth the rights and obligations of the parties hereto. Any agreement or representation between the parties hereto respecting the subject matter of this Agreement, whether oral or in writing, which is not expressly set forth in this instrument, is null, void, and of no legal effect.

The parties understand that Attorneys have an agreement between them as to how they will operate with regards to the matters at issue under this Agreement. This agreement is unaffected by this "Sole Agreement" provision.

Section 17. Modification. This Agreement may be modified only by a written agreement signed by both Clients and Attorneys, and any attempted oral modification of this Agreement, whether real or purported, shall be of no force or effect. An email exchange evincing a "meeting of the minds" sent from user-identified email or device shall be adequate to modify this Agreement.

Section 18. Severability. In the event that any part of this Agreement is construed or declared unenforceable, the remainder shall continue in full force and effect as though the unenforceable portion or portions were not included herein.

Section 19. Breach. If any party violates this Agreement, that party shall pay such damages as the Court may reasonably impose, including, but not limited to, all attorney's fees and costs associated with enforcing the Agreement.

Section 20. Notices. All notices or communications required or permitted by this Agreement shall be deemed duly served and given when (i) personally delivered to the party to whom directed, (ii) mailed, first-class postage prepaid, when addressed to the person identified in the Summary Page of this Agreement, or at such other address as may be specified by addressee from time to time; or (iii) via email to the appropriate email address provided in the Summary Page, or at such other email address as may be specified by the party from time to time.

Section 21. Facsimile/Electronic Signatures. Facsimile or electronic transmission of any signed (physically or electronically) original document, and the retransmission of any signed facsimile transmission, shall be the same as delivery of the original signed document. At the request of any party, a party shall confirm documents

with a facsimile transmitted signature by signing an original document.

Section 22. Authority and Representations Thereof. By signing on the Summary Page, the signatories each have and represent that they have the authority to bind the person for whom they are signing and each intends by signing to bind Clients, and Attorneys, independently and respectively, to this Agreement.

## Certificate of Service

I hereby certify that on October 22, 2020, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed under seal with the United States District Court for the District of Columbia via the Court's CM/ECF system. In addition, pursuant to LCvR 5.1, I served, via email, the foregoing and all attachments thereto upon all parties.

/s/ James Bopp, Jr.

James Bopp, Jr.