# AGREEMENT FOR LEGAL SERVICES

THIS AGREEMENT, is made and entered into by and between True the Vote, Inc., hereinafter referred to as "Client", and The Bopp Law Firm, P.C., hereinafter referred to as "The Firm." This agreement supersedes any and all previously executed agreements between the parties with respect to the services contemplated herein.

THE PARTIES AGREE as follows:

1. **Scope of Presently Contemplated Work.** Client desires to retain The Firm to represent Client in the case of *True the Vote, Inc. v. Internal Revenue Service, et al.*, Case No. 1:13-cv-00734, in the D.C. District Court and in any subsequent appellate proceedings.

2. **Advance.** The Client shall pay to The Firm, in advance, the sum of $5,000.00 for the legal advice services contemplated by this Agreement, (the "advance payment") to be withdrawn by The Firm as fees are earned and expenses incurred as recorded by the statement or invoice. Fees and expenses shall be due and payable on the date of the statement or invoice and credited against the advance payment on that date.

2.1 If the advance payment is exhausted in The Firm's performance of services under paragraph 1 this Agreement, the amount of fees and expenses listed in a statement or invoice that exceeds that provided in the advance payment shall be due and payable on the date of the statement or invoice.

2.2 At the termination of The Firm's employment by Client, any funds from the advance payment not yet earned as evidenced by the statement or invoice encompassing the date of termination shall be refunded to Client.

3. **Hourly Rates.** The Firm agrees to provide Client the requested legal services. Client will pay The Firm the usual and customary hourly rates plus reimbursable expenses. The hourly rates are $790.00 for James Bopp, Jr. and $300.00 for Courtney Turner Milbank. Other attorneys may assist with the Client at The Firm's discretion at their usual and customary hourly rates. In addition, The Firm may charge an agreed-to flat fee for specific services, when the results in the matter justify the flat fee.

3.1 Costs and expenses are in addition to fees and are to be paid by Client in advance or upon billing. Costs and expenses include, but are not limited to, court charges, copies, postage, telephone, fax, travel, parking, special materials, exhibits, photographs, investigators, experts, computer assisted legal research and all other disbursements, costs, or expenses attributable to said legal services. Client agrees to pay for computer assisted legal research at the rate of $3.00 per minute. Client agrees to pay for copies and facsimiles (incoming or outgoing) at the rate of $.25 per page for 1-25 total pages, $.15 per page for 26-100 total pages, and $.10 per page for more than 100 total pages. Total pages are those copied or facsimiled during a copying or facsimiling event.

4. **Statements**. The Firm will regularly and at least once per month provide Client with statements of fees, costs, and expenses accrued ("statement" or "invoice"). A monthly statement of attorney fees, costs and expenses will be rendered. All such statements are due and payable within 30 days. If any monthly statements are not paid when due, legal interest of 1.5% shall be assessed per month until paid. Client agrees to pay reasonable attorney fees and costs of collecting Client's account if legal action is taken to collect any attorney fees or costs and expenses due to The Firm.

5. **Termination**. If Client elects to abandon Client's case or to substitute counsel, Client is responsible for all attorney fees, costs and expenses already incurred and, if applicable, for such additional fees, costs and expenses for services as may be required to effect a termination of the proceeding or to obtain a court order permitting withdrawal. The Firm will be obligated to honor any instructions of Client requesting termination of proceedings or substitution only if such instructions are delivered to The Firm in writing bearing the signature of an individual authorized to sign on behalf of Client. Should The Firm be required to perform any services or functions regarding Client's case after receipt of such instructions, Client is responsible for attorney fees, costs, and expenses for these services. If Client has a deposit balance, this balance will be refunded. Any time spent by The Firm in response to any inquiry by or on behalf of Client concerning the Client's case following termination is subject to charge at the rates provided for hourly fees.

6. **File Retention and Destruction.** At the conclusion of the matter, The Firm shall retain the Client's legal files for an indefinite period. At any time after five years have elapsed since the conclusion of the matter, after ten business days of notifying the Client in writing, including by electronic mail sent to your last known electronic mail address, The Firm may destroy these files unless the Client notifies The Firm in writing that the Client wishes to take possession of them. The Firm reserves the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

7. **Disputes.** This Agreement shall be governed by Indiana law and Indiana courts. Any dispute arising under or in connection with the agreement or related to any matter which is the subject of this Agreement shall be resolved on the basis of Indiana law without giving effect to Indiana's conflict of law principles and brought in a court located in Indiana.

The undersigned persons represent that they are duly authorized to sign this agreement and hereby agree to the terms and conditions of legal employment, as specified above.

Signed on February 22, 2017.

______________________, for Client
Catherine Engelbrecht, President
True the Vote, Inc.

______________________, for The Firm
James Bopp, Jr.
The Bopp Law Firm, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807-3510
812/232-2434 812/235-3685 (fax)
812/243-0825 (cell)

## Certificate of Service

I hereby certify that on October 22, 2020, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed under seal with the United States District Court for the District of Columbia via the Court's CM/ECF system. In addition, pursuant to LCvR 5.1, I served, via email, the foregoing and all attachments thereto upon all parties.

/s/ James Bopp, Jr.

James Bopp, Jr.