IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRUE THE VOTE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00734-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S FOURTH SUPPLEMENTAL APPLICATION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff True the Vote has submitted its fifth Motion, the latest in a line of requests, for attorneys' fees generated in submitting and litigating other requests for fees. Like Plaintiff's prior fees-for-fees requests, this fees-for-fees request is too attenuated to permit recovery.[1] Moreover, this request seeks fees for work that only had to be done because Plaintiff failed to do work correctly in the first instance.

---

[1] Plaintiff's Motion also reiterates its earlier requests for amounts based on a higher hourly rate for work performed after September 20, 2013. Plaintiff's position is inconsistent with both the law and this Court's prior ruling denying such request. *See* ECF No. 184 at 11 ("Accordingly, the Court will (1) grant the defendants' motion for reconsideration; (2) award attorneys' fees calculated at prevailing market rates pursuant the bad faith enhancement to the EAJA only for fees incurred prior to September 20, 2013; and (3) award attorneys' fees calculated at the EAJA statutory rate for all fees incurred after September 20, 2013."); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017) (holding fees must be limited to work that would not have been necessary "but for" the bad-faith conduct).

## BACKGROUND

A review of Plaintiff's successive requests for fees shows how attenuated its present request is. Plaintiff filed its first request for fees in the amount of $1,933,888.06 on February 20, 2018. (ECF No. 151.) Plaintiff supplemented its request on April 18, 2019, seeking an additional $103,049.20.  (ECF No. 157.) These filings contained incomplete declarations and requested reimbursement for several inappropriate categories. On May 30, 2019, the Court issued its Memorandum Opinion and Order granting in part and holding in abeyance in part Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act. (ECF Nos. 161 and 162.) The Court granted the Motion to the extent that it sought a finding that Plaintiff is entitled to attorneys' fees and costs under the Equal Access to Justice Act. The Court, however, did not reach whether Plaintiff had met its burden to establish the reasonableness of its request and specifically reserved "its ruling as to whether the number of hours expended and costs incurred in this matter are reasonable until after the Plaintiff has provided additional information supporting the reasonableness of its requested attorney and non-attorney billing rates." (ECF No. 162 at 24 n.6.) Since Plaintiff had not satisfied its burden of showing the reasonableness of its attorney and non-attorney requested billing rates, the Court gave Plaintiff an opportunity to supplement the record to fix its shortcomings. Plaintiff then filed several supplemental Motions to comply with the Court's Order. (ECF No. 165; ECF No. 166; ECF No. 180.) The government opposed those Motions.

In its supplemental Motions, Plaintiff not only took advantage of the second chance offered by the Court, but then sought fees-on-fees for doing so. On September 23 2020, this Court denied Plaintiffs third and fourth (ECF Nos. 166 and 180) requests for fees, stating:

> the Court does not find it appropriate to compensate the plaintiff for the hours set forth in the third and fourth motions for fees. Such an award "would effectively be a 'fees-on-

>fees-on-fees' award because . . . [the plaintiff's third and fourth motions for fees] only address[] [plaintiff's] request for a fees-on-fees award. Such a 'fees-on-fees-on-fees' award is too attenuated from [the] original adjudication to be compensable." Moreover, the Court agrees with the defendants that they "should not be forced to fund [the] plaintiff's failure to submit the appropriate material" in support of its first and second motions for fees. Accordingly, the Court denies the plaintiff's third and fourth motions for fees in their entirety and will not permit the plaintiff to recover any fees incurred after May 30, 2019.

(ECF No. 188 at 27-28, citations omitted.)

The same analysis, as previously advocated by the government and expressed by the Court, should apply to Plaintiff's latest request. The fees Plaintiff seeks in its latest supplemental application were incurred to do work that should have been done correctly the first time. The government should not be forced to fund Plaintiff's failure to meet its burden and submit the appropriate material to support its claim for fees. The Court should therefore disallow the entire amount. *See McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162 (D.D.C. 2017) (where the Court "agree[d] about the need to 'draw a line to avoid plaintiffs extending their claims for fees ad infinitum.'") (quoting *F.S. v. District of Columbia*, 307 F.R.D. 28, 29 (D.D.C. 2014)); *Means v. District of Columbia*, 999 F. Supp. 2d 128, 136 n.7 (D.D.C. 2013) ("However, fees on fees on fees, as may be pursued by the plaintiff for the successful adjudication of the current claim, may be too removed to be compensable."). "[A]t a certain point fees-on-fees litigation unnecessarily protracts litigation and becomes so far removed from the original adjudication that the prevailing parties' claim may be too attenuated." *Means*, 999 F. Supp. 2d at 136 n.7.

## CONCLUSION

Based on the foregoing, the Court should deny the fees and costs requested in Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act.

DATED: November 3, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

s/ Joseph A. Sergi
JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C. 20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

LAURA M. CONNER (VA 40388)
STEVEN M. DEAN (DC 1020497)
JEREMY N. HENDON (OR 982490)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-2000

Of Counsel:
MICHAEL R. SHERWIN
Acting United States Attorney

ATTORNEYS FOR THE UNITED STATES