**United States District Court
for the District of Columbia**

| | |
|---|---|
| **True the Vote, Inc.**;<br>*Plaintiff*,<br><br>*v.*<br><br>**Internal Revenue Service, et al.**;<br>*Defendant*s. | **Civil Case No.** <u>1:13-cv-000734-RBW</u> |

### Reply In Support of Plaintiff's Fourth Supplemental Application and Motion For Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act

## Introduction

True the Vote, Inc. ("**TTV**") is entitled to attorney's fees, costs, and expenses for its Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act ("**Fourth Supplemental Application**")[1] (ECF No. 188). The work specified in TTV's Fourth Supplemental Application is not too attenuated from the underlying litigation, nor was the work required to "fix" TTV's errors. Rather, the work on the Fourth Supplemental Application was directly related to either the original fee petition or to this Court's requests made after reconsideration of the applicable law.

---

[1] Likewise, TTV asserts it is entitled to attorneys' fees, costs, and expenses for its Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act (" **Second Supplemental Application**") (ECF No. 166), and for its Third Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act ("**Third Supplemental Application**") (ECF No. 180). The arguments incorporated for the Second and Third Supplemental Applications are incorporated by reference herein, and the arguments incorporated in this Reply apply to the Second and Third Supplemental Applications as well.

**Pl.'s Reply in Supp.
Of Fourth Suppl. Mot. for Fees**          1

The Internal Revenue Service ("**IRS**"), whose unlawful discrimination made this litigation necessary, has protracted litigation over fees with objections and other filings and insists that TTV, being forced to respond to these, must do so without compensation. The IRS mischaracterizes as correcting a "deficiency" both responses required by the Court on matters of law, Pl.'s Notice of Compliance (ECF No. 165), and the litigation ensuing from the IRS' untimely objections to the original fee petition, Pl.'s Reply in Support of Notice of Compliance (ECF No. 176). In short, after drawing out litigation for over two years with objections *to the original fee petition*, the IRS now claims that TTV's response to those objections is "too attenuated" from the original fee petition to be compensable.

## Argument

### I. TTV's Fourth Supplemental Petition for Attorneys' Fees Is Not "Too Attenuated" to the Original Fee Petition.

The proposition that work on securing statutory attorney's fees may be too "attenuated" from the original fee request comes from two cases in this circuit—and the situations in both are distinguishable from that here.

### A.  *EPIC v. Federal Bureau of Investigation*'s Holding on Attenuation Is Distinguishable.

The court in *Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation* held that, in some cases, "a 'fees-on-fees-on-fees' award is too attenuated from [the] original adjudication to be compensable," 80 F. Supp. 3d 149, 162 (D.D.C. 2015). But the definition of "fees-on-fees-on-fees" set forth in *EPIC* does not describe the Fourth Supplemental Application which is in fact

not a request for "fees-on-fees-on-fees" but part of the ongoing litigation over the *original* request for fees.

*EPIC* defines a "fees-on-fees-on-fees" award as "an award of attorneys fees for time spent addressing a request for a fees-on-fees award" while, in contrast, a "fees on fees" award is defined as "hours reasonably devoted to a request for fees" which "are compensable." *Id*. TTV's Fourth Supplemental Application is a requests for fees for "hours reasonably devoted to [the original] request for fees."

In response to the Court's Order on fees, (ECF No. 162,) the IRS filed approximately 1875 objections to various aspects of time and expenses cords of the *original request for fees*. (ECF Nos. 169, 169-1 through 169-17). The work encompassed in the Third Supplemental Applications is work filing direct responses to the Court's Order, including a supplemental authority on a case directly addressing the question of proper hourly rates in the D.C. Circuit, and for various filings responding to Defendant's responses in the first generation fee litigation. It was, in fact, largely time *responding to the IRS' objections to time and expenses presented in the original request for fees*.

The order of events relevant to the fee litigation proceeded as follows:

> 1. This Court held TTV was entitled to a fee award, with a fee enhancement over the statutory limit due to the IRS's bad faith actions underlying the litigation. The Court ordered TTV to provide supplemental information regarding the reasonableness of the rates requested. (ECF No.161, ECF No. 162).

**Pl.'s Reply in Supp.**
**Of Fourth Suppl. Mot. for Fees**          3

2. TTV responded accordingly, filing a Notice of Compliance and accompanying exhibits. (ECF No.165, ECF Nos.165-1 - 165-25.)

3. TTV filed a Notice of Supplemental Authority to draw this Court's attention to a D.C. Circuit Court ruling that specifically supported the use of the LSI Matrix advocated for by TTV and rejected the USAO Matrix rates supported by the IRS. (ECF No. 167.)

4. TTV also filed Second Supplemental Motion for Fees (ECF No. 166), asking in this motion solely for fees for the work done in response to the Court's request for more information.

5. IRS filed what they style as Opposition to Plaintiff's Second Supplemental Motion for Fees (ECF no.169) in which they primarily challenged various aspects of billing entries and applicable market billing rates from *the original fee petition,* along with opposing fees for the Notice of Compliance and Notice of Supplemental Authority from the Second Supplemental Motion for Fees. (ECF No.169). IRS attached 17 exhibits in which it objected to billing entries from *the original fee petition.* (ECF Nos. 169-1 through ECF Nos. 169-17.)

6. TTV responded to these objections, which all related to the original fee petition. (ECF No. 176.)

7. IRS has continued to litigate various aspects of the original fee request, to which TTV's counsel has appropriately responded. (*See, e.g.*, ECF Nos. 178, 181,

191.) TTV's response to the IRS' objections to the original Application resulted in work described and supported in the Third and Fourth Supplemental Applications. (*See* ECF Nos. 180, 188.)

TTV's responses to IRS' new, untimely objections to the hours on the case in chief and the original fee petition are not "fees-on-fees-on-fees." Hence, the Second, Third, and Fourth Supplemental Applications—which cover that time– are not "too attenuated."[2] While TTV has contended that these objections to the original fee request were untimely and should not have been considered, TTV could not prudently risk waiving the opportunity to respond to them,[3] and should not be forced to do so without compensation.

First, the fee-shifting provision of the EAJA is subverted if TTV is not compensated for large blocks of time expended in defending a fee request—as the Court has recognized, this lowers the rate of compensation on all hours. "[D]enying attorneys' fees for time spent in obtaining them would dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees." *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 162 (1990). Second, there is no basis for cutting off compensable work responding to objections to *fees for work on the case in chief* just because those objections are made sixteen months later or

---

[2]Indeed, the Court recognized that work performed in completing briefing on the first motion for fees and the Supplemental Motion is compensable. *See* Order, ECF No. 183 at 1 ("The motion is GRANTED to the extent that it seeks an attorneys' fee award for work performed in completing briefing on the first motion for fees . . . .").

[3]Indeed, the Court agreed with TTV that many of the IRS' objections to charges for work on the case in chief were unfounded, *see*, *e.g.,* Mem. Op. (ECF No. 184) at 19-27.

in the guise of objections to a different fee petition. Taken to its logical conclusion, this proposition would mean that a defendant could file as many objections to an attorney's fees petition for which he could manufacture opportunity, and the plaintiff could never be compensated for responding. Not only does this allow the defendant an improper "second bite at the apple" *see* Pl.'s Mem. Supp. Mot. to Strike (ECF No. 177-1), but it effectively invites them to do so *with no fear of paying attorneys' fees*, creating an incentive to flout the rules and draw out litigation without fear of consequences. The Court's admonition that "[a] request for attorney's fees should not result in a second major litigation" condemns prolonging litigation by defendants as well as by plaintiffs, *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). If the defendant protracts the resolution of the original fee petiton, it should not be at plaintiff's expense. Here, the IRS has drawn out litigation over fees for work on the case in chief and now insists that TTV must respond uncompensated.

**B.**   ***Means v. D.C.* Is Distinguishable.**

In *Means v. D.C.*, the court noted that "at a certain point fees-on-fees litigation unnecessarily protracts litigation and becomes so far removed from the original adjudication that the prevailing parties claim may be too attenuated." 999 F. Supp. 2d 128, 136 n.7 (D.D.C. 2013). The IRS continues to rely on this language as if it were an authoritative ruling that relates to the present case. This language appeared in a footnote, was dicta, and did not describe the situation in *Means*—the court there awarded attorneys' fees for work done in pursuing attorneys' fees—and even less does it describe the situation here, where the work was done answering objections to the original fee request. *Id.* And in any event, the phrase "too attenuated"—when

**Pl.'s Reply in Supp.**
**Of Fourth Suppl. Mot. for Fees**          6

properly applied—does not replace the analysis identified by the Supreme Court in addressing

fees-on-fees. Compensation for work on that stage is subject to the same standards as any other

phase of litigation.

**C.**      ***I.N.S. v. Jean* Supports an Award of Fees to TTV.**

The Supreme Court in *I.N.S. v. Jean* noted that while litigation may have many stages, the

case should be treated as an inclusive whole rather than parsing out each individual stage when

applying the EAJA's fee-shifting provision. "Any given civil action can have numerous phases.

While the parties' postures on individual matters may be more or less justified, the EAJA—like

other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized

line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. at 161–62.

Rather than treating this litigation as "an inclusive whole," the "too attenuated" approach

urged by the Defendant parses out stages to classify ongoing litigation surrounding fee petitions

as a whole into "fee-on-fee" litigation—which is compensable—versus "fee-on-fee-on-fee"

litigation, which is described as "too attenuated." First, as explained above, this distinction

doesn't apply here, as the Second, Third, and Fourth Supplemental Applications are a

continuation of the original fee request.[4] Second, the Court in *I.N.S.* found no reason to treat such

stages differently. "We find no textual or logical argument for treating so differently a party's

preparation of a fee application and its ensuing efforts to support that same application." *Id.* at

162. Whether or not at some point, litigation over fees becomes "too attenuated," that cannot be

---

[4]Again, this is easily verified by even a cursory examination of the filings—Defendant's
objections were to time expended from the outset of the case until the time of the original fee
request. *See*, Def.'s Opp. Exhibit 16 (ECF No. 169-1- 169-17).

**Pl.'s Reply in Supp.**
**Of Fourth Suppl. Mot. for Fees**          7

the case with the time at issue here, which was primarily spent litigating the primary fee petition and was made necessary by the IRS' filing a second set of objections to that primary fee petition. TTV's efforts to respond to objections in their ongoing litigation over fee petitions is squarely within a compensable stage as described by the Court in *I.N.S.*

**II. The Fourth Supplemental Application Did Not Correct Errors Made by TTV.**

In its Memorandum Opinion, this Court held that TTV was the prevailing party and therefore entitled to attorneys' fees under the EAJA. ECF No. 162 at 24. Further, it held that TTV was entitled to a "bad faith enhancement" to the attorney's rates because of the "clear and convincing evidence" that the IRS had acted in bad faith when it discriminated against TTV because of its political viewpoint. Id. at 21. However, the Court held in abeyance the actual award of attorneys' fees until TTV submitted support for the "reasonableness of its requested attorney and non-attorney billing rates." *Id.* at 25 (emphasis added). The Court also "reserve[d] its ruling as to whether the number of hours expended and costs incurred in this matter are reasonable" until after TTV had further supported the rates requested. *Id.* at n. 6.

Nowhere in its Opinion did this Court state that the number of hours TTV's attorneys submitted were unreasonable. Nor did this Court ask either TTV or the United States to "correct" or "fix" any mistakes to the billing records. Nor did this Court request, or give permission, to the United States to "supplement" its objections to the billing records that had been properly submitted and fully briefed more than a year prior.

The United States editorializes that the Court's abeyance on the issue of reasonableness of hours really means,"[i]n short, the Court found that what Plaintiff has submitted is 'not

**Pl.'s Reply in Supp.**
**Of Fourth Suppl. Mot. for Fees**          8

enough . . . .'" United States' Opposition to Plaintiff's Third Supplemental Application and Motion for Fees, Costs, and Expenses Under the Equal Access to Justice Act ("Third Opposition") (ECF No. 181) at 5. This Court only held that what TTV had submitted to support the application of the LSI Matrix rates to this litigation was "not enough." Memo. Op. at 23. For the United States to imply otherwise is misleading.

The United States editorializes again when it claims that "If Plaintiff had submitted the correct information the first time, these fees would not have been incurred." *Id.* Plaintiff did not submit "incorrect" information to the Court—the question of which rates district courts in the District of Columbia were to apply to fee-shifting statutes and what kind of proof was required to substantiate the applicable market rates was an unsettled question of law when this Court issued its Opinion. Indeed, seventeen days after this Court issued its Opinion, TTV submitted a Notice of Supplemental Authority, drawing this Court's attention to *DL v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019), which is dispositive authority in this Circuit specifically upholding the LSI Matrix and rejecting the USAO II Matrix. *See* Plaintiff's Notice of Supplemental Authority (ECF No. 167). TTV maintains that *DL* can reasonably be interpreted to stand for the proposition that LSI Matrix Rates are presumptively valid and that TTV was not required, as a matter of law, to offer further substantiation regarding market rates. "A claimed attorney fee is presumed to be the reasonable fee contemplated by the statute, and the burden shifts to the defendant to present equally specific countervailing evidence if it seeks a different, presumably lower, rate." *Id.* at 588. TTV is not to "blame" for the additional work required in order to comply with this Court's order regarding the applicable rates. Nor is it to "blame" for the

additional work required to argue a material and emerging question of law.

## Conclusion

TTV's Fourth Supplemental Application is not "attenuated" from the original litigation, and is a continuation of the original fee litigation. TTV did not "correct" a mistake by responding to the Court's request for justification of billing rates and responding to IRS' objections, and should not be forced to do so without compensation.

November 25, 2020

Respectfully submitted,

/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena S. Siebert*
 msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted pro hac vice