United States District Court
For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;   *Plaintiff*,<br><br>v.<br><br>**Internal Revenue Service, et al.**;   *Defendants*. | **Civil Case No.** 1:13-cv-000734-RBW |

## Memorandum of Points and Authorities in Support of Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien

The Notice of Attorney's Charging Lien ("**Charging Lien**"), ECF No. 142, filed by Public Interest Legal Foundation ("**PILF**") and Foley and Lardner LLP ("**Foley**") (collectively, "**Former Attorneys**")[1] must be quashed immediately under D.C. law. Former Attorneys assert their attorney's charging lien "against any recovery of fees, expenses and costs that might be obtained by the plaintiff, and demands that PILF's interests be recognized in conjunction with the distribution of any recovery to plaintiff or its counsel in this litigation." *Id.* at ¶ 13. The agreements upon which Charging Lien are based have been nullified by a subsequent agreement between TTV and Former Attorneys. Therefore, Former Attorneys' basis for Charging Lien no longer exists and this Court must quash Charging Lien as a matter of law.

Even if this Court incorporates and analyzes the subsequent agreement between TTV and Former Attorneys, that subsequent agreement does not entitle Former Attorneys to fees from any judgment ordered by this Court on the issue of fees, costs, and expenses, and, therefore, no

---

[1] The Center for Constitutional Jurisprudence ("CCJ") also formerly represented TTV and is included in the collective "Former Attorneys" designation.

**Pl.'s Mem. in Supp. of
Mot. to Quash
Atty's Lien**                                                   1

charging lien can lie under D.C. law. ████

████

████ ████

████

████

████

████

████ Agreement, December 12, 2017, Exhibit A, at ¶ 3 ("**Governing Agreement**") (emphasis added). No settlement with the IRS has been reached. TTV has litigated the issue for two years, and no subsequent agreement was ever made between the parties for the distribution of funds recovered from the litigation of the EAJA claim.

████

████

████ *Id*. at ¶¶ 7, 8. ████

████

████

████

Because Former Attorneys base their Charging Lien on agreements superseded by the Governing Agreement and the ████

████

████, Former Attorneys have no agreement upon which to base a lien.

**Pl.'s Mem. in Supp. of Mot. to Quash Atty's Lien**                    2

For over seven years, TTV suffered through the effects of not only the IRS's discriminatory conduct, but also through over two years of litigation regarding an award of attorney's fees. Former Attorneys' baseless Charging Lien threatens to delay justice once more for TTV by blocking the award of fees for an uncertain period.[2]

## Background

Former Attorneys represented TTV in this litigation until February 21, 2017, when TTV terminated their representation. Termination Letter, Exhibit B. Prior to TTV's termination, PILF[3] had a legal services agreement with TTV, entered into on May 13, 2013, which governed its relationship with TTV, including fee expectations. ActRight/PILF Agreement, Exhibit C ("**PILF Agreement**"). On June 24, 2013, Foley entered into a joint representation agreement with TTV and ActRight Legal Foundation, and the terms of this agreement governed its relationship with TTV, including fee expectations. Foley Agreement, Exhibit D. On February 22, 2017, TTV entered into an agreement by which THE BOPP LAW FIRM, PC ("**BLF**") would represent TTV in this matter. BLF Agreement, Exhibit E. On May 5, 2017, Former Attorneys filed their Charging Lien based on the PILF and Foley Agreements. ECF No. 142. On December 13, 2017, TTV and Former Attorneys entered into the Governing Agreement which superseded the PILF and Foley Agreements and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2]The question of the Charging Lien is separate from the underlying litigation. *Levine v. Levine*, 381 N.J. Super. 1 (App. Div. 2005). Thus, there is no reason not to enter a final judgment against the IRS on this matter and litigate the validity of the Charging Lien as a separate matter.

[3] This legal services agreement was executed under PILF's former name, ActRight Legal Foundation.

**Pl.'s Mem. in Supp. of
Mot. to Quash
Atty's Lien**                                               3                           ▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████

## Argument

The Governing Agreement supersedes the PILF and Foley Agreements, which were the agreements in place at the time PILF filed Charging Lien. Both the PILF Agreement and the Foley Agreement were superseded by the Governing Agreement, executed on December 13, 2017. Exhibit A. This Governing Agreement states:



*See id.* at ¶¶ 7,8. So, the PILF and Foley Agreements are nullified by the Governing Agreement. Because Charging Lien is based upon nullified agreements, this Court must quash Charging Lien as a matter of law. However, if this Court considers the Governing Agreement in place of the PILF and Foley Agreements, it must still quash Charging Lien as a matter of law.

The District of Columbia's law governing attorney's liens controls in this action. 7 Am. Jur. 2d Attorneys at Law § 337 ("The existence and effect of an attorney's lien is governed by the law of the place in which the contract between the attorney and the client is to be performed, that is, the jurisdiction in which a contemplated action or proceeding is to be instituted."). The District of Columbia has no statute providing for an attorney's lien, but D.C. case law has long recognized the validity of such a lien when "there exist[s] between the client and his attorney an

agreement from which the conclusion *may reasonably be reached* that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered." *Wolf v. Sherman*, 682 A.2d 194, 197-98 (D.C. 1996) (citations omitted) (emphasis in original). In other words, an attorney's lien against a client's funds may arise by operation of law, but it requires proof of (1) an agreement between lawyer and client (2) contemplating that the lawyer's fee will be paid from the client's judgment. *Peterson v. Islamic Republic of Iran*, 724 F. App'x 1, 4 (D.C. Cir. 2018). *See also, Democratic Cent. Comm. of D.C. v. Wash. Metro. Area Transit Comm'n*, 941 F.2d 1217, 1219 (D.C. Cir. 1991) (per curiam); *Yankton Sioux Tribe v. Bernhardt*, No. CV 03-01603 (TFH), 2019 WL 3753616, *4 (D.D.C. Aug. 8, 2019); *Hahn v. Or. Physicians' Serv.*, 786 F.2d 1353, 1355 (9th Cir. 1985).

These "equitable" charging liens may effectuate some [implied] "underlying agreement between debtor and creditor or in other circumstances where justice requires." *See Wolf*, 682 A.2d at 197. Under District of Columbia law, "the express terms of a contract control and will be enforced as written unless there is an ambiguity, the terms violate a statute or public policy, or there is fraud, duress, or mutual mistake." *Barros v. Gov't Employees Ins. Co., Inc.*, 79 F. Supp. 3d 32, 39 (D.D.C. 2015). But the Governing Agreement is unambiguous—therefore, this Court cannot override the Governing Agreement's express terms and cannot grant Former Attorneys an equitable charging lien in this fee litigation.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ Exhibit C at

**Pl.'s Mem. in Supp. of Mot. to Quash Atty's Lien**                              5

Section 2, [REDACTED] *Id.*

at Section 3. Likewise, under the 2013 Foley Agreement, [REDACTED]

[REDACTED]

Exhibit D at Section 6. Both Agreements were superseded by the Governing Agreement, which

[REDACTED]

[REDACTED].

The Governing Agreement does not contemplate that Former Attorneys will be entitled to attorney's fees unless TTV [REDACTED] for fees. The Governing Agreement's explicit terms state:



*Id.* at Preamble, ¶ 3. (emphasis added). The Governing Agreement then specifies the fees and expenses due to PILF **if** [REDACTED]

[REDACTED] *Id.* at ¶ 4.

**Pl.'s Mem. in Supp. of Mot. to Quash Atty's Lien**                                   6                                   [REDACTED]

TTV did not successfully negotiate a settlement with the IRS on attorney's fees. In fact, the issues surrounding the fee award have been litigated by BLF for over two years now. In the absence of a negotiated settlement, the Governing Agreement explicitly states ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ *Id.* at ¶ 3. The Governing Agreement simply does not contemplate ████████████████████████████ ███████ ████████████████████████████████ ████████████ ████████████████████████████ ████████

In order to obtain an equitable charging lien, Former Attorneys are required to prove that they have: (1) an agreement between lawyer and client (2) contemplating that the lawyer's fee will be paid from the client's judgment. Under the explicit language of the Governing Agreement, Former Attorneys cannot do so, and therefore, TTV's Motion to Quash should be granted.

## Conclusion

The PILF and Foley Agreements are nullified by the Governing Agreement. Because Charging Lien is based upon nullified agreements, this Court must quash Charging Lien as a matter of law.

If the Court substitutes the Governing Agreement for the PILF and Foley Agreements for its analysis, it must still quash Charging Lien as a matter of law, because the Governing Agreement c████████████████████████████████████████████████████

**Pl.'s Mem. in Supp. of
Mot. to Quash
Atty's Lien**                                                  7

███████████████████████████████████████████████████████ TTV's Motion to Quash should be granted.

| | |
|---|---|
| October 21, 2020 | Respectfully submitted,<br>/s/ James Bopp, Jr.<br>James Bopp, Jr. (D.C. Bar No. CO0041)<br> jboppjr@aol.com<br>Jeffrey P. Gallant*<br> jgallant@bopplaw.com<br>Courtney Turner Milbank*<br> cmilbank@bopplaw.com<br>Melena S. Siebert*<br> msiebert@bopplaw.com<br>THE BOPP LAW FIRM, P.C.<br>The National Building<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>(812) 232-2434<br>(812) 235-3685 (fax)<br>*Attorneys for Plaintiff*<br>*Admitted *pro hac vice* |

## Certificate of Service

I hereby certify that on October 22, 2020, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed under seal with the United States District Court for the District of Columbia via the Court's CM/ECF system. In addition, pursuant to LCvR 5.1, I served, via email, the foregoing and all attachments thereto upon all parties.

/s/ James Bopp, Jr.

James Bopp, Jr.

**Pl.'s Mem. in Supp. of Mot. to Quash Atty's Lien**      10