**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**;<br><div align="right">*Plaintiff*,</div><br>*v.*<br><br>**Internal Revenue Service, et al.**;<br><div align="right">*Defendant*s.</div> | **Civil Case No.** <u>1:13-cv-000734-RBW</u> |

## Reply in Support of Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien

The Notice of Attorney's Charging Lien ("**Charging Lien**"), ECF No. 142, filed by

Public Interest Legal Foundation ("**PILF**") and Foley and Lardner LLP ("**Foley**") (collectively,

"**Former Attorneys**")[1] must be quashed immediately under D.C. law. The agreement TTV and

Former Attorneys entered into in December 2017 is the Governing Agreement. ███████

████████, ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Moreover, Former Attorneys have no equitable basis for asserting a lien here. Allowing them to

invade TTV's fee award would result in at least a threefold windfall.

---

[1] The Center for Constitutional Jurisprudence ("CCJ") also formerly represented TTV and is included in the collective "Former Attorneys" designation.

## I. The December 2017 Agreement Is the Governing Agreement.

The Governing Agreement supersedes the PILF and Foley Agreements, which were the agreements in place at the time PILF filed Charging Lien. *See* Plaintiff's Motion to Quash, Exhibits A-D, ECF Nos. 189-3 – 189-6. Both the PILF Agreement and the Foley Agreement were superseded by the Governing Agreement, executed on December 13, 2017. *See* Governing Agreement, Ex. A.



*Id.* at ¶¶ 7,8.

PILF argues that the previous agreements still govern because the December 2017 Agreement was between all of the parties and so could not have superseded the agreements that existed between the parties separately. Their argument holds no merit. In this Circuit, "when parties to a contract have executed a completely integrated written agreement, it supersedes all other understandings and agreements with respect to the *subject matter of the agreement* between the parties . . . and is viewed as the sole expression of the parties' intent." *Masurovsky v. Green*, 687 A.2d 198, 202 (D.C. 1997) (emphasis added). In all of the agreements relevant here, the subject matter is the same—the case at bar, the Former Attorneys' representation of TTV, and expected compensation of the same.

If, as PILF argues, the original PILF and Foley Agreements are still in effect, there would

**Reply in Supp.**
**Pl.'s Mot. to Quash**                    2

have been no need to enter into the Governing Agreement. ████████████████████

███████████████████████████████ ███████████████████████

████████████████████ to specify that any contradictory terms would be nullified

by the terms in the Governing Agreement, or to specify that no other agreement would survive

the Governing Agreement. If all the previous agreements as well as the Governing Agreement

were in effect, this Court would be faced with interpreting several contracts whose individual

term conflict with one another. ████████████████████████

████████████████████████████████████

██████████████████████████

██████████████████████████████

████████████████████████████████

████████████████████████████████

████████████

## II. The Governing Agreement Is Not an Enforceable Contract That Can Serve as the Basis for an Equitable Lien After Fee Litigation.

In this Circuit, a lien may be provided by express terms of the parties' contract[2] or as an

equitable matter by operation of law. *See Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996). An

equitable lien requires "interference by the court to have [a] judgment held as security for [a]

---

[2] PILF argues that Former Attorneys have a "valid express lien" against a portion of TTV's recovery of attorneys' fees. *Former Attorneys' Response in Opposition to Plaintiff's Motion to Quash Attorney's Charging Lien* at 2, ECF No. 194-3. Former attorneys misunderstand an "express lien"—such a lien requires the express right to a *lien* (such as an express lien on property that arises from a mortgage), not the "reasonable conclusion" that the attorneys are entitled to fees. A lien that arises out of such reasonable expectations is always an equitable lien, not an express lien.

**Reply in Supp.**
**Pl.'s Mot. to Quash**                    3                    ████████████████████

debt." *Lyman v. Campbell*, 182 F.2d 700, 702 (D.C. Cir. 1950) (internal citations omitted). But in order for a court to have the ability to properly assign the remedy of equitable control, the party seeking the lien must be able to prove an enforceable contract that contemplates the lawyer's fee will be paid from the client's judgment. *Peterson v. Islamic Republic of Iran*, 724 F. App'x 1, 4 (D.C. Cir. 2018). *See also, Democratic Cent. Comm. of D.C. v. Wash. Metro. Area Transit Comm'n*, 941 F.2d 1217, 1219 (D.C. Cir. 1991) (per curiam); *Yankton Sioux Tribe v. Bernhardt*, No. CV 03-01603 (TFH), 2019 WL 3753616, *4 (D.D.C. Aug. 8, 2019); *Hahn v. Or. Physicians' Serv.*, 786 F.2d 1353, 1355 (9th Cir. 1985). Former Attorneys have not and cannot show an enforceable contract related to fees resulting from litigation.

Under District of Columbia law, a valid and enforceable contract requires "both (1) agreement as to all material terms; and (2) intention of the parties to be bound." *Queen v. Schultz*, 747 F.3d 879, 884 (D.C. Cir. 2014) (quoting *Duk Hea Oh v. Nat'l Capital Revitalization Corp.*, 7 A.3d 997, 1013 (D.C.2010)). The party asserting the existence of a contract bears the burden of proof on both issues. *Id.* The "material terms" of a contract generally include "subject matter, price, payment terms, quantity, quality, and duration." *Rosenthal v. Nat'l Produce*, 573 A.2d 365, 370 (D.C. 1990). A contract's material terms must be "'sufficiently definite' so that each party can be 'reasonably certain' about what it is promising to do or how it is to perform." *Dyer v. Bilaal*, 983 A.2d 349, 356 (D.C.2009) (quoting *Rosenthal*, 573 A.2d at 370) (holding promise to pay mortgage "in full" was "clear enough for the court to determine whether a breach has occurred and to identify an appropriate remedy" even though price could not be fixed at the time of contract because of accruing interest).

This Circuit "adheres to an objective law of contracts, meaning the written language embodying the terms of an agreement will govern the rights and liabilities of the parties regardless of the intent of the parties at the time they entered into the contract, unless the written language is not susceptible of a clear and definite undertaking, or unless there is fraud, duress, or mutual mistake." *Id.* at 354-55 (internal citations omitted).

███████████████████████████████████████████████████

███████████████ ██████████████████████████████████████

███████████████ erning Agreement, at ¶ 4. ████████████████████

██████████ █████████████████████████████████████

███████████████████████████████████████████████

██████ *Id.* at ¶ 3. ███████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████ ████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ Some of the issues left to be discussed and negotiated in any future agreement between the parties are the relative success of Former Attorneys, the impact of Former Attorneys' fundraising to offset litigation costs on any fee allocation, and several other material aspects related to fee allocation.

The Governing Agreement simply is not an enforceable contract regarding to court-awarded fees under which an equitable lien can be supported. █████████████████████

█████████████████████████

**Reply in Supp.**
**Pl.'s Mot. to Quash**                    5

██████████████████████████████████ An agreement between the parties on the allocation and distribution of court-awarded funds is a material term—in fact, it is close to the only material term— in any such agreement. Former Attorneys have the burden of proving an enforceable contract that contemplates the lawyer's fee will be paid from the client's judgment. But in order to prove an enforceable contract exists, this jurisdiction requires proof of agreement on all material terms and that all parties intend to be bound by that agreement. Former Attorneys cannot meet their burden of proof that an agreement as to the material terms and the intention of the parties to be bound by such terms has been reached on court-awarded fees.

Because Former Attorneys cannot show an enforceable contract that contemplates the lawyer's fee will be paid from the client's judgment, they have no basis for an equitable charging lien in this matter.

### III. The Equities Here Militate Against Allowing Former Attorneys to Invade TTV's Attorney's Fee Award.

The EAJA provides the legal basis for attorney's fee award to a prevailing *plaintiff*. *See*, *e.g.*, *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990) ("The Equal Access to Justice Act (EAJA) directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States . . . .'"). As noted above, PILF has failed to establish any corresponding *legal* claim or reasonable expectation to share in TTV's fee award. And under applicable equitable principles, it should not be allowed to invade the fee award.

"[C]ourts have generally held that the statutory language expresses a congressional directive for courts 'to apply traditional equitable principles' in determining whether a prevailing party should receive a fee award under EAJA." *Air Transp. Ass'n of Canada v. F.A.A.*, 156 F.3d

**Reply in Supp.**
**Pl.'s Mot. to Quash**                    6                    ████████████████████

1329, 1333 (D.C. Cir. 1998). *See also Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir. 1983) (denying fee award under "unclean hands" consideration where plaintiff prevailed on a technical error despite having repeatedly violated relevant laws); *Taylor v. United States*, 815 F.2d 249 (3rd Cir. 1987) (denying attorney's fees under EAJA where applicant took advantage of government's unlawful action and then challenged the action to avoid serving a conviction).

Similarly, "traditional equitable principles" bar PILF from invading TTV's fee award because to allow them to do so will provide them a windfall. *See U.S. Dep't of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 349 (8th Cir. 1997) (denying attorney's fees where the district court relieved applicant of over seven times the amount of actual penalties from invalidated regulations, noting that "[t]o add to that windfall by requiring the government to pay attorneys' fees and expenses would be patently unjust."). In short, as their own records establish, PILF has already received an amount equal to approximately twice the actual cost basis of services and expenses incurred on TTV's behalf in this case.

In June of 2017, PILF provided BLF with an "IRS Litigation Financial Summary" ("IRS LFS") and relevant contemporaneous-recorded time and expense records. PILF provided that they had raised approximately $1,250,727.10 to a "Litigation Fund" for the benefit of TTV and another client in litigation against the IRS and reported that about 58% of the IRS LFS funds ($724,111.22) raised were applied to providing TTV's legal services in this case.[3]

Using the IRS LFS, contemporaneous time records, and the then-available 990s, BLF

---

[3]The IRS LFS reported the hours of the other Former Attorneys as "donated to PILF" and did not include them in any of their calculations of fees incurred.

**Reply in Supp.**
**Pl.'s Mot. to Quash**                      7

calculated that the actual cost basis[4] for PILF's representation of TTV was approximately $267,419. That is, they have already received funds for the fees and costs of providing legal services provided to TTV in an amount equal to more than two and a half times what the representation actually cost to provide. To allow them additional funds out of TTV's fee award would provide another windfall. Moreover, inasmuch as the fees paid by clients in a public interest case should be at an actual cost basis, *see supra* n.4, to instead award fees on the basis of prevailing market rates is yet another windfall. It is patently unjust to allow PILF to invade TTV's fee award in this way and under these circumstances.

### Conclusion

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ Therefore, the Governing Agreement cannot form the basis of an equitable lien. Former Attorneys' equitable charging lien must be quashed as a matter of law.

This Circuit reads the EAJA to express a congressional directive for courts "to apply traditional equitable principles" to fee awards. Here, PILF raised funds for the litigation that are equal to approximately twice the actual costs of the services they have provided, and allowing them to invade TTV's fee award—and calculated at prevailing market rates, would be a two-or

---

[4]A nonprofit law firms' fees in a public-interest case that are paid by a client are not more than the actual costs incurred in the case. IRS Publication 557, Chapter 3, page 29 (Jan. 2020).

**Reply in Supp.**
**Pl.'s Mot. to Quash**                  8                  ████████████████████████

three-fold windfall. Former attorneys have not legal claim to a lien and the equities militate that

they not be allowed to invade TTV's legal claim to a fee award.

November 30, 2020

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena S. Siebert*
 msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted *pro hac vice*

## Certificate of Service

I hereby certify that on November 30, 2020, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed under seal with the United States District Court for the District of Columbia via the Court's CM/ECF system. In addition, pursuant to LCvR 5.1, I served, via email, the foregoing and all attachments thereto upon all parties.


<u>/s/ James Bopp, Jr.</u>
James Bopp, Jr.

**Reply in Supp.**
**Pl.'s Mot. to Quash**                    10