# United States District Court
# For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;  *Plaintiff*,  v.  **Internal Revenue Service, et al.**;  *Defendants*. | **Civil Case No.** 1:13-cv-000734-RBW |

## Plaintiff's Opposition to Former Attorneys' Motion for Leave to File Supplemental Brief

Plaintiff True the Vote, Inc. opposes Plaintiff's Former Attorneys request to file a supplemental brief regarding Plaintiff's motion to quash. ECF No. 202. Former Attorneys have provided virtually no legal or logical support as to why they should be allowed to file a supplemental brief, and this Court should deny their motion.

1. Former attorneys would like this Court's leave to file a supplement to "address potential implications" of *Eshelman v. True the Vote, Inc.*, No. 4:20-cv-04034 (S.D. Tex Filed Nov. 25, 2020) to the pending motions in this case.

2. *Eshelman* involves a complaint filed by a donor to TTV, in which the donor alleges he made a "conditional gift" to TTV in November of 2020 and is demanding a return of his gift because TTV allegedly failed to meet his conditions. TTV denies Eshelman's gift was in any way conditional, denies that Eshelman has any right to a reverter of his gift, and denies that they failed to spend the money appropriately pursuant to TTV's purposes.

3. The issue before this Court as to Former Attorneys' lien has nothing to do with a controversy over a donation made to TTV nearly four years after Former Attorneys' filed their Notice of

Charging Lien, ECF No. 142, and over a month after TTV filed its Motion to Quash Former Attorneys' Charging Lien. ECF No. 189-1.

4. TTV maintains that the fee agreements that Former Attorneys base their lien upon has been superseded by another agreement, and the charging lien is no longer valid. The issue before the Court is the lien, its validity, and Former Attorneys' entitlement to fees under the fees awarded in this case.

5. The *Eshelman* case simply has nothing to do with the award of fees in this case, and *Eshelman*'s adjudication certainly has nothing to do with whether a lien asserted by Former Attorneys almost four years ago is still valid.

6. Former Attorneys do not make even a passing attempt to explain any legal or logical basis why this court should grant supplemental briefing on a matter wholly unrelated to the issue at bar. Supplemental filings may be permitted where they "would be helpful" to the court, *see Eisner Infrastructure Limited v. Kingdom of Spain*, Civil Action No. 18-1696 (D.D.C. April 1, 2019 [Minute Order] ) (Kollar-Kotelly, J.). Former Attorneys do not and cannot explain how briefing about a case addressing Texas law on conditional gifts would "help" the Court in deciding whether a valid attorney's lien was effected or remains effective under D.C. law.

7. Supplemental filings may also be permitted "where doing so promotes the fair and efficient administration of justice." *Filiba v. Cochrane U.S.A, Inc.*, Civil Action No. 18-1428-EGS (D.D.C. December 3, 2018 [Minute Order] ). Former Attorneys do not explain how the supplemental briefing they propose promotes fair and efficient administration of justice. There is no efficiency to be had from scheduling additional briefing on a case that turns on another

jurisdiction's wholly unrelated law. It is unnecessary to delay a case that has already been litigated for over seven years to have briefing to inform the Court about a matter reaching issues not relevant to the issues now before the Court. In sum, Former Attorneys do not explain, and it is difficult to imagine, how any question to be answered in the *Eshelman* matter could be helpful to the Court or promote the fair and efficient administration of justice in this case.

February 1, 2021

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena S. Siebert*
 msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted *pro hac vice*

## Certificate of Service

   I hereby certify that on February 1, 2021, I caused the foregoing and all attachments thereto in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

<u>/s/ James Bopp, Jr.</u>
James Bopp, Jr.
