United States District Court
For the District of Columbia

| | |
|---|---|
| **True the Vote, Inc.**;<br>*Plaintiff,*<br>v.<br>**Internal Revenue Service, et al.**;<br>*Defendants.* | **Civil Case No.** 1:13-cv-000734-RBW |

## Plaintiff's Notice of Supplemental Authority

Plaintiff True the Vote, Inc. ("**TTV**") asks this Court to take notice of the following supplemental authorities: (1) *Serv. Emps. Int'l Union Loc. 32BJ v. Preeminent Protective Servs. Inc.*, 997 F.3d 1217 (D.C. Cir. 2021); and (2) *Select Specialty Hosp.-Denver, Inc. v. Azar*, No. CV 10-1356 (BAH), 2020 WL 3469685 (D.D.C. June 25, 2020). Both authorities support Plaintiff's Opposition to Defendants' Motion for Partial Reconsideration, ECF No. 173, and this Court's Memorandum Opinion on fees, ECF No. 162.

This Court properly analyzed and determined that TTV is entitled to attorneys' fees under the Equal Access to Justice Act ("**EAJA**"), 28 U.S.C. § 2412(d) ("**Subsection (d)**"), because TTV was a prevailing party and because the Defendants' conduct, which was the basis for this litigation, was not substantially justified. Mem. Op., ECF No. 162. In addition, this Court determined TTV should be awarded those attorneys' fees based on market rates, not the statutory rate, because the Defendants' conduct underlying this litigation was in bad faith (**"Bad Faith Enhancement"**). *Id.*

Defendants Internal Revenue Service, *et al.* ("**IRS**") argued that this Court was obligated to apply a "but for" analysis linking the bad faith actions to specific fees. Defendants' Motion for Partial Reconsideration at 2, ECF No. 170 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.

Ct. 1178 (2017); *Xue Lu v. United States*, 921 F.3d 850, 861 (9th Cir. 2019)). As Plaintiff pointed out, no court in this Circuit had applied *Goodyear* to the EAJA, Plaintiff's Opposition at 3 - 4, and in the intervening three years since the IRS' Motion for Partial Reconsideration, still no court in this Circuit has applied *Goodyear* to an EAJA case. In fact, this circuit has declined to extend *Goodyear*'s holding beyond the question of whether a court can use its *inherent sanctioning power* to shift fees unrelated to party misconduct. However, another court in this district *has* analyzed the question of an EAJA award of fees using the same standard this Court did—namely, *Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36 (D.D.C. 2004).

Because no precedent exists to apply *Goodyear* to the facts of this case, and because subsequent decisions in this circuit support this Court's *Gray Panthers* analysis, this Court should deny the Defendants' Motion for Partial Reconsideration and award TTV fees according to the bad faith enhanced rates it already determined TTV was entitled to under the EAJA.

### I. *Goodyear* has not been applied to EAJA cases in this Circuit.

The central holding of *Goodyear* is that an award for attorneys' fees related to a sanction be compensatory, rather than punitive in nature. 137 S. Ct. at 1186. The *Goodyear* Court held that a "but for" analysis must tie such a sanction-related award of fees to the specific bad faith conduct because to do otherwise would not just provide relief for compensatory damages, but would provide relief that was punitive in nature. *Id.* Punitive damages require more substantial procedural due process safeguards than does compensatory damages. *Id. Goodyear* requires that it must be shown that the attorneys would not have had to litigate if not for the bad faith that is *linked to the sanction* at issue; it says nothing about cases where, as here, the award of attorney's fees is not based on a sanction. Put another way, the question of whether an award is providing

relief for compensatory or punitive damages is not at issue in the EAJA. Cases decided since the IRS submitted its motion for reconsideration confirm this reading of *Goodyear*.

Since the motion for reconsideration was submitted, six cases in this circuit have cited to *Goodyear*.[1] Although not an EAJA case, in the only D.C. Circuit case to cite *Goodyear*, the court declined to extend *Goodyear* beyond the narrow question presented. *Serv. Emps. Int'l Union Loc. 32BJ*, 997 F.3d at 1222-23 (finding that court's use of prevailing market rate in an award of fees related to contempt was within court's broad discretion and was not punitive).

An award under the EAJA is easily distinguishable from an award due to sanctions, and the question of whether an award is compensatory or punitive is not at issue in the EAJA. In a sanction award for fees, the award is tied to specific litigation conduct and the award is designed to compensate attorneys for litigation efforts and the subsequent damages they would not otherwise have borne. Hence, the *Goodyear* Court's analysis of compensatory versus punitive damages. But an award under the EAJA is not meant to compensate for *damages* that would not have been sustained otherwise—it is a statutorily authorized award for the *entire litigation effort*.

Therefore, no *Goodyear* "but for" analysis is required in an EAJA case where pre-litigation bad faith is found as a justification for fee enhancement because the underlying concern

---

[1] The other five cases were district court cases, and none were EAJA cases—all involved some sort of sanction question. *See Doe I v. Exxon Mobil Corp.*, No. 1:01-CV-1357-RCL, 2021 WL 1910892 (D.D.C. May 12, 2021) (Rule 11 Sanctions); *Klayman v. Jud. Watch, Inc.*, No. CV 06-670 (CKK), 2019 WL 3719008 (D.D.C. Aug. 7, 2019) (Sanctions—no substantive discussion of *Goodyear*); *Matthews v. Fed. Bureau of Investigation*, No. CV 15-569 (RDM), 2021 WL 2823124 (D.D.C. July 7, 2021) (pro se litigant sought review of other district court's decision); *Williams v. Romarm S.A.*, No. 19-CV-183 (EGS), 2021 WL 131459 (D.D.C. Jan. 14, 2021), appeal dismissed sub nom. *Williams v. Romarm, SA, Mfr., Imp. & Distrib. of Semiautomatic Assault Weapon WASR10*, Ser. No. CA4367-70, No. 21-7010, 2022 WL 412449 (D.C. Cir. Feb. 3, 2022) (Sanctions—cited to note court's inherent authority to issue sanctions); *Zhao v. Li*, No. CV 20-3138 (TJK), 2022 WL 6727338 (D.D.C. Oct. 11, 2022) (Sanctions).

of whether an award is for compensatory or punitive damages is simply not at issue —one threshold determination of pre-litigation bad faith governs eligibility for fees for the entire action.

## II. *Gray Panthers* is the correct analytical framework for this case.

This Court held that a prevailing party may receive a bad faith enhancement to an award of attorneys' fees if pre-litigation bad faith is found "where a party confronted a clear statutory duty or judicially-imposed duty toward another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." Mem. Op., ECF No. 162 at 19 (citing *Gray Panthers Project Fund*, 304 F. Supp. 2d at 39). This Court found that the IRS was confronted with a clear judicially-imposed duty to refrain from viewpoint discrimination as required by the First Amendment. Mem. Op., ECF No. 162 at 20. Because the IRS failed to comply with this clear duty to refrain from viewpoint discrimination, this Court held the IRS' failure amounted to the type of pre-litigation bad faith that justified a fee enhancement under the EAJA. *Id.* at 20-22.

About a year after the IRS filed its motion for reconsideration, another district court considered an EAJA award of fees using the framework established in *Gray Panthers*. *See Select Specialty Hosp.-Denver, Inc.*, 2020 WL 3469685, * 6. The court found that the government had not acted in bad faith because the law surrounding the underlying issue (Medicare and Medicaid claims and procedures) was not settled and an intervening Supreme Court case impacted the questions involved. *Id.* First, the *Select Specialty* Court did not cite to *Goodyear* in its opinion, nor did it consider any kind of "but for" analysis. And although the *Select Specialty* Court reached a different conclusion regarding bad faith based upon the facts with which it was presented, the *Gray Panther* analysis the court undertook there is consistent with the *Gray*

*Panther* analysis this Court undertook here. *Id.* Therefore, the Gray Panthers analysis is the proper analytical framework for this case.

## Conclusion

No controlling precedent commands this Court to apply *Goodyear* to the facts of this case, and subsequent decisions support this Court's *Gray Panthers* analysis as being the correct analysis. Therefore, this Court should deny the Defendants' Motion for Partial Reconsideration and award TTV fees according to the bad faith enhanced rates it already determined TTV was entitled to under the EAJA.

October 18, 2022

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
Courtney Turner Milbank*
Melena Siebert*
Jeffrey P. Gallant*
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for TTV*
**Admitted pro hac vice*

## Certificate of Service

I hereby certify that on October 18, 2022, I caused the foregoing document in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ James Bopp, Jr.
James Bopp, Jr.
