UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>                               *Plaintiff*,<br>v.<br><br>**Internal Revenue Service, et al.**;<br>                             *Defendant*s. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Notice of Attorney's Charging Lien** |

## Notice of Attorney's Charging Lien

PLEASE TAKE NOTICE that THE BOPP LAW FIRM, PC., ("**BLF**") asserts an attorney's charging lien based upon legal services performed and expenses and costs incurred in connection with the representation of Plaintiff True the Vote, Inc. ("**TTV**") in this action. In this jurisdiction, a charging lien attaches where "there exist[s] between the client and his attorney an agreement from which the conclusion may reasonably be reached that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered." *Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996).

The charging lien arises for the following reasons:

1. On February 22, 2017, BLF entered into a representation agreement with the plaintiff, under which BLF agreed to provide legal services to the plaintiff in connection with this litigation. ("**BLF Agreement**").

2. The BLF Agreement has previously been filed under seal, with the Court's approval (Oct. 23, 2020) as ECF No. 189-7.

3. Attorneys from BLF acted as counsel of record for TTV in this litigation from February 22, 2017 through the present.

4. In this action, TTV asserted that the Internal Revenue Service unlawfully discriminated against it in the processing of TTV's application for tax-exempt status, in violation of its constitutional rights.

5. TTV agreed it would pay BLF's hourly rates and would reimburse BLF for reasonable costs and expenses incurred in connection with BLF's representation of TTV. BLF Agreement at 1.

6. After prevailing on appeal to the Untied States Court of Appeals for the District of Columbia, TTV and the IRS entered into a consent order. ECF No. 150.

7. Following the entry of the consent order, TTV filed an application and motion for attorneys' fees, costs, and expenses under the Equal Access to Justice Act. ECF No. 151.

8. This Court found that TTV was entitled to a award of attorneys' fees and costs under the EAJA. Mem. Op. on Attn'y Fees, ECF No. 162 at 25. Further, this court found that TTV was entitled to an award of attorneys' fees calculated at prevailing market rates pursuant to the bad faith enhancement to the EAJA. *Id.* at 22.

9. Subsequent to TTV's original motion for fees, costs, and expenses, it filed the following supplemental motions for fees: Supplemental Motion for Attorney Fees, ECF No. 157; Second Supplemental Motion for Fees, ECF No. 166; Third Supplemental Motion for Fees, ECF No. 180; and a Fourth Supplemental Motion for Fees, ECF No. 188. This Court granted TTV's Supplemental Motion for Attorney Fees to the extent it sought attorneys' fees for "work performed in completing briefing on the first motion for fees" but denied the Second and Third Supplemental motions for fees. Order on Fees. ECF No. 183 at 1. This Court has not issued a ruling on the Fourth Supplemental Motion for Fees.

10. The amount this Court will award TTV in fees and costs has been held in abeyance and is still pending following briefing by TTV and the IRS on several substantive and procedural matters; that briefing is now complete. *See, e.g.*, Notice of Compliance with Court Order, ECF No. 165.

11. Relying on the BLF Agreement, attorneys from BLF have invested significant time and resources into pursuing plaintiff's claims in this litigation.

12. In the course of the representation, BLF has incurred fees, costs, and expenses for it's representation of TTV. TTV has paid $77,613.75 to BLF for these fees, costs, and expenses to date but still has an *unpaid* balance due to BLF in the amount of $505,003.38. TTV IRS Invoice 2017-0316, Ex. 1; TTV IRS Invoice 2017-0418, Ex. 2; TTV IRS Invoice 2017-0518, Ex. 3; TTV IRS Invoice 2017-0623, Ex. 4; TTV IRS Invoice 2017-0721, Ex. 5; TTV IRS Invoice 2017-0821, Ex. 6; TTV IRS Invoice 2017-0925, Ex. 7; TTV IRS Invoice 2017-1026, Ex. 8; TTV IRS Invoice 2017-1122, Ex. 9; TTV IRS Invoice 2017-1221, Ex. 10; TTV IRS Invoice 2018-0119, Ex. 11; TTV IRS Invoice 2018-0222, Ex. 12; TTV IRS Invoice 2018-0328, Ex. 13; TTV IRS Invoice 2018-0502, Ex. 14; TTV IRS Invoice 2018-0522, Ex. 15; TTV IRS Invoice 2018-0621, Ex. 16; TTV IRS Invoice 2018-0920, Ex. 17; TTV IRS Invoice 2019-0227, Ex. 18; TTV IRS Invoice 2019-0322, Ex. 19; TTV IRS Invoice 2019-0501, Ex. 20; TTV IRS Invoice 2023-0208, Ex. 21.

13. Although the value of this time will ultimately depend on what the Court determines is reasonable, BLF asserts a charging lien for attorney's fees against any recovery obtained by TTV.

14. Pursuant to the BLF Agreement, BLF maintains a substantial interest in any recovery that might ultimately be obtained by TTV. BLF therefore asserts this attorney's charging lien against any recovery of fees, expenses and costs that might be obtained by TTV and demands that BLF's

interests be recognized in conjunction with the distribution of any recovery to TTV or its counsel in this litigation.

WHEREFORE, notice is hereby given to all interested or affected parties and persons of the attorney's charging lien against any recovery obtained by Plaintiff as described herein.

March 21, 2023

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Jeffrey P. Gallant*
 jgallant@bopplaw.com
Courtney Turner Milbank*
 cmilbank@bopplaw.com
Melena S. Siebert*
 msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Plaintiff*
*Admitted pro hac vice