UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-734 (RBW) |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The plaintiff, True the Vote, Inc., brought this civil action against the Internal Revenue Service ("IRS"), the United States of America, and several IRS officials in their official capacities, alleging violations of the First Amendment to the United States Constitution, U.S. Const. amend. I; the Internal Revenue Code, 26 U.S.C. §§ 1–9834 (2018); and the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (2018), and seeking declaratory and injunctive relief, as well as monetary damages. See First Amended Verified Complaint for Declaratory Judgment, Injunctive Relief, and Compensatory, Statutory, and Punitive Damages ("Am. Compl." or the "Amended Complaint") ¶¶ 139–61, 168–206, ECF No. 14. Currently pending before the Court are the Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act ("Pl.'s Mot." or the "plaintiff's fifth motion for fees"), ECF No. 188, and the parties' request for clarification regarding one of the Court's conclusions in its Memorandum Opinion issued on September 23, 2020, ECF No. 184, see Plaintiff's Notice of Compliance with Court's Order on Fees (ECF No. 183) ("Pl.'s Notice" or the "plaintiff's notice of compliance") at 2–3, ECF No. 186; United States' Response to Plaintiff's Notice of Compliance with Court's Order on Fees ("Defs.'

Notice" or the "defendants' notice of compliance") at 1, ECF No. 187.  Upon careful consideration of the parties' submissions,[1] the Court clarifies, as set forth below, its determination regarding "yellow category" billing entries, and concludes for the following reasons that the plaintiff's fifth request for fees must be denied.

## I.    BACKGROUND

The Court previously set forth the factual background of this case in its Memorandum Opinion issued on October 23, 2014, see True the Vote, Inc. v. Internal Revenue Serv. ("True the Vote I"), 71 F. Supp. 3d 219, 223–25 (D.D.C. 2014) (Walton, J.), aff'd in part, rev'd in part and remanded, 831 F.3d 551 (D.C. Cir. 2016), as well as the procedural history of this case in its Memorandum Opinions issued on May 30, 2019, see True the Vote, Inc. v. Internal Revenue Serv. ("True the Vote II"), Civ. Action No. 13-734 (RBW), 2019 WL 2304659, at *2 (D.D.C. May 30, 2019) (Walton, J.), and September 23, 2020, see True the Vote, Inc. v. Internal Revenue Serv. ("True the Vote III"), Civ. Action No. 13-734 (RBW), 2020 WL 5656694, at *2 (D.D.C. Sept. 23, 2020), and therefore will not recite them in full again here.  The Court will, however, briefly summarize the current procedural posture of the case relevant to the resolution of the matters that are the subject of this Order.

On September 23, 2020, the Court issued a Memorandum Opinion and corresponding Order (collectively, the "September 23, 2020 decision") that:

> (1) grant[ed] in part and denie[d] in part the plaintiff's first and second motions for fees, (2) denie[d] as moot the plaintiff's motion for oral argument, (3) denie[d] the plaintiff's motion to strike, (4) denie[d] the plaintiff's third and fourth motions for fees, and (5) grant[ed] the defendants' motion for partial reconsideration.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the United States' Opposition to the Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Justice Act ("Defs.' Opp'n"), ECF No. 192; and (2) the Reply in Support of Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act ("Pl.'s Reply"), ECF No. 197.

True the Vote III, 2020 WL 5656694, at *15; see Order at 1–2 (Sept. 23, 2020), ECF No. 183.

In the September 23, 2020 decision, the Court noted the following:

> [i]n their compliance opposition,[2] the defendants contend that certain billing entries should be excluded from the Court's attorneys' fees calculation as "non-compensable," and highlights them in different colors in the exhibits submitted in support of their compliance opposition[.]  Specifically, the defendants argue that . . . entries highlighted in yellow should be excluded because they "reference work performed on tasks that are not broken down by claims, and there is no way to know how much of the work or task was related to unsuccessful claims[.]"

True the Vote III, 2020 WL 5656694, at *10 (internal citations and alterations omitted).  The

Court further noted that

> the plaintiff responds that "time records are never completely divided by claim—that does not make them suspect[]" and that "a large majority of the defendants' 'yellow' partial-success objections target tasks that would be performed regardless of whether the unsuccessful claims had been brought and time that is unaffected by any unsuccessful claim[.]"  However, "in a good faith attempt to resolve the issue of attorneys' fees and bring this matter to a close, the plaintiff's attorneys have agreed, in good faith, to reductions for time spent in part on unsuccessful claims," i.e., the billing entries highlighted in yellow.

Id. at *12 (internal citations and alterations omitted).  Accordingly, "based on the plaintiff's concession, the Court conclude[d] that the entries highlighted in yellow by the defendants in their compliance opposition should be excluded."  Id.  Additionally, the Court ordered the parties to appear for a status conference on October 22, 2020, during which they would "advise the Court regarding the exact amount owed to the plaintiff in attorneys' fees, consistent with the Court's ruling in" True the Vote III.  Order at 2 (Sept. 23, 2020), ECF No. 183.

Prior to the status conference, on October 20, 2020, and October 21, 2020, the parties submitted notices regarding their compliance with the Court's September 23, 2020 decision.  See

---

[2] The defendants' compliance opposition was filed on June 27, 2019, in opposition to the Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 166.  See generally United States' Opposition to Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 169.

3

generally Pl.'s Notice; Defs.' Notice.  In these notices and during the October 22, 2020 status conference, the parties sought clarification regarding the Court's determination on the billing "entries highlighted in yellow by the defendants in their compliance opposition[.]"  True the Vote III, 2020 WL 5656694, at *12.  Additionally, on October 21, 2020, the plaintiff filed a fifth motion for fees, see generally Pl.'s Mot.,[3] despite the Court's conclusion in the September 23, 2020 decision that it "will not permit the plaintiff to recover any fees incurred after May 30, 2019[,]" True the Vote III, 2020 WL 5656694, at *14.  After the October 22, 2020 status conference, the Court reviewed the portion of its September 23, 2020 decision related to the "yellow category" billing entries and considered the plaintiff's fifth motion for fees.  Accordingly, the Court will first clarify its determination as to the entries highlighted in yellow in the defendants' compliance opposition, and then address the plaintiff's fifth motion for fees.

## II.    ANALYSIS

### A.    Entries Highlighted in Yellow

In its September 23, 2020 Memorandum Opinion, the Court, under the impression that the plaintiff's concession to "reductions for time spent in part on unsuccessful claims" encompassed all entries highlighted in yellow, concluded that "based on the plaintiff's concession, . . . the entries highlighted in yellow by the defendants in their compliance opposition should be excluded."  Id. at *12.  However, in their notices and during the October 22, 2020 status conference, the parties notified the Court that this assessment was inaccurate.  According to the plaintiff's notice of compliance, "[i]n a good faith attempt to

---

[3] The plaintiff has previously filed four motions for fees.  See Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 151; Plaintiff's Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 157; Plaintiff's Second Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 166; Plaintiff's Third Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 180.

4

resolve the dispute, [the plaintiff] reviewed each of [the d]efendants' objections and conceded to some of them." Pl.'s Notice at 3 (emphasis added). Further, the plaintiff represents that it "complied with the [Court's September 23, 2020 decision] by excluding from the totals those yellow-highlighted hours to which it conceded[.]" Id. However, the defendants represented that they were "unsure, and the parties disagree on, how to calculate the amounts in the [y]ellow [c]ategory." Defs.' Notice at 1.

The Court clarifies that the September 23, 2020 decision intended to credit the plaintiff's "agree[ment], in good faith, to" only the reductions to which the plaintiff conceded. True the Vote III, 2020 WL 5656694, at *12. Accordingly, the Court should have concluded that, based on the plaintiff's good-faith agreement, the entries highlighted in yellow in the defendants' compliance opposition that the plaintiff conceded—which does not include all of the entries highlighted in yellow by the defendants—should be excluded.

**B.    The Plaintiff's Fifth Motion for Fees**

On October 21, 2020, the plaintiff filed a fifth motion for fees, seeking attorneys' fees "incurred in its submission of work performed since submitting [its reply in support of its motion to strike on August 23, 2019]." Pl.'s Mot. at 1. The plaintiff argues that it has incurred attorneys' fees amounting to $33,224.80, calculated at LSI Matrix Rates, see id., or $13,356.91, calculated at EAJA statutory rates, see id. at 1 n.1. The plaintiff has presumed, however, that the Court will deny this motion. See Pl.'s Notice at 4 (noting that the plaintiff "objects to . . . [the Court's] presumabl[e] . . . denial of the [f]ourth [s]upplemental [motion for fees] submitted after this [n]otice").

5

The Court has already concluded that it "will not permit the plaintiff to recover any fees incurred after May 30, 2019." True the Vote III, 2020 WL 5656694, at *14. As the Court previously explained:

> although the Court found it appropriate to compensate the plaintiff for hours documented in the first and second motions for fees, some of which were incurred in preparing and briefing the plaintiff's first motion for fees, which qualify as a permissible fees-on-fees award, the Court does not find it appropriate to compensate the plaintiff for the hours set forth in the third and fourth motions for fees. Such an award "would effectively be a 'fees-on-fees-on-fees' award because the plaintiff's third and fourth motions for fees only address the plaintiff's request for a fees-on-fees award. Such a 'fees-on-fees-on-fees' award is too attenuated from the original adjudication to be compensable."

Id. (internal alterations omitted). Therefore, for these same reasons, the Court denies the plaintiff's fifth motion for fees.

Accordingly, it is hereby

**ORDERED** that only the entries highlighted in yellow by the defendants in their compliance opposition to which the plaintiff conceded are excluded from the attorneys' fees calculation. It is further

**ORDERED** that the Plaintiff's Fourth Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses Under the Equal Access to Justice Act, ECF No. 188, is **DENIED**. It is further

**ORDERED** that, on June 23, 2023, at 11:00 a.m., the parties shall appear before the Court for a status conference, via teleconference by calling 1-877-873-8017 and entering the Court's access code (8583213) followed by the pound key (#). The parties shall be prepared to discuss (1) the final amount of the attorneys' fees the plaintiff is entitled to be awarded;[4] (2) the

---

[4] The parties have agreed that $788,539.30 is the appropriate attorneys' fee award if the Court intends—as this Order clarifies it does—to exclude only the yellow-highlighted entries to which the plaintiff conceded to be excluded from the calculation. In the plaintiff's notice of compliance, "the [p]laintiff submits [that the d]efendants
(continued . . .)

date by which the defendants shall process this payment; (3) the outstanding requests related to the Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien, ECF No. 190; and (4) the Motion for Leave to Intervene and for Access to Court Records, ECF No. 214.

**SO ORDERED** this 20th day of April, 2023.

REGGIE B. WALTON<br>
United States District Judge

---

(. . . continued)
should be ordered to pay [the plaintiff] an award [of] $788,539.30[.]" Pl.'s Notice. at 1. This attorneys' fee amount "exclud[es] . . . those yellow-highlighted hours to which [the plaintiff] conceded[.]" Id. at 3. Likewise, the defendants' notice of compliance states that "[i]f [ ] the Court intended for [the p]laintiff to receive the amounts in the [y]ellow category as presented in the [p]laintiff's [c]ompliance [n]otice, then [the p]laintiff's computation of $788,539.30 for the total attorneys' fee award is the correct number in accordance with the Court's [September 23, 2020] opinion." Def.'s Notice at 1.