UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**;<br>          *Plaintiff*,<br><br> v.<br><br>**Internal Revenue Service, et al.**;<br>          *Defendants*,<br><br>and<br><br>**THE BOPP LAW FIRM, PC**<br>        *Non-Party Petitioner,*<br><br>and **Public Interest Legal Foundation, Inc.**<br>        *Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Notice of Attorney's Charging Lien** |

## Reply Supporting Motion for Enforcement of Attorney's Charging Lien

Non-Party Petitioner THE BOPP LAW FIRM, PC., ("**BLF**") has moved this Court for an order enforcing BLF's attorney's charging lien, awarding $505,003.38 to BLF, and an order for the IRS to pay that amount from any award of attorneys' fees granted in this matter. On June 21, 2023, Non-Party Public Interest Legal Foundation ("**PILF**")[1] filed a response, ECF No. 230, and BLF now timely replies.

### I. Unlike BLF, PILF Has Not Established That it Is Entitled to Any Share of the Fee Award

The upshot of PILF's unmistakably outraged response is that BLF should not be paid the amount established in BLF's charging lien because PILF is entitled to a share from the award, at the expense of the fees and expenses owed BLF. But the fees and expenses which BLF requests

---

[1]Herein, "PILF" includes "Former Attorneys"—that is, The Public Interest Legal Foundation, Foley & Lardner, LLP, and the Center for Constitutional Jurisprudence.

have been established in BLF's Lien, ECF No. 216, without objection by True the Vote ("**TTV**"),[2] and the question of *PILF's* entitlement to payment is the subject of its separate and as yet unresolved Attorney's Charging Lien, against which TTV has argued that PILF has no legal or equitable basis to share in the award. *See* ECF Nos. 142, 189-2, 194, 198-1. Indeed, the central point in the litigation over PILF's Charging Lien is whether Former Attorneys, including PILF, have a legal or equitable claim to *any* part of the fee award at issue here.

Presenting calculations of hours from TTV's fee petition, ECF No. 230 at 2, does nothing to show that PILF is entitled to a share in the award, but it does underscore, without remedying, that PILF's Charging Lien fails to specify and establish the amount that it claims to be owed.[3] Again, TTV's opposition to PILF's Charging Lien provided argument and evidence that PILF is not entitled, legally or equitably, to invade the fee award at all, and that to allow it a share of the fees would be providing a windfall to PILF. *See*, *e.g.*, ECF No. 198-1. Ironically, PILF argues here that it is "preposterous" to enforce BLF's lien because to do so would encroach on PILF's getting an amount it has never established or even specified, and to which it has thus far failed to establish it is entitled as a matter of law or equity.

## II. Any Division Between PILF and BLF Should be Proportional, Based on the Amounts Actually Owed

If the Court decides that PILF's Charging Lien is valid—that is, the Court decides that PILF is entitled to a share in the fee award—the division between PILF and BLF should be

---

[2] Of course, the amount granted to BLF under its Lien will be applied against the amount sought from TTV in BLF's suit in *The Bopp Law Firm, PC v. True the Vote, Inc.*, 2:23-cv-00120 (S.D. Ind., filed June 2, 2023).

[3] PILF's Charging Lien specified only that "[i]n the course of the representation, PILF has incurred costs and expenses in the amount of $45,675.10." ECF No. 142, ¶ 11.

proportional to the amounts that have been established as owed to them, respectively, by TTV.[4]

As an example, using an approximation of the figure that PILF casually extrapolates from fee petition filings—"more than $550,000"—an unverified figure that BLF does not concede as correct and is used here only for purposes of illustration, the division would be as follows:

**Fees, costs, and expenses owed to BLF**: $505,003.38 (ECF Nos. 216, 216-1--216-21)

**Fees, costs, and expenses owed to PILF**: $555,000

**Total fees, costs, and expenses owed**: $1,060,000

**Percentage owed to BLF**: 47.6 ($505,003.38/1,060,000)

**Percentage owed to PILF**: 52.4 ($555,000.00/1,060,000)

**BLF share of award**: .476 x 788,539.30 = 375,344.70

**PILF share of award**: .524 x 788,539.30 = 413,194.60

## Conclusion

Though PILF complains, vociferously, that BLF's request for payment on its Charging Lien out of the award of attorney's fees to TTV will be giving PILF's fees to BLF, PILF has thus far failed to establish its entitlement to a share of the fee award and has failed to establish or even propose how much it is owed. If the Court determines that PILF is entitled to share in the fee award, it should require PILF to establish the basis and amount of what it is owed, and any division by the Court of the fee award should be proportional to the amounts properly established as being owed to BLF and PILF.

---

[4]As noted above, PILF has failed to specify the amount, other than costs and expenses, to which it is entitled under the Charging Lien, *see* ECF No. 142, ¶ 1, which is the basis on which it asks the Court to a share in the award. It should be required to demonstrate and establish with evidence the amount of fees to which it is entitled before any division can take place.

June 28, 2023                                Respectfully submitted,
                                             /s/ James Bopp, Jr.
                                             James Bopp, Jr. (D.C. Bar No. CO0041)
                                              jboppjr@aol.com
                                             Melena S. Siebert*
                                              msiebert@bopplaw.com
                                             THE BOPP LAW FIRM, P.C.
                                             The National Building
                                             1 South 6th Street
                                             Terre Haute, Indiana 47807
                                             (812) 232-2434
                                             (812) 235-3685 (fax)
                                             *Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
                                             *Admitted pro hac vice