UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRUE THE VOTE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 13-734 (RBW) |
| | ) | |
| **INTERNAL REVENUE SERVICE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE FORMER ATORNEYS' SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S AUGUST 15, 2023 ORDER**

Pursuant to the Court's August 15, 2023 Order (Dkt. #245), the Public Interest Legal Foundation ("PILF") and the law firm of Foley & Lardner LLP ("Foley") (collectively, the "Former Attorneys") hereby file this supplemental brief to address three issues: "(1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens; (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case."  (Dkt. #245 at 7.)

> 1. **The Former Attorneys' portion of the fee award is at least $638,520.32
> —including at least $348,979.81 for PILF and $264,686.57 for Foley.**

The amount of attorneys' fees to which the Former Attorneys are entitled is established by the submissions to the Court on behalf of Plaintiff True the Vote prepared by the Bopp Law Firm, P.C. ("BLF"), filings by other parties (including Defendants), the Court's prior rulings on these

1

submissions, and documents prepared by BLF but not filed with the Court in response to the Court's rulings.

Plaintiff's Application and Motion for Attorneys' Fees, Costs, and Expenses, filed on February 20, 2018 (Dkt. # 151), sought more than $1.6 million dollars for 3,100 hours of work performed by the Former Attorneys.[1]  The Court's September 23, 2020 (Dkt. #183) Order decided this and other pending motions for attorneys' fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), as follows:

1. The First Motion for Fees (Dkt. #151) was "**GRANTED** to the extent that it seeks an attorneys' fee award for work performed in the underlying litigation until the first motion for fees was filed" and "**DENIED** in all other respects."

2. The Supplemental Motion for Fees (Dkt. #157) was "**GRANTED** to the extent that it seeks an attorneys' fee award for work performed in completing briefing on the first motion for fees" and "**DENIED** in all other respects."

3. The Second Supplemental Motion for Fees (Dkt. #166) was "**DENIED**."

4. The Third Supplemental Motion for Fees (Dkt. #180) was "**DENIED**."

(emphasis in original).  The Memorandum Opinion (Dkt. #184) accompanying the Court's September 23, 2020 Order stated as follows with respect to certain billing entries challenged by Defendants that had been color coded in Defendants' submission (Dkt. #169):

1. "[W]ith the exception of the billing entries highlighted in orange and identified by the plaintiff in its reply.... all other entries highlighted in orange and identified by the defendants in their compliance opposition will be excluded."  (Dkt. #184 at 22-23.)

---

[1] *See* Dkt. #. 151-8 at 27, 151-9 at 117, 151-10 at 157, 151-11 at 8.

2. "[W]ith the exception of the billing entries highlighted in green and identified by the plaintiff as to (2), (4), (6) and (7) above, see Pl.'s Compliance Reply at 8-12, all other entries highlighted in green and identified by the defendants in their compliance opposition, as well as (1), (3), and (5) above, should be excluded." (Dkt. #184 at 25.)

3. "Upon review of these entries, the Court agrees with the plaintiff that its concessions concerning the Legal Foundation and Foley entries highlighted in purple lack sufficient detail and should be excluded, but that the remaining entries highlighted in purple should not be excluded." (Dkt. #184 at 26.)

4. "Accordingly, based on the plaintiff's concession, the Court concludes that the entries highlighted in yellow by the defendants in their compliance opposition should be excluded." (Dkt. #184 at 23.)[2]

On August 15, 2023, the Court awarded attorneys' fees, costs, and expenses in the amount of $788,539.30. (Dkt. #245 at 6.) The Court's prior rulings establish the law of the case to how this award should be allocated among the Former Attorneys and BLF.

At the time the fee application was filed, the Former Attorneys were no longer counsel for the Plaintiff. The Former Attorneys did provide considerable assistance to Plaintiff with the preparation of the documentation supporting the requested fee award. Ultimately, the final calculation of the fee award was performed by BLF, which was at the time (but no longer is) representing Plaintiff in this matter. BLF provided the Former Attorneys with spreadsheets that were purportedly adjusted based on the Court's rulings and which purportedly substantiated the

---

[2] With respect to the entries highlighted in yellow, the Court's subsequent April 20, 2023 Order (Dkt. #227) clarified that "only the entries highlighted in yellow by the defendants in their compliance opposition to which the plaintiff conceded are excluded from the attorneys' fees calculation." (Dkt. #227 at 6.)

3

requested total of $788,539.30. The spreadsheets themselves, which are attached hereto as **Exhibit A**, have not previously been filed with the Court. BLF did file with the Court, however, a Notice of Compliance with Court's Order on Fees on October 20, 2020 (Dkt. # 186). That filing represented to the Court that fees should be awarded in the amount of $788,539.30 and broke down the award by year the fees were incurred. The spreadsheets in Exhibit A demonstrate the allocation of fees by entity to the Former Attorneys:[3]

| | |
|---|---|
| Public Interest Legal Foundation | $348,979.81[4] |
| Foley & Lardner LLP | $264,686.57 |
| Center for Constitutional Jurisprudence | $ 24,853.94 |
| TOTAL: | $638,520.32 |

---

[3] In preparing this Supplemental Brief, the Former Attorneys discovered entries that BLF erroneously marked as not compensable. For example, with respect to Defendants' objections that were highlighted in purple, the Court stated: "Upon review of these entries, the Court agrees with the plaintiff that its concessions concerning the Legal Foundation and Foley entries highlighted in purple lack sufficient detail and should be excluded, but that the remaining entries highlighted in purple should not be excluded." (Dkt. #184 at 26.) One of the time entries at issue read as follows:

| 8/26/2013 | Noel Johnson | 1:36 | 1.60 | 1.60 | $319.00 | $510.40 | $510.40 | NHJ-Continue reviewing relevant case law and begin drafting legal memo re: rules and procedure for |
|---|---|---|---|---|---|---|---|---|

Plaintiff's response to Defendants' objection to this entry stated: "Compensable - rules and procedure relevant to litigation regardless of claim." (Dkt. #176-8 at 92.) Yet, in the attached spreadsheets, that same entry is marked as not compensable. Exhibit A at 193 (PILF EAJA Rates After 9/20/2013 with Adjustments at 193.) In its review, PILF found numerous entries that were not conceded in Dkt. #176-8 but were eliminated in the final calculations. In the interest of judicial economy, the Former Attorneys will defer to the Court's previous award of fees but do note their objection to BLF's calculations.

[4] This includes $326,292.67 in fees (Exhibit A at 309) and $22,687.14 in costs (Exhibit A at 466).

4

The foregoing representations by BLF on behalf of Plaintiff formed the basis for all of the Court's subsequent rulings, culminating in the August 15, 2023 Order. As a result, Plaintiff and BLF are estopped from challenging these rulings at this juncture.

**2.      The priority of distribution is determined by the Court's prior Orders.**

The Court's August 15, 2023 Order held "that the Former Attorneys have a valid charging lien on the attorneys' fees awarded by the Court in this case." (Dkt. #245 at 6). The Former Attorneys' charging lien is the only lien the Court has deemed valid, so the Former Attorneys' lien has priority over any other lien for that reason alone.

Even if BLF's asserted charging lien (Dkt. #216) is later deemed valid, the Former Attorneys' charging lien has priority over it. The Former Attorneys have held a valid charging lien since 2013, when the Former Attorneys and Plaintiff entered into legal services agreements related to this action. "In order for a charging lien to attach in this jurisdiction, it is indispensable that there exist between the client and his attorney an agreement from which the conclusion *may reasonably be reached* that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered." *Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996) (citations and quotations omitted) (emphasis in original).

Although the December 2017 Agreement now controls the legal obligations between the parties, the December 2017 Agreement likewise creates a valid charging lien, as this Court recently found. (Dkt. #245 at 6.) In short, the Former Attorneys' charging lien has seamlessly existed since 2013. No other charging lien predates the Former Attorneys' charging lien. Because the Former Attorneys' charging lien existed first in time, it is superior to all other liens. *Cont'l Cas. Co. v. Kelly*, 106 F.2d 841, 843 (D.C. Cir. 1939) ("This right is a contract lien and even if, as has been suggested, the lien is inchoate before judgment, it relates back and takes effect from the time of

the commencement of the suit and is, therefore, superior to rights of set off which arise subsequently.").

> **3. Payment should be made directly to the Former Attorneys in the amounts previously claimed by Plaintiff in BLF's court filings.**

Because the Court has already determined the validity of the charging liens submitted on behalf of the Former Attorneys, and in view of the inordinate resources that this matter has already consumed in terms of briefing and argument, payment of attorneys' fees and costs should be made directly to counsel of record for the Former Attorneys in the following amounts:

| | |
|---|---|
| Public Interest Legal Foundation | $348,979.81 |
| Foley & Lardner LLP | $264,686.57 |
| Center for Constitutional Jurisprudence | $24,853.94 |

Date: September 11, 2023

    *s/ Michael J. Lockerby*
Michael J. Lockerby (D.C. Bar No. 502987)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
mlockerby@foley.com

*Counsel for Former Attorneys*
*Foley & Lardner LLP*

Respectfully submitted,

    */s/ Kaylan L. Phillips*
Kaylan L. Phillips (D.C. Bar. No. 1110583)
Noel H. Johnson (admitted *pro hac vice*)
Public Interest Legal Foundation
107 South West Street, Suite 700
Alexandria, VA 22314
Telephone: (703) 745-5870
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

*Counsel for Former Attorneys*
*Public Interest Legal Foundation*