**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**;<br><br>*Plaintiff*,<br><br> *v.*<br><br>**Internal Revenue Service, et al.**;<br><br>*Defendant*s,<br><br>and<br><br>**THE BOPP LAW FIRM, PC**<br>*Non-Party Petitioner,*<br><br>and **Public Interest Legal Foundation, Inc.**<br>*Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Supplemental Brief of Non-Party**<br>**Petitioner The Bopp Law Firm, PC** |

## Supplemental Brief Non-Party Petitioner The Bopp Law Firm, PC

On August 15, 2023, this Court ordered supplemental briefing addressing the amount of attorney's fees claimed to be subject to th parties' claimed charging liens, the priority of distribution of funds given competing charging liens, and the method by which payment should be distributed between the valid charging liens upon the Court's award of attorney's fees in this case. Petitioner The Bopp Law Firm, PC ("**BLF**") files its response.

### I. The Award is Subject to the Bopp Law Firm's Attorney's Lien.

Neither Plaintiff nor Petitioner Former Attorneys have disputed the charging lien filed by BLF. Because the issue is relevant to the questions of the amount due under and the priority of charging liens, BLF addresses it here.

**A.   The BLF charging lien is valid.**

After terminating Former Attorneys, Plaintiff entered an agreement with BLF in February

2017, ("**BLF Agreement**"), ECF No. 189-7 (under seal). The BLF Agreement provides that

Indiana law shall govern the Agreement and that "[a]ny dispute arising under or in connection

with the agreement or related to any matter which is the subject of this Agreement shall be

resolved on the basis of Indiana law . . . ." "Contractual choice of law provisions are enforceable

as long as there is no compelling or countervailing reason making enforcement unreasonable,"

*CapitalKeys, LLC v. Democratic Republic of Congo*, 278 F. Supp. 3d 265, 284 (D.D.C. 2017),

and no countervailing or compelling reason has been offered to contradict the parties' clear intent

to make Indiana law apply to the question of payment of fees under the BLF Agreement. Indiana

law applies to the question of BLF's lien.

Indiana law provides both a statutory attorney's lien, Indiana Code § 33-43-4-1,[1] as well as a

distinct, equitable charging lien, *Wilson v. Sisters of St. Francis Health Servs. Inc.*, 952 N.E.2d

793, 796 (Ind. Ct. App. 2011). *See also Flannagan v. Lakeview Loan Servicing, LLC*, 184 N.E.3d

691, 698 (Ind. Ct. App. 2022) ("'The rule is well established in Indiana that the statutory lien is

not the only lien available for the security of an attorney in performing services beneficial to his

client, but that equity supplies a lien independent of statute'" (quoting *State ex rel. Shannon v.*

---

[1] Indiana Code § 33-43-4-1 provides that "[a]n attorney practicing law in a court of record in Indiana may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." BLF acknowledges that Indiana courts have interpreted the statute to require a judgment—and no judgment has yet been entered here. *See State Farm Mut. Auto. Ins. Co. v. Ken Nunn L. Off.*, 977 N.E.2d 971, 976 (Ind. Ct. App. 2012).

In contrast, "an [Indiana] equitable charging lien may exist and be enforced in the absence of a judgment." *Browne v. Waldo*, No. 2:20-cv-196, 2023 WL 2482847, at *2 (N.D. Ind. Feb. 23, 2023) (*appeal docketed*, No. 23-1520 (7th Cir. Mar. 20, 2023)), citing *State Farm Mut. Auto. Ins. Co. v. Ken Nunn L. Off.*, 977 N.E.2d 971, 977 (Ind. Ct. App. 2012).

*Hendricks Circuit Court*, 183 N.E.2d 331, 333 (1962))). Equitable liens "may be characterized as a retaining lien or as a charging lien," *State Farm* 977 N.E.2d at 976, and since BLF seeks to "have the fees and costs due them for services in a suit secured out of the judgment or recovery in that particular suit," *id.* at 977, BLF filed an equitable charging lien.

Indiana equitable charging liens have been said to be based on the equitable principle of quantum meruit, *In re Est. of Johnson*, 855 N.E.2d 686, 700 (Ind. Ct. App. 2006), and are broadly construed. A federal court recently found and enforced as valid an Indiana equitable charging lien in circumstances nearly identical to those here.

In *Browne v. Waldo*, the United States District Court for the Northern District of Indiana readily found valid an Indiana equitable charging lien for fees owed by a former client on a settlement attained by the attorney and deposited with the court.[2] Finding no case providing any narrowing "factors to consider when determining whether equity directs the Court to find that a lien exists," the court readily found that "equity does demand that, in the circumstances presented here, a lien be found to exist, and . . . predicted that an Indiana state court considering the matter would find the same." 2023 WL 2482847, at *2. The court reviewed arguments about the validity of some charges in the attorney's billing records filed with the lien notice, *id.* at *3, and found the amount listed there was "due and owing to [the attorney]". *Id.*

In sum, as expressly provided by the BLF Agreement, the parties agreed to apply Indiana law to the dispute over fees now before this Court. Under Indiana law, BLF has noticed a valid equitable charging lien on the proceeds to be deposited with the registry of the Clerk of the

---

[2]The attorney first filed a notice of attorney's lien citing Indiana Code § 33-34-4-1, and then filed a notice of equitable attorney's lien regarding the same fees.

Court, and the basis for the amount of the lien is BLF's billing records.

**B. $505,003.38 is subject to BLF's charging lien.**

In *Browne*, the court found that where as here, the equitable charging lien was based on a fee- for-services agreement, the amount subject to an equitable Indiana charging lien was based on the outstanding balance owed to the attorney, as established by the invoices.[3] Accordingly, the amount subject to BLF's equitable charging lien is $505,003.38. *See* Notice of Attorney's Charging Lien, ECF No. 216 ¶ 12.

## II. BLF's Lien has Priority

Where as here, there are creditors with common law liens and like interests, the prior lienholder's interest is superior. *Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996). *See also Franklin Inv. Co. v. D.C.*, 462 A.2d 447, 450 (D.C. 1983) (noting that is "axiomatic[ ] . . . that 'a prior lien gives a prior legal right ("first in time, first in right"), except where statute varies the common law rule.'").

BLF's charging lien is based on its February 17, 2017 agreement with Plaintiff, ECF No. 189-7, while Former Attorneys' is based on an agreement executed in December 2017. Order, ECF No. 245 at 5 (considering provisions of December 2017 agreement to determine it effected a valid charging lien). As a prior lienholder, BLF is afforded protection against Former Attorney's claims based on its lien.

As a matter of fundamental fairness, *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264, 1267 (D.C. 2000), BLF's interests in the proceeds have priority. It was BLF attorneys that

---

[3]It appears that in filing BLF's Notice of Attorney's Charging Lien, ECF No. 216, the 21 invoices, cited in the Notice as Exhibits, either were not filed or failed to upload. Counsel regrets the error and will file them forthwith.

secured the settlement—in a very difficult case—that is the basis of the fee award, ECF No. 149; BLF secured attorney's fees under the EAJA, ECF No. 245; *prepared and defended Former Attorney's* fees, *see*, *e.g.*, ECF Nos. 151, 155, 176; and won enhanced, prevailing-market-rate fees for Defendants' bad faith. *See*, *e.g.*, ECF No. 184. The fee award that is at issue here is largely a result of the work of BLF attorneys.

### III. The Court Should Make Payments Directly to the Lienholders

An attorney's lien attaches to the proceeds the Court holds, whether the proceeds are from settlement or judgment. *Elam v. Monarch Life Ins. Co.*, 598 A.2d 1167, 1171 (D.C. 1991). It is a vested property right, and "an attorney who has a charging lien for services is, to the extent of such services, to be regarded as an equitable assignee of the judgment or funds by the attorney's efforts." 7A C.J.S. Attorney & Client § 523. As an assignee, the attorney is the one "to whom property rights . . . are transferred." *Black's Law Dictionary* 46 (1996). Since property rights to the funds subject to an attorney's lien have been transferred to the attorney by operation of the attorneys' charging liens, the disbursement of the funds should be to the attorneys.

### Conclusion

BLF has established a valid equitable charging lien against the proceeds that this Court has ordered be deposited into the registry of the Clerk of the Court. That charging lien establishes that BLF is entitled to $505,003.38, the balance established by its invoices. The charging lien makes BLF an assignee and transfers the property right to the funds to BLF, meaning that distribution should be to BLF.

September 11, 2023

Respectfully submitted,

/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
 jboppjr@aol.com
Melena S. Siebert*
 msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP
LAW FIRM, PC*
*Admitted pro hac vice