**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**; | |
| *Plaintiff*, | **Civil Case No.** <u>1:13-cv-000734-RBW</u> |
| *v.* | |
| **Internal Revenue Service, et al.**; | **Response of Petitioner The Bopp Law Firm, PC to Former Attorneys' Motion for Leave to File Response Brief** |
| *Defendants*, | |
| and | |
| **THE BOPP LAW FIRM, PC** | |
| *Non-Party Petitioner*, | |
| and **Public Interest Legal Foundation, Inc.** | |
| *Non-Party Petitioner*. | |

## Response of Non-Party Petitioner The Bopp Law Firm, PC to Former Attorneys' Motion for Leave to File Response Brief

On August 15, 2023, this Court ordered supplemental briefing addressing the amount of attorney's fees claimed to be subject to the parties' valid charging liens, the priority of distribution of funds given competing charging liens, and the method by which payment should be distributed between the valid charging liens upon the Court's award of attorney's fees in this case. Both Petitioner The Bopp Law Firm, PC ("**BLF**") and Petitioner the Public Interest Legal Foundation and the law firm of Foley & Lardner LLP (collectively, "**Former Attorneys**") filed their response on September 11, 2023. ECF Nos. 246, 247.

On September 25, 2023, Former Attorneys filed a motion for leave to respond further, ECF No. 249, and BLF timely files its opposition to that motion. Former Attorneys have also

proffered their response, ECF No. 249-2, laden with more redundant, misplaced, and futile arguments. BLF separately files a motion for leave to reply to that response and proffers a reply.

### I. No Response to the Supplemental Briefing Is Needed or Appropriate.

Former Attorneys provide no valid justification for the additional briefing they provide. The parties and attorneys have exhaustively described their positions on the liens, both to each other and to the Court. Relying on nothing more than the fact that Court's August 15 Order didn't expressly *prohibit* responses, ECF No. 249 ¶ 1, Former Attorneys file yet another brief.

At best redundant and unnecessary, the brief that Former Attorneys have thrust before the Court requires yet more of the time and resources of BLF and the Court. After continually arguing—including in their supplemental response—about the EAJA award instead of the issue of attorney's liens, *see*, *e.g.*, ECF No. 246 at 1-4, Former Attorneys now presume that BLF and the Court will finally accommodate this mistaken premise, that the considerations in determining the proper amount of an EAJA award are used to determine the validity and proper amount due under an attorney's lien. But even if it properly addressed the liens issue, Former Attorneys' response brief would be redundant and unnecessary, as the matter has been throughly addressed.

### A. The liens have been exhaustively discussed and briefed.

After the plaintiff terminated Former Attorneys and engaged BLF in February 2017, Former Attorneys and plaintiff TTV's new attorneys exchanged letters and information regarding the amounts Former Attorneys claim were owed to them. Unable to reach agreement, Former Attorneys filed a notice of charging lien on May 5, 2017, ECF No. 142, purportedly based on the original agreement with TTV, executed in 2013. *See id.* Further discussions resulted in a second,

December 2017, agreement between Former Attorneys and plaintiff. *See* ECF No. 190-2, ECF No. 245 at 2.

Plaintiff challenged the validity of Former Attorneys' lien by moving to quash it, ECF No. 189-2, Former Attorneys responded, ECF No. 194-3, and plaintiff replied, ECF No. 198-2. The Court heard the motion to quash on July 5, 2023 and with further explanation in its Order dated August 15, 2023, the Court ruled that the December 2017 agreement is the operative agreement and that it can properly form the basis for Former Attorneys' lien. ECF No. 245 at 3-6.

BLF filed its lien on March 21, 2023, ECF No. 216, and moved to enforce it on June 16, 2023, ECF No. 229. Former Attorneys opposed this motion on June 21, 2023, ECF No. 230, and BLF replied on June 28, 2023, ECF No. 236. On September 11, Former Attorneys and BLF filed supplemental briefs addressing the remaining questions the Court had in resolving the liens. ECF Nos. 246, 247.

In none of this did the plaintiff, TTV—the party to the lien—challenge the validity or the amount of BLF's lien. Former Attorneys have not challenged the validity or amount due under BLF's lien, either, and instead vociferously complained, in a three-page opposition, that enforcement of BLF's lien might affect their recovery of fees from TTV from the EAJA award, ECF No. 230. However, Former Attorneys are not entitled to any of the award under the EAJA; the EAJA provides the conditions under which an award is made to TTV from the IRS, not from the IRS to Former Attorneys. Thus, while it is true that TTV's EAJA award creates a pot of TTV's money against which attorneys may assert a valid attorney's lien, the conditions under which that lien may be enforced against TTV is based in attorney lien law, not the EAJA. In any

event, the matter of liens has been briefed thoroughly and Former Attorneys cannot claim that they have had no opportunity to argue about competing liens.

**B.   Former Attorneys have been dilatory in their proof and arguments.**

If the motion is read to suggest that Former Attorneys need a response because BLF has introduced new information or heretofore concealed and thus shielded from review the amount and basis of BLF's lien, *see* ECF No. 246 at 1, the Court should recognize their projection.[1]

After specifying for the first time in their supplemental brief the amount that they seek under their lien, ECF No. 246 at 1, Former Attorneys claim that BLF only revealed the amount it claims to be validly covered under its lien—$505,003.38—"[a]fter the Former Attorneys filed their supplement." Mot. for Leave, ECF No. 249 ¶ 3. This is simply false. As is obvious, BLF specified the amount validly encompassed under its lien—as would be expected—in its Notice of Attorney's Charging Lien, ECF No. 216, on March 21, 2023, and did so again on June 16, 2023, in the first paragraph of its Motion for Enforcement of Attorney's Charging Lien, ECF No. 229.[2]

Former Attorneys have known about the BLF lien, its basis and amount, since the beginning and Former Attorneys have not challenged the validity of the lien or the amounts charged TTV under the BLF fee agreement, but only attacked the amount of the lien by comparison with the amounts determined to be compensable under the EAJA, ECF No. 230 at 2 (citing EAJA fee calculations); ECF No. 246 at 4 (same), which has nothing to do with what can be validly claimed under the BLF fee agreement and attorney's lien against TTV. Now again, at the last

---

[1]"Attributing one's own unacceptable urges to another." *Psychology Today*, https://www.psychologytoday.com/us/basics/projection.

[2]Regrettably, the actual invoices, named and cited in the Notice, ECF No. 216, either were not filed at the time of the Notice or failed to upload. They have been filed as errata. ECF No. 248-1 *et seq.*

possible opportunity, Former Attorneys ask the Court for the chance to again attack the proper

amount of BLF's lien based upon the irrelevant EAJA calculations,[3] and their motion should be

denied as dilatory and futile.

October 9, 2023.                                      Respectfully submitted,

                                                     /s/ James Bopp, Jr.
                                                     James Bopp, Jr., D.C. Bar No. CO0041
                                                      jboppjr@aol.com
                                                     Melena S. Siebert*
                                                      msiebert@bopplaw.com
                                                     THE BOPP LAW FIRM, P.C.
                                                     The National Building
                                                     1 South 6th Street
                                                     Terre Haute, Indiana 47807
                                                     (812) 232-2434
                                                     (812) 235-3685 (fax)
                                                     *Attorneys for Non-Party Petitioner*
                                                     THE BOPP LAW FIRM, PC
                                                     *Admitted pro hac vice

---

[3]To illustrate the point, the BLF fee agreement with TTV provides for an hourly rate for Mr. Bopp, for instance, at $790 an hour, which is the hourly rate used to calculate what TTV owes the BLF under the agreement and which is what the BLF lien against TTV is based on. *See, e.g.*, ECF No. 248-1 (Exhibit 1 to Notice of Attorney's Charging Lien). However, in computing what the IRS must pay TTV under the EAJA, the statutory rate of $150 per hour, adjusted for inflation, is generally applied and is applied here by this Court to Mr. Bopp's hourly charges to compute what the IRS owes TTV under the EAJA. The method of calculation for what the IRS owes TTV under the EAJA has nothing to do with how much TTV owes the BLF under their fee agreement and lien.