# EXHIBIT A

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, Plaintiff, | § | CIVIL ACTION NO 4:20-cv-04034 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TRUE THE VOTE, *et al*, Defendant. | § | |

## ORDER

Plaintiff Fredric N. Eshelman voluntarily dismissed his complaint in this action in February 2021. Dkt 56. He later refiled in state court, which dismissed the action for lack of jurisdiction. Dkt 62 at 2–3.

The Center for Investigative Reporting isn't a party to this action, but it has moved to permissively intervene and to unseal certain judicial records for news reporting purposes. Dkt 60. Specifically, it wants seal lifted on the following items:

- From Eshelman's application for a temporary restraining order, references to the amount in Defendant True the Vote's account prior to Eshelman's donation, see Dkt 41-1 at 6, 10, 20;
- From Eshelman's preliminary injunction motion, Exhibit J containing True the Vote's bank account records, see Dkt 41-2 at 30–39; and
- From the response of Defendants James Bopp, Jr and the Bopp Law Firm, portions of redacted exhibits, see Dkt 45-1 at 34, 36, 40, 42, 44, 47–49, 62–67, 71, 77, 79–81, 116–17.

Dkt 60 at 7.

When a nonparty seeks permissive intervention to unseal judicial records, courts consider whether (i) the nonparty has standing to intervene, (ii) the requirements for intervention are met, and (iii) the records are required to remain under seal. See *Newby v Enron Corp*, 443 F3d 416 (5th Cir 2006).

*As to standing and intervention,* no party appears to contest either CIR's standing or its ability to permissively intervene under Rules 24(b)(1)(B) and 24(b)(3) of the Federal Rules of Civil Procedure. See Dkts 61 & 62. The Fifth Circuit recently observed, "Alleged violations of the public right to access judicial records and proceedings and to gather news are cognizable injuries-in-fact sufficient to establish standing." *United States v Team Finance, LLC*, 2023 WL 5618996, at *3 (5th Cir). CIR's standing to intervene as a member of the public to argue improper sealing of judicial records thus appears appropriate. See *United States v Holy Land Foundation for Relief and Development*, 624 F3d 685, 690 (5th Cir 2010); *Estate of Baker v Castro*, 2020 WL 2235179, *1–2 (SD Tex). Likewise, nothing suggests intervention at this stage would prejudice any party. See *Baker*, 2020 WL 2235179 at *3–4.

*As to whether the records must remain under seal,* a common law presumption exists in favor of access to judicial records that "reflects the fact that public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Vantage Health Plan, Inc v Willis-Knighton Medical Center*, 913 F3d 443, 450 (5th Cir 2019) (cleaned up). Even so, the Fifth Circuit requires that "the decision to seal or unseal records is to be analyzed on a case-by-case basis." Ibid. In doing so, the "public's common law right of

access" must be balanced "against the interests favoring nondisclosure." *Securities Exchange Commission v Van Waeyenberghe*, 990 F2d 845, 848 (5th Cir 1993).

Eshelman consents to unsealing all records sought by CIR. Dkts 60 at 19 & 60-3. And no party appears to object to the unsealing of the redactions at Dkt 45-1 at 34, 36, 40, 49, 62–67, 71, 77, 79–81, 116–17. See Dkts 61 & 62. Given the presumption of public access to judicial records, the redactions at these cited pages will be unsealed.

Bopp and True the Vote do oppose the unsealing of certain bank account numbers and wire transfer numbers at Dkt 45-1 at 42, 44, 47, 48. True the Vote further opposes the unsealing of bank records at Dkts 41-1 at 6, 10, 20 & 41-2 at 30–39 (Exhibit J). See Dkts 61 at 3 & 62 at 4.

As to material at Dkt 45-1, the request by Defendants to maintain limited seal on those aspects accords with the requirements of Rule 5.2(a) and a district court's discretion under Rule 5.2(e). And for its part, CIR doesn't oppose redaction of the account numbers and wire transfer numbers. Dkt 63 at 3. Accordingly, the account numbers and wire transfer numbers at Dkt 45-1 at 42, 44, 47, and 48 will remain redacted. However, the last four digits of bank account numbers and wire transfer numbers will be unsealed so as to allow for identifiers of discrete accounts. See *Securities Exchange Commission*, 990 F2d at 848.

As to Exhibit J, Dkt 41-2 at 30–39, and redactions in Plaintiff's emergency application for temporary restraining order, Dkt 41-1, True the Vote opposes the unsealing of its bank records. Dkt 62 at 4. It argues that it "most surely" has "a privacy right and right to confidentiality of the amount of money it has in the bank," and that there is "no public interest to be served by letting others know how much money [True the Vote] has in the bank." Ibid. It also asserts that CIR has acquired "recitations of payments and amounts" from the Austin County matter, so the unsealing here is unnecessary. Id at 3. CIR contends that True the Vote has failed to "explain in particularity the necessity for sealing." Dkt 63 at 4–5, citing *Pfeiffer v Ajamie PLLC*, 2019

WL 11717182, * 2 (SD Tex). It also responds that it can't know if what it has received from the Austin County matter is what's currently under seal as Exhibit J. Dkt 63 at 4.

True the Vote fails to cite anything in support of its general and conclusory assertion of a "privacy right" and "right to confidentiality." Dkt 62 at 4. A district court doesn't abuse its discretion "by concluding that the public access presumption" outweighs any confidentiality interest where the party opposing unsealing doesn't "articulate any specific harm created by the disclosure, offer[s] nothing but conclusory statements to support a blanket claim of confidentiality, and [is] unprepared to defend its claim that specific portions of the documents [are] confidential." *Vantage Health Plan*, 913 F3d at 451.

Exhibit J, at Dkt 41-2 at 30–39, will be unsealed except as to any account numbers. Account numbers and wire transfer numbers will be redacted, except for the last four digits. The redactions in Dkt 41-1 at 6, 10, and 20 will also be unsealed in similar fashion.

* * *

Plaintiff Fredric Eshelman is ORDERED to refile Dkt 41-1 Exhibit J, at Dkt 41-2. All redactions must be removed with the exception of any account numbers and wire transfer numbers at Dkts 41-1 at 6, 10, 20 and 41-2 at 30–39, which may remain redacted with the exception of the last four digits.

Defendants James Bopp, Jr and the Bopp Law Firm are ORDERED to refile Dkt 45-1. All redactions at 34, 36, 40, 42, 44, 47–49, 62–67, 71, 77, 79–81, 116–17 must be removed with the exception of any account numbers and wire transfer numbers at pages 42, 44, 47, 48, which may remain redacted with the exception of the last four digits.

The unsealed and redacted versions in accordance with this order are ORDERED to be filed by October 6, 2023.

SO ORDERED.

Signed on September 26, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge