**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRUE THE VOTE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | ) | Civil Action No. 13-734 (RBW) |

**ORDER**

On May 5, 2017, the plaintiff's former attorneys—Public Interest Legal Foundation ("PILF"), f/k/a ActRight Legal Foundation, and Foley and Lardner LLP ("Foley")—filed a notice of attorney's charging lien "based upon legal services performed and expenses and costs incurred in connection with the representation of [the] plaintiff . . . in this action." Notice of Attorney's Charging Lien at 1, ECF No. 142. On October 23, 2020, the plaintiff filed a motion requesting that the Court issue an order quashing the former attorneys' charging lien,[1] see Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 190, which the former attorneys opposed, see Former Attorneys' Response in Opposition to Plaintiff's Motion to Quash Attorney's Charging Lien at 1, ECF No. 196.

Subsequently, on January 28, 2021, the former attorneys filed a motion for leave to file a supplemental brief regarding the plaintiff's motion to quash for the purpose of addressing the potential implications of a breach of contract and conversion complaint filed in the Southern District of Texas, see Opposed Motion for Leave to File Supplemental Brief ¶¶ 4, 6, ECF

[1] The plaintiff notes that, in addition to PILF and Foley, the designation "Former Attorneys" includes The Center for Constitutional Jurisprudence ("CCJ"), who "also formerly represented [the plaintiff.]" Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1 n.1, ECF No. 190.

No. 202, which is opposed by the plaintiff, see Plaintiff's Opposition to Former Attorneys' Motion for Leave to File Supplemental Brief at 1, ECF No. 203. On February 1, 2021, the plaintiff filed a notice indicating that the plaintiff in the Southern District of Texas case "voluntarily dismissed his complaint as to all defendants on February 1, 2021." Plaintiff's Notice of Case Related to Supplemental Briefing Request Dismissed at 1, ECF No. 204. The plaintiff's former attorneys then filed a reply in support of their motion for leave to file a supplemental brief with the Court, noting that the plaintiff in the Southern District of Texas case had "filed a substantially similar lawsuit . . . in Texas State Court." Reply to Motion for Leave to File Supplemental Brief at 1, ECF No. 205. However, on May 12, 2021, the former attorneys filed a notice indicating that the Texas state court case has been dismissed. See Notice of State Court Case at 1, ECF No. 207. Moreover, on July 5, 2023, the Court held a motion hearing to address, inter alia, the plaintiff's motion to quash the former attorneys' charging lien, and the Court denied the motion. See Order at 7 (Aug. 15, 2023), ECF No. 245.

In light of the fact that the former attorneys desired to file a supplemental brief regarding the potential implications of a case that has now been dismissed, and because the Court has already denied the plaintiff's motion to quash, supplemental briefing on the motion to quash is unnecessary. Therefore, the Court denies as moot the former attorneys' motion for leave to file a supplemental brief.

Accordingly, it is hereby

**ORDERED** that the former attorneys' Opposed Motion for Leave to File Supplemental Brief, ECF No. 202, is **DENIED AS MOOT**.

**SO ORDERED** this 20th day of March, 2024.

REGGIE B. WALTON
United States District Judge