**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**; *Plaintiff*,<br>*v.*<br>**Internal Revenue Service, et al.**; *Defendants*,<br>and<br>**THE BOPP LAW FIRM, PC** *Non-Party Petitioner,*<br>and **Public Interest Legal Foundation, Inc.** *Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW |

# Response in Opposition to Former Attorneys' Motion for Distribution of Funds

This Court should deny Former Attorneys'[1] Motion for Distribution of Funds, ECF No. 260,

Procedurally, this Court has several pending motions and legal questions to resolve, so any distributions of funds is premature.

Substantively, Former Attorneys continue to erroneously conflate the legal issues that were before this Court when deciding the fee award the *IRS owed TTV* under the EAJA with the legal issues before this Court regarding the priority, amount, and distribution of the liens, which reflect the amount owed *by TTV* to *BLF*[2] *and Former* Attorneys, pursuant to TTV's agreements with them for legal representation. Former Attorneys' erroneous conflation of these legal issues has

[1] "Former Attorneys" is the collective description of The Public Interest Legal Foundation ("**PILF**") and the law firm of Foley & Lardner LLP ("**Foley**"),

[2] The Bopp Law Firm, PC no longer represents TTV but is a non-party petitioner to this Court.

led them to draw legal conclusions that have no merit.

Therefore, Former Attorneys' Motion for Distribution should be denied.

**Pending Motions and Unresolved Legal Issues**

BLF filed its Notice of Attorney's Charging Lien on March 21, 2023. ECF No. 216 (later corrected by Errata Notice to include exhibits, ECF No. 248). On June 16, 2023, BLF filed its Motion for Enforcement of Attorney's Charging Lien. ECF No. 229. This Motion for Enforcement is still pending.[3]

This Court ordered the Former Attorneys and BLF to file supplemental briefing addressing the following issues:

> (1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens;
>
> (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and
>
> (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case.

Order at 7, ECF No. 245. On September 11, 2023, both BLF and Former Attorneys filed their supplemental briefs in response to that Order. *See* Former Attorneys' Suppl. Br., ECF No. 246; BLF Suppl. Br., ECF No. 247.[4] Former Attorneys then filed an Opposed Motion for Leave to File a Response Brief to BLF's Supplemental Brief. ECF No. 249. BLF filed its own Motion for

[3] This Court had scheduled hearings on this Motion for Enforcement, but all scheduled hearings were vacated for various reasons. *See* Order at 7, ECF No. 245; *see also* Order Vacating Hearing Pending Resolution of Appeal, ECF No. 254 .

[4]Former Attorneys note in their Motion for Distribution that they submitted a brief on the amount, priority, and method of distribution, but make no reference at all to the fact that BLF submitted its own brief on the same issues, pursuant to this Court's Order. ECF No. 260 at ¶ 4.

Leave to File a Reply In Support of Its Supplemental Brief if this Court granted Former Attorneys leave to file their Response. ECF No. 251. This Court has not decided the legal issues regarding the amount, the priority, and the method of payment for any valid charging liens in this case, nor has it decided either Former Attorneys or BLF's Motions for Leave to file their respective Response and Reply.

Concurrent with this Response, BLF has also filed a Motion for Distribution of Funds, ECF No. 262 and a Motion for a Hearing on all Pending Motions, ECF No. 263. These motions are also pending.

Before either BLF or Former Attorneys' Motions for Distribution can be decided, this Court must determine whether to schedule a hearing on pending motions, and it must reach a decision on BLF's Motion for Enforcement and the legal issues of amount, priority, and method of payment for any valid liens.

**Substantive Argument**

Former Attorneys claim "[t]he Court's prior rulings establish the law of the case governing how this award should be allocated among the Former Attorneys and the BLF." Former Attnys.' Mot. for Distribution of Funds, ¶ 1, ECF No. 260. That statement is neither factually nor legally accurate. Former Attorneys continue to conflate this Court's award of fees—which determined *how much the IRS had to pay TTV* under the EAJA with the legal questions regarding *what TTV owes BLF and Former Attorneys* and how much of that should be paid to BLF and Former Attorneys from the deposited TTV funds as a result of their charging liens.[5] Those liens relate to

[5] Former Attorneys' conflation of the compensation to TTV under the EAJA with the recovery of attorneys' liens are briefed in more detail in its proposed Response to Former Attorneys' Supplemental Brief. ECF No. 251-2 at 2-5. This Court has not ruled on BLF's related

*how much TTV owes its former legal representatives* according to the underlying fee agreements TTV entered into with each and which of those liens take priority.

This Court's orders reflect this distinction. This Court awarded TTV $788,539.30 from the IRS and ordered the IRS to deposit the awarded fund with the Clerk of the Court. *See* Order at 6, ECF No. 245. This Court then ordered Former Attorneys and BLF to submit supplemental briefs on the legal issues regarding the liens that still needed to be resolved—that is, the amount, the priority, and the method of distribution. *Id.* at 7. As noted, *supra*, Former Attorneys and BLF did so, and this Court has yet to issue any findings following that briefing. Therefore, this Court has made no ruling on the amount, the priority, and the method of distribution of TTV's funds now deposited with the Clerk. The resolution to those questions would be based on the fee agreements between TTV and its former legal representative and their liens, so no "law of the case" governs how TTV's award should be allocated among Former Attorneys and BLF. Thus, this Court has only resolved what *the IRS owes TTV*, not what *what TTV owes its former legal representatives out of that award*.

For the Court's convenience, BLF's positions regarding the lien issues are summarized as follows. BLF's fee agreement with TTV is governed by the law of Indiana because it contained an explicit choice of law provision. BLF Suppl. Br. at 2. Under Indiana law, BLF noticed a valid equitable charging lien on the proceeds from the IRS to be deposited with the Clerk of Court in favor of TTV, and the amount of the lien is based on BLF's billing records. *Id.* at 3-4. BLF's billing records show that TTV owes the BLF $505,003.38 under its fee agreement with TTV for

Motion for Leave to file this Response. ECF No. 251.

the work in this case, so that this is the amount subject to BLF's charging lien against TTV.[6] *Id.* at 4.

In addition, BLF's charging lien takes priority over Former Attorneys' charging lien. BLF's charging lien is based on its February 17, 2017, agreement with TTV. BLF Suppl. Br. at 4; BLF Agreement, ECF No. 189-7. This Court ruled that Former Attorneys' December 2017 agreement governs their lien since the December 2017 agreement "supersedes" their 2013 agreement with TTV. Order at 4, ECF No. 245 (finding December 2017 agreement with TTV "unambiguously states" that "no agreements . . . between the parties . . . survive the execution of this agreement."). As this Court noted, the plain language of the December 2017 agreement meant that the 2013 agreement between Former Attorneys and TTV did not survive after they entered into the December 2017 agreement. *Id.* Thus, BLF's February 17, 2017, agreement with TTV takes priority over Former Attorneys' December 2017 agreement, so that BLF is entitled to full payment of its lien. BLF Suppl. Br. at 4-5. Finally, BLF's charging lien makes BLF an assignee and transfers the property rights of the funds the IRS deposited with the Clerk of Courts for TTV, meaning the distribution of $505,003.38 should be paid by the Court Clerk to BLF. BLF Suppl. Br. at 5.

This Court should not consider Former Attorneys' Motion to Distribute until all related legal issues are resolved by this Court and then should deny Former Attorneys' Motion to Distribute since it claims funds that are not subject to its lien. Former Attorneys claim funds that BLF is

---

[6] This amount is the same amount BLF claimed TTV owes it for representing TTV in this case, claimed in pending litigation in the United States District Court for the Southern District of Indiana. *See The Bopp Law Firm, PC v. True the Vote, Inc.*, Case No. 2:23-cv-120-JRS-MG. Of course, any recovery of fees under BLF's charging lien in this case would be credited against any amount BLF is awarded against TTV for its representation in this case.

legally entitled to because they erroneously conflate the calculation of an award of reasonable attorneys under EAJA, which determines what the *IRS owed* TTV under the EAJA, with amount owed *by TTV to BLF and Former Attorneys*, pursuant to TTV's agreements with them for legal representation. Because TTV owes BLF $505,003.38 under the terms of its fee agreement with BLF, and because BLF 's lien takes priority over Former Attorneys' lien, the Court Clerk should be directed to pay BLF $505,003.38 out of TTV's funds deposited with the Clerk. The Former Attorneys' Motion to Distribute should be denied.[7]

April 8, 2024

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
Melena S. Siebert*
msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
*Admitted pro hac vice

[7]BLF takes no position on how and to whom the remaining funds of TTV held by the Clerk should be distributed.