**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TRUE THE VOTE, INC.** <br> **Plaintiff,** <br> **v.** <br> **INTERNAL REVENUE SERVICE, *et al.*,** <br> **Defendants.** | ) | **Civil Action No.: 13-734 (RBW)** |

**THE FORMER ATTORNEYS' RESPONSE TO THE BLF'S**
**MOTION FOR DISTRIBUTION OF FUNDS AND MOTION FOR HEARING**

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Unfortunately, the Motion for Distribution of Funds (Dkt. #262) filed by the Bopp Law Firm, P.C. (the "BLF") seeks to do just that.

In contrast, the "Former Attorneys"—Foley & Lardner LLP ("Foley") and the Public Interest Legal Foundation ("PILF")—seek an end to this portion of the litigation through a sound and fair distribution of the attorneys' fees that this Court previously awarded in this case to True the Vote, Inc. (Dkt. #245). The Former Attorneys' pending Motion for Distribution of Funds (Dkt. #260) seeks to have the funds distributed consistent with the amount of fees that each law firm had incurred at the time of the Court's fee award as reflected in contemporaneous filings with this Court (*see* Dkt. # 151-8 at 27, 151-9 at 117, 151-10 at 157, 151-11 at 8) —filings that were made by TTV's counsel at the time, the BLF. Now that the BLF no longer represents TTV, it seeks to have legal fees that the Court awarded for work performed by the Former Attorneys reallocated to it to satisfy legal bills that fall into one or more of three categories: (1) TTV has disputed the BLF's efforts to collect them in another forum; (2) this Court has reviewed—and rejected—them; and/or

(3) no court has vetted or approved these invoices. Under the circumstances, the BLF's pending motion would be more appropriately entitled "Motion for ***Re***distribution of Funds." It is improper in many respects[1] and should be denied.

When the BLF sought the Former Attorneys' consent to the filing of the BLF's pending motion, the Former Attorneys admonished the BLF to be candid with the Court about the fact that it seeks attorneys' fees in this Court that are the subject of pending litigation elsewhere. It is therefore particularly disappointing that the BLF's motion neglects to mention even the pendency of this other litigation, the case of *The Bopp Law Firm, PC v. True the Vote, Inc.*, Case No. 23-cv-00120 (S.D. Ind.). In that case, TTV has filed a Second Amended Answer, Counterclaim, and Affirmative Defenses contesting the validity of the BLF's attorneys' fees, alleging as follows:

> 457. Unreasonable and excessive fees. TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances. TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal services.
>
> 458. Failure to mitigate damages. TTV asserts that BLF failed to take reasonable steps to mitigate damages by not addressing TTV's concerns or rectifying any mistakes made in the provision of legal services. TTV asserts that BLF's failure to mitigate damages limits or eliminates TTV's obligation to pay the full amount of attorney's fees.
>
> 459. Unclean hands. TTV asserts that BLF acted with unclean hands by engaging in unethical or improper conduct during the course of the attorney-client relationship or the subsequent collection efforts. TTV asserts that BLF's unclean hands bars or limits BLF's entitlement to the requested attorney's fees.
>
> 460. TTV, as Counter-Plaintiff, denies owing any unpaid invoices to the Plaintiff BLF and asserts that BLF engaged in legal malpractice, misrepresentation by misrepresenting the quality of their legal services, and breach of contract.
>
> . . .

---

[1] *See e.g.*, Rule 1.16(d) of the Indiana Professional Conduct Rules prohibiting an attorney from keeping any unearned fees in the context of terminated representation. Rule 1.16 of the District of Columbia Rules of Professional Conduct has a similar presumption against a lawyer keeping unearned fees.

> 478. In 2017, BLF knowingly misrepresented to TTV the timing, costs, and reasonably likely outcomes of the *True the Vote, Inc. v. Internal Revenue Service*, Case No. 1:13-cv-00734, claiming that if TTV would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take no more than thirty days. In reliance on these representations, TTV dismissed prior counsel and retained BLF as counsel of record. This case is ongoing, and the fees accumulated by BLF are purported to be $505,003.38.

(Dkt. #55 at 60, 65) (S.D. Ind., filed March 1, 2024). The case is set for a bench trial on July 7, 2025. (Dkt. #48) (S.D. Ind., filed Sept. 28, 2023).

To make matters worse, the BLF's Motion for Distribution of Funds seeks payment of invoices containing time entries the recovery of which this Court has already expressly denied:

> [T]he Court grants the plaintiff's first and second motions to the extent that they seek an attorneys' fee award for work performed in the underlying litigation and in preparing the first motion for fees, but denies the motions in all other respects . . . the Court denies the plaintiff's third and fourth motions for fees in their entirety and will not permit the plaintiff to recover any fees incurred after May 30, 2019.

(Dkt. #184 at 28-29). The pending motion also seeks payment of invoices for time entries that were previously adjusted downward in filings with this Court. One example of this has already been documented by the Former Attorneys. *See, e.g.*, Dkt. # 249-2 at 4.

This Court's award was premised upon the billing records provided by each law firm, including the records of the Former Attorneys. This Court made a detailed award of fees based upon those records, choosing which billing records were to be included and which ones were to be excluded. (Dkt. #184). In accordance with this Court's decision, the Former Attorneys provided an accounting of which of its billings the Court had previously determined to be compensable. (Dkt. #246).

As the BLF concedes (Dkt. #262 at ¶ 4), the Court found that the Former Attorneys have a valid charging lien. (Dkt. #245 at 6). In fact, as previously noted, the Former Attorneys have held a valid charging lien since 2013, when the Former Attorneys and TTV entered into legal services

agreements related to this action. (Dkt. #246 at 5). This Court acknowledged the creation of that lien during the most recent motion hearing: "I think the 2013 agreement did in fact create a lien." (Dkt. #244 at 19:6-7.) The Former Attorneys' charging lien has thus seamlessly existed since 2013, even if the 2017 Agreement is now operative. (Dkt. #246 at 5). As the Court previously observed: "And to the extent [the 2013 agreement] was to some degree modified by the 2017 agreement, I don't think that modification abolished the lien that otherwise the litigants have entitled to recover for the services they provided to True the Vote." (Dkt. #244 at 19:7-11). Because the Former Attorneys' charging lien existed first in time—and continues to exist—it is superior to all other liens.

As to the BLF's Motion to Set a Hearing (Dkt. #263), no hearing is necessary. Belaboring this matter any further with a hearing is neither necessary efficient nor equitable.

Date: April 22, 2024

Respectfully submitted,

*s/ Michael J. Lockerby*
Michael J. Lockerby (D.C. Bar No. 502987)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
mlockerby@foley.com

*Counsel for Former Attorneys*
*Foley & Lardner LLP*

*/s/ Kaylan L. Phillips*
Kaylan L. Phillips (D.C. Bar. No. 1110583)
Noel H. Johnson (admitted *pro hac vice*)
Public Interest Legal Foundation
107 South West Street, Suite 700
Alexandria, VA 22314
Telephone: (703) 745-5870
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

*Counsel for Former Attorneys*
*Public Interest Legal Foundation*