UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **True the Vote, Inc.**; *Plaintiff*, *v.* **Internal Revenue Service, et al.**; *Defendants*, and **THE BOPP LAW FIRM, PC** *Non-Party Petitioner,* and **Public Interest Legal Foundation, Inc.** *Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW |

## THE BOPP LAW FIRM, PC's Reply in Support of its Motion for Distribution of Funds

Non-Party Petitioner THE BOPP LAW FIRM, PC has moved this Court for an order instructing the Court's Clerk to distribute $505,003.38 to BLF in order to satisfy BLF's valid charging lien against TTV. On April 22, 2024, Non-Party Petitioner Former Attorneys[1] filed a response. ECF No. 265 ("**Former Attnys. Response**"). BLF now timely replies.

### Procedural Background

On August 15, 2023, this Court awarded TTV attorneys' fees under the Equal Access to Justice Act in the amount of $788,539.30. ECF No. 245 at 6. On August 15, 2023, this Court ordered the IRS to deposit the attorneys' fee award in the amount of $788,539.30 into the registry of the Clerk of the Court, where it would be held pending the Court's resolution of the attorneys'

[1]"Former Attorneys" is the collective description of The Public Interest Legal Foundation ("**PILF**") and the law firm of Foley & Lardner LLP ("**Foley**").

charging lien disputes in this case. *Id.* On March 26, 2024, the IRS deposited $788,539.30 with the Court's Clerk, pursuant to this Court's Order.

BLF filed its Notice of Attorney's Charging Lien on March 21, 2023. ECF No. 216 (later corrected by Errata Notice to include exhibits, ECF No. 248). On June 16, 2023, BLF filed its Motion for Enforcement of Attorney's Charging Lien. ECF No. 229. This Motion for Enforcement is still pending.[2]

This Court ordered the Former Attorneys and BLF to file supplemental briefing addressing the following issues:

> (1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens;
>
> (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and
>
> (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case.

Order at 7, ECF No. 245. On September 11, 2023, both BLF and Former Attorneys filed their supplemental briefs in response to that Order. *See* Former Attorneys' Suppl. Br., ECF No. 246; BLF Suppl. Br., ECF No. 247.[3] Former Attorneys then filed an Opposed Motion for Leave to File a Response Brief to BLF's Supplemental Brief. ECF No. 249. BLF filed its own Motion for Leave to File a Reply In Support of Its Supplemental Brief if this Court granted Former

---

[2] This Court had scheduled hearings on this Motion for Enforcement, but all scheduled hearings were vacated for various reasons. *See* Order at 7, ECF No. 245; *see also* Order Vacating Hearing Pending Resolution of Appeal, ECF No. 254 .

[3] Former Attorneys note in their Motion for Distribution that they submitted a brief on the amount, priority, and method of distribution, but make no reference at all to the fact that BLF submitted its own brief on the same issues, pursuant to this Court's Order. ECF No. 260 at ¶ 4.

Attorneys leave to file their Response. ECF No. 251. This Court has not decided the legal issues regarding the amount, the priority, and the method of payment for any valid charging liens in this case, nor has it decided either Former Attorneys or BLF's Motions for Leave to file their respective Response and Reply.

BLF has also filed a Motion for Distribution of Funds, ECF No. 262, a Motion for a Hearing on all Pending Motions, ECF No. 263, and a Response in Opposition to Former Attorneys' Motion for Distributions of Funds, ECF No. 264. These motions are also pending.

**Substantive Argument**

Former Attorneys argue that BLF seeks to engage in a "second major litigation." Former Attnys. Response at 1 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Not so. BLF simply seeks to argue for the proper enforcement of its valid charging lien and the corresponding proper distribution of funds. BLF is not re-litigating the fees due to TTV from the IRS—that portion of the litigation has concluded.

Former Attorneys make three fundamental legal and factual errors in its Response: (1) they continue to conflate this Court's award of fees—which determined *how much the IRS had to pay TTV* under the EAJA with the legal questions regarding *what TTV owes BLF and Former Attorneys* and how much of that should be paid to BLF and Former Attorneys from the deposited TTV funds as a result of their charging liens; (2) they raise false accusations of BLF's lack of candor to this Court; and (3) they incorrectly rely on non-binding oral observations from this Court that directly contradict this Court's written orders.

First, as to Former Attorneys' continued conflation: BLF has fully briefed its position to this Court, but summarizes for the Court's convenience. In short, this Court awarded fees *to TTV*

*from the IRS* under the EAJA. This Court also determined Former Attorneys' lien is valid. But this Court has not determined the remaining issues of BLF's lien, the priority of BLF and Former Attorneys' liens, the amount due to each according to the applicable liens, and the method of distribution. The existence of competing liens, the priority of these liens, the amount due according to the liens, and the method of distribution are all issues which relate to how much TTV owes BLF and Former Attorneys. It has nothing to do with the amount the IRS owed to TTV. *See, e.g.*, Response of BLF to Former Attorneys' Supplemental Brief at 2-4, ECF No. 251-2, Response in Opposition to Former Attorneys' Motion for Distributions of Funds at 3-4, ECF No. 264.

Second, Former Attorneys stated they "admonished" BLF to be candid with the Court about the fact that BLF has brought suit against TTV for the fees that are the subject of BLF's lien here, but that BLF "neglected to mention even the pendency of this other litigation." Former Attnys. Response at 2-3. Former Attorneys' statement is wholly unsupported by the record before this Court. BLF has consistently informed this Court of its litigation against TTV and has noted that any recovery BLF obtains here will offset the amount it seeks in its suit against TTV. *See, e.g.*, Response of BLF to Former Attorneys' Supplemental Brief at n. 6, ECF No. 251-2; Response in Opposition to Former Attorneys' Motion for Distributions of Funds at n. 6, ECF No. 264.

BLF has always conducted itself with full and accurate candor before this Court. Former Attorneys' statements otherwise are false and misleading. Former Attorneys' note TTV's counterclaims against BLF. Former Attnys. Former Attnys. Response at 2-3. Both the claims

made by BLF in its suit against TTV and the counterclaims TTV has made there are irrelevant to this Court's decision regarding the competing liens and would be improper for this Court to consider as that suit is outside of its jurisdiction.

Third, Former Attorneys quote this Court's observation during a hearing to support its argument that their lien is first in time and should take priority. Former Attnys. Response at 4. However, this Court's order does not support Former Attorneys' arguments, and Former Attorneys' reliance on an observation made during a hearing is improper. *See Am. Bioscience, Inc. v. Thompson*, 141 F. Supp. 2d 88, 93 n.4 (D.D.C. 2001) (finding arguments "with selective quotations from the oral argument before the United States Court of Appeals for the District of Columbia Circuit . . . unpersuasive and inappropriate. The statements of individual judges on the court of appeals are not binding authority. On the contrary, only the appeals court's written opinion binds a trial court and impacts the subsequent treatment of a case.").

Here, this Court ruled that Former Attorneys' December 2017 agreement governs their lien since the December 2017 agreement expressly "supersede[d]" their 2013 agreement with TTV. Order at 4, ECF No. 245 (finding December 2017 agreement with TTV "unambiguously states" that "no agreements . . . between the parties . . . survive the execution of this agreement."). This Court ruled the Former Attorneys' 2017 agreement superseded the 2013 agreement—it did not rule that the 2017 agreement simply "modified" the 2013 agreement. Former Attorneys' arguments otherwise are inaccurate and rely upon an improper reliance of an observation made during a hearing.

Thus, BLF's February 17, 2017, agreement with TTV takes priority over Former

Attorneys' December 2017 agreement, so that BLF is entitled to full payment of its lien. BLF Suppl. Br. at 4-5. Finally, BLF's charging lien makes BLF an assignee and transfers the property rights of the funds the IRS deposited with the Clerk of Courts for TTV, meaning the distribution of $505,003.38 should be paid by the Court Clerk to BLF. BLF Suppl. Br. at 5.

April 23, 2024

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
Melena S. Siebert*
msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
*Admitted pro hac vice