**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TRUE THE VOTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-734 (RBW) |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

The plaintiff, True the Vote, Inc., brought this civil action against the Internal Revenue

Service ("IRS"), the United States of America, and several IRS officials in their official

capacities, alleging violations of the First Amendment to the United States Constitution,

U.S. Const. amend. I; the Internal Revenue Code, 26 U.S.C. §§ 1–9834; and the Administrative

Procedure Act, 5 U.S.C. §§ 701–706, and seeking declaratory and injunctive relief, as well as

monetary damages.  <u>See</u> First Amended Verified Complaint for Declaratory Judgment,

Injunctive Relief, and Compensatory, Statutory, and Punitive Damages ("Am. Compl.") ¶¶ 139–

61, 168–206, ECF No. 14.  Currently pending before the Court is the intervenor's—The Center

for Investigative Reporting, Inc. ("CIR")—motion for leave to intervene and for access to court

records.  <u>See</u> Motion for Leave to Intervene and for Access to Court Records ("CIR's Mot.") at

1, ECF No. 214.  Upon careful consideration of the CIR's submissions,[1] the Court concludes for

the following reasons that it must grant the CIR's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its
decision: (1) the CIR's Memorandum of Points and Authorities in Support of Movant-Intervenor's Motion for Leave
to Intervene and for Access to Court Records ("CIR's Mem."), ECF No. 214; (2) Intervenor The Center for

(continued . . .)

# I.   BACKGROUND

The Court previously set forth the factual background of this case in its Memorandum Opinion issued on October 23, 2014, <u>see</u> <u>True the Vote, Inc. v. Internal Revenue Serv.</u> ("<u>True the Vote I</u>"), 71 F. Supp. 3d 219, 223–25 (D.D.C. 2014) (Walton, J.), <u>aff'd in part, rev'd in part and remanded</u>, 831 F.3d 551 (D.C. Cir. 2016), as well as the procedural history of this case in its Memorandum Opinions issued on May 30, 2019, <u>see</u> <u>True the Vote, Inc. v. Internal Revenue Serv.</u> ("<u>True the Vote II</u>"), No. 13-cv-734 (RBW), 2019 WL 2304659, at *2 (D.D.C. May 30, 2019) (Walton, J.), and September 23, 2020, <u>see</u> <u>True the Vote, Inc. v. Internal Revenue Serv.</u> ("<u>True the Vote III</u>"), No. 13-cv-734 (RBW), 2020 WL 5656694, at *2 (D.D.C. Sept. 23, 2020) (Walton, J.), and therefore will not reiterate them in full again here.  The Court will, however, briefly summarize the current procedural posture of the case relevant to the resolution of the motion that is the subject of this Memorandum Opinion.

On May 5, 2017, the plaintiff's former attorneys—Public Interest Legal Foundation ("PILF"), f/k/a ActRight Legal Foundation, and Foley and Lardner LLP ("Foley") (collectively, "Former Attorneys"[2])—filed a notice of their attorney's charging lien "based upon legal services performed and expenses and costs incurred in connection with the representation of [the] plaintiff . . . in this action."  Notice of Attorney's Charging Lien at 1, ECF No. 142.  On October 22, 2020, the plaintiff filed a sealed motion requesting leave to file a motion to quash the Former Attorneys' charging lien under seal.  <u>See</u> Plaintiff's Motion for Leave to File

---

(. . . continued)
Investigative Reporting, Inc.'s Notice of Conceded Motion ("CIR's Notice of Conceded Mot."), ECF No. 222; and (3) the CIR's Notice of Supplemental Authority ("CIR's Notice of Suppl. Auth."), ECF No. 257.

[2] The term "Former Attorneys" also includes The Center for Constitutional Jurisprudence ("CCJ").  <u>See</u> Former Attorneys' Response in Opposition to Plaintiff's Motion to Quash Attorney's Charging Lien at 1, ECF No. 196 ("The Public Interest Legal Foundation [ ], Foley and Lardner LLP [ ], and Center for Constitutional Jurisprudence (together, 'Former Attorneys') represented the [p]laintiff from the preparation and filing of this lawsuit in May of 2013 until late February 2017.").

Documents Under Seal at 1, ECF No. 189.  As grounds for its request to file the motion to quash and its accompanying attachments under seal, the plaintiff asserted that one of the attached agreements "contains a specific contractual agreement that the parties will not divulge the terms of the agreement to any party that does not have a legal interest in the agreement" and that the other attached agreements "all contain confidential business information that should be protected as well."  Id.  Furthermore, the plaintiff represented that "both the [m]otion to [q]uash and the [m]emorandum in [s]upport contain references to terms in the [attached] . . . agreements."  Id. Subsequently, on November 13, 2020, the Former Attorneys filed a sealed motion requesting leave to file their opposition to the motion to quash under seal because the opposition "also contains references to the terms of confidential agreements that are presently filed under seal." Former Attorneys' Motion for Leave to File Sealed Response to Plaintiff's Sealed Motion to Quash at 1, ECF No. 194.  Likewise, on November 30, 2020, the plaintiffs filed a sealed motion requesting leave to file their reply in support of their motion to quash under seal because the "[r]eply contains references to terms in the . . . agreements."  Plaintiff's Motion for Leave to File Documents Under Seal at 1, ECF No. 198.

The Court granted the parties' motions, see Minute ("Min.") Order (Oct. 23, 2020); Min. Order (Nov. 17, 2020); Min. Order (Dec. 8, 2020), and the documents were filed under seal as separate entries on the docket, see Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 190; Former Attorneys' Response in Opposition to Plaintiff's Motion to Quash Attorney's Charging Lien at 1, ECF No. 196; Reply in Support of Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 199.  The Court also ordered the parties to file redacted versions of the sealed documents on the public docket. See Min. Order (Nov. 17, 2020); Min. Order (Dec. 8, 2020).  Accordingly, on December 11,

2020, the parties filed a redacted version of the motion to quash, the opposition, and the reply on the public docket.  See generally Notice of Compliance with Court Order, ECF No. 200; Notice of Compliance with Court Order, ECF No. 201.

Subsequently, on January 17, 2023, the CIR, "a national nonprofit news organization," filed their motion "seek[ing] leave to intervene for the purpose of unsealing [the aforementioned] judicial records[.]"  CIR's Mem. at 1.  Additionally, on March 22, 2023, the CIR filed a notice, which indicated that "no party ha[d] filed any opposition to [the] CIR's [m]otion . . . nor . . . requested any additional time to respond" by the deadline to do so, CIR's Notice of Conceded Mot. ¶ 3, and "request[ed] that the Court grant [its] motion" based on the lack of response or opposition, id. ¶ 5.

On April 20, 2023, the Court scheduled a status conference and requested that the parties be prepared to discuss, inter alia, the final amount of attorney's fees the plaintiff was entitled to be awarded in this case, the outstanding requests related to the plaintiff's motion to quash, and the CIR's motion to intervene and for access to court records.  See Order at 6–7 (Apr. 20, 2023), ECF No. 227.  Due to a change in the Court's calendar, the hearing regarding the plaintiff's motion to quash was continued to July 5, 2023, and the Court scheduled a separate motion hearing on the CIR's motion for July 25, 2023.  See Order at 1 (June 21, 2023), ECF No. 233. During the July 5, 2023 hearing, the Court concluded that the Former Attorneys "have a valid charging lien on the attorneys' fee judgment" in this case, Order at 1–2 (Aug. 15, 2023), ECF No. 245 (citing Transcript of Motion Hearing ("Tr.") at 19:4–11, ECF No. 244), and, thus, denied the plaintiff's motion to quash, see id. at 7.

Also, during the July 5, 2023 hearing, the Court briefly addressed the CIR's motion, offering to "entertain any briefing" from the parties regarding the rationale for the records

remaining under seal.  Tr. at 23:19.  However, neither the parties nor the Former Attorneys

indicated a desire to file an opposition to the CIR's motion.  See id. at 23:22–24:20.  Thus, the

Court indicated that it "w[ould] issue an appropriate order" resolving the motion, id. at 24:21–22,

and vacated the July 25, 2023 motion hearing, see Order at 7 (Aug. 15, 2023), ECF No. 245.

Subsequently, on January 26, 2024, the CIR filed a notice informing the Court of a

September 26, 2023 Order issued by the United States District Court for the Southern District of

Texas in Eshelman v. True the Vote, Civil Action No. 20-4034, which "granted [the] CIR's

motion to intervene and to unseal certain judicial records" in that case.  CIR's Notice of Suppl.

Auth. at 1; see also id., Exhibit ("Ex.") A (Order) at 5, ECF No. 257-1.  However, the

September 26, 2023 Order issued by that court did not address the documents that are the subject

of this Memorandum Opinion.

## II.    ANALYSIS

The CIR moves "for leave to intervene under Federal Rule of Civil Procedure 24(b) and

for an order granting access to certain judicial records that have been placed under seal" in this

case.  CIR's Mot. at 1.  The Court will first address the CIR's request to intervene before turning

to the CIR's request for the unsealing of certain records.

### A.    The CIR's Request to Intervene

The CIR argues that, "[a]s a member of the press and a representative of the public, [it]

has a presumptive common law . . . right to access the court records at issue."[3]  CIR's Mem. at 1.

Furthermore, the CIR asserts that its motion to intervene "meets all requirements under

Rule 24(b) for permissive intervention[,]" id. at 6, because the motion "is timely[,]" id., it

"satisfies Rule 24's 'claim-or-defense' requirement," id. at 7, and it "does not unduly delay or

---

[3] The CIR also asserts that it "has a First Amendment right of access to the records[,]" but "focuses on the common law right of access in [its] motion[.]"  CIR's Mot. at 2 n.2.

prejudice any party's rights because [the CIR] does not seek to disturb the underlying matter[,]" id.

Federal Rule of Civil Procedure 24(b) governs permissive intervention and states that, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "However, the [District of Columbia] Circuit has 'eschewed strict readings of the phrase "claim or defense"' and embraced 'a flexible reading of Rule 24(b)' when the proposed third-party intervention does not fit the mold of a non-litigant seeking to stake a claim in an ongoing civil action." Vanda Pharms. v. Food & Drug Admin., 539 F. Supp. 3d 44, 50 (D.D.C. 2021) (quoting Equal Emp. Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Specifically, "[p]ursuant to [ ] Rule . . . 24(b) and the common-law right of access, third parties may intervene in cases for the 'limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'" League of Women Voters of the U.S. v. Newby, 963 F.3d 130, 132 (D.C. Cir. 2020) (quoting Nat'l Children's Ctr., 146 F.3d at 1046).

"Generally, permissive intervention requires the proposed intervenor to present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." In re Chodiev, No. 18-mc-13 (EGS/RMM), 2021 WL 1795423, at *2 (D.D.C. Mar. 23, 2021), adopted by In re Chodiev, No. 18-mc-13 (EGS), 2021 WL 6805642 (D.D.C. May 7, 2021). However, in several respects, "[w]here intervention is sought only for a collateral purpose like unsealing documents, the ordinary requirements for permissive intervention are relaxed." Vanda Pharms., 539 F. Supp. 3d at 50. First, "[a]n independent jurisdictional basis is [ ] unnecessary when the movant seeks

to intervene only for the limited purpose of obtaining access to documents covered by seal . . .

because the third party does not ask the court to rule on the merits of a claim or defense." Nat'l

Children's Ctr., 146 F.3d at 1047; see also id. (explaining that "[a] third party seek[ing] to

intervene for the limited purpose of obtaining access to documents protected by a confidentiality

order" need not establish an independent jurisdictional basis because such intervenor is merely

asking the court "to exercise a power that it already has, namely the power to modify a

previously entered confidentiality order").  Moreover, "'Rule 24(b)'s timeliness requirement,'

the purpose of which 'is to prevent prejudice in the adjudication of the rights of the existing

parties,' need not apply 'when the existing parties have settled their dispute and intervention is

for a collateral purpose.'" Vanda Pharms., 539 F.3d at 50 (quoting Nat'l Children's Ctr., 146

F.3d at 1047).  Indeed, there is "consensus among the courts of appeals that intervention to

challenge confidentiality orders may take place long after a case has been terminated." Nat'l

Children's Ctr., 146 F.3d at 1047 (citation omitted).  Finally, "'no particularly strong nexus of

fact or law need exist between' the underlying litigation and the case for which the intervenor is

seeking to access the sealed documents." Vanda Pharms., 539 F.3d at 50 (quoting Nat'l

Children's Ctr., 146 F.3d at 1048).  Accordingly, some courts "have gone so far as to hold that

the issue of the scope or need for the confidentiality order itself presents a common question that

links the movant's challenge with the main action." Nat'l Children's Ctr., 146 F.3d at 1048.

Here, the CIR meets the "relaxed" requirements for permissive intervention under

Rule 24(b). Vanda Pharms., 539 F. Supp. 3d at 50.  First, the CIR "seeks leave to intervene for

the purpose of unsealing judicial records[,]" CIR's Mem. at 1, rather than to "ask the [C]ourt to

rule on the merits of a claim or defense[,]" Nat'l Children's Ctr., 146 F.3d at 1047.  Thus, "[a]n

independent jurisdictional basis is [ ] unnecessary" because the CIR "seeks to intervene only for

the limited purpose of obtaining access to documents covered by seal[.]"  Id.  Second, no timeliness concern is present because "the original parties' dispute has already been resolved[,]" Vanda Pharms., 539 F. Supp. 3d at 51; see True the Vote I, 71 F. Supp. 3d at 235 (granting the defendant's motion to dismiss); Consent Order at 1–14 (Jan. 19, 2018), ECF No. 150 (resolving the claims reinstated by the District of Columbia Circuit), and "intervention is for a collateral purpose," Vanda Pharms., 539 F. Supp. 3d at 51 (quoting Nat'l Children's Ctr., 146 F.3d at 1407), i.e., to challenge the Court's confidentiality orders regarding certain records, see CIR's Mem. at 1 (challenging "the Court's orders allowing [certain] records to be sealed").  Thus, because the original parties' dispute has already been resolved, granting the CIR's request to intervene does not offend the purpose of Rule 24(b)'s timeliness requirement, which is "to prevent prejudice in the adjudication of the rights of the existing parties[.]"  Nat'l Children's Ctr., 146 F.3d at 1047 (internal quotation marks omitted).  Finally, "[a]lthough the propriety of publicly releasing previously sealed docket entries is the only common issue of law or fact that [the CIR] shares with the parties, that is sufficient to meet the commonality requirements for this limited intervention."  In re Chodiev, 2021 WL 1795423, at *3; see also Vanda Pharms., 539 F.3d at 50 (stating that "'no particularly strong nexus of fact or law need exist between' the underlying litigation and the case for which the intervenor is seeking to access the sealed documents" (quoting Nat'l Children's Ctr., 146 F.3d at 1048)).  Therefore, the Court concludes that the CIR may intervene in this case pursuant to Rule 24(b) for the limited purpose of requesting access to certain sealed documents.

**B.      The CIR's Request for the Documents to be Unsealed**

Having concluded that the CIR is permitted to intervene in this case for the limited

purpose of requesting the unsealing of certain records, the Court now turns to the specific

documents which the CIR seeks to unseal.  In its motion, the CIR invokes the common law right

of access to judicial proceedings, see CIR's Mem. at 10, to support its request to unseal the

following documents in their entirety: "(1) [the plaintiff's] Motion to Quash PILF's and Foley's

Attorney's Charging Lien and its related exhibits ([ECF Nos.] 200-1–200-7); (2) a response in

opposition to that motion filed by PILF, Foley, and the [CCJ] (together 'Former Attorneys')

([ECF No.] 201-1); and (3) [the plaintiff's] reply to the Former Attorneys' opposition ([ECF

No.] 200-8)[,]" id. at 4–5.[4]  In addition, the CIR requests the unsealing of "the parties' motions

for leave to file their respective documents under seal[.]"  Id. at 5.  The CIR argues that "the

sealed materials are undoubtedly 'judicial records' to which the common law right of access

attaches" and that "the[se] records should be disclosed under the common law because the

balancing of interests weighs in favor of disclosure."  Id. at 10.

"In 'the courts of this country'—including the federal courts—the common law bestows

upon the public a right of access to public records and documents[,]" Wash. Legal Found. v. U.S.

Sent'g Comm'n, 89 F.3d 897, 902 (D.C. Cir. 1996) (quoting Nixon v. Warner Commc'ns, Inc.,

435 U.S. 589, 597 (1978)), and "[t]he common-law right of public access to judicial records 'is a

fundamental element of the rule of law, important to maintaining the integrity and legitimacy of

an independent [j]udicial [b]ranch[,]'" In re Leopold to Unseal Certain Elec. Surveillance

Applications & Ords., 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting MetLife, Inc. v. Fin.

---

[4] The sealed versions of these documents are located on the docket at ECF Nos. 190, 196, and 199.  See Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 190; Former Attorneys' Response in Opposition to Plaintiff's Motion to Quash Attorney's Charging Lien at 1, ECF No. 196; Reply in Support of Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 199.

Stability Oversight Council, 865 F.3d 661, 663 (D.C. Cir. 2017)).  "[W]hether a document must be disclosed pursuant to the common law right of access involves a two-step inquiry."  Wash. Legal Found., 89 F.3d at 902.  "First, the court must determine whether the document sought is a judicial record."  In re Fort Totten Metrorail Cases, 960 F. Supp. 2d 2, 6 (D.D.C. 2013) (Walton, J.).  "If a document qualifies as a judicial record, the [C]ourt proceeds to the second inquiry: balancing the public's right of access against the interests favoring nondisclosure."  Id.

### 1.  Judicial Records

In this Circuit, "not all documents filed with courts are judicial records[,]" Sec. and Exch. Comm'n v. Am. Int'l Grp., 712 F.3d 1, 3 (D.C. Cir. 2013), and "whether something is a judicial record depends on 'the role it plays in the adjudicatory process[,]'" id. (quoting United States v. El-Sayegh, 131 F.3d 158, 163 (D.C. Cir. 1997)).  Documents filed in court that are "intended to influence the court" qualify as judicial records.  In re Leopold, 964 F.3d at 1128; see, e.g., id. (concluding that court orders issued pursuant to § 2703(d) of the Stored Communications Act and "applications for such orders and their supporting documentation" were judicial records); League of Women Voters, 963 F.3d at 136 ("[E]very part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'"); MetLife, 865 F.3d at 668 (holding that appellate briefs and appendices are judicial records because they are "intended to influence" the court and the court "ma[kes] decisions about them").

Here, the Court concludes that the sealed documents the CIR requests that the Court unseal—i.e., (1) the plaintiff's motion to quash the Former Attorneys' charging lien and its related exhibits, (2) the Former Attorneys' opposition to the plaintiff's motion, (3) the plaintiff's reply in support of its motion, and (4) the parties' motions for leave to file these respective documents under seal—qualify as "judicial records" to which the common law right of access applies.  The parties' motions for leave to file the documents under seal were "intended to

influence the court[,]" In re Leopold, 964 F.3d at 1128, in making its determination of whether to permit the records to be filed under seal, and the briefing on the plaintiff's motion to quash was likewise "intended to influence the court[,]" id., in making its decision regarding whether to grant or deny the plaintiff's motion to quash.  Therefore, all of the documents that the CIR is requesting be unsealed qualify as judicial records.  See In Re Los Angeles Times Commc'ns LLC, 28 F.4th 292, 296 (D.C. Cir. 2022) (stating that the District of Columbia Circuit has characterized "judicial records" as "documents intended to influence a judge's decisionmaking" (internal quotation marks omitted)).

## 2.  The **Hubbard** Factors

Because the documents at issue qualify as judicial records, the Court must balance the public's right of access against the interests favoring nondisclosure.  See In re Fort Totten Metrorail Cases, 960 F. Supp. 2d at 6.  In federal courts, "there is a 'strong presumption in favor of public access to judicial proceedings'" and the records related to such proceedings.  MetLife, 865 F.3d at 665 (quoting United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1980)).  However, "[t]he right of public access . . . is not absolute[.]"  Id. at 663.  Rather, in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), the District of Columbia Circuit adopted a "six-factor test to balance" the litigants' interests in sealing documents against the presumption of public access, MetLife, 865 F.3d at 665.  Under this test,

> when a court is presented with a motion to seal or unseal, it should weigh: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

Id. (quoting Equal Emp. Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)); see also Hubbard, 650 F.2d at 317–22.  "After considering these six 'Hubbard factors,' a court may only place or keep judicial records under seal if it 'concludes that justice so requires.'"  Vanda Pharms., 539 F. Supp. 3d at 52 (quoting MetLife, 865 F.3d at 666). The Court will thus address each Hubbard factor in turn.[5]

### a.    The Need for Public Access to the Documents at Issue

The first Hubbard factor assesses "the need for public access to the documents at issue[.]" MetLife, 865 F.3d at 665 (internal quotation marks omitted).  The CIR argues that this factor "weighs heavily in favor of unsealing the documents" because "the IRS and its agents are parties to the underlying litigation" and "the sealed records at issue pertain to whether or not [the plaintiff's] former attorneys are entitled to a portion of any fee award in the case."  CIR's Mot. at 11.  Furthermore, the CIR argues that the need for public access is strengthened here because "[a]ny such fee in this case will be paid by the IRS, which is funded by taxpayers and involves the public fisc[,]" and "the dispute between [the plaintiff] and its Former Attorneys implicates the funding of public interest groups like [the] PILF, which is a 501(c)(3) public interest law firm."  Id.

"[T]here is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision.'"  Nat'l Children's Ctr., 98 F.3d at 1409 (omission and second alteration in original) (quoting Hubbard, 650 F.2d at 318). Additionally, "the presumption of transparency is 'accentuated in cases' like this one 'where the

---

[5] Because the Court did not articulate its reasons for electing to seal the records when it granted the parties' motions to seal, see Minute ("Min.") Order (Oct. 23, 2020); Min. Order (Nov. 17, 2020); Min. Order (Dec. 8, 2020), as required by the District of Columbia Circuit, see Nat'l Children's Ctr., 98 F.3d at 1410 (stating that "it is imperative that a district court articulate its reasons for electing to seal or not to seal a record"), the Court now provides a full analysis of the Hubbard factors in this Memorandum Opinion and ultimately concludes that unsealing of the records is warranted.

government is a party[,]'" because "public attention can act as a strong corrective to government abuses of power." In re Press Application for Access to Jud. Recs. In Case No. 23-SC-31, No. 23-mc-84 (JEB), 2023 WL 8254630, at *4 (D.D.C. Nov. 29, 2023) (quoting United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020)); see also Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation." (quoting Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014)); Friedman v. Sebelius, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) ("[I]n cases where the government is a party[,] . . . [t]he appropriateness of making court files accessible is enhanced." (omission and third alteration in original) (quoting Nat'l Children's Ctr., 98 F.3d at 1409)).  Furthermore, "[t]he need for public access is strengthened when the records pertain to financial arrangements involving the public fisc." DRC, Inc. v. Republic of Honduras, No. 10-cv-03 (PLF/AK), 2011 WL 13257869, at *4 (D.D.C. Aug. 22, 2011).

When weighing the first Hubbard factor, "[c]ourts must focus on the public value of the withheld information, not the public's interest in the overarching subject matter to which that information may relate." In re Chodiev, 2021 WL 1795423, at *4.  Thus, "the proper inquiry is whether the public needs to access the remaining information redacted . . . , not whether the public needs to access the [documents] as a whole[.]" Cable News Network, Inc. v. Fed. Bureau of Investigation, 984 F.3d 114, 119 (D.C. Cir. 2021).  Additionally, "[i]t is not the . . . burden [of the party seeking unsealing] to proffer a need for public access[.]" Vanda Pharms., 539 F. Supp. 3d at 52 (first alteration in original) (citation omitted).  Rather, the burden is on the party seeking to restrict disclosure "to demonstrate the absence of a need for public access because the law

presumes that the public is entitled to access the contents of judicial proceedings." Id. (internal quotation marks omitted).

Here, as discussed in greater detail below, see infra Section II.B.2.c, neither the parties nor the Former Attorneys filed an opposition to the CIR's motion and, thus, no opponent to disclosure has sought to satisfy the burden of demonstrating the absence of a need for public access to the redacted information.  See All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 82 ("'[B]ecause the law presumes that the public is entitled to access the contents of judicial proceedings,' it is the party arguing against disclosure that has the burden to 'demonstrate the absence of a need for public access.'" (quoting United States v. ISS Marine Servs., Inc., 905 F. Supp. 2d 121, 140–41 (D.D.C. 2012))).  Additionally, the information that remains under seal involves the terms of the representation agreements between the plaintiff and its current and former attorneys.  See Notice of Compliance with Court Order at 1, ECF No. 200; Notice of Compliance with Court Order at 1, ECF No. 201.  The public has "an especially strong interest in reviewing" the terms of these agreements, Vanda Pharms., 539 F. Supp. 3d at 52, because they are "specifically referred to in the [Court's] public decision," id. (internal quotation marks omitted), issued on August 15, 2023, in which the Court denied the plaintiff's motion to quash the Former Attorneys' charging lien, see Order at 2–7 (Aug. 15, 2023), ECF No. 245.

Moreover, the IRS is a defendant in this suit, "which, in itself weighs in favor of disclosure[,]" All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 82, because "[t]he presumption of transparency is particularly strong in cases where . . . a government agency is a party[,]" Fed. Trade Comm'n v. Match Grp., Inc., No. 22-mc-54 (RJL/GMH), 2023 WL 3181351, at *10 (D.D.C. May 1, 2023) (internal citation and internal quotation marks omitted).  Relatedly, the remaining redacted information in the briefing on the plaintiff's motion

to quash the Former Attorneys' charging lien pertains to the issue of whether the plaintiff's Former Attorneys are entitled to a portion of the fee award in this case, which the defendants— including the IRS—were responsible for satisfying.  See Order at 6 (Aug. 15, 2023), ECF No. 245.  The funds are being held by the Clerk of the Court pending the Court's resolution of the attorneys' charging lien disputes in this case.  See id.; Deposit of Funds (Mar. 26, 2024).  Thus, because the fee award was paid by the IRS, which as the CIR highlights "is funded by taxpayers and involves the public fisc[,]" CIR's Mem. at 11, the "need for public access [to the sealed information] is strengthened[,]" DRC, 2011 WL 13257869, at *4.  Cf. King & Spalding, LLP v. U.S. Dep't of Health and Hum. Servs., No. 16-cv-1616 (APM), 2020 WL 1695081, at *2 (D.D.C. Apr. 7, 2020) (concluding that "[t]he first factor weigh[ed] heavily in favor of not sealing" records involving "King & Spalding's billing rates, staffing strategies, and detailed billing entries" because "there is something untoward about [the law firm] asking to conceal their hourly rates and the work done from public view, while demanding hundreds of thousands of dollars from the public treasury as compensation").

Therefore, the Court concludes that this first factor weighs heavily in favor of disclosure.

### b.      The Extent of Previous Public Access

The second Hubbard factor is "the extent of previous public access to the documents[.]" MetLife, 865 F.3d at 665 (internal quotation marks omitted).  The CIR contends that "this factor weighs in favor of disclosure" because "[t]he documents at issue have been filed in redacted form, and therefore are largely already in the public domain."  CIR's Mem. at 12.  The CIR also argues that "[t]he unredacted portions of the records make it clear that the redacted portions deal with various agreements between [the plaintiff], the Former Attorneys, and [the plaintiff's] current attorneys, that govern the allocation of recovered attorney fees, costs, and expenses[,]"

and "[t]hus, the contours of those agreements are largely already described in the parties' unredacted filings." Id.

"The fact that a document has been previously accessible to the public 'weigh[s] in favor of subsequent access.'" All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 82 (quoting Hubbard, 650 F.2d at 318). By contrast, "the second Hubbard factor is neutral where there has been no previous access." Vanda Pharms., 539 F. Supp. 3d at 54 (quoting Grynberg v. BP P.L.C., 205 F. Supp. 3d 1, 3 (D.D.C. 2016)); see also Hyatt, 251 F. Supp. 3d at 185 (concluding that the second Hubbard factor "d[id] not weigh in favor of disclosure" because "there was no [ ] prior access" to the documents at issue). "[T]he rationale behind treating prior access as favoring unsealing" is "that it is less harmful to release a document that was once public than to release one that has never been made publicly accessible." Friedman, 672 F. Supp. 2d at 59. In assessing this factor, courts "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." Cable News Network, 984 F.3d at 119. Additionally, "[a]lthough some cases denominate this factor as 'the extent of previous public access to the documents,' later cases make clear that the focus is on previous public access to the sealed information." Match Grp., 2023 WL 3181351, at *13 (quoting Nat'l Children's Ctr., 98 F.3d at 1409); see also Cable News Network, 984 F.3d at 119 ("[T]he appropriate question is whether the public has previously accessed the remaining information redacted from the [documents], not whether the [party opposing disclosure] has previously disclosed other information from th[ose] same document[s].").

Here, although redacted versions of the fully sealed documents are available on the public docket in this case, see generally Notice of Compliance with Court Order, ECF No. 200; Notice

of Compliance with Court Order, ECF No. 201, there is no indication that the remaining redacted information in those documents has been previously accessible to the public.  Therefore, the Court concludes that "the extent of previous public access neither weighs in favor nor weighs against sealing" in this case.  Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc., 121 F. Supp. 3d 21, 24 (D.D.C. 2013).

       c.      **The Parties' Objections**

The third Hubbard factor considers whether "someone has objected to disclosure, and the identity of that person[.]"  MetLife, 865 F.3d at 665 (internal quotation marks omitted).  The CIR argues that although "the relevant parties, [the plaintiff] and the Former Attorneys, presumably object to the unsealing of the[] records because they initially moved to file them under seal[,]" they "have already un-sealed portions of the records in subsequently filed redacted versions after being ordered to do so by the Court—suggesting that they may not object to additional unsealing of these records."  CIR's Mem. at 13.  Additionally, the CIR asserts that "the fact that, unlike in Hubbard, the records do not implicate a third party's property and privacy rights" further "weigh[s] in favor of disclosure[.]"  Id.

"The objection to disclosure made by a party to an action generally is deemed to weigh in favor of denial of public access."  United States v. Thomas, 840 F. Supp. 2d 1, 4 (D.D.C. 2011).  Additionally, this factor "provides broader protection from disclosure 'where a third party's property and privacy rights are at issue [and] the need for minimizing intrusion is especially great[.]'"  United States v. Jackson, No. 21-mj-115 (BAH), 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021) (quoting Hubbard, 650 F.2d at 319).  However, the objection of a party to an action "do[es] not have the same strength as a third-party objection."  Hyatt, 251 F. Supp. 3d at 185; see also Michaels v. NCO Fins. Sys. Inc., No. 16-cv-1339 (ACR/ZMF), 2023 WL 4857413,

at *4 (D.D.C. July 31, 2023) ("'[L]itigants to [a] proceeding have a lesser claim to privacy than third parties' when they object in that proceeding." (quoting <u>Hyatt</u>, 251 F. Supp. 3d at 185)).

Here, the CIR's motion notes that it is "opposed by [the plaintiff] and [d]efendants Steven T. Miller, Douglas H. Shulman, Lois Lerner, William Wilkins, Holly Paz, Cindy M. Thomas, Steven Grodnitzky, David Fish, and Michael Seto."  CIR's Mot. at 1.  However, as to the Former Attorneys, the CIR indicates that the PILF "take[s] no position regarding the motion[,]" <u>id.</u>, and it has received no response from Foley and the CCJ, <u>see id.</u>  Moreover, no party filed an opposition to the CIR's motion.  <u>See</u> CIR's Notice of Conceded Mot. ¶ 3.  And, when provided with an additional opportunity to do so by the Court during the July 5, 2023 hearing, <u>see</u> Tr. at 23:19 (indicating that the Court "would entertain any briefing" in opposition to the request to unseal the documents), the parties and the Former Attorneys declined, <u>see id.</u> at 24:3–7 (representation by the government that it is "not participating in any of th[e] motions nor in the motions to seal"); <u>id.</u> at 24:10–18 (representation by the plaintiff that "some of the exhibits contain [confidential,] attorney-client agreements" but that the plaintiff "d[oes not] have any additional input" and does not desire to file an opposition in reference to the issue); <u>id.</u> at 24:19–20 (representation from the PILF that it "[does not] intend to file anything").

Although the objections made by the plaintiff and some of the defendants weigh against disclosure, the strength of such objections is weakened by the fact that no party to this case filed an opposition brief setting forth their specific arguments against the CIR's request to unseal the documents at issue.  <u>See</u> <u>Hubbard</u>, 650 F.2d at 319 ("The strength with which a party asserts its interests is a significant indication of the importance of those rights to that party.").  Furthermore, "the potency of this factor is diluted [in this case] by the absence of any <u>third-party</u> objection to the disclosure[,]" <u>Lee as Next Friends of M.L. v. Seed Pub. Charter Sch. of</u>

Washington, D.C., No. 18-cv-2786 (CKK), 2021 WL 4819897, at *4 (D.D.C. Oct. 15, 2021), as

the Former Attorneys—who, along with the plaintiffs, maintain the privacy interests protected by

the sealed documents—declined to file an opposition to the CIR's motion to unseal, see Tr.

at 24:14–20 (indicating that the PILF "does[ not] intend to file anything" in response to the

Court's inquiry regarding whether the plaintiff or the Former Attorneys desired "to file

something in reference to the issue as to why [the documents] should remain under seal").

Therefore, the Court concludes that this factor weighs only slightly against disclosure.

### d.       The Strength of Any Property and Privacy Interests

The fourth Hubbard factor is "the strength of any property and privacy interests

asserted[.]"  MetLife, 865 F.3d at 665 (internal quotation marks omitted).  The CIR argues that

this factor favors unsealing because "[t]he documents [at issue here] do not implicate th[e kinds

of] particularized privacy or property interests" recognized in Hubbard.  CIR's Mem. at 13.

"[U]nder this factor, the party seeking to avoid disclosure must identify specific privacy

interests in the documents at issue."  Guttenberg v. Emery, 26 F. Supp. 3d 88, 94 (D.D.C. 2014).

In Hubbard, the District of Columbia Circuit "illustrated situations where the unsealing of

documents would implicate cognizable interests because they contained material protected by

attorney-client privilege, discussed tax returns, or included information about an individual's sex

life, or other intimate details."  All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 83

(citing Hubbard, 650 F.2d at 323–24).  "Valid privacy and property interests are not limited to

personal details, but may also include confidential business information that should be kept

private for competitive business reasons."  Id.  However, "[a]lthough confidentiality agreements

between private parties may weigh against disclosure, they do not dictate whether documents can

be filed under seal."  Grynberg, 205 F. Supp. 3d at 3; see also In re Chodiev, 2021 WL 1795423,

at *6 ("The fact that the [document] includes an explicit non-disclosure clause is relevant to, but not dispositive of, the analysis of this factor.").

Here, the privacy interest identified by the plaintiff and the Former Attorneys is the confidentiality of the representation agreements.  See Notice of Compliance with Court Order at 1, ECF No. 200 ("The various agreements at issue in Former Attorneys' Charging Lien contain confidentiality provisions or are otherwise governed by the attorneys' professional duty to maintain client confidentiality."); Plaintiff's Motion for Leave to File Documents Under Seal at 1, ECF No. 189 (requesting to file the plaintiff's motion to quash under seal because "[t]he Governing Agreement contains a specific contractual agreement that the parties will not divulge the terms of the agreement to any party that does not have a legal interest in the agreement" and "[t]he PILF, Foley, and BLF agreements all contain confidential business information that should be protected as well"); Former Attorneys' Motion for Leave to File Sealed Response to Plaintiff's Sealed Motion to Quash at 1, ECF No. 194 (requesting to file the Former Attorneys' opposition to the motion to quash under seal because it "contains references to the terms of confidential agreements that are presently filed under seal").  Based on the stated reasons for the confidentiality of the agreements at issue, the Court concludes that the privacy interests at stake weigh against disclosure, but "do[] not compel this Court to seal th[e] document[s]," Lee as Next of Friends of M.L., 2021 WL 4819897, at *4, because of the strong need for public access to the documents in this case.  See id. ("[T]he D.C. Circuit and multiple courts in this district have reasoned that [ ] confidentiality provisions are but one, non-dispositive factor weighing against disclosure, which may well be overcome by the public interest in judicial transparency."); In re Fort Totten Metrorail Cases, 960 F. Supp. 2d at 11 (ordering disclosure of settlement documents even though confidentiality provision weighed against it).

### e.      The Possibility of Prejudice

The fifth <u>Hubbard</u> factor considers "the possibility of prejudice to those opposing disclosure[.]"  <u>MetLife</u>, 865 F.3d at 665 (internal quotation marks omitted).  The CIR asserts that "the parties have not identified how disclosing the records would prejudice them in future litigation, so this factor weighs in favor of disclosure."  CIR's Mem. at 14.

"The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'"  <u>United States ex rel. Durham v. Prospect Waterproofing, Inc.</u>, 818 F. Supp. 2d 64, 68 (D.D.C. 2011) (quoting <u>Friedman</u>, 672 F. Supp. 2d 60).  "For this factor to weigh in favor of continued sealing, the party opposing disclosure 'must have identified how the . . . disclosure' of the relevant materials 'causes . . . legal prejudice.'"  <u>All Assets Held at Bank Julius Baer & Co.</u>, 520 F. Supp. 3d at 85 (quoting <u>Zapp v. Zhenli Ye Gon</u>, 746 F. Supp. 2d 145, 150 (D.D.C. 2010)).  Here, neither the parties nor the Former Attorneys have submitted any argument regarding how the disclosure of the records would prejudice them in future litigation.  Therefore, to the extent the parties or the Former Attorneys do in fact continue to oppose the unsealing of the documents despite not filing an opposition, they have not met their burden under this factor, <u>see</u> <u>All Assets Held at Bank Julius Baer & Co.</u>, 520 F. Supp. 3d at 85 ("In case after case in this Circuit, courts have found that an individual who fails to identify and support a claim of litigation prejudice . . . does not meet the burden under th[e] [fifth <u>Hubbard</u>] factor."), and this factor therefore does not weigh in favor of continued sealing.

### f.      The Purposes for Which the Documents Were Introduced

The sixth and final <u>Hubbard</u> factor concerns "the purposes for which the documents were introduced during the judicial proceedings."  <u>MetLife</u>, 865 F.3d at 665 (internal quotation marks

omitted).  The CIR contends that this factor "also weighs in favor of disclosure because the purpose for which the documents were introduced was to shed light on the agreements between [the plaintiff], its current attorneys, and its Former Attorneys which implicate the allocation of any awarded attorneys' fees."  CIR's Mem. at 14.

"The Sixth <u>Hubbard</u> factor favors disclosure where the parties explicitly intended [for] the Court to rely on [the sealed] materials in adjudicating their dispute."  <u>Vanda Pharms.</u>, 539 F. Supp. 3d at 57 (second alteration in original) (internal quotation marks omitted); <u>see also</u> <u>All Assets Held at Bank Julius Baer & Co.</u>, 520 F. Supp. 3d at 85 ("Generally, there is a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them.").  "When a sealed document is considered as part of judicial decisionmaking, the sixth factor will oftentimes carry great weight."  <u>Cable News Network</u>, 984 F.3d at 120.  By contrast, "when the sixth factor highlights the fact that a sealed document did[ not] affect a judicial decision, it can be the most important element cutting against disclosure."  <u>Id.</u> (internal quotation marks omitted).

Here, the information the CIR seeks to unseal is contained in the briefing on the plaintiff's motion to quash the Former Attorneys' charging lien and the underlying motions requesting leave of the Court to file this briefing under seal.  Because the plaintiff intended for the Court to rely on this briefing and the accompanying attachments in resolving its motion to quash the Former Attorneys' charging lien, and the documents were heavily relied on by the Court in resolving the motion, <u>see</u> Order at 2–7 (Aug. 15, 2023), ECF No. 245, this factor weighs in favor of disclosure, <u>see</u> <u>ICC Evaluation Serv., LLC, v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.</u>, No. 16-cv-54 (EGS/ZMF), 2022 WL 2785985, at *7 (D.D.C. July 15, 2022) ("[R]edactions are disfavored where '[t]he information [a party] seek[s] to shield from the public is critical to

the analysis in the [court's] opinion.'" (quoting <u>Doe v. Exxon Mobile Corp.</u>, 570 F. Supp. 2d 49, 53 (D.D.C. 2008)); <u>cf.</u> <u>Hyatt</u>, 251 F. Supp. 3d at 186 (concluding that the Sixth <u>Hubbard</u> factor "weigh[ed] in favor of disclosure" where "[t]he documents in question [ ] include[d, <u>inter alia</u>,] . . . the motions of the parties . . . [that were] presented to the Court in support of their motions for summary judgment").

> ### g.      Overview of the <u>Hubbard</u> Factors

In sum, the first factor weighs heavily in favor of disclosure and the sixth factor also supports disclosure; the third and fourth factors weigh slightly in favor of non-disclosure; and the second and fifth factors are neutral.  Although only two of the six <u>Hubbard</u> factors definitively support unsealing the documents in their entirety, the strength of the need for public access to the information and the purpose for which the information was introduced in this judicial proceeding outweigh the remaining factors.  <u>See</u> <u>In re Fort Totten Metrorail Cases</u>, 960 F. Supp. 2d at 11 (stating that "a strong showing on one <u>Hubbard</u> factor can outweigh several other factors").  Consequently, on balance, the Court concludes that the <u>Hubbard</u> factors favor unsealing the documents at issue in their entirety.

## III.      CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the intervenor's motion to intervene and access court records.

**SO ORDERED** this 31st day of May, 2024.[6]

REGGIE B. WALTON
United States District Judge

---

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.