**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRUE THE VOTE, INC., Plaintiff, v. INTERNAL REVENUE SERVICE, et al., Defendants. | ) | Civil Action No. 13-734 (RBW) |

# ORDER

On May 5, 2017, the plaintiff's former attorneys—Public Interest Legal Foundation ("PILF"), f/k/a Act Right Legal Foundation, Foley and Lardner LLP ("Foley"), and the Center for Constitutional Jurisprudence ("CCJ") (collectively, the "Former Attorneys")—filed a notice of attorney's charging lien "based upon legal services performed and expenses and costs incurred in connection with the representation of [the] plaintiff . . . in this action." Notice of Attorney's Charging Lien at 1, ECF No. 142. Subsequently, on October 23, 2020, the plaintiff filed a motion to quash the Former Attorneys' charging lien. See Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 190. Additionally, on June 16, 2023, the plaintiff's current attorney, the Bopp Law Firm, PC (the "BLF"), filed a motion for an order enforcing their attorney's charging lien. See Motion for Enforcement of Attorney's Charging Lien at 1, ECF No. 229.

On August 15, 2023, the Court issued an Order which concluded that the Former Attorneys have a valid charging lien on the attorneys' fees judgment awarded in this case and, thus, denied the plaintiff's motion to quash. See Order at 1–2 (Aug. 15, 2023), ECF No. 245.

Additionally, the Court ordered the Former Attorneys and the BLF to file supplemental briefing addressing the following three issues:

> (1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens; (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case.

Id. at 7. The Court's August 15, 2023 Order did not resolve the BLF's motion for an order enforcing their attorney's charging lien.

On September 11, 2023, the Former Attorneys and the BLF each filed a supplemental brief in accordance with the Court's August 15, 2023 Order. See The Former At[t]orneys' Supplemental Brief Responding to the Court's August 15, 2023 Order at 1, ECF No. 246; Supplemental Brief Non-Party Petitioner The Bopp Law Firm, PC at 1, ECF No. 247. Subsequently, on September 25, 2023, the Former Attorneys filed a motion for leave to file a response to the BLF's September 11, 2023 supplemental brief, see Opposed Motion for Leave to File Response Brief at 1, ECF No. 249, which the BLF opposed, see Response of Non-Party Petitioner The Bopp Law Firm, PC to Former Attorney's Motion for Leave to File Response Brief at 1, ECF No. 250. Additionally, on October 9, 2023, the BLF filed a motion for leave to file a reply to the response proffered by the Former Attorneys. See Motion for Leave to File Reply in Response to Former Attorneys' Response to Petitioner The Bopp Law Firm PC's Supplemental Brief at 1, ECF No. 251.

On March 27, 2024, the Former Attorneys filed a motion "for the distribution of the fees awarded by this Court on August 15, 2023." Former Attorneys' Motion for Distribution of Funds at 1, ECF No. 260. Then, on April 8, 2024, the BLF filed its own motion for the distribution of funds "in order to satisfy [its] [ ] charging lien against [the plaintiff]." The Bopp

Law Firm, PC's Motion for Distribution of Funds at 1, ECF No. 262. Finally, on April 8, 2024, the BLF filed a motion requesting that "this Court [ ] schedule a hearing on all pending motions and legal issues remaining before the Court[.]" The Bopp Law Firm, PC's Motion to Set Hearing on Pending Motions at 2, ECF No. 263.

The Court will grant the BLF's motion for a hearing to begin the process of resolving the pending motions and legal issues in this case. At this motion hearing, the parties, the Former Attorneys, and the BLF shall be prepared to address (1) the BLF's Motion for Enforcement of Attorney's Charging Lien, ECF No. 229, and (2) the priority of the distribution of funds in the event that the Court concludes the BLF has a valid charging lien and there are thus competing charging liens.

To assist the Court's consideration of the BLF's Motion for Enforcement of Attorney's Charging Lien, ECF No. 229, the Court will grant the Former Attorneys' motion for leave to file a response to the BLF's September 11, 2023 supplemental brief and the BLF's motion for leave to file a reply to the response proffered by the Former Attorneys. Additionally, because the Court has not yet determined whether the BLF has a valid charging lien and, if so, which of the competing charging liens has priority, the Court will deny without prejudice as premature the Former Attorneys and the BLF's motions for distribution of funds.

Accordingly, it is hereby

**ORDERED** that The Bopp Law Firm, PC's Motion to Set Hearing on Pending Motions, ECF No. 263, is **GRANTED**. It is further

**ORDERED** that, on August 23, 2024, at 9:00 a.m., the parties shall appear before the Court for a motion hearing on (1) the BLF's Motion for Enforcement of Attorney's Charging Lien, ECF No. 229, and (2) the priority of the distribution of funds in the event that the Court

concludes the BLF has a valid charging lien and there are thus competing charging liens. The parties shall appear before the Court, via teleconference, by calling 1-877-873-8017 and entering the Court's access code (8583213) followed by the pound key (#). It is further

**ORDERED** that the Former Attorneys' Opposed Motion for Leave to File Response Brief, ECF No. 249, is **GRANTED**. It is further

**ORDERED** that the BLF's Motion for Leave to File Reply in Response to Former Attorneys' Response to Petitioner The Bopp Law Firm PC's Supplemental Brief, ECF No. 251, is **GRANTED**. It is further

**ORDERED** that The Bopp Law Firm, PC's Motion for Distribution of Funds, ECF No. 262, is **DENIED WITHOUT PREJUDICE** as premature. It is further

**ORDERED** that the Former Attorneys' Motion for Distribution of Funds, ECF No. 260, is **DENIED WITHOUT PREJUDICE** as premature.

**SO ORDERED** this 26th day of July, 2024.

REGGIE B. WALTON
United States District Judge