**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TRUE THE VOTE, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.: 13-734 (RBW)** |
| **INTERNAL REVENUE SERVICE, *et al.*,** | ) | |
| **Defendants.** | ) | |

**THE FORMER ATTORNEYS' RESPONSE TO**
**THE BOPP LAW FIRM'S SUPPLEMENTAL BRIEF**

The Public Interest Legal Foundation ("PILF") and the law firm of Foley & Lardner LLP ("Foley") (collectively, the "Former Attorneys") respectfully state as follows in response to the Supplemental Brief (Dkt. #247) filed by the Bopp Law Firm, P.C. ("BLF").

## I. PRELIMINARY STATEMENT

Rather than address the questions presented by the Court's August 15, 2023 Order (Dkt. #245)—all three of which were directed to the fee award that the Court actually made[1]—BLF's Supplemental Brief seizes upon the Order as an opportunity to try to relitigate issues that have already been decided. Also, BLF is currently in litigation elsewhere against its former client, Plaintiff True the Vote, Inc. ("TTV"), seeking recovery of the attorneys' fees that BLF seeks to

[1] The Court's August 15, 2023 Order afforded BLF and the Former Attorneys the opportunity to address "(1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens; (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case." (Dkt. #245 at 7.)

have this Court award BLF. Importantly, BLF's Supplemental Brief reflects the position and interests of BLF, which are not necessarily the same as those of its former client, TTV.

On behalf of its former client, BLF previously argued to this Court—successfully—that TTV was entitled to a fee award of $788,539.30. The underlying billing records demonstrate that $638,520.32 was attributable to the Former Attorneys and the remaining $150,018.98 was attributable to BLF.[2] BLF's Supplemental Brief, however, claims that the Bopp Law Firm is entitled to $505,003.38. In other words, BLF seeks to have legal fees that the Court awarded for work performed by the Former Attorneys reallocated and instead used for the payment of legal fees that the Court expressly denied and has never previously awarded. Besides being contrary to the law of the case, the result advocated by BLF is inequitable and unjust.

## II. ARGUMENT

### A. The Court's Fee Award Pursuant to the Equal Access to Justice Act Is Based Upon Specific Work Performed, Mostly by the Former Attorneys.

The Fee Award at issue is based upon specific hours expended by attorneys, most of which are attributed to the Former Attorneys. The Fee Award is correlated with billing entries that were (1) substantiated by the specific law firm, (2) scrutinized by Defendants, and (3) approved by this Court. As officers of the Court, BLF attorneys signed the request for fees, which spelled out the requested fees by firm. (*See* Dkt. #151-8 at 28.) BLF is estopped from now claiming those fees as its own. "This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citations and quotations omitted). "Where a party assumes a certain position in a legal proceeding, and succeeds in

[2] *See* Former Attorneys' Supplemental Brief, Dkt. #246.

maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id*. (citations and quotations omitted).

As the Former Attorneys demonstrated in their Supplemental Brief (Dkt. #246), the Former Attorneys' portion of the $788,539.30 Fee Award to Plaintiff is $638,520.32, or nearly 81 percent of the total award. The remainder, $150,018.98, is attributable to BLF. Yet, astonishingly, BLF now claims that it is entitled to $505,003.38. (Dkt. #247 at 4.)

BLF's Supplemental Brief asks this Court to take $354,984.40 away from the lawyers that actually performed the work. According to BLF, such an action is "a matter of fundamental fairness." (Dkt. #247 at 4.) In its eyes, "[t]he fee award that is at issue here is largely a result of the work of BLF attorneys." (Dkt. #247 at 5.) This assertion is demonstrably incorrect. The billing records have been filed with and are available to this Court. (*See* Dkt. ## 151-9, 151-10, 151-11.) These billing records demonstrate conclusively that the Former Attorneys represented TTV at the beginning of the case, through responses to motions to dismiss, during the successful appeal, and briefing in response to the Government's Motion for Summary Judgment.

### B. The Bopp Law Firm Again Seeks to Recover its Own Attorneys' Fees that the Court Previously Excluded Under the Equal Access to Justice Act.

Based on careful consideration spanning the course of several years, this Court awarded fees pursuant to the Equal Access to Justice Act. The Court specifically declined to find that certain fees, including those set forth in the Bopp Law Firm's third and fourth motions for fees, are compensable. Specifically, "the Court does not find it appropriate to compensate the plaintiff for the hours set forth in the third and fourth motions for fees. Such an award 'would effectively be a "fees-on-fees-on-fees" award…." (Dkt. #184 at 28.) The Court's ruling and its rationale could not be more clear.

BLF, however, wants a "do-over." Its Supplemental Brief seeks compensation for fees that have been expressly rejected by this Court already. *Compare* The Bopp Law Firm, PC Billing Records Third Supplemental Application for Fees Under the EAJA, Exhibit 1 (Dkt. #180-2) *with* TTV Bopp Invoice 2023-0208, Exhibit 21 (Dkt. #248-21). *Compare* Exhibit A to Fourth Bopp Decl. (Dkt. # 188-2) *with* TTV Bopp Invoice 2023-0208, Exhibit 21 (Dkt. #248-21).

The shenanigans get worse. A review of the record reveals examples of where BLF previously adjusted some entries (perhaps in an act of billing judgment) yet has now reinstated the full charge in the invoices for which it now seeks payment from the Equal Access to Justice Act Fee Award. These shell games can be found in the billing statements attached to BLF's rejected third and fourth motions for fees. The following is an example.

**Fourth Request for Fees:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8/30/2019 | Melena Siebert | 3.8 | 0.0 | $ 372.00 | $ 1,413.60 | $ - | Format billing records for third supplemental application |

(Dkt. # 188-2 at 6.)

**Invoice for which Bopp Law Firm Seeks EAJA Fee Award:**

| | | | | |
|---|---|---|---|---|
| 8/30/2019 | MS | Format billing records for third supplemental application | 3.80<br>300.00/hr | 1,140.00 |

(Dkt. # 248-21 at 40.) What happened between the fourth motion for fees and the filing earlier this month to make the full amount of the invoice recoverable? Why should the Court now order full payment of invoices for which the Court previously declined to order even partial payment?



4877-2963-1618.3

### C. BLF Asserts a Charging Lien Based Upon Questionable Invoices That Have Not Been Subjected to Any Scrutiny by the Litigants or the Court.

Further, the amount sought by BLF is based upon invoices it prepared that have never been subjected to any scrutiny, much less scrutiny by this Court or the litigants. Unlike the Former Attorneys whose billing records constitute the majority of the Fee Award, BLF has not justified its hours as reasonable. Nor has BLF justified its hourly rate for the compensation that it now seeks. All BLF has done is file with the Court the invoices it claims to have sent to Plaintiff. Notably, the largest invoice purports to have been created on February 8, 2023, notwithstanding the fact that it includes time entries for work starting in May 2019. (*See* Dkt. # 248-21.)

Moreover, BLF's Supplemental Brief is not merely a second bite at the apple but in fact a third. On June 2, 2023, in a case currently pending in the Southern District of Indiana—*The Bopp Law Firm, PC v. True the Vote, Inc.*, 23-cv-00120 (S.D. Ind.)—BLF filed its Verified Amended Complaint for Compensatory Damages and Relief in Quantum Meruit alleging that "BLF suffered damage totaling $505,003.38 as a direct result of TTV's breach." (Dkt. #19 at ¶ 430.) On August 31, 2023, TTV filed its First Amended Answer, Counterclaim, and Affirmative Defenses, which asserts in part:

> 457. Unreasonable and excessive fees. TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances. TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal services.
>
> …
>
> 478. In 2017, BLF ***knowingly misrepresented*** to TTV the timing, costs, and reasonably likely outcomes of the True the Vote, Inc. v. Internal Revenue Service, Case No. 1:13-cv-00734, ***claiming that if TTV would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take no more than thirty days. In reliance on these representations, TTV dismissed prior counsel and retained BLF as counsel of record.*** This case is ongoing, and the fees accumulated by BLF are purported to be $505,003.38.

Defendant's First Amended Answer, Counterclaim, and Affirmative Defenses (Dkt. #45) at 49-50, 54, *The Bopp Law Firm, PC v. True the Vote, Inc*, 23-cv-00120 (S.D. Ind., filed Aug. 31, 2023) (emphasis added).

The disputes between TTV and BLF are best handled in the court where litigation is currently pending, not here where the interests of justice and rights of the Former Attorneys would be extinguished if BLF's request were granted.

**D. The Former Attorneys' Charging Lien Has Priority Over the Charging Lien Referenced in BLF's Supplemental Brief.**

The Court has spoken to the validity of only one charging lien—that of the Former Attorneys. (Dkt. #245 at 6). BLF's Supplemental Brief states that Indiana law applies and then relies upon a case that it claims involves "circumstances nearly identical to those here." (Dkt. #247 at 3.) The case undermines BLF's position, as it expressly holds: "Federal courts apply the forum state's law when resolving questions of attorney liens." *Browne v. Waldo*, No. 2:20-CV-196-JVB-APR, 2023 U.S. Dist. LEXIS 30121, at *3 (N.D. Ind. Feb. 23, 2023).[3]

"In the District of Columbia, 'compensation paid to attorneys for legal services is largely a question of fundamental fairness.'" *Hill v. Gray*, No. 13-cv-1 (TSC), 2019 U.S. Dist. LEXIS 149349, at *7 (D.D.C. Sept. 3, 2019) (quoting *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264, 1267 (D.C. 2000)). Here, the Former Attorneys filed a notice of charging lien in May 2017 (Dkt. # 142) and have since been operating in accord with that notice. The Former Attorneys even spent considerable time and resources providing essential help to BLF to support its attorneys' fee requests, proving again that no good deed goes unpunished, at least in the context of a dispute that

[3] Similarly, the case provides no help to BLF on the merits of its claim. It involved a settlement between parties, not a fee award pursuant to the Equal Access to Justice Act substantiated by specific billing records.

involves one lawyer's attempt to take unearned fees. *See* Third Supplemental Application and Motion for Attorneys' Fees, Costs, and Expenses under the Equal Access to Justice Act, Dkt. #180 at 2 ("In addition, attorneys from TTV's former counsel, Foley & Lardner and PILF, assisted in reviewing billing records for TTV's Reply to Defs.' Opp."). Fundamental fairness requires an end to this dispute and the payment of fees to the attorneys according to what the Court previously deemed compensable.

Date: September 25, 2023

Respectfully submitted,

*s/ Michael J. Lockerby*
Michael J. Lockerby (D.C. Bar No. 502987)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
mlockerby@foley.com

*Counsel for Former Attorneys*
*Foley & Lardner LLP*

*/s/ Kaylan L. Phillips*
Kaylan L. Phillips (D.C. Bar. No. 1110583)
Noel H. Johnson (admitted *pro hac vice*)
Public Interest Legal Foundation
107 South West Street, Suite 700
Alexandria, VA 22314
Telephone: (703) 745-5870
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

*Counsel for Former Attorneys*
*Public Interest Legal Foundation*