**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRUE THE VOTE, INC.,<br>Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE, et al.,<br>Defendants. | ) | Civil Action No. 13-734 (RBW) |

**ORDER**

On May 5, 2017, the plaintiff's former attorneys—Public Interest Legal Foundation ("PILF"), f/k/a Act Right Legal Foundation, Foley and Lardner LLP ("Foley"), and the Center for Constitutional Jurisprudence ("CCJ") (collectively, the "Former Attorneys")—filed a notice of attorney's charging lien "based upon legal services performed and expenses and costs incurred in connection with the representation of [the] plaintiff . . . in this action." Notice of Attorney's Charging Lien at 1, ECF No. 142. Subsequently, on October 23, 2020, the plaintiff filed a motion to quash the Former Attorneys' charging lien. See Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien at 1, ECF No. 190. Additionally, on June 16, 2023, the plaintiff's current attorney, the Bopp Law Firm, PC (the "BLF"), filed a motion for an order enforcing its purported attorney's charging lien. See Motion for Enforcement of Attorney's Charging Lien at 1, ECF No. 229.

On August 15, 2023, the Court issued an Order which concluded that the Former Attorneys have a valid charging lien on the attorneys' fees judgment awarded in this case and, thus, denied the plaintiff's motion to quash. See Order at 1–2 (Aug. 15, 2023), ECF No. 245.

Additionally, the Court ordered the Former Attorneys and the BLF to file supplemental briefing addressing the following three issues:

> (1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens; (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case.

Id. at 7. The Court's August 15, 2023 Order did not resolve the BLF's motion for an order enforcing its attorney's charging lien.

After several supplemental briefs from the Former Attorneys and the BLF, the Court set an August 23, 2024 hearing to address (1) the BLF's Motion for Enforcement of Attorney's Charging Lien and (2) the priority of the distribution of funds in the event that the Court concludes the BLF has a valid charging lien and there are thus competing charging liens. See Order at 3–4 (July 26, 2024), ECF No. 260.

In its briefing and at the August 23, 2024 motion hearing, the BLF argued that it has established that it has a valid charging lien under Indiana law, which the BLF argues controls based on the choice of law provision in its agreement with the plaintiff. Response of Petitioner The Bopp Law Firm, PC to Former Attorneys' Supplemental Brief at 5–6, ECF No. 271 (citing Plaintiff's Motion to Quash PILF's and Foley's Attorney's Charging Lien, Exhibit ("Ex.") E (Agreement for Legal Services ("BLF Agreement")) ¶ 7, ECF No. 190-2). The BLF's agreement with the plaintiff provides:

> This Agreement shall be governed by Indiana law and Indiana courts. Any dispute arising under or in connection with the agreement or related to any matter which is the subject of this Agreement shall be resolved on the basis of Indiana law without giving effect to Indiana's conflict of law principles and brought in a court located in Indiana.

Id., Ex. E (BLF Agreement) ¶ 7 (emphasis added).

Although the BLF has sought to enforce the choice of law portion of this provision in the BLF Agreement, it has not sought to enforce the parallel forum selection clause of the provision, which appears to be both binding and inclusive of the current motion to enforce a charging lien arising out of work conducted pursuant to the BLF Agreement. In light of the fact that no party has sought to enforce this component of the provision, the parties have not addressed the impact of the forum selection clause on the resolution of this matter. Therefore, in order to provide the parties the opportunity to address the applicability and effect of the forum selection clause on the resolution of this matter, the Court will deny the BLF's pending motion to enforce a charging lien without prejudice and order the BLF to file an amended motion, which addresses whether the forum selection clause in the BLF Agreement is applicable and binding on this Court, and if so, whether the Court must certify the question of whether the BLF has established a valid charging lien to an Indiana court, while staying the remainder of this matter pending disposition of that issue. The Court will also order the Former Attorneys to file their opposition to the amended motion, addressing these same issues. Accordingly, it is hereby

**ORDERED** that the BLF's Motion for Enforcement of Attorney's Charging Lien, ECF No. 229, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that, on or before October 2, 2024, the BLF shall file an amended Motion for Enforcement of Attorney's Charging Lien, which addresses the applicability and effect of the forum selection clause in the BLF agreement on the resolution of this matter.[1] It is further

**ORDERED** that, on or before October 9, 2024, the Former Attorneys shall file their opposition to the BLF's amended motion. It is further

[1] If the Court concludes that the forum selection clause does not require that the charging lien issue be resolved by an Indiana court, the BLF's Motion for Enforcement of Attorney's Charging Lien, ECF No. 229, will be reinstated.

**ORDERED** that, on or before October 16, 2024, the BLF shall file its reply in support of its amended motion.

**SO ORDERED** this 11th day of September, 2024.

REGGIE B. WALTON
United States District Judge