**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**; *Plaintiff*, *v.* **Internal Revenue Service, et al.**; *Defendants*, and **THE BOPP LAW FIRM, PC** *Non-Party Petitioner,* and **Public Interest Legal Foundation, Inc.** *Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW **Amended Motion for Enforcement of Attorney's Charging Lien** |

# The Bopp Law Firm's Amended Motion for Enforcement of Attorney's Charging Lien

Non-Party Petitioner THE BOPP LAW FIRM, PC., ("**BLF**") respectfully moves this Court for an order enforcing BLF's valid attorney's charging lien, and for the Court to instruct the Court's Clerk to distribute $505,003.38 from the funds deposited by the IRS in this matter to BLF in order to satisfy BLF's lien.

This motion is based on BLF's memorandum of points and authorities supporting this motion and all exhibits thereto, on the previous procedural history, and on BLF's previous briefing and motions related to the questions related to its lien, incorporated herein.

BLF entered into a representation agreement with Plaintiff True the Vote, Inc. ("**TTV**"), under which BLF agreed to provide legal services to the plaintiff in connection with this litigation. ("**BLF Agreement**"). ECF No. 189-7 (filed under seal with this Court's approval).

Despite the forum selection clause in the Agreement between Plaintiff True the Vote, Inc. and Non-Party Petitioner THE BOPP LAW FIRM, PC, this Court has the authority to determine whether BLF has a valid, enforceable lien because: (1) the parties to the BLF Agreement have bilaterally waived the forum selection clause as related to the lien; (2) this Court is the only court with jurisdiction over this case, the fee award, and the funds resulting from the fee award; and (3) the procedural posture of the case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause.

Further, the Indiana Rules of Appellate Procedure do not permit a certified question from a federal court if not case determinative and if controlling precedent already answers the question. Since the question of the validity of BLF's lien is not case determinative and controlling precedent exists in Indiana law, this issue does not qualify for a certified question to the Indiana Supreme Court.

**WHEREFORE**, BLF moves this Court for an order enforcing BLF's attorney's charging lien, and for the Court to instruct the Court's Clerk to distribute $505,003.38 from the funds deposited by the IRS in this matter to BLF in order to satisfy BLF's lien.

October 1, 2024

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
Melena S. Siebert*
msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
*Admitted pro hac vice