**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**; *Plaintiff*, *v.* **Internal Revenue Service, et al.**; *Defendants*, and **THE BOPP LAW FIRM, PC** *Non-Party Petitioner*, and **Public Interest Legal Foundation, Inc.** *Non-Party Petitioner*. | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Amended Motion for Enforcement of Attorney's Charging Lien** |

# The Bopp Law Firm's Memorandum of Points and Authorities in Support of its Amended Motion for Enforcement of Attorney's Charging Lien

## Introduction

Despite the forum selection clause in the Agreement between Plaintiff True the Vote, Inc. and Non-Party Petitioner THE BOPP LAW FIRM, PC, this Court has the authority to determine whether BLF has a valid, enforceable lien because: (1) the parties to the BLF Agreement have bilaterally waived the forum selection clause as related to the lien; (2) this Court is the only court with jurisdiction over this case, the fee award, and the funds resulting from the fee award; and (3) the procedural posture of the case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause.

Further, the Indiana Rules of Appellate Procedure do not permit a certified question if not case determinative and if controlling precedent already answers the question. Since the question

of the validity of BLF's lien is not case determinative and controlling precedent exists in Indiana law, this issue does not qualify for a certified question to the Indiana Supreme Court.

## Background and Procedural History

### Case History and Award of Fees

In this action, TTV asserted that the Internal Revenue Service unlawfully discriminated against it in the processing of TTV's application for tax-exempt status, in violation of its constitutional rights.[1].

After prevailing on appeal to the Untied States Court of Appeals for the District of Columbia, TTV and the IRS entered into a consent order. ECF No. 150. Following the entry of the consent order, TTV filed an application and motion for attorneys' fees, costs, and expenses under the Equal Access to Justice Act. ECF No. 151. This Court found that TTV was entitled to a award of attorneys' fees and costs under the EAJA. Mem. Op. on Attn'y Fees, ECF No. 162 at 25. Further, this Court found that TTV was entitled to an award of attorneys' fees calculated at prevailing market rates pursuant to the bad faith enhancement to the EAJA, for fees incurred prior to September 20, 2013. Order on Fees, ECF No. 184 at 11.

This Court awarded fees to TTV in the amount of $788,539.30 and ordered the IRS to deposit this amount into the registry of the Clerk of the court. ECF No. 245 at 6. The IRS fully complied with this order, depositing the funds with the Court's Clerk on March 26, 2024.

[1]"Former Attorneys" is the collective description of The Public Interest Legal Foundation ("**PILF**") and the law firm of Foley & Lardner LLP ("**Foley**"). Former Attorneys represented TTV in this action until February 22, 2017, when BLF began representing TTV

**BLF Agreement**

On February 22, 2017, BLF entered into a representation agreement with TTV, under which BLF agreed to provide legal services to the plaintiff in connection with this litigation. (“**BLF Agreement**”). ECF No. 189-7 (filed under seal with this Court’s approval). Attorneys from BLF acted as counsel of record for TTV in this litigation from February 22, 2017 through March 22, 2023, when BLF Attorneys withdrew from representing TTV in this matter, with TTV’s consent. ECF Nos. 218, 219, 220. TTV agreed it would pay BLF’s hourly rates and would reimburse BLF for reasonable costs and expenses incurred in connection with BLF’s representation of TTV. BLF Agreement at 1.

The BLF Agreement contains a term governing “Disputes”:

> This Agreement shall be governed by Indiana law and Indiana courts. Any dispute arising under or in connection with the agreement or related to any matter which is the subject of this Agreement ***shall be resolved on the basis of Indiana law without giving effect to Indiana’s conflict of law principles and brought in a court located in Indiana***.

*Id.* at 2 (emphasis added).

**Lien Dispute**

In the course of the representation, BLF has incurred fees, costs, and expenses for its representation of TTV. TTV has paid $77,613.75 to BLF for these fees, costs, and expenses to date but still has an *unpaid* balance due to BLF in the amount of $505,003.38. BLF Notice of Charging Lien[2], ECF No. 216, ¶ 12. Pursuant to the BLF Agreement, BLF maintains a substantial interest in any recovery that might ultimately be obtained by TTV.

---

[2]Former Attorneys filed a Notice of Attorney’s Charging Lien on May 5, 2017. ECF No. 142.

TTV received proper notice of BLF's attorney's charging lien when BLF filed its Notice of Charging Lien. 2023. ECF No. 216 (later corrected by Errata Notice to include exhibits, ECF No. 248). BLF filed its Motion for Enforcement of Attorney's Charging Lien. ECF No. 229.

This Court ordered the Former Attorneys and BLF to file supplemental briefing addressing the following issues:

> (1) the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens;
>
> (2) the priority of the distribution of funds in the event of competing attorneys' charging liens in the District of Columbia; and
>
> (3) the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case.

Order at 7, ECF No. 245. These issues are still pending.[3]

On September 11, 2023, both BLF and Former Attorneys filed their supplemental briefs in response to that Order. *See* Former Attorneys' Suppl. Br., ECF No. 246; BLF Suppl. Br., ECF No. 247. Former Attorneys then filed an Opposed Motion for Leave to File a Response Brief to BLF's Supplemental Brief. ECF No. 249. BLF filed its own Motion for Leave to File a Reply In Support of Its Supplemental Brief if this Court granted Former Attorneys leave to file their Response. ECF No. 251. This Court granted those motions. *See* ECF No. 269 at 4. Former Attorneys' Response was entered as ECF No. 270, and BLF's Response was entered as ECF No. 271.

Former Attorneys filed a Motion for Distribution of Funds. ECF No. 260. BLF filed its Response to Former Attorneys' Motion. ECF No. 264. BLF Filed a Motion for Distribution of

[3]BLF does not address the issues of the amount, priority, or method of payment herein, as these issues have been fully briefed to this Court.

Funds. ECF No. 262, Former Attorneys filed its Response to BLF's Motion. ECF No. 265.

This Court held a telephonic hearing on August 23, 2024, on BLF and Former Attorneys' pending motions related to the liens. A transcript of this hearing is attached to this Memorandum as Exhibit 1. ("**Hr'g Tr.**")

Following this hearing, this Court ordered further briefing from BLF and Former Attorneys on:

> (1) whether the forum selection clause in the BLF Agreement is applicable and binding on this Court; and
>
> (2) if so, whether the Court must certify the question of whether BLF has established a valid charging lien to an Indiana court, while staying the remainder of this matter pending disposition of that issue.

ECF No. 272 at 3.[4]

## Argument

### I. The Forum Selection Clause in the BLF Agreement Is Not Applicable and Binding on this Court.

### A. Both parties to the forum selection clause have waived its enforcement.

A party to an action can waive its right to object to a lack of personal jurisdiction under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(h). But "personal jurisdiction can [also] rest on consent." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014). The purpose of a forum selection clause in a contract is for both parties to consent to personal

[4]The Court denied BLF's Motion for Enforcement of Attorney's Charging Lien without prejudice, but stated that if it concludes that the forum selection clause "does not require the charging lien issue be resolved by an Indiana court," it will reinstate BLF's Motion for Enforcement of Attorney's Charging Lien. *Id.* at n. 1.

jurisdiction in a particular forum in advance of any dispute arising under an agreement.[5] *See Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990).

Disputes over forum selection clauses most often arise when a party to a contract files suit in a forum different than the one selected in the contract, and then challenges the preselected forum as "inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018). Typically, these cases involve a motion to transfer under 28 U.S.C. § 1404(a), but a district court may also transfer a case to a different venue *sua sponte*. *In re Ryze Claims Sols., LLC,* 968 F.3d 701 (7th Cir. 2020) n. 5 (collecting cases). But in this instance, a transfer is not warranted.

A dispute over personal jurisdiction or convenience is not at issue here. TTV has never filed an opposition to BLF's Motion to Enforce its lien on the basis of the forum selection clause (or on any other basis, for that matter). BLF filed its Motion to Enforce the Lien in this Court, as it is the only court of competent jurisdiction for the lien. *See* Part I.B. So, this is not a situation in which one party is unilaterally attempting to defeat a forum selection clause it agreed to in a contract. Instead, this is a situation in which both parties to the BLF Agreement have waived their right to enforce the forum selection clause—which amounts to a bilateral waiver of the forum selection clause.

Former Attorneys do not have standing to enforce the forum selection clause between

[5]BLF recognizes jurisdiction is a different question than venue. *See Glasper v. St. James Wellness Rehab. & Villas, LLC*, No. 18-cv-6063, 2023 U.S. Dist. LEXIS 99320, *10-11 (N.D. Ill. June 7, 2023) (" Jurisdiction is about what a court can do; venue is about where a case belongs."). However, the overarching purpose of a forum selection clause reaches questions of personal jurisdiction as well as venue.

BLF and TTV. Third-party defendants brought into an action under Federal Rule of Civil Procedure 14 do have a right to have their portion of a case transferred pursuant to a forum selection clause they were a party to. *See Glasper*, No. 18-cv-6063, 2023 U.S. Dist. LEXIS 99320, *20 (severing third-party complaint imputing potential liability to a third-party defendant and transferring to venue according to forum selection clause). But Former Attorneys are not third-party defendants. Former Attorneys and BLF are both non-party petitioners seeking to enforce their separate liens for attorney's fees arising from the underlying award of fees in the case at bar. And Former Attorneys are not a party to the BLF Agreement and have suffered no injury in fact under the BLF Agreement. *Bria Health Servs. LLC v. Eagleson*, 950 F.3d 378 (7th Cir. 2020) n.3,undefined (noting third-party standing doctrine only applies when a plaintiff suffered an injury in fact).

To the extent Former Attorneys have any standing regarding BLF's lien enforcement, they have agreed that BLF has an enforceable lien, as the following exchange between this Court and Former Attorneys demonstrates:

> THE COURT: Let me ask counsel for prior lawyers whether you agree that the Bopp Law Firm does in fact have a valid charging lien?
>
> MR. LOCKERBY: We don't contest the charging lien with respect to the 150,000, but the Bopp Law Firm does not have priority.

Hr'g. Tr. 24:5-10.

Mr. Lockerby's response conflated Former Attorneys' dispute regarding the priority over the competing liens and the dispute regarding the distribution amounts with the threshold issue of the validity of BLF's lien. Mr. Lockerby did not dispute the validity of BLF's lien—only the amount and priority due to BLF according to the lien.

Because both parties to the BLF Agreement have waived enforcement of the forum

selection clause, and because Former Attorneys do not have standing to argue for its enforcement and have themselves admitted to the validity of BLF's lien, this Court should not transfer this question.

**B. This Court Has Sole Jurisdiction to Enforce BLF's Lien, and the Federal Rules do not Contemplate a Transfer.**

This Court has jurisdiction over this case under 28 U.S.C. § 1331 and venue is appropriate under 28 U.S.C. § 1391(e)(1)(B). The resulting award of attorneys' fees was made by this Court pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("**EAJA**").

Pursuant to this Court's jurisdiction, it awarded fees to TTV in the amount of $788,539.30 and ordered the IRS to deposit this amount into the registry of the Clerk of the court. ECF No. 245 at 6. The IRS fully complied with this order, depositing the funds with the Court's Clerk on March 26, 2024. As such, it is the only court with jurisdiction over the questions related to the distribution of funds from that award.

Here, the question of the validity of BLF's lien is a discreet question still to be decided as to the matter of a fee award, which is itself collateral to the underlying constitutional question in TTV's action against the IRS. The plain language of the transfer statute does not contemplate transferring to another district court a discreet question that is part of a collateral issue to the case. It only gives a court the authority to "transfer any civil *action* to any other district or division. . ." § 1404(a) (emphasis added).

The discreet question of the validity of BLF's lien cannot be considered "any civil action" under this statute. Even in the cases where third-party defendants were granted a transfer pursuant to a forum selection clause, those transfers affected what was, essentially, wholly

different "actions" from the case in chief. *See Glasper*, No. 18-cv-6063, 2023 U.S. Dist. LEXIS 99320, *20 (severing third-party *complaint* imputing potential liability to a third-party defendant and transferring the third-party *complaint* to venue according to forum selection clause).

This principle is seen in cases where cases are transferred pursuant to 28 U.S.C. § 1407, which provides a procedure for transferring cases filed in different districts to a single district court for pretrial proceedings. *See In re FedEx Ground Package Sys.*, No. 3:05-MD-527 RM, 2011 U.S. Dist. LEXIS 15237, *8, 107 A.F.T.R.2d (RIA) 2011-1000 (N.D. Ind. Feb. 11, 2011) (finding the award of attorney's fees is "collateral matter over which a court normally retains jurisdiction" after transfer).

As the court with sole jurisdiction to determine questions in this action, it is also the only court with jurisdiction to decide the collateral issues related to attorneys' fees. The question of the validity of BLF's lien is a collateral issue to the collateral issue of fees. The federal rules do not contemplate a transfer of a collateral issue to a collateral issue to the action.

**C. The procedural posture of the case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause.**

When a forum selection clause like the one in the BLF Agreement is at issue, a transfer should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62 (2013). These "extraordinary" cases change a district court's transfer analysis in three ways:

(1) the plaintiff's choice of forum merits no weight;

(2) the court should not consider arguments about the parties' private interests but instead should only consider public interest factors; and

(3) a transfer will not carry with it the original venue's choice-of-law rules.

*Id.* at 63-64.

Given the procedural posture of this case, this Court is faced with the sort of extraordinary circumstance contemplated by the *Atlantic Marine* decision. Neither BLF nor Former Attorneys are parties to this action. No parties to this action object to the validity of BLF's lien. No party to the BLF Agreement objects to venue or to BLF's lien. The *Atlantic Marine* analysis favors this Court deciding the question of whether BLF's lien is valid and enforceable.

First, the Plaintiff, TTV, chose this forum, so the first *Atlantic Marine* factor is irrelevant. Second, BLF did not file its lien in this Court for its convenience, and none of BLF's arguments herein relate to its own convenience. The public interest factors include administrative difficulties flowing from court congestion, local interests in deciding localized controversies, and having the trial of a diversity case in a forum that is at home with the law. *Id.* at n. 6. None of those factors touch directly on the issue of BLF's lien, but the general principle of "judicial efficiency" commonly promoted favors this Court deciding the question of BLF's lien validity. Transferring this sub-collateral question to another court would cause undue delay to the question of fee distribution (which has been before this court generally for close to seven years). It would ask a court unfamiliar with the briefing and the foundational questions already decided by this Court to weigh in on a sub-collateral question of law. This Court held that Indiana law applies. Hr'g Tr. 5:18-6:7. No public interest would be served by transferring the question of BLF's lien elsewhere.

Therefore, the procedural posture of this case provides the sort of "extraordinary

circumstance" justifying not applying the forum selection clause.

Both parties to the BLF Agreement waived their right to enforce the forum selection clause. This Court maintains sole jurisdiction over this action, including the questions related to liens. And the procedural posture of this case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause. Therefore, the forum selection clause in the BLF Agreement is not applicable and binding on this Court.

**II. This Court Should not Certify the Question of Whether BLF has Established a Valid Charging Lien to an Indiana Court.**

This Court does not propose transferring the question of the validity of BLF's lien to another court. Instead, it asks if it decides the forum selection is "applicable and binding on this Court" whether it "must certify the question of whether BLF has established a valid charging lien to an Indiana court, while staying the remainder of this matter pending disposition of that issue." ECF No. 272 at 3.

Rule 64 of the Indiana Rules of Appellate Procedure provides that a federal district court "may certify a question of Indiana law to the Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." This question would not be "determinative of the case." As discussed, *supra*, such a certified question would be determinative of a collateral issue (lien validity) of a collateral issue (attorneys' fees) to the case (TTV's claims against the IRS).

Nor does Indiana lack for controlling precedent on this issue. BLF has cited to much Indiana precedent controlling the question of the validity of its lien. *See, e.g.*, BLF Suppl. Br., ECF No. 247 at 2-4 (discussing Indiana statutory and equitable law validating BLF's lien). BLF

has a valid, enforceable lien under this controlling precedent.

Since the question of BLF's lien validity is not case determinative and since Indiana already has controlling precedent on the question, Rule 64 does not contemplate the certification of the question proposed by this Court.

**Conclusion**

Because both parties to the BLF Agreement have waived enforcement of the forum selection clause, and because Former Attorneys do not have standing to argue for its enforcement and have themselves admitted to the validity of BLF's lien, this Court should not transfer this question.

As the court with sole jurisdiction to determine questions in this action, it is also the only court with jurisdiction to decide the collateral issues related to attorneys' fees. The question of the validity of BLF's lien is a collateral issue to the collateral issue of fees. The federal rules do not contemplate a transfer of a collateral issue to a collateral issue to the action.

The procedural posture of this case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause.

Finally, since the question of BLF's lien validity is not case determinative and since Indiana already has controlling precedent on the question, the Indiana Rules of Appellate Procedure do not contemplate the certification of the question proposed by this Court.

For all these reasons, this Court should grant BLF's Amended Motion to Enforce its Attorney's Charging Lien.

October 1, 2024

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
Melena S. Siebert*
msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
*Admitted pro hac vice