**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TRUE THE VOTE, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INTERNAL REVENUE SERVICE, *et al.*,**<br><br>**Defendants.** | ) | **Civil Action No.: 13-734 (RBW)** |

**THE FORMER ATORNEYS' RESPONSE TO**
**THE BOPP LAW FIRM'S AMENDED MOTION**
**FOR ENFORCEMENT OF ATTORNEY'S CHARGING LIEN**

Former Attorneys Public Interest Legal Foundation ("PILF") and Foley & Lardner LLP ("Foley") concur that this Court is the proper forum to resolve the attorneys' fees dispute because under no circumstances—either in this Court or in the Indiana court in which The Bopp Law Firm, PC ("BLF") commenced litigation to recover these same fees—will BLF be entitled to assert a lien against the attorneys' fees previously awarded by this Court.

On March 15, 2023—more than three months before seeking to enforce its alleged charging lien against its former client in this Court—BLF commenced litigation in Indiana seeking to recover all of its unpaid fees from its former client, True the Vote, Inc. ("TTV"). In that litigation, *The Bopp Law Firm, PC v. True the Vote, Inc.*, 23-cv-00120 (S.D. Ind.), TTV has disputed that BLF is entitled to any fees—including those for which BLF seeks to impose a charging lien in this Court—prompting BLF to seek a second bite at the proverbial apple. The vigor with which BLF's former client disputes these fees is remarkable. In the Indiana litigation, TTV makes the following allegations against BLF in its Second Amended Answer, Counterclaim, and Affirmative Defenses:

> 457. Unreasonable and excessive fees. TTV asserts that the attorney's fees charged by BLF are unreasonable and excessive under the circumstances. TTV maintains that BLF's fees were not commensurate with the level of services rendered or the prevailing market rates for similar legal services.
>
> 458. Failure to mitigate damages. TTV asserts that BLF failed to take reasonable steps to mitigate damages by not addressing TTV's concerns or rectifying any mistakes made in the provision of legal services. TTV asserts that BLF's failure to mitigate damages limits or eliminates TTV's obligation to pay the full amount of attorney's fees.
>
> 459. Unclean hands. TTV asserts that BLF acted with unclean hands by engaging in unethical or improper conduct during the course of the attorney-client relationship or the subsequent collection efforts. TTV asserts that BLF's unclean hands bars or limits BLF's entitlement to the requested attorney's fees.
>
> 460. TTV, as Counter-Plaintiff, denies owing any unpaid invoices to the Plaintiff BLF and asserts that BLF engaged in legal malpractice, misrepresentation by misrepresenting the quality of their legal services, and breach of contract.
>
> . . .
>
> 478. In 2017, BLF knowingly misrepresented to TTV the timing, costs, and reasonably likely outcomes of the *True the Vote, Inc. v. Internal Revenue Service*, Case No. 1:13-cv-00734, claiming that if TTV would retain BLF to represent TTV in this matter, it would cost approximately $50,000 and take no more than thirty days. In reliance on these representations, TTV dismissed prior counsel and retained BLF as counsel of record. This case is ongoing, and the fees accumulated by BLF are purported to be $505,003.38.

(Dkt. #55 at 60, 65) (S.D. Ind., filed March 1, 2024). The case is set for a bench trial on July 7, 2025. (Dkt. #48) (S.D. Ind., filed Sept. 28, 2023).

Regardless of what happens in the litigation that BLF filed, BLF will have no valid lien on the fee award in this case. That means this Court does not need to wait for the Indiana federal court to resolve that dispute before disbursing the fee award here. Again, BLF has sued TTV in Indiana to recover the same fees BLF seeks in this action. If BLF obtains a judgment in that case entitling BLF to those fees, BLF will have an adequate remedy at law. Under those circumstances, BLF may recover unpaid fees directly from TTV, and BLF will therefore have no claim to a lien

on the fee award in this case. If TTV obtains a ruling that it has no obligation to pay BLF for legal services, BLF will have no valid agreement upon which to base its lien, and therefore BLF will likewise have no claim to a lien on the fee award in this case.

BLF concedes that "the validity of BLF's lien is a discreet [sic] question still to be decided." (Doc. 274-1 at 8.) BLF's charging lien is not valid, however, unless TTV has an obligation to pay BLF. *See Wolf v. Sherman*, 682 A.2d 194, 197 (D.C. 1996). As previously discussed, in the ongoing litigation between BLF and TTV in Indiana, TTV vehemently denies that it has an obligation to pay BLF. The Former Attorneys do not concede that BLF's lien is valid, as BLF suggests. (Dkt. 274-1 at 10.) Rather, the Former Attorneys conceded that ***if*** BLF's lien is valid, BLF is owed no more than $150,018.98. (*See* Dkt. 270 at 3.) BLF's broader assertion that "[n]o parties to this action object to the validity of BLF's lien" (Dkt. 274-1 at 10) is also incorrect. Although TTV has not opposed BLF's motions ***in this action***, TTV very clearly denies in the Indiana litigation that TTV owes BLF for unpaid invoices. This Court cannot recognize BLF's lien as valid while the underlying agreement between TTV and BLF is challenged in Indiana. But as explained, this Court need not wait for the Indiana court to rule.

In any event, the Former Attorneys' lien has priority over any BLF lien. This Court has found that the Former Attorneys have a valid lien. (Dkt. #245 at 6.) In fact, the Former Attorneys have held a valid charging lien ***since 2013***, when the Former Attorneys and TTV entered into legal services agreements related to this action. (*See* Dkt. 246 at 5.) This Court acknowledged the creation of that lien during a recent motion hearing: "I think the 2013 agreement did in fact create a lien." (Dkt. 244 at 19:6-7.) The Former Attorneys' charging lien has thus seamlessly existed since 2013, even if the 2017 Agreement is now operative. (*See* Dkt. 246 at 5); (*see also* Dkt. 244 at 19:7-11 ("And to the extent [the 2013 agreement] was to some degree modified by the 2017

agreement, I don't think that modification abolished the lien that otherwise the litigants have entitled to recover for the services they provided to True the Vote.").) Because the Former Attorneys' charging lien existed first in time—and continues to exist—it is superior to all other liens.

"In the District of Columbia, 'compensation paid to attorneys for legal services is largely a question of fundamental fairness.'" *Hill v. Gray*, No. 13-cv-1 (TSC), 2019 U.S. Dist. LEXIS 149349, at *7 (D.D.C. Sept. 3, 2019) (quoting *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264, 1267 (D.C. 2000)). Fundamental fairness requires an end to this dispute and the payment of fees to the attorneys according to what the Court previously deemed compensable.

Date: October 9, 2024.

Respectfully submitted,

*/s/ Michael J. Lockerby*
Michael J. Lockerby (D.C. Bar No. 502987)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
mlockerby@foley.com

*Counsel for Former Attorneys*
*Foley & Lardner LLP*

*/s/ Noel H. Johnson*
Kaylan L. Phillips (D.C. Bar. No. 1110583)
Noel H. Johnson (admitted *pro hac vice*)
Public Interest Legal Foundation
107 South West Street, Suite 700
Alexandria, VA 22314
Telephone: (703) 745-5870
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

*Counsel for Former Attorneys*
*Public Interest Legal Foundation*