**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **True the Vote, Inc.**; *Plaintiff*, *v.* **Internal Revenue Service, et al.**; *Defendants*, and **THE BOPP LAW FIRM, PC** *Non-Party Petitioner*, and **Public Interest Legal Foundation, Inc.** *Non-Party Petitioner.* | **Civil Case No.** 1:13-cv-000734-RBW<br><br>**Amended Motion for Enforcement of Attorney's Charging Lien** |

# The Bopp Law Firm's Reply In Support of its Amended Motion for Enforcement of Attorney's Charging Lien

Non-Party Petitioners THE BOPP LAW FIRM, PC and Former Attorneys[1] have both filed motions to enforce their attorney's charging liens. BLF's lien is based upon its agreement with Plaintiff True the Vote, Inc., which contained a forum selection clause in Indiana. ECF No. 189-7 (filed under seal with this Court's approval). ("**BLF Agreement**"). This Court ordered further briefing from BLF and Former Attorneys on:

> (1) whether the forum selection clause in the BLF Agreement is applicable and binding on this Court; and
>
> (2) if so, whether the Court must certify the question of whether BLF has established a valid charging lien to an Indiana court, while staying the remainder

[1] "Former Attorneys" is the collective description of The Public Interest Legal Foundation ("**PILF**") and the law firm of Foley & Lardner LLP ("**Foley**"). Former Attorneys represented TTV in this action until February 22, 2017, when BLF began representing TTV

of this matter pending disposition of that issue.

ECF No. 272 at 3.

**(1) Whether the forum selection clause in the BLF Agreement is applicable and binding on this Court.**

BLF maintains that the forum selection clause in the BLF Agreement is not applicable and binding on this Court regarding the enforcement of BLF's lien filed herein, because: (1) the parties to the BLF Agreement have bilaterally waived the forum selection clause as related to the lien; (2) this Court is the only court with jurisdiction over this case, the fee award, the funds resulting from the fee award and the enforcement of BLF's lien; and (3) the procedural posture of the case provides the sort of "extraordinary circumstance" justifying not applying the forum selection clause. *See* ECF No. 274-1 at 5-11.

Former Attorneys "concur this is the proper forum" to resolve the attorneys' fee dispute. *The Former Attorneys' Response to The Bopp Law Firm's Amended Motion for Enforcement of Attorney's Charging Lien*, ECF No. 275 at 1 ("**Response**"). But instead of stopping at this answer to the Court's actual question, Former Attorneys argue in their Response that BLF has no right to recover the attorneys' fees awarded in *this* case in *this* jurisdiction because of *other* litigation in *another* jurisdiction involving BLF and TTV. *Id.* at 1-2. Former Attorneys' argument has no merit.

This Court has jurisdiction over the "case and controversy" before it. *See* U.S. Const. art. III, § 2, cl 1. It does not have the jurisdiction over a case filed in a different court, involving substantially different questions and should not base its decision in this case on mere allegations or what may or may not happen in another case in another jurisdiction. This case involved the

IRS' unconstitutional infringement on TTV's rights and the resulting award of attorneys' fees after resolution of the underlying case in TTV's favor. *See* Order, ECF No. 162 at 25. BLF filed its notice of an attorney's charging lien after its representation of TTV ended in this court. ECF No. 216.

TTV has filed no opposition to this lien in this jurisdiction. Nor has TTV challenged the validity or enforceability of the BLF Agreement in this jurisdiction. This Court has acknowledged "it seems like there is no challenge as to whether the Bopp Law Firm has a valid charging lien in reference to litigation here in Washington." Hr'g Tr. 11:4-6, ECF No. 274-2. On its face, the BLF Agreement is a valid, legally enforceable agreement, fully executed by the signature of both parties. BLF Agreement at 3, ECF No. 189-7.

BLF has never denied that it is litigating against TTV in another jurisdiction for fees TTV has not paid BLF for the legal services BLF provided to TTV in a variety of matters, including this case. *The Bopp Law Firm, PC v. True the Vote, Inc.*, 23-cv-00120 (S.D. Ind.) ("**Indiana Litigation**"). Nor has BLF denied that TTV has alleged counterclaims against BLF in the Indiana Litigation. And, most importantly, BLF has always maintained that any award of fees it receives from this Court in this case would be a credit against any damages it is awarded in the Indiana Litigation, or, if TTV is awarded damages, those damages would be collectible against BLF, including against any amounts BLF received under the lien. *See, e.g.*, Hr'g Tr. 9:23-11:3, ECF No. 274-2. BLF has never argued that it is entitled to the enforcement of it lien here AND an award of attorney fees against TTV in the Indiana litigation, also in the amount of the lien—in other words, BLF has never argued it can receive a double payment through enforcement of the

lien here and a judgment for the same amount against TTV in the Indiana Litigation.[2]

But neither BLF's claims nor TTV's counterclaims in another jurisdiction provide this Court with the power to decide any of the questions raised in the Indiana Litigation. And the Former Attorneys are not parties in the Indiana Litigation. Yet, Former Attorneys ask this Court to determine, based upon *allegations* made in another jurisdiction, that BLF has "no valid lien on the fee award in this case." Response at 2. That's not how this works. Allegations don't equal a judgment, and federal jurisdictions are limited to the cases and controversies actually before them.

And ironically, Former Attorneys purport to be the protectors of TTV's interests, but they are wolves in sheep's clothing. If Former Attorneys prevent enforcement of BLF's lien, they get a windfall—Former Attorneys run off with the money, and TTV gets no credit for the money paid them. In contrast, any payment to the BLF under its lien will be a credit to the amounts owed by TTV to BLF.

**(2) If so, whether the Court must certify the question of whether BLF has established a valid charging lien to an Indiana court, while staying the remainder of this matter pending disposition of that issue.**

BLF maintains that the forum selection clause is not applicable to the enforcement of the lien before this Court and all agree that this Court can determine a question of Indiana law. The validity of BLF's lien is a question of Indiana law. Furthermore, Indiana rules do not contemplate such a certification. Rule 64 of the Indiana Rules of Appellate Procedure provides that a federal

---

[2] If this Court awards BLF an amount less than the $505,003.38 BLF claims it is due under the terms of the BLF Agreement, BLF would be entitled to seek the balance due directly from TTV in the Indiana Litigation, and the United States District Court for the Southern District of Indiana would have jurisdiction to issue a judgment regarding TTV for any remaining amount.

district court may certify a question of Indiana law when an issue of state law is "determinative of the case and on which there is no clear controlling Indiana precedent." This question would not be "determinative of the case," *see* ECF No. 274-1 at 11, and Indiana has controlling precedent on the question of the validity of the lien, *see, e.g.*, BLF Suppl. Br., ECF No. 247 at 2-4 (discussing Indiana statutory and equitable law validating BLF's lien).

Since the question of BLF's lien validity is not case determinative and since Indiana already has controlling precedent on the question, Rule 64 does not contemplate the certification of the question proposed by this Court.

Former Attorneys do not address this question in their Response.

The only questions that are still undecided by this Court are:

1. **Whether the forum selection clause in the BLF Agreement is applicable and binding on this Court?** (The forum selection clause is not binding on this Court regarding the enforcement of BLF's lien. *See* BLF's arguments ECF No. 274-1 at 5-11, and Former Attorneys concur this is the proper forum, Response at 1);

2. **If so, whether the Court must certify the question of whether BLF has established a valid charging lien to an Indiana court, while staying the remainder of this matter pending disposition of that issue?** (BLF argues the forum selection clause is not binding on this Court so such certification is unnecessary, and the Indiana Appellate Rules do not contemplate such certification. ECF No. 274-1 at 11-12. Former Attorneys do not address this question).

3. **Does BLF have a valid, enforceable lien?** (Yes. TTV, the other party to the BLF

Agreement, did not challenge the validity of BLF's lien in this jurisdiction, this Court acknowledged this lack of challenge, Hr'g Tr. 11:4-6, ECF No. 274-2., and Former Attorneys base their arguments against validity of the lien on allegations and undecided questions of law and fact in a different jurisdiction, Response at 2);

4. **What is the amount of attorneys' fees that the attorneys claim are subject to their respective charging liens?** (BLF claims $505,003.38, Former Attorneys dispute the amount of the lien, not the validity of the lien itself. The dispute on amount has fully briefed by BLF and Former Attorneys. *See* ECF Nos. 246, 247, 270, and 271);

5. **What is the priority of distribution of funds in the event of competing attorneys' charging liens in the District of Columbia?** (BLF's lien takes priority because Former Attorneys' original agreement with TTV was superseded by the 2017 agreement. Former Attorneys dispute this. This dispute has been fully briefed by BLF and Former Attorneys. *See* ECF Nos. 246, 247, 270, and 271); and

6. **What is the method by which payment should be distributed to the attorneys who the Court concludes have a valid charging lien on the attorneys' fees awarded by the Court in this case?** (This Court should order its Clerk to distribute the award according to its decision directly to BLF and Former Attorneys from the amount the IRS deposited with the Clerk. BLF and Former Attorneys have fully briefed this question. *See* ECF Nos. 246, 247, 270, and 271).

## Conclusion

This Court should find that the forum selection clause in the BLF Agreement is not

binding on this Court regarding the enforcement of BLF's lien. Further, it should find BLF's charging lien is valid, enforceable, and takes priority over Former Attorneys' lien. Next, this Court should grant BLF an award of $505,003.38 based upon the BLF Agreement, which is the controlling factor in the question of a judgment pursuant to a lien (not the underlying questions relevant to the EAJA Award). Finally, the Court should order its Clerk to distribute this judgment on BLF's lien directly to BLF from the funds the IRS deposited from the fee award under the EAJA.

October 15, 2024

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
Melena S. Siebert*
msiebert@bopplaw.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*
*Admitted pro hac vice