UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRUE THE VOTE, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 13-734 (RBW) |
| ) | |
| **INTERNAL REVENUE SERVICE,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## FORMER ATTORNEYS' OPPOSED MOTION FOR SUPPLEMENTAL BRIEFING AND HEARING

Justice delayed is justice denied. And the Bopp Law Firm has delayed justice in this matter once again. The Former Attorneys were the first to inform this Court of the lawsuit filed by the Bopp Law Firm ("BLF") against True the Vote in the Southern District of Indiana seeking to recover the same fees that it has since asked this Court to award. Yet again, the Former Attorneys are the ones to inform the Court of a critical update in that case. The Former Attorneys respectfully request leave to file a supplemental brief to address the impact of the dismissal with prejudice of BLF's lawsuit against True the Vote.

The undersigned has conferred with counsel for the parties. Counsel for the Plaintiff and the Government stated that they take no position on this request. The Bopp Law Firm objects to this Motion.

In support of this Motion, the Former Attorneys state the following:

1.     On May 5, 2017, the Former Attorneys filed a Notice of Attorney's Charging Lien. ECF No. 142.

1

2.      Over three years later, Plaintiff filed a motion to quash the Former Attorneys' Charging Lien. ECF No. 190.

3.      On June 16, 2023, the Bopp Law Firm ("BLF") filed a Motion for Enforcement of Attorney's Charging Lien. ECF No. 229.

4.      On August 15, 2023, this Court found that the Former Attorneys have a valid charging lien and denied the Plaintiff's motion to quash. ECF No. 245. The Court ordered supplemental briefing, which both the Former Attorneys and BLF provided. *See* ECF Nos. 246 and 247.

5.      On August 23, 2024, the Court held a hearing regarding BLF's Motion.

6.      On September 11, 2024, this Court denied without prejudice BLF's Motion and ordered that BLF file an amended motion "which addresses the applicability and effect of the forum selection clause in the BLF agreement on the resolution of this matter." ECF No. 272 at 3. This Court also set forth a briefing schedule for the Former Attorneys' opposition and BLF's reply. *Id*. at 4.

7.      On October 1, 2024, BLF filed its Amended Motion for Enforcement of Attorney's Charging Lien. ECF No. 274.

8.      On October 9, 2024, the Former Attorneys filed an opposition to BLF's Amended Motion. ECF No. 275. In that filing, the Former Attorneys discussed the following facts relevant to this Motion:

    a.   That there was a then-pending lawsuit in the Southern District of Indiana where BLF was seeking to recover all of its unpaid fees from True the Vote, including those fees for which BLF seeks recovery of in its Amended Motion, ECF No. 275 at 1;

    b. That True the Vote was disputing BLF's entitlement to those same fees, ECF No. 275 at 1-2; and

    c. That the resolution of the case in Indiana would either provide BLF an adequate remedy at law or result in a finding that TTV has no obligation to pay BLF, thus, obviating any claim to fees in this matter, ECF No. 275 at 2-3.

9. On October 15, 2024, BLF filed a reply to its Amended Motion stating, in relevant part, that "BLF has never argued that it is entitled to the enforcement of it [sic] lien here AND an award of attorney fees against TTV in the Indiana litigation…" ECF No. 276 at 3. BLF goes on to say that "[a]llegations don't equal a judgment…" *Id*. at 4.

10. But those allegations have now been resolved. More than a month ago, on March 26, 2025, the federal court in Indiana entered an order stating that "[t]he Court has been advised by counsel that a resolution has been reached in this action." Order Directing Filing of Documents Authorizing Dismissal, *The Bopp Law Firm, PC v. True the Vote, Inc.*, 23-cv-00120 (S.D. Ind., entered March 26, 2025). Then, more than two weeks ago, the court entered an Order of Dismissal dismissing all claims with prejudice. Order of Dismissal, *The Bopp Law Firm, PC v. True the Vote, Inc.*, 23-cv-00120 (S.D. Ind., entered April 15, 2025).

11. Despite BLF's acknowledgement that it cannot recover in both cases, BLF has not informed this Court of the resolution of that matter. Plaintiff's Former Attorneys must now do so. Former Attorneys seek leave to file a supplemental brief discussing the effects of the BLF's dismissal of claims, including that BLF's claims here are now barred by res judicata.

| | |
|---|---|
| Date: May 6, 2025. | Respectfully submitted, |
| /s/ *Michael J. Lockerby* | /s/ *Kaylan L. Phillips* |
| Michael J. Lockerby (D.C. Bar No. 502987) | Kaylan L. Phillips (D.C. Bar. No. 1110583) |
| FOLEY & LARDNER LLP | Noel H. Johnson (admitted *pro hac vice*) |
| Washington Harbour | Public Interest Legal Foundation |
| 3000 K Street, N.W., Suite 600 | 107 South West Street, Suite 700 |
| Washington, D.C. 20007-5109 | Alexandria, VA 22314 |
| Telephone: (202) 672-5300 | Telephone: (703) 745-5870 |
| mlockerby@foley.com | kphillips@publicinterestlegal.org |
| | njohnson@publicinterestlegal.org |
| *Counsel for Former Attorneys* | |
| *Foley & Lardner LLP* | *Counsel for Former Attorneys* |
| | *Public Interest Legal Foundation* |