**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**True the Vote, Inc.**;<br>
*Plaintiff*,<br>
*v.*<br><br>
**Internal Revenue Service, et al.**;<br>
*Defendant*s,<br><br>
and<br><br>
**THE BOPP LAW FIRM, PC**<br>
*Non-Party Petitioner,*<br><br>
and **Public Interest Legal Foundation, Inc.**<br>
*Non-Party Petitioner.*

</td><td>

**Civil Case No.** 1:13-cv-000734-RBW<br><br>
**Response of Petitioner The Bopp Law Firm, P.C. Former Attorneys' Motion for Supplemental Briefing and Hearing**

</td></tr>
</table>

On May 6, 2025, Petitioner the Public Interest Legal Foundation and the law firm of Foley & Lardner LLP (collectively, "**Former Attorneys**") filed a motion asking this Court for leave to file a supplemental brief "to address the impact of the dismissal with prejudice of BLF's lawsuit against True the Vote." ECF No. 278 ("**Mot. Suppl. Br.**"). Petitioner The Bopp Law Firm, PC ("**BLF**") timely responds.

## Argument

Former Attorneys have insisted that BLF's recovery under its lien on the proceeds of the fee award— the issue currently before this Court— was decided by the determination of what attorney's fees, expenses, and costs the Defendant IRS owes to the Plaintiff under provisions of the EAJA. *See*, *e.g.*, ECF No. 246. They now assume that the resolution of BLF's suit with True the Vote, Inc. over attorney's fees ("**Indiana Litigation**") must have disposed of the issue of

BLF's attorney's liens here, and, based on this erroneous view, imply that something untoward is again underway.[1] From the flawed assertion that the resolution of the Indiana Litigation must have "either provide[d] BLF an adequate remedy at law or result[ed] in a finding that TTV has no obligation to pay BLF, thus, obviating any claim to fees in this matter,"[2] they extrapolate that BLF aims to "recover in both cases," and/or that addressing BLF's claim to the fee award here is relitigating the same claims presented in BLF v. TTV. Mot. Supp. Br. ¶ 11. All of this is wrong.

As is apparent, the dismissal of the lawsuit in the Southern District of Indiana was by

---

[1]Former Attorneys' unfortunately predictable ad hominem of BLF distorts the law and issues and, once again, seeks to provoke unnecessary and repetitive briefing that wastes the time and resources of litigants and the Court. Former Attorneys have previously argued that the determination of the fees owed to the Plaintiff by the IRS determines BLF's recovery under its lien, going so far as to argue that estoppel of issues applies. ECF No. 246 at 5. Now, it appears that they recognize that the amount owed to BLF under the lien does not depend on the EAJA award, instead point to the resolution of the fee dispute in the Southern District of Indiana, and imply that *this* means that BLF is doing something untoward here. Aside from relying on plainly wrong legal theories, Former Attorneys' predilection to casting aspersions on BLF's conduct is objectively unwarranted.

It was BLF that secured the award under the EAJA that is at issue. This included BLF attorneys winning a rarely-granted bad-faith enhancement for Former Attorneys' work. ECF No. 183. BLF attorneys collegially worked with Former Attorneys, coordinated review of voluminous records of Former Attorneys' work, performed by three different firms, and prepared and filed the fee request. ECF Nos. 151- 151-20. BLF attorneys responded to the Court's questions about the proper hourly rates in the D.C. District, ECF Nos. 165-165-25, and responded twice to IRS's opposition to the request, the second time addressing, with Former Attorney's cooperation and explanation, over 1800 objections, mostly to Former Attorneys' billing. ECF No. 156, ECF Nos. 176-176-14. When BLF filed a charging lien on the proceeds of the fee award, *see* ECF Nos. 216, 248, among other reactions, Former Attorneys cast doubt on the same billing records that had been filed with the Court. *See*, *e.g.*, ECF No. 271 at 2 n.2, 4 n.5 (answering Former Attorneys' newfound suspicions about the same billing records when filed in support of BLF's lien). Former Attorneys' continued aspersing of BLF is objectively unwarranted.

[2]Mot. Suppl. Br. ¶ 8(c) (citing ECF No. 275 (*Former Attorneys' Response to BLF's Amended Motion for Enforcement of Attorney's Charging Lien*) at 2-3).

stipulation of the parties,[3] and, as a matter of law, the parties' agreement controls what and how any claim there was resolved. *See*, *e.g.*, 18 James Wm. Moore et al., Moore's Federal Practice § 131.20 ("judgments resulting from settlement are a matter of agreement between the parties rather than adjudication of the issues by a court."). In short, it is the terms of the parties' agreement that determine if and how the issue of fees owed to BLF for work on this matter were resolved in the Indiana Litigation.[4] But, ostensibly because Former Attorneys wrongly believe that the Southern District of Indiana *must* decide on the merits BLF's claim for fees for work performed in *this* matter, they implicitly insist that it did so and that therefore BLF is either trying to collect here the same fees or fees to which the Southern District of Indiana ruled it is not entitled. Mot. Suppl. Br. ¶¶ 8-11. This requires a crabbed reading of events.

Instead, as would be apparent from a good-faith review of the report of settlement by a mediator, a stipulation of dismissal, and an order "upon the parties' Stipulation of Dismissal,"[5]

---

[3]*See The Bopp Law Firm, PC v. True the Vote, Inc.*, No. 2:23-cv-00120, ECF Nos. 110 (Report of Mediator); 112 (Stipulation of Dismissal); 113 (Dismissal "upon the parties' Stipulation of Dismissal . . . .").

[4] Of course, res judicata is not effected where the claim or issue was not adjudicated. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4435 (3d ed. Aug. 2023 update) ("A stipulated dismissal with prejudice operates as an adjudication on the merits for claim-preclusion purposes, but ordinarily should not of itself count as the actual adjudication of any issue"); 18 Moore's Federal Practice - Civil § 131.30 ("judgments that do not pass on the substantive merits of a claim . . . do not . . . entail claim-preclusive effect"); *cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501 (2001) (collecting cases and cautioning against the assumption that "all judgments denominated 'on the merits' are entitled to claim-preclusive effect"). If the fees due BLF for its work here could be said to have been adjudicated in the Indiana Litigation, the resolution was that BLF is entitled to fees for its work here.

[5]*See BLF v. TTV*, ECF Nos. 111-113.

the issue of fees owed BLF for work in the present matter was not resolved in the Indiana Litigation so as to preclude its resolution here. Indeed, as the Notice of Assignment and the *Assignment of Claims for Attorney's Fees, Expenses, and Costs*, filed contemporaneously with this Response demonstrate, as part of the stipulation of dismissal of the Indiana Litigation, Plaintiff in this matter, True the Vote, Inc., has irrevocably assigned to BLF any and all interest it may have in the fee award held in this Court's registry. Because there is nothing to be taken from the dismissal of the Indiana Litigation that is relevant here, there is no need for another round of briefing, let alone a hearing.

**Conclusion**

A good-faith review of the relevant law and of the relevant filings in the Indiana Litigation would conclude that nothing of import here happened there. But Former Attorneys continue to conflate or dissemble the relevant law and to asperse BLF without cause in order to yet again press the Court to order further pointless briefing, wasting more of the time and resources of the litigants and the Court. The Court should deny Former Attorneys' Motion.

May 20, 2025

Respectfully submitted,
/s/ James Bopp, Jr.

James Bopp, Jr. (D.C. Bar No. CO0041)
jboppjr@aol.com
THE BOPP LAW FIRM, P.C.
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
(812) 232-2434
(812) 235-3685 (fax)
*Attorneys for Non-Party Petitioner THE BOPP LAW FIRM, PC*